**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC | Case No. 23-10597 (BLS) |
| Debtor. | |
| Tax I.D. No. 82-4810439 | |
| In re: | Chapter 11 |
| Bittrex, Inc. | Case No. 23-10598 (BLS) |
| Debtor. | |
| Tax I.D. No. 81-3820908 | |
| In re: | Chapter 11 |
| Bittrex Malta Holdings Ltd. | Case No. 23-10599 (BLS) |
| Debtor. | |
| Tax I.D. No. 98-1492227 | |
| In re: | Chapter 11 |
| Bittrex Malta Ltd. | Case No 23-10600 (BLS) |
| Debtor, | |
| Tax I.D. No. 98-1561764 | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING JOINT**
**ADMINISTRATION OF THE CHAPTER 11 CASES AND**
**(II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), (a) authorizing procedural consolidation and joint administration of these

1

chapter 11 cases (the "Chapter 11 Cases"); and (b) granting related relief.  Specifically, the Debtors

request that the United States Bankruptcy Court for the District of Delaware (the "Court") maintain

one file and one docket for all of the jointly administered cases under the case of Desolation

Holdings LLC, and that the Chapter 11 Cases be administered under a consolidated caption, as

follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764).  The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

2.    The Debtors further request that the Court order that the foregoing caption satisfies

the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the

"Bankruptcy Code").

3.    The Debtors also request that a docket entry, substantially similar to the following,

be entered on the docket of each of the Debtors' cases other than the case of Desolation Holdings

LLC:

*[Remainder of page intentionally left blank]*

An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Desolation Holdings LLC, No. 23-10597; Bittrex, Inc., Case No. 23-10598; Bittrex Malta Holdings Ltd., Case No. 23-10599; and Bittrex Malta Ltd., Case No. 23-10600. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-10597**.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware.  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "Local Rule[s]"), the Debtors

confirm their consent to the Court entering a final order in connection with this Motion to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 101(2), 105(a), and 342(c)(1)

of the Bankruptcy Code, rules 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rule[s]"), and Local Rule 1015-1.

## BACKGROUND

7.      The Debtors, together with their non-debtor affiliates (collectively, "Bittrex"),

operate cryptocurrency exchanges for both retail and institutional customers in several

jurisdictions.  Bittrex, Inc. ("BUS"), a Georgia corporation, operates Bittrex's cryptocurrency

exchange for U.S. customers, whereas two foreign non-debtor affiliates operate Bittrex's

cryptocurrency exchange for non-U.S. customers.  The global Bittrex platform has approximately

1.55 million customers, including over 600,000 in the United States.

8.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* ("Hengel Declaration" or "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[1]

9.      As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all of the cryptocurrency associated with their accounts.  The Debtors seek to complete the previously announced wind down of its U.S. business and implement the wind down of its Malta business, and accomplish, as soon as practicable, a comprehensive process that will (a) maximize value for the Debtors' creditors (including its customers) and other stakeholders; (b) leave intact Bittrex's non-U.S. business operations for the benefit of their several hundred thousand customers; and (c) to the extent necessary, fairly separate the non-U.S. operations.  Concurrent with the filing of this Motion, the Debtors have filed their proposed chapter 11 plan, which provides, among other things, that the Debtors' customers entitled to distributions will receive under the plan a 100 percent like-kind cryptocurrency distribution.  This means that with respect to customers, they will be entitled to access the Bittrex platform and withdraw cryptocurrencies consistent with the plan and with their allowed claims.  The Debtors do not intend to monetize cryptocurrencies reserved for like-kind distributions to holders of allowed customer claims, and

---

[1]      Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

any change in the value of such assets following the Petition Date would be borne by the Debtors' customers.

10.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## **BASIS FOR RELIEF**

11.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.  The four Debtor entities that commenced these Chapter 11 Cases are "affiliates" as defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12.    Bankruptcy Rule 1015(b) promotes the fair and efficient administration of multiple cases of affiliates debtors while protecting the rights of individual creditors.  Joint administration obviates the need for duplicative notices, motions, applications and orders, thereby saving considerable time and expense for the Debtors and their estates.  Granting the requested relief will promote the fair and efficient administration of these Chapter 11 Cases.

13.    Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Code]." 11 U.S.C. § 105(a).

14.    Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

An order of joint administration may be entered, without notice and an

opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bank. L.R. 1015-1.

15.    Joint administration of these Chapter 11 Cases will provide significant administrative convenience and cost efficiencies without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each Debtor entity. Thus, the entry of the Order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for the District of Delaware and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

16.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, those parties will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## **NOTICE**

17.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (c)

counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtor's non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first-day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**NO PRIOR REQUEST**</u>

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein; and (b) such other relief as the Court deems appropriate under the circumstances.

Date: May 8, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/  Robert S. Brady*

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Joshua Brooks (Delaware Bar No. 6765)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com
Email: jbrooks@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Susheel Kirpalani *(pending pro hac vice)*
Patricia B. Tomasco *(pending pro hac vice)*
Daniel Holzman *(pending pro hac vice)*
Alain Jaquet *(pending pro hac vice)*
Razmig Izakelian *(pending pro hac vice)*
Valerie Ramos (*pending pro hac vice)*
Joanna D. Caytas *(pending pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**PROPOSED COUNSEL FOR THE DEBTORS**

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC | Case No. 23-10597 (BLS) |
| Debtor. | |
| Tax I.D. No. 82-4810439 | |
| In re: | Chapter 11 |
| Bittrex, Inc. | Case No. 23-10598 (BLS) |
| Debtor. | |
| Tax I.D. No. 81-3820908 | |
| In re: | Chapter 11 |
| Bittrex Malta Holdings Ltd. | Case No. 23-10599 (BLS) |
| Debtor. | |
| Tax I.D. No. 98-1492227 | |
| In re: | Chapter 11 |
| Bittrex Malta Ltd. | Case No 23-10600 (BLS) |
| Debtor, | |
| Tax I.D. No. 98-1561764 | |

**ORDER (I) AUTHORIZING JOINT ADMINISTRATION OF THE CHAPTER 11**
**CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, the above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court as Case No. 23-10597.

3.      The caption of the jointly administered cases should read as follows:

*[Remainder of page intentionally left blank]*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. _____ |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764).  The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

4.    The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.    A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors, other than Desolation Holdings LLC, to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Desolation Holdings LLC, Case No. 23-10597; Bittrex, Inc., Case No. 23-10598; Bittrex Malta Holdings Ltd., Case No. 23-10599; and Bittrex Malta Ltd., Case No. 23-10600.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-10597**.

6.    The Debtors shall maintain, and the Clerk of the Court shall keep, with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases, one consolidated docket, one file, and one consolidated service list.

7.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases, and this

Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules of this Court are satisfied by such notice.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.