**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 3 |

**ORDER APPOINTING OMNI AGENT SOLUTIONS AS CLAIMS**
**AND NOTICING AGENT, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Section 156(c) Application")[2] of the Debtors for entry of an order (this "Order") pursuant to 28 U.S.C. § 156(c), section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2002, and rule 2002-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), appointing Omni Agent Solutions ("Omni") as the Claims and Noticing Agent in the Debtors' chapter 11 cases, effective as of the Petition Date, to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, and (c) provide such other administrative services as required by the Debtors that would fall within the purview of services to be provided by the Clerk's office, as more fully set forth in the Section 156(c) Application; and the Court having jurisdiction to consider the Section 156(c) Application and the relief requested therein in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764).  The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Section 156(c) Application.

C.J.); and consideration of the Section 156(c) Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Section 156(c) Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Section 156(c) Application (the "Hearing"); and upon consideration of the Deutch Declaration and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Section 156(c) Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

1. The Section 156(c) Application is GRANTED as set forth herein.

2. Notwithstanding the terms of the Retention Agreement attached to the Section 156(c) Application, the Section 156(c) Application is granted solely as set forth in this Order.

3. Pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002, and Local Rule 2002-1(f), the Debtors are authorized to retain Omni as Claims and Noticing Agent in these chapter 11 cases, effective as of the Petition Date, under the terms of the Retention Agreement, and Omni is authorized to perform the Claims and Noticing Services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases, and perform all related tasks as set forth in the Section 156(c) Application.

4. Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized to maintain the official Claims Register for the Debtors, to provide public access to every proof of

claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon request of the Clerk.

5. Omni is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6. Omni is authorized to take such other actions as required to comply with all duties set forth in the Section 156(c) Application and this Order.

7. Omni shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8. Without further order of this Court, the Debtors are authorized to compensate Omni for its Claims and Noticing Services in accordance with the terms and conditions of the Retention Agreement upon receipt of reasonably detailed monthly invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses. For the avoidance of doubt, notwithstanding anything in the Application or Retention Agreement to the contrary, Omni shall seek reimbursement of all "out of pocket" or "pass-through" expenses at the cost which it paid for same.

9. Omni shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any statutory committee monitoring the expenses of the Debtors, and any party in interest that specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Retention Agreement or monthly invoices, *provided that* parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, Omni's fees and expenses incurred in connection with the Claims and Noticing Services shall be an administrative expense of the Debtors' chapter 11 estates.

12. Omni may apply its advance to all pre-petition invoices, and Omni may hold its advance under the Retention Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Retention Agreement.

13. The Debtors are authorized to indemnify Omni under the terms of the Retention Agreement, subject to the following modifications:

    (a) Omni shall not be entitled to indemnification, contribution or reimbursement pursuant to the Retention Agreement for services other than the Claims and Noticing Services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

    (b) Notwithstanding anything to the contrary in the Retention Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law, or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified; and

    (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Omni believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or

4

reimbursement obligations under the Retention Agreement (as modified by this Order), including without limitation the advancement of defense costs, Omni must file an application therefor in this Court, and the Debtors may not pay any such amounts to Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Omni for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Omni. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution, or reimbursement.

14. The limitation of liability provision contained in the Retention Agreement shall have no force and effect during the pendency of these Chapter 11 Cases.

15. In the event Omni is unable to provide the Claims and Noticing Services, Omni shall immediately notify the Clerk and Debtors' counsel and cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

16. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for services that are to be performed by Omni but are not specifically authorized by this Order.

17. Omni shall not cease providing Claims and Noticing Services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court authorizing Omni to do so; *provided that* Omni may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtors, the U.S. Trustee, and any official committee of creditors appointed, if any, in these cases by facsimile or overnight delivery; *provided*, further, that except as expressly provided herein, the Debtors and Omni may otherwise terminate or suspend other services as provided under the Retention Agreement.

18. After entry of an order terminating Omni's services as the Claims and Noticing Agent, upon the closing of these Chapter 11 Cases, or for any other reason, Omni shall be

5

responsible for preparing all proofs of claim to be archived with the Federal Archives Record Administration, if applicable. Timely payment of Omni's fees and costs relating to such services shall be the responsibility of the Debtors' estate or any relevant succeeding chapter 11 entity including, but not limited to, a reorganized debtor, plan administrator, or liquidating trustee.

19. Notice of the Section 156(c) Application shall be deemed good and sufficient notice of such application, and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are waived by such notice.

20. In the event of any inconsistency between the Retention Agreement, the Section 156(c) Application, and this Order, this Order shall govern.

21. The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

22. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied.

23. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

24. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

25. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

26. The Debtors and Omni are authorized to take all actions necessary to implement the relief granted in this Order.

27. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**Dated: May 10th, 2023**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE