**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 6** |

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND IPSO FACTO PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code; (b) approving the form and manner of notice, and (c) granting related relief; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. Subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby stayed, restrained and enjoined from:

   (a) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' Chapter 11 Cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases;

   (b) enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' Chapter 11 Cases;

   (c) taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located or to exercise control over property of the estates or interfere in any way with the conduct by the Debtors of their business, including, without limitation, attempts to arrest, seize or reclaim any assets in which the Debtors have legal or equitable interests;

  (d) taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

  (e) taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' Chapter 11 Cases;

  (f) taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' Chapter 11 Cases;

  (g) offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases against any claim against the Debtors; and

  (h) commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3. Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases; or (b) commencement of these cases under the Bankruptcy Code.

4. Pursuant to section 525 of the Bankruptcy Code, no governmental unit may: (a) deny, revoke, suspend, or refuse to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) place conditions upon such a grant to the Debtors; or (c) discriminate against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases.

5. Pursuant to section 541(c) of the Bankruptcy Code, any interest of the Debtors in

property is property of the estates, notwithstanding any provision in any agreement, transfer instrument, or applicable nonbankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors; or (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Debtors' Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification, or termination of the Debtors' interest in property.

6. The form of Notice, substantially in the form attached as **Exhibit 1** hereto, is approved. The Debtors are authorized, but not directed, to serve the Notice (including as the Debtors deems necessary, translations thereof) upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.

7. For the avoidance of doubt, notwithstanding anything in this order, nothing in this order (a) expands or enlarges the rights and protections afforded the Debtors under the Bankruptcy Code, or (b) affects or impairs any rights, claims, defenses or protections afforded or preserved for governmental units under the Bankruptcy Code.

8. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 10th, 2023
Wilmington, Delaware

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**