IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al*.,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hrg. Date: June 7, 2023 at 11:00 a.m. (ET)<br>Obj. Deadline: May 31, 2023 at 4:00 p.m. (ET) |

**DEBTORS' MOTION SEEKING ENTRY OF
AN ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. The Debtors seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) approving the Compensation Procedures (as defined below) for an orderly, regular process for the allowance of payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of title 11 of the United States Code (the "Bankruptcy Code") and are required to file fee applications for allowance of compensation and reimbursement of expenses pursuant to sections 328, 330 and 331 of the Bankruptcy Code; and (b) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

30383987.1

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rule[s]"), the Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105 and 331 of the Bankruptcy Code, rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule[s]"), and Local Rule 2016-2.

**BACKGROUND**

5. The Debtors, together with their non-debtor affiliates (collectively, "Bittrex"), operate cryptocurrency exchanges for both retail and institutional customers in several jurisdictions. Bittrex, Inc. ("BUS"), a Georgia corporation, operates Bittrex's cryptocurrency exchange for U.S. customers, whereas two foreign non-debtor affiliates operate Bittrex's cryptocurrency exchange for non-U.S. customers. The global Bittrex platform has approximately 1.55 million customers, including over 600,000 in the United States.

6. On May 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the Declaration

of *Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* ("Hengel Declaration" or "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein [D.I. 11].[2]

7. As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all of the cryptocurrency associated with their accounts.

8. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## RETENTION OF PROFESSIONALS

9. Given the size and complex nature of these Chapter 11 Cases, the Debtors require the assistance of various professionals to efficiently manage these proceedings. Accordingly, the Debtors have filed, or intend to file, separate applications with the Court to employ and retain a number of professionals, including, without limitation: (a) Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), as general restructuring counsel; (b) Young Conaway Stargatt & Taylor, LLP ("YCST"), as Delaware counsel; and (c) Berkeley Research Group, LLC, as financial advisor (collectively, the "Debtors' Professionals"). The Debtors may also retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of these Chapter 11 Cases as

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

the need arises. In addition, a statutory creditors' committee, if appointed, will likely retain professionals (collectively, with the Debtors' Professionals, the "Professional[s]").[3]

## PROPOSED COMPENSATION PROCEDURES

10. The Debtors believe that establishing orderly procedures to pay the Professionals will streamline the administration of these Chapter 11 Cases and otherwise promote efficiency for the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and all other parties in interest. A streamlined process for serving interim fee applications and notices thereof is in the best interest of the Debtors because it will facilitate an efficient review of the Professionals' fees and expenses and will preserve the Debtors from incurring in unnecessary expenses.

11. Accordingly, the Debtors respectfully request that the Court authorize the following procedures for the interim compensation and reimbursement of all the Professionals (the "Compensation Procedures"):

    a. On or after the 15th day of each month following the month for which compensation is sought or as soon as practicable thereafter, each Professional seeking compensation shall file a monthly fee statement ("Monthly Statement[s]") and serve such Monthly Statement by electronic mail, where available or where electronic mail is not available, by first-class mail, on the following parties (each a "Notice Party" and collectively, the "Notice Parties"):

        i. Proposed counsel for the Debtors, (a) Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave 22nd floor, New York, NY 10010 (Attn.: Susheel Kirpalani (susheelkirpalani@quinnemanuel.com); Patricia B. Tomasco (pattytomasco@quinnemanuel.com), and qe-bittrex@quinnemanuel.com)); and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801

---

[3] In addition, the Debtors have filed, or will soon file, a motion pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (collectively, the "Ordinary Course Professionals"). Pursuant to the relief requested in such motion, Ordinary Course Professionals will not need to file individual retention applications and will be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses. Any Ordinary Course Professional seeking payment of fees exceeding the monthly cap may be required to file a fee application pursuant to the procedures set forth in the Ordinary Course Professionals Proposed Order.

        (Attn.: Robert S. Brady (rbrady@ycst.com), Kenneth Enos (kenos@ycst.com), and Joshua Brooks (jbrooks@ycst.com));

    ii.    The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov));

    iii.    Counsel for any statutory committees appointed in these Chapter 11 Cases; and

    iv.    Any fee examiner appointed in these Chapter 11 Cases.

b. Any Professional who does not file a Monthly Statement for a particular month may subsequently file a consolidated Monthly Statement for such month(s).

c. Each Monthly Statement shall describe and itemize the fees and expenses incurred within such period, together with (i) a summary setting forth the total amount of fees; (ii) each Professional's (and paraprofessional's) hourly rate, if applicable; (iii) time entries for each Professional (redacted or modified to protect any privileged information); (iv) total time and fees; and (v) the amount of reimbursable expenses sought. Each Monthly Statement shall comply with the requirements of Local Rule 2016-2(c)-(g).

d. In the event that a Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, such Notice Party shall, no later than 4:00 p.m. (Prevailing Eastern Time) 20 days after service of the applicable Monthly Statement (the "Objection Deadline"), serve upon the Professional whose Monthly Statement is objected to and the other Notice Parties a written "Notice of Objection to Monthly Statement," setting forth with specificity the nature of the objection and the amount of fees or expenses at issue. Thereafter, the objecting party and the professional whose Monthly Statement is objected to shall attempt to reach an agreement. If the parties are unable to reach an agreement on the objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party), the objecting party shall file an objection (the "Objection") with the Court within three days and serve such objection on the Notice Parties and the Professional. After receipt of such Objection, the Professional whose Monthly Statement is objected to shall have the option of (ii) filing a response to the Objection with a request for payment of the disputed amount with the Court; or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider the Objection if payment of the disputed amount is requested.

e. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Statement (each, a "CNO"). After a CNO is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of

      the fees and 100% of the expenses requested in the applicable Monthly Statement that are not subject to an Objection.

f. If a Notice of Objection to a Monthly Statement is served and the parties resolve their dispute, the parties shall notify the Debtors of the resolution, and the Professional shall file a Certification of Counsel ("COC") with the Court. After a COC is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses of the agreed amount; *provided that* no payment shall be made prior to the expiration of the Objection Deadline.

g. The first Monthly Statement may be submitted by each of the Professionals on or after the date of entry of the Order.

h. Beginning with the period ending July 31, 2023, and thereafter at three month intervals or at such other intervals convenient to the Court (each, an "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties a request for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements submitted during such Interim Fee Period ( "Interim Application[s]"). Each Interim Application shall identify the Professional seeking compensation, disclose the period for which the payment of compensation and reimbursement of expenses is sought, and describe the amount of compensation and expenses sought. Objections, if any, to an Interim Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day following service of the Interim Application.

i. Each Professional shall file and serve its Interim Application within 45 days after the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. The first Interim Application shall cover the time between the Petition Date through and including July 31, 2023, and shall be filed on or before September 14, 2023. Each Interim Application shall comply with the requirements of Local Rule 2016-2(c)-(g).

j. The Debtors will request that the Court schedule a hearing on Interim Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Application without the need for a hearing upon the filing of an appropriate CNO and/or COC. Upon allowance by the Court of a Professional's Interim Application, the Debtors shall promptly pay such Professional all allowed fees, including the 20% holdback and any other fees and expenses allowed by the Court but not previously paid, subject to final allowance by the Court.

k. All fees paid and expenses reimbursed to a Professional under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

l.  Copies of all Monthly Statements, Interim Applications, and final fees applications ("Final Application[s]") need only be served upon the Notice Parties. Parties that have entered their appearance pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a notice of (i) filing of an Interim Application or Final Application; and (ii) any hearing on any Monthly Statement, Interim Application, or Final Application.

m.  The pendency of an application or Court order stating that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement or Application shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

o.  Each Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, in connection with each such attorney's Interim Application and Final Application, and shall provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Application and Final Application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor appointed in these Chapter 11 Cases, and upon request, to this Court.

12. In addition, as part of the Compensation Procedures, any member of a statutorily-appointed committee in the Chapter 11 Cases may submit statements of expenses (excluding the fees and expenses of an individual committee member's third-party counsel) and supporting vouchers to the applicable committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided that* payment of such expenses may not be authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

**BASIS FOR RELIEF**

13. Under section 331 of the Bankruptcy Code, all estate professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits.

14. In addition, section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Therefore, the Court has ample authority to enter an order authorizing procedures for interim payment of monthly compensation and reimbursement of expenses.

15. Courts have regularly established procedures providing for the compensation and expense reimbursement of professionals on a monthly basis pursuant to sections 105(a) and 331 of the Bankruptcy Code. *See In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 728–32 (Bankr. D. Del. 2000). Factors generally considered by the courts in determining whether such procedures are warranted include whether "[t]he case is an unusually large one in which an exceptionally large amount of fees accrue each month . . . [t]he court is convinced that waiting an extended period for payment would place an undue hardship on counsel . . . [t]he court is satisfied that counsel can respond to any reassessment . . . [t]he fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder . . . whether other fee arrangements would impose a hardship on the debtor . . . [and] the effect of the proposed procedure on the ability of the Court to adequately review professional fee applications." *Id*. at 730–31.

16. The implementation of the proposed Compensation Procedures is justified in these Chapter 11 Cases. It is anticipated that the Professionals will provide integral advice and services to the Debtors and to any statutorily-appointed committee, as applicable, in administering these Chapter 11 Cases. In the absence of streamlined compensation procedures, the professional fee

application and review process could be burdensome on the Debtors, the Professionals, the Court and other parties. Conversely, the proposed Compensation Procedures will enable the Debtors to closely monitor Professionals' fees and expenses in these Chapter 11 Cases, and implement efficient cash management procedures. Moreover, these procedures will also allow the Court and the key parties-in-interest to verify the reasonableness and necessity of the compensation and reimbursement that are sought pursuant to the proposed Compensation Procedures.

17. The Debtors submit that the Compensation Procedures are appropriate and comparable to compensation procedures established in other large chapter 11 cases involving cryptocurrency exchanges in this district. *See In re FTX Trading, Ltd.*, No. 22-11068 (JDT) (Bankr. D. Del. Jan. 9, 2023) (approving comparable interim compensation procedures for professionals); *In re Cred*, No. 20-12836 (JTD) (Bankr. D. Del. Nov. 17, 2020), D.I. 244 (same). The Debtors further submit that the Compensation Procedures substantially comply with the guidelines set forth in Local Rule 2016-2.

## NOTICE

18. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc. and Aquila Holdings Inc.; (f) the Professionals as the date hereof; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**; and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Date: May 17, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Joshua Brooks (Delaware Bar No. 6765)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br>Email: jbrooks@ycst.com<br><br>-and- |

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos (*admitted pro hac vice*)
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**PROPOSED COUNSEL FOR THE DEBTORS**