**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: June 7, 2023, at 10:00 a.m. (ET)** <br> **Obj. Deadline: May 31, 2023, at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART &
SULLIVAN, LLP AS CO-COUNSEL FOR
THE DEBTORS AND THE DEBTORS IN POSSESSION**

Desolation Holdings LLC, Bittrex, Inc., Bittrex Malta Holdings Ltd., and Bittrex Malta Ltd. (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") submit the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Co-Counsel for the Debtors and the Debtors in Possession (the "Application"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1, 2016-1, and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to retain and employ Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as co-counsel for the Debtors, *nunc pro tunc* to May 8, 2023. In support of this Application, the Debtors submit the declaration of Patricia

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

Tomasco, a partner of Quinn Emanuel, attached hereto as Exhibit B (the "Tomasco Declaration"), and the declaration of David Maria, General Counsel of the Debtors, attached hereto as Exhibit C (the "Maria Declaration"). In further support of this Application, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1. On May 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors continue to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 10, 2023, the Court entered an order authorizing the joint administration and procedural consolidation of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). *See* ECF No. 34.

2. As of the filing of this Application, no committees have been appointed by the United States Trustee. No party has requested the appointment of a trustee or an examiner in these cases.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herein consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and other bases for the relief requested in this Application are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1, 2016-1, and 2016-2.

## BACKGROUND OF THE DEBTORS

6. The Debtors and their non-debtor affiliates (collectively, "Bittrex") operate cryptocurrency exchanges for retail and institutional customers in several jurisdictions. Bittrex, Inc. ("BUS"), a Georgia corporation, operates Bittrex's cryptocurrency exchange for U.S. customers, whereas two foreign non-debtor affiliates operate Bittrex's cryptocurrency exchange for non-U.S. customers. The global Bittrex platform has approximately 1.55 million customers, including over 600,000 in the United States.

7. A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* ("Hengel Declaration" or "First Day Declaration") (ECF No. 11).

8. As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all of the cryptocurrency associated with their accounts. The Debtors seek to complete the previously announced wind down of its U.S. business and implement the wind down of its Malta business, and accomplish, as soon as practicable, a comprehensive process that will (a) maximize value for the Debtors' creditors (including its customers) and other stakeholders; (b)

leave intact Bittrex's non-U.S. business operations for the benefit of their several hundred thousand customers; and (c) to the extent necessary, fairly separate the non-U.S. operations.

**RELIEF REQUESTED**

9. By this Application, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain and employ Quinn Emanuel as co-counsel to the Debtors.

**QUINN EMANUEL'S QUALIFICATIONS AND SCOPE OF SERVICES**

10. The Debtors seek to retain Quinn Emanuel because of Quinn Emanuel's recognized expertise and extensive experience and knowledge practicing before bankruptcy courts in large and complex chapter 11 cases and because of Quinn Emanuel's knowledge of the Debtors' business, financial, and litigation affairs, including litigation concerning government regulations against various governmental agencies.

11. Quinn Emanuel and its partners have represented numerous debtors and committees in their bankruptcy cases, including FTX Trading Ltd.; Boy Scouts of America and Delaware BSA, LLC; Cinemex USA Real Estate Holdings, Inc.; Voyager Digital Holdings, Inc.; Chinos Holdings, Inc.; Kingfisher Midstream LLC; RadioShack Corporation; SemGroup Inc.; Buffets, Inc.; American Home Mortgage Corp; NewPage Corp.; Alto Maipo SpA; Exco Resources, Inc.; and Westmoreland Coal Company.

12. The Debtors require knowledgeable counsel to render critical professional services, and, as described in the Tomasco Declaration, Quinn Emanuel has substantial expertise in these

areas to represent the Debtors and perform the services required as Debtors' restructuring counsel and regulatory and litigation counsel.

## NO DUPLICATION OF SERVICES

13. The Debtors have retained or are seeking to retain various other restructuring professionals. The Debtors, Quinn Emanuel, and other restructuring professionals have fully discussed Quinn Emanuel's role in these Chapter 11 Cases as to avoid duplication of work. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will promote the efficient prosecution and effective administration of these Chapter 11 Cases as well as ongoing governmental regulation litigation and investigations. Quinn Emanuel has agreed to make reasonable efforts to avoid duplication of services by any other professionals employed by the Debtors.

## PROFESSIONAL COMPENSATION

14. Quinn Emanuel intends to apply to the Court for allowance of compensation earned for professional services and reimbursement of expenses incurred in connection with these Chapter 11 Cases and in any litigation, including any governmental regulatory litigation or investigations, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Quinn Emanuel will also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "US Trustee Guidelines"), both in connection with this

Application and any application for compensation and reimbursement of expenses to be filed by Quinn Emanuel in these Chapter 11 Cases.

15.    Quinn Emanuel will charge the Debtors for its legal services on an hourly basis at its ordinary and customary rates in effect on the date that such services are rendered and for reimbursement of all costs and expenses incurred by Quinn Emanuel in connection with its representation of the Debtors.  Quinn Emanuel has agreed to provide the Debtors with a 10% discount on all fees for the life of the engagement.  Quinn Emanuel's hourly billing rates for attorneys who may work on behalf of the Debtors currently range from $830.00 to $2,130.00 and from $175.00 to $480.00 for paraprofessionals.  The Debtors believe that these rates are consistent with market rates for comparable services, and have been informed that Quinn Emanuel sets its hourly rates on an annual basis.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.  Quinn Emanuel will provide 10 business days' notice of any rate increases to the Debtors, the U.S. Trustee, and any committee appointed by this Court and shall file such notice with the Court.  The following attorneys are expected to have primary responsibility for providing restructuring services to the Debtors: Susheel Kirpalani ($2,130.00) and Patricia B. Tomasco ($1,600.00).  In addition, Quinn Emanuel currently represents Bittrex, Inc. in connection with the pending litigation styled *Securities and Exchange Commission v. Bittrex, Inc.*, et al., No. 2:23-cv-00580-RSM, in the United States District Court for the Western District of Washington (the "SEC Complaint").  The primary counsel providing services to Bittrex, Inc. in the SEC Complaint (as well as other regulatory matters) are Michael Liftik ($1,770), Sarah Heaton Concannon ($1,770) and Robert Zink ($1,600.00).  Previously, Quinn Emanuel provided services to Bittrex, Inc. in connection with several regulatory investigations and settlements including the Financial Crimes Enforcement Network of the Department of the Treasury, and the

Department of Justice. Debtors anticipate that Quinn Emanuel will continue to interact with and respond to additional litigation and regulatory matters as they arise.

16. Quinn Emanuel's hourly rates are set at a level designed to fairly compensate Quinn Emanuel for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. These hourly rates vary with the experience and seniority of each professional and are subject to periodic adjustments to reflect economic and other conditions, with the hourly rate charged being the hourly rate in effect on the date the services are performed.

17. Quinn Emanuel represented the Debtors pre-petition using the hourly rates listed above. Moreover, as noted in the Tomasco Declaration, Quinn Emanuel's rates do not differ significantly from the rates that Quinn Emanuel charges for other representations or the rates that other comparable counsel would charge to perform substantially similar services.

18. In addition to the hourly rates set forth above, Quinn Emanuel customarily charges its clients for the variable costs and expenses incurred in connection with its services, including mail and express mail charges courier charges, Federal Express charges, photocopying charges, travel expenses, and charges and fees of outside vendors, consultants, and service providers.

19. Consistent with Local Rule 2016-2(e), Quinn Emanuel will charge no more than its cost for standard black and white duplication services.

20. The Debtors recognize that they have the responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases and other litigation. The Debtors will review and monitor the invoices that Quinn Emanuel submits.

21. As set forth in the Tomasco Declaration, the Debtors' estates will pay Quinn Emanuel's fees and expenses. Quinn Emanuel received its first retainer of $100,000 on August

17, 2022, in connection with one or more governmental investigations and settlements and, since then, has continued to receive additional retainer refreshes including an increased retainer of $700,000.00 on April 20, 2023, and refreshed for another $700,000.00 on May 4, 2023, in connection with restructuring services. Quinn Emanuel, from April 1, 2023, through May 8, 2023, has billed the Debtors a total of $2,898,231.95 for fees and expenses and received payment for fees and expenses in the amount of $ 2,898,231.95.

22.    In accordance with section 504 of the Bankruptcy Code, Quinn Emanuel has neither shared nor agreed to share (a) any compensation or reimbursement it has received or may receive with another person, other than the partners and associates associated with Quinn Emanuel or (b) any compensation or reimbursement another person has received or may receive.

### **NO ADVERSE INTEREST**

23.    Except as set forth in the Tomasco Declaration, Quinn Emanuel, to the best of the Debtors' knowledge, information, and belief, does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Quinn Emanuel is to be employed. Additionally, Quinn Emanuel has informed the Debtors that it will conduct an ongoing review of its files to ensure that it continues to neither represent nor hold any interests adverse to the Debtors or their estates with respect to the matters on which Quinn Emanuel is to be employed pursuant to this Application. To the best of the Debtors' knowledge, as disclosed in the Tomasco Declaration, (a) Quinn Emanuel is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or

represent an interest adverse to the Debtors' estates and (b) has no connection to the Debtors' their creditors, or other parties in interest, except as may be disclosed in the Tomasco Declaration.

## BASIS FOR RELIEF

24. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

25. Moreover, section 1107(b) of the Bankruptcy Code provides that a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107(b).

26. In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of its choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that '[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

27. For all of the reasons stated above and in the Tomasco Declaration, the Debtors submit that the retention and employment of Quinn Emanuel as bankruptcy co-counsel to the Debtors is in the best interest of their estates. Quinn Emanuel's services are necessary to the successful prosecution of these Chapter 11 Cases as well as to the Debtors' continued defense of the SEC Complaint and ongoing governmental, regulatory and litigation matters. Based on both its extensive experience and expertise and its representation of the Debtors prior to the Petition Date, Quinn Emanuel is both well-qualified and uniquely able to represent the Debtors.

Accordingly, the Debtors submit that the retention of Quinn Emanuel is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

## NOTICE

28. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtor's non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice needs to be given.

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief the Court may deem just and proper.

Respectfully submitted this 17th day of May, 2023.

>/s/ David Maria
>David Maria
>General Counsel of the Debtors