**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ___ |

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF QUINN EMANUEL URQUHART &
SULLIVAN, LLP AS CO-COUNSEL FOR THE DEBTORS AND
THE DEBTORS IN POSSESSION**

Upon the application (the "Application") of Desolation Holdings LLC, Bittrex, Inc., Bittrex Malta Holdings Ltd., and Bittrex Malta Ltd., that are the debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), for entry of an order authorizing the Debtors to retain and employ Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as co-counsel for the Debtors, *nunc pro tunc* to May 8, 2023, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1, 2016-1, and 2016-2; and the Court being satisfied, based on the representations made in the Application and the Declarations, that Quinn Emanuel does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Quinn Emanuel is to be employed; and this Court having jurisdiction pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

United States Constitution; and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and all objections to the Application, if any, having been withdrawn, resolved, or overrules; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Quinn Emanuel as co-counsel to the Debtors pursuant to section 327(a) of the Bankruptcy Code, *nunc pro tunc* to May 8, 2023, to represent the Debtors in their bankruptcy cases and in connection with ongoing litigation, regulatory and related investigations in accordance with the terms and conditions set forth in the Application.

3. Quinn Emanuel shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases") in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Quinn Emanuel shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the US Trustee

Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Quinn Emanuel in these Chapter 11 Cases.

4. Quinn Emanuel shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in these Chapter 11 Cases before implementing any periodic increases and shall file such notice with the Court.

5. The Debtors and Quinn Emanuel are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. To the extent there is any inconsistency between the Application, the Declarations, and this Order, the provisions of this Order shall govern.

7. The terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.