# EXHIBIT D

**Proposed Order**

30369177.6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No.** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the retention and employment of Young Conaway as co-counsel for the Debtors, effective as of the Petition Date, as more fully set forth in the Application; and upon consideration of the Application and all pleadings related thereto, including the Brady Declaration and the Maria Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

30369177.6

Application has been given as set forth in the Application, and that such notice is adequate and no other or further notice need be given; and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, because (i) Young Conaway has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Brady Declaration; (ii) Young Conaway is not a creditor, equity security holder, or insider of the Debtors; (iii) none of Young Conaway's partners or employees are or were, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (iv) Young Conaway does not hold, and has neither represented nor represents, an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Young Conaway as their counsel on the terms set forth in the Application and the Brady Declaration, effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the

30369177.6

Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct. Young Conaway intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (both in connection with this Application and the interim and final fee applications to be filed by Young Conaway in the Chapter 11 Cases).

4. Young Conaway shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notwithstanding anything contained in the Engagement Letter to the contrary, the Engagement Letter does not supersede the requirements of 11 U.S.C. § 327(a) that govern the retention of counsel for the Debtors. Young Conaway shall make all required disclosures and, in the event a material conflict arises, take all required actions to address and resolve the conflict.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this order.

30369177.6