## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DESOLATION HOLDINGS LLC, *et al.*,[1] | ) | Case No. 23-10597 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Ref. Docket No.** ___ |
| | ) | |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC TO PROVIDE CO-CHIEF RESTRUCTURING OFFICERS AND ADDITIONAL PERSONNEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively the "Debtors"), for entry of an order (i) authorizing the Debtors to retain BRG, pursuant to the terms and conditions of the Engagement Letter, to (a) provide Robert Duffy and Evan Hengel to serve as Co-CROs and (b) provide Additional Personnel; (ii) providing that the employment of the BRG Professionals is effective as of the Petition Date; and (iii) granting certain related relief; all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied, based on the representations made in the Application and the Hengel Declaration that BRG represents no interest adverse to the Debtors' estates, that apart from the employment of BRG as Co-CROs and Additional Personnel to the Debtors, that BRG is disinterested, that BRG is not a "creditor" within the meaning of section 101(11) of the Bankruptcy Code; and any objections to the Application having been resolved or overruled; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to employ BRG and the BRG Professionals to provide services in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective as of the Petition Date.

3. The Debtors are authorized to engage BRG to provide Robert Duffy and Evan Hengel to serve as Co-CROs and certain Additional Personnel to assist the Co-CROs, effective as of the Petition Date and on the terms and conditions set forth in the Application and the

Engagement Letter, subject to the following terms which apply notwithstanding anything in the Application or the Engagement Letter to the contrary:

(a) BRG and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these Chapter 11 Cases.

(b) In the event the Debtors seek to have the BRG Professionals assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of executive officers, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) No principal, employee, or independent contractor of BRG and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of these Chapter 11 Cases.

(d) BRG shall file with the Court a Staffing Report by the last day of each month for the previous month, which shall include the names and functions filled by Additional Personnel assigned to the engagement as well as compensation earned and expenses incurred for the relevant period. Each Staffing Report shall contain summary charts which describe the services provided, including the number of hours worked by category, identify the compensation earned by each Additional Personnel, and itemize the expenses incurred. Time records shall (i) be appended to the Staffing Report, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where Additional Personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in half-hour increments. All compensation shall be subject to review by the Court in the event an objection is filed. BRG's first Staffing Report shall be filed by June 30, 2023 for the month of May 2023.

(e) Objections or responses to the Staffing Reports set forth at subparagraph 3(d) shall be filed and served within 14 days of filing of the report.

(f) BRG shall follow the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules regarding limitations on reimbursement of expenses.

(g) The Debtors are authorized to pay, in the ordinary course of business, all reasonable amounts invoiced by BRG for fees and expenses accrued.

(i) BRG shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3

4. Notwithstanding any provision to the contrary in the Engagement Letter, the Debtors are permitted to indemnify those persons acting as executive officers only on the same terms as provided to the Debtors' other officers and directors under the Debtors' operating agreement and applicable state law, in addition to insurance coverage under the Debtors' director and officer insurance policies.

5. There shall be no other indemnification of BRG or any of its affiliates.

6. BRG is authorized to apply the Cash on Account to satisfy any unbilled or other remaining prepetition fees and expenses BRG becomes aware of during its ordinary course billing review and reconciliation. The Cash on Account shall be treated as an evergreen retainer and BRG will maintain the remaining Cash on Account until the conclusion of its representation of the Debtors, at which time BRG will apply the Cash on Account to its final invoices or otherwise return the funds.

7. With respect to controversies or claims arising out of or in any way related to the services in the Engagement Letter, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Engagement Letter, any disputes arising under the Engagement Letter shall be heard in this Court during the pendency of these Chapter 11 Cases.

8. For a period of three years after conclusion of the engagement, BRG shall not make any investments in the Debtors or the reorganized debtors.

9. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

10. Any limitation of liability pursuant to the terms and conditions of the Engagement Letter are eliminated.

11.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order.

12.    To the extent that there may be any inconsistency between. the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

13.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.