**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: June 14, 2023, at 10:00 a.m. (ET) |
| | Objection Deadline: June 6, 2023, at 4:00 p.m. (ET) |

**APPLICATION OF DEBTORS PURSUANT TO
11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR
AUTHORITY TO RETAIN AND EMPLOY OMNI AGENT SOLUTIONS
AS ADMINISTRATIVE AGENT EFFECTIVE AS OF THE PETITION DATE**

Desolation Holdings LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent as follows in support of this application (the "Application"):

**RELIEF REQUESTED**

1. By this Application, the Debtors request, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), entry of an order (i) authorizing, but not directing, the Debtors to employ and retain Omni Agent Solutions ("Omni") as administrative agent ("Administrative Agent") in these chapter 11 cases (the "Chapter 11 Cases"), effective as of the Petition Date (as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

defined below), in accordance with the terms set forth in the Engagement Agreement, dated April 17, 2023 (the "Engagement Agreement").

2. A proposed form of order granting the relief requested herein is attached hereto as Exhibit A (the "Proposed Order").

3. On May 8, 2023, the Debtors filed their Application for the Entry of an Order Appointing Omni Agent Solutions as Claims and Noticing Agent, Effective as of the Petition Date (the "Section 156(c) Application") [Docket No. 3]. On May 10, 2023, the Court entered its order approving the 156(c) Application. *See* Docket No. 35. The Debtors believe that the administration of these Chapter 11 Cases will require Omni to perform duties outside the scope approved in the Section 156(c) Application. Accordingly, the Debtors submit this Application to enable Omni to provide such additional services.

4. In support of this Application, the Debtors submit the Declaration of Paul H. Deutch (the "Deutch Declaration"), a copy of which is attached hereto as Exhibit B.

## JURISDICTION AND VENUE

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

6.      The Debtors and their non-debtor affiliates (collectively, "Bittrex") operate cryptocurrency exchanges for retail and institutional customers in several jurisdictions. Bittrex, Inc. ("BUS"), a Georgia corporation, operates Bittrex's cryptocurrency exchange for U.S. customers, whereas two foreign non-debtor affiliates operate Bittrex's cryptocurrency exchange for non-U.S. customers. The U.S. and global Bittrex platforms, combined, have approximately 1.55 million customers, including over 600,000 in the United States.

7.      A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* ("Hengel Declaration" or "First Day Declaration") (Docket No. 11).

8.      As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all of the cryptocurrency associated with their accounts. The Debtors seek to complete the previously announced wind down of its U.S. business and implement the wind down of its Malta business, and accomplish, as soon as practicable, a comprehensive process that will (a) maximize value for the Debtors' creditors (including its customers) and other stakeholders; (b) leave intact Bittrex's non-U.S. business operations for the benefit of their several hundred thousand customers; and (c) to the extent necessary, fairly separate the non-U.S. operations.

**RELIEF REQUESTED**

9.      By this Application, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain and employ Omni as the Administrative Agent.

**OMNI'S QUALIFICATIONS**

10.     Omni is one of the country's leading chapter 11 administrators with experience in noticing, claims administration, solicitation, balloting, and the facilitation of other administrative aspects of chapter 11 cases. Omni has substantial experience in matters of similar size and complexity and has acted as the official claims and noticing agent and/or administrative agent in many large bankruptcy cases in this District and other districts nationwide. See, e.g., *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022); *In re PWM Property Management LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021); *In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Apr. 8, 2020); *In re Lucky's Market Parent Company*, LLC, No. 20-10166 (JTD) (Bankr. D. Del. Jan. 28, 2020); *In re SFP Franchise Corporation*, No. 20-10134 (JTD) (Bankr. D. Del. Jan. 24, 2020).

**SCOPE OF SERVICE**

11.     Pursuant to the Engagement Agreement, the Debtors seek to retain Omni to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

      a.      assist with, among other things, solicitation, balloting, and tabulation of votes; prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for

        documents from parties in interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

b.   prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

c.   assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

d.   provide a confidential data room, if requested by the Debtors;

e.   manage and coordinate any distributions pursuant to a chapter 11 plan if designated as distribution agent under such plan; and

f.   provide such other solicitation, balloting, and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court, or the Office of the Clerk of the Bankruptcy Court.

## **OMNI'S COMPENSATION**

12.   The Debtors respectfully submit that the fees Omni will charge in connection with its services to the Debtors, as set forth in the Engagement Agreement, are competitive and comparable to the rates Omni's competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Omni as Administrative Agent. The Debtors believe Omni's rates are more than reasonable given the quality of Omni's services and its professionals' bankruptcy expertise. Additionally, Omni will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

13.   Omni intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Agent pursuant to the Engagement Agreement. Omni will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and

any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

14. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Omni and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Omni's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Proposed Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Agent in these Chapter 11 Cases for the services provided by this Application.

## NO DUPLICATION OF SERVICES

15. The Debtors intend that the services of Omni will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. Omni understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## DISINTERESTEDNESS

16. Omni has conducted a conflicts analysis to determine whether it has any relationship with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Deutch Declaration, Omni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

17. Omni will supplement its disclosures to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## **RELIEF REQUESTED SHOULD BE GRANTED**

18. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

19. Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

20. To help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Chapter 11 Cases, the Debtors respectfully request the Court enter an order appointing Omni as the Administrative Agent in these Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

21. The Debtors respectfully request that Omni's retention be made effective as of the Petition Date so that Omni may be compensated for the services performed prior to the approval of this Application. Omni has provided services to the Debtors in advance of approval of this

Application in anticipation that its retention would be effective as of the Petition Date. The Debtors submit that these circumstances warrant retroactive approval. Further, the Debtors believe that no party in interest will be prejudiced by the granting of the retroactive effectiveness of Omni's employment because Omni has provided, and will continue to provide, valuable services to the Debtors' estates in the covered period.

22.     For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and therefore, should be granted.

## **NOTICE**

23.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtor's non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice needs to be given.

WHEREFORE the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief the Court may deem just and proper.

Respectfully submitted this 23rd day of May, 2023.

/s/  Evan Hengel
Evan Hengel
Co-Chief Restructuring Officer of the Debtors
