# EXHIBIT B

**Deutch Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF PAUL H. DEUTCH IN SUPPORT OF
THE APPLICATION OF DEBTORS PURSUANT TO
11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR
AUTHORITY TO RETAIN AND EMPLOY OMNI AGENT SOLUTIONS
AS ADMINISTRATIVE AGENT EFFECTIVE AS OF THE PETITION DATE**

I, Paul H. Deutch, under penalty of perjury, declare as follows:

1. I am the Executive Vice President of Omni Agent Solutions ("Omni"). The matters as set forth herein are made of my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.[2]

2. This Declaration is made in support of the Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Omni Agent Solutions as Administrative Agent Effective as of the Petition Date (the Application"), which was filed contemporaneously herewith (the "Application").

3. Omni is one of the country's leading chapter 11 administrators with experience in noticing, claims administration, solicitation, balloting, and the facilitation of other administrative aspects of chapter 11 cases. Omni has substantial experience in matters of similar size and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Certain of the disclosures herein relate to matters within the knowledge of other professionals at Omni and are based on information provided by them.

complexity and has acted as the official claims and noticing agent and/or administrative agent in many large bankruptcy cases in this District and other districts nationwide. See, e.g., *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022); *In re PWM Property Management LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021); *In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Apr. 8, 2020); *In re Lucky's Market Parent Company*, LLC, No. 20-10166 (JTD) (Bankr. D. Del. Jan. 28, 2020); *In re SFP Franchise Corporation*, No. 20-10134 (JTD) (Bankr. D. Del. Jan. 24, 2020).

4. As the Administrative Agent, Omni will perform the services specified in the Application and the Engagement Agreement. In performing such services, Omni will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as Exhibit B to the Application.

5. Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that:

   a. Omni is not a creditor, security holder, or insider of the Debtors;

   b. Omni and its personnel are not and were not, within two years before the date of the filing of these cases, directors, officers, or employees of the Debtors;

   c. Omni does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

6. To the best of my knowledge, neither Omni, nor any of its professional personnel has any relationship with the Debtors that would impair Omni's ability to serve as Administrative Agent. The Debtors have many creditors and, accordingly, Omni may have rendered and may

continue to render services to certain of these creditors. However, Omni has not and will not represent the separate interest of any such creditor in these Chapter 11 Cases.

7. I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "Potential Parties in Interest") in these Chapter 11 Cases. The list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' 50 largest unsecured creditors on a consolidated basis and other parties. The results of the conflict check were compiled and reviewed by Omni professionals. At this time, and as set forth in further detail herein, Omni is not aware of any relationship that would present a disqualifying conflict of interest. Should Omni discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Omni will use reasonable efforts to file promptly a supplemental declaration.

8. To the best of my knowledge and based solely upon information provided to me by the Debtors, and except as provided herein, neither Omni, nor any employee thereof, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. Omni may have relationships with certain of the Debtors' creditors as a vendor or in connection with cases in which Omni serves or has served in a neutral capacity as noticing, claims, and balloting agent for another chapter 11 debtor.

9. Omni has and will continue to represent clients in matters unrelated to these Chapter 11 Cases. In addition, Omni and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' Chapter 11 Cases in matters unrelated to these cases. Omni may also provide professional services to entities or persons that may be

creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

10. To the best of my knowledge, neither Omni nor any of its partners or employees hold or represent any interest materially adverse to the Debtors' estates with respect to any matter upon which Omni is to be engaged. Based on the foregoing, I believe that Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: May 23, 2023
New York, New York

*Paul H. Deutch*
Executive Vice President
Omni Agent Solutions