**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: June 7, 2023, at 11:00 a.m. (ET)**<br>**Objection Deadline: May 31, 2023 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a), FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND LOCAL RULES 2002-1(e), 3001-1, AND 3003-1 FOR AUTHORITY TO (I) ESTABLISH DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE**

Desolation Holdings LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") respectfully represent as follows in support of this motion (the "Motion").

**RELIEF REQUESTED**

1. By this Motion, pursuant to sections 502(b)(9) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3003(c)(3), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1(e), 3001-1, and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), that:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

a. establishes August 31, 2023, at midnight (Prevailing Eastern Time) as the deadline (the "General Bar Date") for (i) each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, but not including (a) any Customers (as herein defined) and (b) any Governmental Units (as herein defined)) to file a proof of claim (each a "General Proof of Claim") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors, and (ii) for any Customer to file a proof of claim against any of the Debtors (each a "Customer Proof of Claim") in respect of any prepetition claim (each a "Customer Claim") for withdrawals of cryptocurrency and fiat deposited with any of the Debtors through their cryptocurrency exchange prior to the Petition Date;

b. establishes November 4, 2023, at midnight (Prevailing Eastern Time) as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) ("Governmental Units") to file a General Proof of Claim in respect of a prepetition claim against any of the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates");

c. approves the proposed procedures for filing General Proofs of Claim and Customer Proofs of Claim (collectively, the "Proofs of Claim"), including specific information to be included in Customer Proofs of Claim;

d. approves the proposed procedures for notice of the Bar Dates, including, among other things, the form of notice of the Bar Dates to be sent to parties in interest (the "Bar Date Notices"), substantially in the form annexed hereto as **Exhibit B**;

e. approves (i) the proposed model Proof of Claim form for creditors other than Customers (the "General Proof of Claim Form"), substantially in the form annexed hereto as **Exhibit C-1**, and (ii) the proposed model Proof of Claim form for Customers (the "Customer Proof of Claim Form" and, together with the General Proof of Claim Form, the "Proof of Claim Forms"), substantially in the form annexed hereto as **Exhibit C-2**; and

f. approves the Debtors' plan for publication and other supplemental procedures for providing notice of the Bar Dates to Customers and other unknown creditors and parties in interest.

## JURISDICTION

2. The Court has jurisdiction to consider this matter pursuant to § 1334, and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On May 8, 2023 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No official committee has been appointed in these Chapter 11 Cases.  No request has been made for the appointment of a trustee or an examiner.

5. The Debtors' Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 and pursuant to an order entered on May 10, 2023 (the "Joint Administration Order") (D.I. 34).

6. The Debtors, together with their non-debtor affiliates (collectively, "Bittrex") operate cryptocurrency exchanges for both retail and institutional customers in several jurisdictions. Bittrex, Inc. ("BUS"), a Georgia corporation, operates Bittrex's cryptocurrency exchange for U.S. customers, whereas two foreign non-debtor affiliates, Bittrex Global GmbH ("BG") and Bittrex Global (Bermuda) Ltd. ("BGB") operate Bittrex's cryptocurrency exchange for non-U.S. customers.  Bittrex Malta Holdings Ltd. ("Malta Holdings") and Bittrex Malta Ltd. ("Malta OpCo") served non-U.S. customers, but as part of Bittrex's previous reorganization and

expansion, ceased operating in 2019 after notifying their customers to transfer their accounts to BG.

7.     A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "Hengel Declaration") (D.I. 11).  As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all of the cryptocurrency and fiat associated with their accounts.  The Debtors seek to complete the previously announced wind down of its U.S. business and implement the wind down of its Malta business, and accomplish, as soon as practicable, a comprehensive process that will (a) maximize value for the Debtors' creditors (including its customers) and other stakeholders; (b) leave intact Bittrex's non-U.S. business operations for the benefit of their several hundred thousand customers; and (c) to the extent necessary, fairly separate the non-U.S. operations.

## THE BAR DATES

8.     As set forth in more detail in the Hengel declaration, BUS operated a cryptocurrency exchange in the U.S. and had over 600,000 active users, both retail and institutional, in 46 states, and 1.2 million customers overall. As of the Petition Date, customers of the Debtors BUS and Malta OpCo may have balances of cryptocurrency or fiat associated with their accounts (collectively, "Customers").

9.     As set forth below, the Debtors propose standard procedures for providing notice of the Bar Dates to all parties that are entitled to receive such notice in these Chapter 11 Cases, which include the traditional notice parties such as the Debtors' lenders and other financial creditors, suppliers, vendors, trade creditors, employees, litigation claimants, and other creditors

and parties in interest in these Chapter 11 Cases, as well as Customers (collectively, the "Notice Parties").

10. Due to their staggering number, however, the costs of providing traditional notice on all creditors, including Customers, of the Bar Date in the Chapter 11 Cases—*i.e.*, mailing printed copies of pleadings via first class mail—even by Debtors' claims and noticing agent, Omni Agent Solutions ("Omni"),[2] is prohibitive and would exhaust a substantial portion of any proceeds that would otherwise be available for creditor distributions. Indeed, the Court entered on May 10, 2023 an *Interim Order Authorizing the Debtors to Serve Certain Parties by Email* (D.I. 36).

11. In order to alleviate such burden and conserve the limited available resources in these Chapter 11 Cases, while at the same time providing actual notice of the Bar Dates, the Debtors are proposing email service upon (i) all known creditors and parties in interest other than Customers of the Bar Date Notice and General Proof of Claim Form, substantially in the forms annexed hereto and (ii) all known Customers of the Bar Date Notice and Customer Proof of Claim Form, substantially in the form annexed hereto.

## THE BANKRUPTCY RULES

12. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim may be filed. Fed. R. Bankr. P. 3003(c)(3). Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the debtors' schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements")[3] or (b) is scheduled as disputed, contingent, or unliquidated, must file a proof of claim by a bar date fixed by the court. Fed. R. Bankr. P. 3003(c)(2). Bankruptcy Rule 3003(c)(2) further provides

---

[2] The Order Appointing Omni Agent Solutions as Claims and Noticing Agent, Effective as of the Petition Date, was entered on May 10, 2023 (D.I. 35).

[3] The Debtors anticipate filing their Schedules and Statements prior to the hearing date on this Motion.

that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." *Id*. Local Rule 3001-1 provides that claims submitted through a court-approved electronic claims filing system are considered original proofs of claim. Del. Bankr. L.R. 3001-1. Local Rule 3003-1(a) further provides that any entity filing a proof of claim "shall file the original and one (1) copy of the proof of claim with the claims agent and shall serve a copy on the trustee, if any, unless the claims agent accepts claims electronically, in which case only the electronically filed claim shall be submitted." Del. Bankr. L.R. 3003-1(a).

13. Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9). Accordingly, the Debtors seek to establish a separate Governmental Bar Date for governmental claims.

14. As set forth in the Hengel Declaration, time is of the essence in these Chapter 11 Cases. In order to proceed with the confirmation of the Liquidating Plan,[4] the Debtors must identify all potential voting creditors by fixing and sending out a notice to potential parties in interest of the Bar Dates. Fixing the Bar Dates will enable the Debtors to receive, process, and begin their analysis of creditors' claims in a timely and efficient manner, and will expedite the administration of these cases. Additionally, setting the Bar Dates will allow the Debtors to gain visibility into the total universe of claims against the estates. Further, based on the procedures set forth below (the "Procedures"), the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim.

---

[4] On the Petition Date, the Debtors filed their *Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Affiliated Debtors* (D.I. 10) (as may be amended from time to time, the "Liquidating Plan").

**THE PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM**

15. The Debtors propose the following Procedures for filing Proofs of Claim:

    a. Unless otherwise provided herein, the General Bar Date shall be **August 31, 2023 at midnight (Prevailing Eastern Time)**.

    b. Unless otherwise provided herein, the Governmental Bar Date shall be **November 4, 2023 at midnight (Prevailing Eastern Time)**.

    c. General Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the General Proof of Claim Form annexed hereto as **Exhibit C-1** or Official Bankruptcy Form No. 410; (iv) specify by name and case number the Debtor against which the General Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

    d. Customer Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the specific type of coin, cryptocurrency, or digital asset associated with the Customer account as of the Petition Date (without conversion) or in the lawful currency of the United States only if the amount was so denominated in the Customer account as of the Petition Date; (iii) conform substantially to the General Proof of Claim Form annexed hereto as **Exhibit C-2**; (iv) specify by name and case number the Debtor against which the General Proof of Claim is filed; (v) provide Customer identifying information, including Account ID, Username (Email) and SSN or EIN, as well as full name, address, date of birth, and driver's license or passport number of an individual associated with the Customer account; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

    e. If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor.

    f. Proofs of Claim must be filed either (i) electronically through Omni's website using the interface available on such website located at https://cases.omniagentsolutions.com/?clientId=3662 under the link entitled "Submit a Proof of Claim") (the "Electronic Filing System") or (ii) by delivering the original Proof of Claim Form by hand, or mailing the original Proof of Claim Form on or before the General Bar Date or Governmental Bar Date, as applicable, as follows:

     If by first class mail:

      Bittrex, Inc. Claims Processing
      c/o Omni Agent Solutions
      5955 De Soto Avenue, Suite 100
      Woodland Hills, CA 91367.

g.  A Proof of Claim shall be deemed timely filed only if it is **actually received** by Omni (i) at the address listed above in subparagraph (f) or (ii) electronically through the Electronic Filing System on or before the General Bar Date or Governmental Bar Date, as applicable.

h.  Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than General Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

i.  Any person or entity (including, without limitations, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a General Proof of Claim based on such rejection by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or be forever barred from doing so.

j.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a General Proof of Claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in paragraph (m) below applies.

k.  In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the Proposed Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

l.  Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

m.  The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

i. upon entry of an order granting the *Debtors' Motion For Entry Of An Order Authorizing The Debtors To Honor The Withdrawals Of Cryptocurrency Assets By Customers* (D.I. 43), any Customer, including any Customer whose claim is listed on the Schedules as "disputed," "contingent," or "unliquidated," who accepted the terms of service of its account with the Debtors and complied with the KYC requirements;

ii. any person or entity whose claim is listed on the Schedules; *provided that* (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

iii. any person or entity whose claim has been paid in full;

iv. any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such security or interest; *provided that* if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a General Proof of Claim must be filed on or before the General Bar Date or Governmental Bar Date, as applicable, pursuant to the Procedures;

v. any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

vi. any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

vii. any holder of a claim for which a separate deadline has been fixed by this Court;

viii. any Customer who has already filed a Customer Proof of Claim with Omni against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Customer Proof of Claim Form; *provided, however,* that a Customer who holds or asserts a claim other than a Customer Claim must file a General Proof of Claim by the General Bar Date.

      ix.      any person or entity who has already filed a General Proof of Claim with Omni against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the General Proof of Claim Form or Official Form No. 410; or

      x.      any Debtor in these above-captioned cases having a claim against another Debtor in these above-captioned cases.

16.    For the avoidance of doubt, the foregoing procedures shall apply to all persons or entities who hold a claim against the Debtors, including Customers with respect to Customer Claims, unless otherwise subject to one of the exceptions set forth above.

### CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

17.    As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the applicable Bar Date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Accordingly, the Debtors request that any holder of a claim against any of the Debtors that is required to file a Proof of Claim in accordance with the Proposed Order, but fails to do so on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of distribution in these Chapter 11 Cases on account of such claim. Such claim will, for the avoidance of doubt, remain subject to discharge under the Debtors' Liquidating Plan, and the holder thereof shall be subject to all applicable releases, injunctions, and other terms of such plan.

### NOTICE OF THE BAR DATES

18.    Pursuant to Bankruptcy Rule 2002(a)(7) and to provide sufficient notice to all parties in interest of the Bar Dates, the Debtors propose to serve via e-mail (i) a General Proof of Claim Form or a Customer Proof of Claim Form, as appropriate, and (ii) the Bar Date Notice, substantially in the form annexed hereto as **Exhibit B** at least eighty (80) days prior to the General Bar Date to the following parties:

  a. the Office of the United State Trustee for the District of Delaware (the "U.S. Trustee");

  b. all parties listed on the Consolidated Creditor Matrix (D.I. 12);

  c. all creditors and other known holders of claims against the Debtors as of the date of entry of the Proposed Order, including all entities listed in the Schedules as holding claims against the Debtors;

  d. all persons or entities that have filed Proofs of Claim as of the date of entry of the Proposed Order;

  e. all known equity interest holders of the Debtors as of the date of entry of the Proposed Order;

  f. all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of the Proposed Order;

  g. all parties to pending litigation against the Debtors as of the date of entry of the Proposed Order;

  h. all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

  i. all regulatory authorities that regulate the Debtors' businesses as of the date of entry of the Proposed Order;

  j. the Office of the United States Attorney for the District of Delaware;

  k. the Office of the Attorney General for each state in which the Debtors maintain or conduct business;

  l. the Internal Revenue Service;

  m. all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

  n. all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order; and

  o. such additional persons and entities deemed appropriate by the Debtors.

19. Further, the Debtors shall post the Proof of Claim Forms and the Bar Date Notice on the website established by Omni for the Debtors' Chapter 11 Cases: https://cases.omniagentsolutions.com/?clientId=3662.

20. The Bar Date Notice (i) sets forth the Bar Dates; (ii) advises creditors under what circumstances they must file a Proof of Claim; (iii) alerts creditors to the consequences of failing to file a timely Proof of Claim; (iv) sets forth the address to which Proofs of Claim must be sent for filing; and (v) notifies creditors that (a) Proofs of Claim must be filed with original signatures and (b) facsimile or email filings of Proofs of Claim are not acceptable and are not valid for any purpose. Service of the Bar Date Notice shall be substantially completed by five days after entry of the Proposed Order. The Debtors submit that the Bar Date Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

## THE PROOF OF CLAIM FORMS

21. With the assistance of Omni, the Debtors have prepared the General Proof of Claim Form and Customer Proof of Claim Form annexed hereto as **Exhibit C-1** and **Exhibit C-2**, respectively, which substantially conform to Official Form 410, but have been tailored to these Chapter 11 Cases. The substantive modifications to Official Form 410 proposed by the Debtors include:

   a. indicating how the Debtors have identified each creditor's respective claim, including the amount of the claim and whether the claim has been listed as contingent, unliquidated, or disputed;

   b. allowing creditors to assert section 503(b)(9) claims;

   c. allowing certain instructions; and

   d. any other modifications made to Official Form 410.

22. Additionally, the Customer Proof of Claim Form requests important information relating to the Customer Claim including, without limitation, the type and amount of coin, cryptocurrency, or digital asset associated with the Customer account as of the Petition Date; the Account ID associated with Customer account; SSN or EIN associated with the Customer account; Username (Email) associated with the Customer account; mailing address associated

with the Customer account; full name, date of birth, and driver's license or passport number of an individual associated with the Customer account. When sent to a creditor, the General Proof of Claim Form will be further customized (to the extent possible) to contain certain information about the creditor and the Debtor against which the creditor may have a claim. Accordingly, the Debtors submit that the Proof of Claim Forms substantially conform to Official Form 410 and should be approved.

### PUBLICATION OF THE NOTICE OF BAR DATE

23.  For notice purposes, bankruptcy law divides creditors into two types, "known" and "unknown." Due process requests that known creditors receive actual written notice of a debtor's bankruptcy filing and claims bar date. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995); *In re Nortel Networks, Inc.*, 531 B.R. 53, 63 (Bankr. D. Del. 2015) (citing *Chemetron); In re W.R. Grace & Co.*, 316 Fed. Appx 134, 136 (3d Cir. 2009) (citing *Chemetron*). For unknown creditors, constructive notice by publication typically satisfies the requirements of due process. *See id*; *Nortel Networks*, 531 B.R. 63 (citing *Chemetron*); *In re XO Commc'ns, Inc.*, 301 B.R. 782, 792-93 (Bankr. S.D.N.Y. 2003). As characterized by the Supreme Court, a known creditor is one whose identity is either known or "reasonably ascertainable by the debtor." *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988). In contrast, an unknown creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *See Chemetron*, 72 F.3d 346 (quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

24.  While the Debtors have names and email addresses for a large majority of the cryptocurrency holders, there are some names and email addresses missing or emails that are no longer active and where the Debtors do not have a mailing address for the Customer. As the Third

Circuit explained in *Chemetron*, "reasonable diligence does not require 'impracticable and extended searches … in the name of due process…. The requisite search instead focuses on a debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors." *Chemetron*, 72 F.3d 346–47; *Nortel Networks*, 531 B.R. 63 (quoting *Chemetron*); *see also In re Motors Liquidation Co.*, 29 B.R. 510, 550 (Bankr. S.D.N.Y. 2015) (surveying decisions discussing the reasonably ascertainable standard and finding, "[t]he takeaway from the cases discussing the general principles helping courts decide what are 'known' and 'unknown' claims is that the debtor must make effective use of the information already available, but the fact that the additional claims may be 'foreseeable' does not make them 'known.'"). The Delaware District Court has affirmed that the debtors are not obligated to search public records for creditor name and address information. *See PacifiCorp and Van Cott Bagley Cornwall & McCarthy v. W.R. Grace*, 2006 WL 2375371, 9–10\* (D. Del. 2006).

25.    Aside from Customers with missing contact information, there may exist potential claims against the Debtors that the Debtors have been unable to identify on the Schedules. Such unknown potential claims may include, for example: (i) claims of trade vendors that failed to submit invoices to the Debtors; (ii) claims of current or former service providers; (iii) claims of current or former Customers; (iv) claims of persons or entities with unasserted causes of action against the Debtors; and (v) other claims that, for various other reasons, are not recorded in the Debtors' books and records, are unknown to the Debtors, or are in respect of creditors with addresses unknown to the Debtors. It is in the best interests of the Debtor's estate to give notice to certain parties by publication of the Bar Dates.

26.  Pursuant to Bankruptcy Rule 2002(*l*), within five (5) business days of the Service Date, the Debtor proposes to publish the Bar Date Notice, with such changes as may be required for publication, once in (i) the national edition of *The Wall Street Journal*; (ii) the *Financial Times*; (iii) the *Times of Malta*; and (iv) on the website of CoinDesk, a leading cryptocurrency news website, at https://www.coindesk.com, thus satisfying the notice requirements of Bankruptcy Rule 2002(a)(7).

27.  The Debtors submit that the proposed Bar Date Notice Procedures respecting the Bar Dates satisfy the *Chemetron* standard.  Through the process of completing the Schedules, the Debtors have identified, following a careful review of the Debtors' books and records and those of the Debtors' professionals, where applicable, those persons and entities that are known to the Debtors to hold claims against the Debtors, or are likely to be potential holders of claims.

28.  The Bar Date Notice that the Debtors will publish in the national edition of *The Wall Street Journal* has been tailored to provide notice of the Bar Dates on an extensive basis throughout the United States.  Publication in the *Financial Times* and the *Times of Malta* has been tailored to provide notice of the Bar Dates on an extensive basis throughout the European Union and Malta, respectively, while publication on a leading cryptocurrency news website, CoinDesk, will provide notice of the Bar Dates on an extensive basis to the creditors and Customers both domestically and internationally.  The proposed publication of the Bar Date Notice constitutes good and sufficient notice to "unknown" creditors, as defined by the Third Circuit in *Chemetron*.

### THE PROPOSED BAR DATES AND PROCEDURES ARE REASONABLY CALCULATED TO PROVIDE DUE AND PROPER NOTICE

29.  Bankruptcy Rule 2002(a)(7) requires a debtor to provide at least twenty-one (21) days' notice of the time fixed for filing proofs of claim.  Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address.

30. Under the Proposed Order, the Debtors will be providing at least eighty (80) days' notice to all Notice Parties of the General Bar Date. With respect to the General Bar Date Notice, Omni will have five (5) days from the date of entry of the Proposed Order to complete the mailing of the General Bar Date Notice. If the Court enters the Proposed Order on June 7, 2023, Omni's mailing would be complete by June 12, 2023, which is eighty (80) days prior to the proposed General Bar Date of August 31, 2023.

31. Accordingly, the Debtors submit that the proposed Bar Dates and Procedures provide sufficient time for all parties in interest, including foreign creditors, to assert their claims. Further, because the proposed Procedures will provide notice to all parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the proposed Procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these Chapter 11 Cases.

32. Omni will also post the Proof of Claim Forms, along with instructions for filing the Proof of Claim on Omni's website. The Bar Dates Notice will also provide that the Debtors' Schedules may be accessed through the same website or by contacting Omni at (888) 481-3704 (toll free) or (747) 293-0010, or by email at BittrexInquiries@omniagnt.com.

33. The proposed form of Bar Date Notice is reasonable and appropriate in the context of these Chapter 11 Cases. The proposed Bar Date Notice provides clear notice of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, the consequences of failure to timely file a Proof of Claim, and instructions for completing a Proof of Claim. The form is similar to those used effectively in similar cases and is appropriate in the context of the Chapter 11 Case.

34. In light of the foregoing, the fixing of the Bar Dates as proposed herein will assist in the efficient administration of the Debtors' estates, and will ultimately maximize value for the Debtors, their estates, and all parties in interest. Accordingly, the relief requested in this Motion is in the best interest of the Debtors and their estates.

## RESERVATION OF RIGHTS

35. The Debtors reserve all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds. The Debtors also reserve all rights and defenses to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto. To the extent the Debtors dispute any claim listed on the Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend their Schedules as appropriate.

36. Further, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the Bar Dates must file Proofs of Claim against the Debtors or be forever barred from doing so.

## NOTICE

37. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc. and Aquila Holdings Inc.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**; and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 24, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/  Kenneth J. Enos<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Joshua Brooks (Delaware Bar No. 6765)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br>Email: jbrooks@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos (*admitted pro hac vice*)<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**PROPOSED COUNSEL FOR THE DEBTORS** |