**EXHIBIT B**

**BAR DATE NOTICE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered ) |

## NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Desolation Holdings LLC | 23-10597 | XX–XXX0439 |
| Bittrex, Inc. | 23-10598 | XX–XXX0908 |
| Bittrex Malta Holdings Ltd. | 23-10599 | XX–XXX2227 |
| Bittrex Malta Ltd. | 23-10600 | XX–XXX1764 |

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an Order (the "Bar Date Order") establishing August 31, 2023 at midnight (Prevailing Eastern Time) (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, including any Customers (as defined herein), but not including any governmental units (as defined in section 101(27) of the Bankruptcy Code (as defined herein)) to file a proof of claim against any of the above-listed debtors (collectively, the "Debtors").[2]

The Bar Dates (as defined below) and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to May 8, 2023 (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, but not holders of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (D.I. 11).

claims listed in Section 4 below that specifically are excluded from the General Bar Date and Governmental Bar Date (as defined below) filing requirement. Governmental units may have until November 4, 2023 at midnight (Prevailing Eastern Time) (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") to file proofs of claim against the Debtors.

**1.  WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Petition Date, *and it is not one of the types of claims described in Section 4 below*. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

You MUST file a proof of claim to be able to withdraw cryptocurrency or fiat currency from the Debtors' online platform if you are a Customer, *unless your claim is one of the types of claims described in Section 4 below*. A Customer is a person or entity who holds a prepetition claim for cryptocurrency or fiat deposited with the Debtors through the Debtors' cryptocurrency exchange.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.  WHAT TO FILE**

**A.  If you are a Customer:**

The Debtors are enclosing a proof of claim form (the "Customer Proof of Claim Form" for Customers only) for use in these cases. If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "Schedules"), the proof of claim form also sets forth the amount of your claim as listed on the Schedules, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different proof of claim form for each claim listed in your name on the Schedules. You may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional Customer Proof of Claim Forms may be obtained at (i) the website established by the Debtors' Court-approved claims and noticing agent, Omni Agent Solutions ("Omni"), located at https://cases.omniagentsolutions.com/?clientId=3662 or (ii) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Customer Proof of Claim Forms must be signed by the Customer claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in the specific type of coin, cryptocurrency, or digital asset associated with the Customer account as of the Petition Date (without conversion) or in the lawful currency of the

United States only if the amount was so denominated in the Customer account as of the Petition Date. You also should set forth with specificity Customer identifying information, including Account ID, Username (Email) and SSN or EIN, as well as full name, address, date of birth, and driver's license or passport number of an individual associated with the Customer account. To protect your privacy, Customer Proof of Claims will be uploaded to Omni under encryption.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor. Any holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's bankruptcy case. A list of the Debtors and their respective case numbers is set forth above on the first page of this Notice. Any holder of a claim must sign the claim or, if the claimant is not an individual, an authorized agent must sign the claim.

**B.    If you are a creditor that is not a Customer:**

The Debtors are enclosing a proof of claim form (the "General Proof of Claim Form" for creditors who are not Customers) for use in these cases. If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "Schedules"), the proof of claim form also sets forth the amount of your claim as listed on the Schedules, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different proof of claim form for each claim listed in your name on the Schedules. You may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms may be obtained at (i) the website established by the Debtors' Court-approved claims and noticing agent, Omni Agent Solutions ("Omni"), located at https://cases.omniagentsolutions.com/?clientId=3662 or (ii) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All General Proof of Claim Forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should set forth with specificity the legal and factual basis for the alleged claim and attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your General Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor. Any holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's bankruptcy case. A list of the Debtors and their respective case numbers is set forth above on the first page of this Notice. Any holder of a claim must sign the claim or, if the claimant is not an individual, an authorized agent must sign the claim.

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received on or before August 31, 2023 at midnight (Prevailing Eastern Time) as follows:

**IF BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY:**

Bittrex, Inc. Claims Processing
c/o Omni Agent Solutions
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

**IF ELECTRONICALLY:**

The website established by Omni, using the interface available on such website located at https://cases.omniagentsolutions.com/?clientId=3662 under the linked entitled "Submit a Claim" (the "Electronic Filing System").

Proofs of claim will be deemed filed only when received at the addresses listed above or via the Electronic Filing System on or before the applicable Bar Dates. Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission (other than proofs of claim filed electronically through the Electronic Filing System).

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

You **do not need** to file a proof of claim on or prior to the applicable Bar Dates if you are:

   a.  in the event that an order is entered granting the *Debtors' Motion For Entry Of An Order Authorizing The Debtors To Honor The Withdrawals Of Cryptocurrency Assets By Customers* (D.I. 43), any Customer, including any Customer whose claim is listed on the Schedules as "disputed," "contingent," or "unliquidated," who accepted the terms of service of its account with the Debtors and complied with the KYC requirements;

   b.  any person or entity whose claim is listed on the Schedules; *provided that* (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) you do not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

   c.  any person or entity whose claim has been paid in full;

   d.  any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such security or interest;

      *provided that* if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a General Proof of Claim must be filed on or before the General Bar Date or Governmental Bar Date, as applicable, pursuant to the Procedures;

e.     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

f.     any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

g.     any holder of a claim for which a separate deadline has been fixed by this Court;

h.     any Customer who has already filed a Customer Proof of Claim with Omni against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Customer Proof of Claim Form; *provided, however,* that a Customer who holds or asserts a claim other than a Customer Claim must file a General Proof of Claim by the General Bar Date.

i.     any person or entity who has already filed a General Proof of Claim with Omni against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the General Proof of Claim Form or Official Form No. 410; or

j.     any Debtor listed on the first page of this Notice having a claim against another Debtor listed on the first page of this Notice.

      This Notice may be sent to persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. ***The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.***

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

      If you hold a claim arising out of the rejection of an executory contract or unexpired lease you must file a proof of claim based on such rejection by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days following the entry of the Bankruptcy Court order approving such rejection (which order may be the order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or be forever barred from doing so; *provided, however*, that a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a proof of claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in section 4 above applies.

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**7.     THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim(s), the enclosed proof of claim form will reflect the net amount of your claim(s). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules and/or the enclosed proof of claim form(s), it is your responsibility to determine that the claim accurately is listed on the Schedules. However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Dates, in accordance with the procedures set forth in this Notice.

In the event that the Debtors amend or supplement their Schedules subsequent to the entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a proof of claim or be barred from doing so and shall be given notice of such deadline.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (i) the website established by Omni for the Debtors' cases at https://cases.omniagentsolutions.com/?clientId=3662 and (ii) on the Court's website at http://www.deb.uscourts.gov/. A login and password to the Bankruptcy

Court's Public Access to Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 4:00 p.m., Prevailing Eastern Time, Monday through Friday at the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Copies of the Debtors' Schedules also may be obtained by request to Prime Clerk, at the address and telephone number set forth below:

>Bittrex, Inc. Claims Processing
>c/o Omni Agent Solutions
>5955 De Soto Avenue, Suite 100
>Woodland Hills, CA 91367
>Toll Free: (888) 481-3704
>International Number: (747) 293-0010
>Email: BittrexInquiries@omniagnt.com

*A holder of a potential claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.*

| | |
|---|---|
| Dated: _____, 2023<br>      Wilmington, Delaware | **BY ORDER OF THE COURT**<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Joshua Brooks (Delaware Bar No. 6765)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br>Email: jbrooks@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**PROPOSED COUNSEL FOR THE DEBTORS** |