**EXHIBIT A**

**PROPOSED ORDER**

30427702.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| | (Jointly Administered) |
| Debtors. | Ref. Docket No. 53 |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") establishing procedures for monthly compensation and reimbursement of expenses for Professionals; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, entered February 29, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in an order of the Court authorizing the retention of a specific professional, the Professionals retained pursuant to an order of the Court in these Chapter 11 Cases may seek compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or after the 15th day of each month following the month for which compensation is sought or as soon as practicable thereafter, each Professional seeking compensation shall file a monthly fee statement ("Monthly Statement[s]") and serve such Monthly Statement by electronic mail, where available or where electronic mail is not available, by first-class mail, on the following parties (each a "Notice Party" and collectively, the "Notice Parties"):

      i. Proposed counsel for the Debtors, (a) Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave 22nd floor, New York, NY 10010 (Attn: Susheel Kirpalani (susheelkirpalani@quinnemanuel.com); Patricia B. Tomasco (pattytomasco@quinnemanuel.com), and qe-bittrex@quinnemanuel.com)); and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Robert S. Brady (rbrady@ycst.com), Kenneth Enos (kenos@ycst.com), and Joshua Brooks (jbrooks@ycst.com));

      ii. The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov));

      iii. Counsel for any statutory committees appointed in these Chapter 11 Cases; and

      iv. Any fee examiner appointed in these Chapter 11 Cases.

b. Any Professional who does not file a Monthly Statement for a particular month may subsequently file a consolidated Monthly Statement for such month(s).

c. Each Monthly Statement shall describe and itemize the fees and expenses incurred within such period, together with (i) a summary setting forth the total amount of fees; (ii) each Professional's (and paraprofessional's) hourly rate, if applicable; (iii) time entries for each Professional (redacted or modified to protect any privileged information); (iv) total time and fees; and (v) the amount of reimbursable expenses sought. Each Monthly Statement shall comply with the requirements of Local Rule 2016-2(c)-(g).

d. In the event that a Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, such Notice Party shall, no later than 4:00 p.m. (Prevailing Eastern Time) 20 days after service of the applicable Monthly Statement (the "Objection Deadline"), serve upon the Professional whose Monthly Statement is objected to and the other Notice Parties a written "Notice of Objection to Monthly Statement," setting forth with specificity the nature of the objection and the amount of fees or expenses at issue. Thereafter, the objecting party and the professional whose Monthly Statement is objected to shall attempt to reach an agreement. If the parties are unable to reach an agreement on the objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party), the objecting party shall file an objection (the "Objection") with the Court within three days and serve such objection on the Notice Parties and the Professional. After receipt of such Objection, the Professional whose Monthly Statement is objected to shall have the option of (ii) filing a response to the Objection with a request for payment of the disputed amount with the Court; or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider the Objection if payment of the disputed amount is requested.

e. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Statement (each, a "CNO"). After a CNO is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement that are not subject to an Objection.

f. If a Notice of Objection to a Monthly Statement is served and the parties resolve their dispute, the parties shall notify the Debtors of the resolution, and the Professional shall file a Certification of Counsel ("COC") with the Court. After a COC is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses of the agreed amount; *provided that* no payment shall be made prior to the expiration of the Objection Deadline.

g. The first Monthly Statement may be submitted by each of the Professionals on or after the date of entry of the Order.

h.  Beginning with the period ending July 31, 2023, and thereafter at three month intervals or at such other intervals convenient to the Court (each, an "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties a request for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements submitted during such Interim Fee Period ( "Interim Application[s]"). Each Interim Application shall identify the Professional seeking compensation, disclose the period for which the payment of compensation and reimbursement of expenses is sought, and describe the amount of compensation and expenses sought. Objections, if any, to an Interim Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day following service of the Interim Application.

i.  Each Professional shall file and serve its Interim Application within 45 days after the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.  The first Interim Application shall cover the time between the Petition Date through and including July 31, 2023, and shall be filed on or before September 14, 2023.  Each Interim Application shall comply with the requirements of Local Rule 2016-2(c)-(g).

j.  The Debtors will request that the Court schedule a hearing on Interim Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Application without the need for a hearing upon the filing of an appropriate CNO and/or COC.  Upon allowance by the Court of a Professional's Interim Application, the Debtors shall promptly pay such Professional all allowed fees, including the 20% holdback and any other fees and expenses allowed by the Court but not previously paid, subject to final allowance by the Court.

k.  All fees paid and expenses reimbursed to a Professional under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

l.  Copies of all Monthly Statements, Interim Applications, and final fees applications ("Final Application[s]") need only be served upon the Notice Parties.  Parties that have entered their appearance pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a notice of (i) filing of an Interim Application or Final Application; and (ii) any hearing on any Monthly Statement, Interim Application, or Final Application.

m.  The pendency of an application or Court order stating that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement or Application shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

    n. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

    o. Each Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, in connection with each such attorney's Interim Application and Final Application, and shall provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Application and Final Application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor appointed in these Chapter 11 Cases, and upon request, to this Court.

3. The Professionals shall not seek reimbursement of any fees or costs arising from the defense of their fee applications in the above-captioned cases.

4. No Professional may file or serve a Monthly Statement or file or serve an Interim Application until the Court enters an order approving the retention of such Professional pursuant to section 327 or 1103 of the Bankruptcy Code.

5. The Debtors shall include all payments to all Professionals in their monthly operating reports, identifying the amount paid to each Professional.

6. The Debtors shall be jointly and severally liable for allowed fees and expenses of the Professionals.

7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

8. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.