IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered ) |
| | Ref. Docket No. 65 |

**ORDER PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a),
FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND LOCAL RULES
2002-1(e), 3001-1, AND 3003-1 FOR AUTHORITY TO (I) ESTABLISH DEADLINES
FOR FILING PROOFS OF CLAIM, (II) ESTABLISH THE FORM AND
MANNER OF NOTICE THEREOF, AND (III) APPROVE PROCEDURES
FOR PROVIDING NOTICE OF BAR DATE**

Upon the motion, dated May 24, 2023 (the "Motion"),[2] of Desolation Holdings LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") pursuant to sections 502(b)(9) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1(e), 3001-1, and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for authority to (i) establish deadlines for filing proofs of claim, (ii) establish the form and manner of notice thereof, and (iii) approve the Debtors' procedures for providing notice of the Bar Dates, all as more fully set forth in the Motion; and upon consideration of the Hengel Declaration; and this Court having jurisdiction to consider the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

*Procedures for Filing Proofs of Claim*

2. The following procedures for filing General Proofs of Claim are approved:

   a. Unless otherwise provided herein, the General Bar Date shall be **August 31, 2023 at midnight (Prevailing Eastern Time)**.

   b. Unless otherwise provided herein, the Governmental Bar Date shall be **November 4, 2023 at midnight (Prevailing Eastern Time)**.

   c. General Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the General Proof of Claim Form annexed hereto as **Exhibit A-1** or Official Bankruptcy Form No. 410; (iv) specify by name and case number the Debtor against which the General Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

d. Customer Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the specific type of coin, cryptocurrency, or digital asset associated with the Customer account as of the Petition Date (without conversion) or in the lawful currency of the United States only if the amount was so denominated in the Customer account as of the Petition Date; (iii) conform substantially to the General Proof of Claim Form annexed hereto as **Exhibit A-2**; (iv) specify by name and case number the Debtor against which the General Proof of Claim is filed; (v) provide Customer identifying information, including Account ID, Username (Email) and SSN or EIN, as well as full name, address, date of birth, and driver's license or passport number of an individual associated with the Customer account; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

e. If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor.

f. Proofs of Claim must be filed either (i) electronically through Omni's website using the interface available on such website located at https://cases.omniagentsolutions.com/?clientId=3662 under the link entitled "Submit a Proof of Claim") (the "Electronic Filing System") or (ii) by delivering the original Proof of Claim Form by hand, or mailing the original Proof of Claim Form on or before the General Bar Date or Governmental Bar Date, as applicable, as follows:

   If by first class mail:

   > Bittrex, Inc. Claims Processing
   > c/o Omni Agent Solutions
   > 5955 De Soto Avenue, Suite 100
   > Woodland Hills, CA 91367.

g. A Proof of Claim shall be deemed timely filed only if it is **actually received** by Omni (i) at the address listed above in subparagraph (f) or (ii) electronically through the Electronic Filing System on or before the General Bar Date or Governmental Bar Date, as applicable.

h. Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than General Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

i. Any person or entity (including, without limitations, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a General Proof of Claim based on such rejection by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days following the date that the claimant is served with the notice of the Court order approving such rejection (which order may be the order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or may be forever barred from doing so.

j. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a General Proof of Claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in paragraph (m) below applies.

k. In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the Proposed Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or may be barred from doing so and shall be given notice of such deadline.

l. Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

m. The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

  i. in the event that an order is entered granting the *Debtors' Motion For Entry Of An Order Authorizing The Debtors To Honor The Withdrawals Of Cryptocurrency Assets By Customers* (D.I. 43), any Customer, including any Customer whose claim is listed on the Schedules as "disputed," "contingent," or "unliquidated," who accepted the terms of service of its account with the Debtors and complied with the KYC requirements;

  ii. any person or entity whose claim is listed on the Schedules; *provided that* (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute

4

|      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
|------|--|
|      | that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules; |
| iii. | any person or entity whose claim has been paid in full; |
| iv.  | any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such security or interest; *provided that* if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a General Proof of Claim must be filed on or before the General Bar Date or Governmental Bar Date, as applicable, pursuant to the Procedures; |
| v.   | any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim); |
| vi.  | any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date; |
| vii. | any holder of a claim for which a separate deadline has been fixed by this Court; |
| viii.| any Customer who has already filed a Customer Proof of Claim with Omni against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Customer Proof of Claim Form; *provided, however,* that a Customer who holds or asserts a claim other than a Customer Claim must file a General Proof of Claim by the General Bar Date. |
| ix.  | any person or entity who has already filed a General Proof of Claim with Omni against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the General Proof of Claim Form or Official Form No. 410; or |
| x.   | any Debtor in these above-captioned cases having a claim against another Debtor in these above-captioned cases. |

3. For the avoidance of doubt, the foregoing procedures shall apply to all persons or entities who hold a claim against the Debtors, including Customers with respect to Customer Claims, unless otherwise subject to one of the exceptions set forth above.

4.       Any holder of a claim against the Debtors, including any Customer, who is required to file a General Proof of Claim or Customer Proof of Claim in accordance with this Bar Date Order, but fails to do so on or before the applicable Bar Date, shall not be permitted to vote to accept or reject any plan filed in the Chapter 11 Cases, or receive any distribution in the Chapter 11 Cases on account of such claim, or to receive further notices regarding such claim.

5.       The Bar Date Notice, attached hereto as **Exhibit B**, is hereby approved.

*Procedures for Mailing of the Bar Date Notice*

6.       The following Procedures are hereby approved with respect to the Bar Date Notice:

   a.    at least eighty (80) days prior to the General Bar Date, the Debtors shall cause to be mailed (i) a General Proof of Claim Form or Customer Proof of Claim Form, as applicable, and (ii) the Bar Date Notice to the following parties:

   i.    the Office of the U.S. Trustee;

   ii.   all parties listed on the Consolidated Creditor Matrix (D.I. 12);

   iii.  all creditors and other known holders of claims against the Debtors as of the date of entry of the Proposed Order, including all entities listed in the Schedules as holding claims against the Debtors;

   iv.   all persons or entities that have filed Proofs of Claim as of the date of entry of the Proposed Order;

   v.    all known equity interest holders of the Debtors as of the date of entry of the Proposed Order;

   vi.   all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of the Proposed Order;

   vii.  all parties to pending litigation against the Debtors as of the date of entry of the Proposed Order;

   viii. all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

   ix.   all regulatory authorities that regulate the Debtors' businesses as of the date of entry of the Proposed Order;

        x.      the Office of the United States Attorney for the District of Delaware;

        xi.      the Office of the Attorney General for each state in which the Debtors maintain or conduct business;

        xii.      the Internal Revenue Service;

        xiii.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

        xiv.      all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order; and

        xv.      such additional persons and entities deemed appropriate by the Debtors.

    b.    The Debtors shall also post the Bar Date Notice on the website established by Omni for the Debtors' Chapter 11 Cases: https://cases.omniagentsolutions.com/?clientId=3662.

***Publication of the Notice of the Bar Dates***

7.    The Debtors shall publish notice of the Bar Dates, with any necessary modifications for ease of publication, once in the national edition of *The Wall Street Journal*, once in the international publications *Financial Times* and *Times of Malta*, and once on the website Coindesk.com.

8.    Publication of notice of the Bar Dates as set forth in this Order is reasonably calculated to provide notice to unknown creditors, including Customers, of the Bar Dates, and is hereby approved and no other or further notice shall be required.

9.    The Court finds and concludes that identities and contact information of Customers other than traditional Notice Parties are not reasonably ascertainable and that such parties therefore are unknown creditors with respect to any claims they may have against the Debtors' estates, for whom notice by publication pursuant to Bankruptcy Rule 2002(*l*) is appropriate and sufficient.

10. The Court further finds and concludes that publication of notice of the Bar Dates as provided in paragraph 7 of this Order will itself constitute adequate notice of the Bar Dates and other matters described therein on all unknown creditors.

11. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

12. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities.

14. The Debtors and Omni are authorized to take all steps necessary or appropriate to carry out this Order.

15. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtors or be forever barred from so doing.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: June 7th, 2023  
Wilmington, Delaware

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**