## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al*.,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No.  61** |

### ORDER GRANTING THE APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY OMNI AGENT SOLUTIONS AS ADMINISTRATIVE AGENT EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application") of Desolation Holdings, LLC and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "Debtors"), for entry of an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2 authorizing the Debtors to retain and employ Omni as Administrative Agent effective as of the Petition Date, all as more fully set forth in the Application, and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other for further notice need be provided; and this Court having reviewed the Application; and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764).  The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

upon any hearing held on the Application; and all objections, if any, to the Application having

been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Application is granted to the extent set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to section 327(a) of the

Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2 to

retain and employ Omni as the Administrative Agent effective as of the Petition Date under the

terms of the Engagement Agreement, and Omni is authorized and directed to perform the services

and all related tasks, as described in the Application.

3.      Omni is authorized to take such other actions to comply with all duties set forth in

the Application.

4.      Omni shall apply to the Court for allowance of compensation and reimbursement

of expenses incurred after the Petition Date in accordance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other orders entered in

these cases regarding professional compensation and reimbursement of expenses.

5.      The Debtors shall indemnify Omni under the terms of the Engagement Agreement,

as modified pursuant to this Order.  Omni shall not be entitled to indemnification, contribution, or

reimbursement pursuant to the Engagement Agreement for services other than the Services

provided under the Engagement Agreement unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

6.      Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Omni should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

7.      To the extent applicable in the Engagement Agreement, all requests by Omni for the payment of indemnification shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought.  In no event shall Omni be indemnified in the case for its own negligence or willful misconduct.  All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution, or reimbursement.

8.      In the event that Omni seeks reimbursement from the Debtors for attorneys' fees in connection with the payment of an indemnity claim, the invoices and supporting time records for

the attorneys' fees and expenses shall be included in Omni's own fee applications, both interim and final, but determined by this Court after notice and hearing.

9.      The limitation of liability provision contained in the Engagement Agreement shall have no force and effect during the pendency of these Chapter 11 Cases.

10.     Notwithstanding any provisions to the contrary in the Engagement Agreement, this Order shall be immediately effective and enforceable upon its entry.

11.     Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12.     In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, the Order shall govern.

13.     Notwithstanding the entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

14.     The Debtors and Omni are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: June 8th, 2023**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE