# **EXHIBIT B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 5 |

**~~INTERIM~~ FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN A CONSOLIDATED LIST OF CREDITORS, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' FIFTY LARGEST UNSECURED CREDITORS, AND (C) WITHHOLD OR OMIT CERTAIN CONFIDENTIAL INFORMATION, (II) ESTABLISHING PROCEDURES FOR NOTIFYING THE PARTIES OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "~~Interim~~ Final Order") (a) authorizing the Debtors to (i) maintain a consolidated list of creditors, (ii) file a consolidated list of the Debtors' fifty largest unsecured creditors, and (iii) withhold or omit certain confidential information; (b) establishing procedures for notifying the parties of the commencement of these chapter 11 cases (the "Chapter 11 Cases"); and (c) granting related relief~~.~~; and upon the First Day Declaration; and upon the Court having entered the Interim Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on ~~an interim~~ <ins>a final</ins> basis as set forth herein.

2. ~~The final hearing on this Motion shall be held on **June 7, 2023 at 11:00 a.m (prevailing Eastern Time)**. Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time)** on **May 31, 2023** and served on the following parties: (a) proposed co-counsel to the Debtors, (i) Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave 22nd floor, New York, NY 10010, Attn: Susheel Kirpalani (susheelkirpalani@quinnemanuel.com); Patricia B. Tomasco (pattytomasco@quinnemanuel.com), Daniel Holzman (danielholzman@quinnemanuel.com), and qe-bittrex@quinnemanuel.com, and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com), Kenneth Enos (kenos@ycst.com), and Joshua Brooks (jbrooks@ycst.com); (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) the U.S. Trustee, 844 King Street,~~

~~Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.~~

2.    ~~3.~~The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently ~~are~~ waived, and the Debtors are authorized, but not directed, to submit a consolidated Creditor Matrix.

3.    ~~4.~~The Debtors shall cause the consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format at such requesting party's sole cost and expense) upon reasonable request by parties in interest.

4.    ~~5.~~The Debtors are authorized to file a consolidated list of their fifty largest unsecured creditors.

~~6.    The Debtors shall serve the Notice of Commencement via email on (a) customers that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) do not request to be served hard copies by mail, and (iii) have a valid email address on file with the Debtors; and (b) non-customer individual creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or Rule 5003(e), (ii) do not request to be served hard copies by mail, and (iii) have a valid email address on file with the debtors, but no physical address information. The Debtors shall serve all other creditors via mail. The Debtors shall also publish the Notice of Commencement as soon as reasonably practicable on the website maintained by the Debtors' Claims and Noticing Agent.~~

5.    ~~7.~~Pursuant to section 107(b)(1) of the Bankruptcy Code, the Debtors are authorized, on an ~~interim~~ final basis, to omit customers' names, physical addresses, email addresses, and any

3

other customers' contact information from any Filings with the Court or made publicly available in these Chapter 11 Cases. In the Filings, the Debtors will include the related UUID for each relevant customer.

6.    ~~8.~~Pursuant to sections 105(a) and 107(c)(1) of the Bankruptcy Code, the Debtors are authorized, on ~~an interim~~ a final basis, to omit, from any Filings with the Court or made publicly available in these Chapter 11 Cases, (a) customers' names, physical addresses, email addresses, and any other customers' contact information; and (b) omit the names, physical addresses, email addresses, and any other contact information of other creditors and employees who are natural persons and reside in the United States or are otherwise protected by the GDPR. In the Filings, the Debtors will include the related UUID for each relevant customer.

7.    ~~9.~~The Debtors shall provide versions of the Creditor Matrix, the Top 50 Creditors List, and any other Filings containing the names and other omitted information of customers, other creditors, and employees to (a) upon request, the U.S. Trustee~~,~~ , counsel to the Securities and Exchange Commission, and any official committee appointed in these Chapter 11 Cases, and (b) upon further order of the Court, any other party.

8.    ~~10.~~Upon request of a party in interest, the Court may, upon a showing of good cause, release some or all of the information that is being withheld or omitted pursuant to the authority granted by this ~~Interim~~ Final Order. All parties' rights in this regard are reserved

9.    ~~11.~~Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules, the Claims and Noticing Agent is authorized, on ~~an interim~~ a final basis, to (a) suppress from the claims register (i) the names, physical addresses, email addresses, and any other contact information of the Debtors' customers, and (ii) the names, physical addresses, email addresses, and any other contact information of other

creditors and employees who are natural persons and reside in the United States or are otherwise protected by the GDPR; and (b) file affidavits of service omitting the (i) the names, physical addresses, email addresses, and any other contact information of the Debtors' customers, and (ii) the names, physical addresses, email addresses, and any other contact information of other creditors and employees who are natural persons and reside in the United States or are otherwise protected by the GDPR, provided that the Claims and Noticing Agent shall serve the Debtors' customers, other creditors and employees at their physical addresses and email addresses, as necessary.

10.    ~~12.~~ To the extent a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information has been withheld or omitted pursuant to this ~~Interim~~ Final Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of their Claims and Noticing Agent, to effectuate the service on such party's behalf.

11.    ~~13.~~ The Debtors ~~and the Claims and Noticing Agent~~ are authorized and empowered to execute and deliver such documents, and to take and ~~performs~~ perform all actions necessary to implement and effectuate the relief granted in ~~the~~ this ~~Interim~~ Final Order.

12.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities.

13.    ~~14. The~~ This Court shall retain jurisdiction ~~to hear and determine all~~ with respect to any matters ~~-~~, claims, rights or disputes arising from or ~~relating~~ related to the ~~interpretation or Motion or the~~ implementation of this ~~Interim~~ Final Order.