**<u>EXHIBIT B</u>**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket ~~No~~Nos. 43, 64, and 109** |

**ORDER AUTHORIZING THE DEBTORS TO HONOR WITHDRAWAL OF
CRYPTOCURRENCY ASSETS BY CUSTOMERS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing, but not directing, the Debtors to honor withdrawal of cryptocurrency assets and fiat currency by customers, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

30383043.1been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and ~~this Court having found and determined that~~ the relief sought in the Motion ~~is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and~~ that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted as set forth herein.

2.      The Court hereby authorizes, but does not direct, the Debtors to permit their customers holding undisputed, noncontingent, and liquidated claims to withdraw cryptocurrency assets and fiat currency from the Debtors' trading platform to the extent of such claims.

3.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities.

5.      Nothing in this Order shall (1) determine or settle any dispute between the Debtors and its customers over the customers' ownership of or entitlement to possession of the cryptocurrency assets held by the Debtors, or the relative priority between the customers and other creditors, including the United States and its agencies (the "United States"); (2) prohibit the United States from objecting to the Debtors' disclosure statement, plan of liquidation or other pleading on any basis, including, but not limited to, subordination or claims classification; (3) have

~~30383043.1~~precedential effect on the United States in any other bankruptcy case with respect to whether the critical vendor standard is appropriate for the relief sought in the Motion; or (4) prohibit the Debtors, any liquidating trustee, plan administrator or any creditor, including the United States, from recovering from any customer the value of any cryptocurrency assets or fiat currency such customer receives that exceeds the distributions provided by the plan, if such general unsecured creditor or subordinated creditor is not paid in full, and, in such event, the entry of this Order shall not constitute collateral estoppel or res judicata of any customers' entitlement to cryptocurrency assets or priority under any federal or state law.

6.        ~~4.~~This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.