IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered) |

### DECLARATION OF PATRICIA B. TOMASCO IN SUPPORT OF DEBTORS' MOTION TO ENFORCE AUTOMATIC STAY AND NON-DISCRIMINATION PROVISIONS OF THE BANKRUPTCY CODE, AND FOR CIVIL CONTEMPT

Patricia B. Tomasco, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a partner at Quinn Emanuel Urquhart & Sullivan LLP, counsel to Bittrex, Inc. ("BUS") in the above-captioned cases. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto.

2. Attached hereto as **Exhibit L** is a true and correct copy of a June 13, 2023 letter I e-mailed to the Florida Office of Financial Regulation ("Florida OFR").

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: June 28, 2023

By: /s/ Patricia B. Tomasco
Patricia B. Tomasco

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

# EXHIBIT L

**quinn emanuel** trial lawyers | houston

Pennzoil Place, 711 Louisiana Street, Suite 500, Houston, Texas 77002-2721 | TEL (713) 221-7000 FAX (713) 221-7100

WRITER'S DIRECT DIAL NO.
**(713) 221-7227**

WRITER'S EMAIL ADDRESS
**pattytomasco@quinnemanuel.com**

June 13, 2023

<u>VIA EMAIL AND U.S. MAIL</u>
**MELINDA.BUTLER@FLOFR.GOV**
**BRANDON.GREENBERG@FLOFR.GOV**

Melinda Butler
Chief Counsel
Office of Financial Regulation
101 E. Gaines Street
Tallahassee, FL 32399-0379

Brandon Greenberg
Assistant General Counsel
Office of Financial Regulation
101 E. Gaines Street
Tallahassee, FL 32399-0379

Re:    <u>In re Bittrex Inc., et al., Case Number 115028</u>

Dear Counsel:

We are bankruptcy counsel to Bittrex, Inc. ("BUS") and we write on its behalf with respect to the *Administrative Complaint* ("Complaint") issued by State of Florida Office of Financial Regulation, bearing case number 115028 ("Florida Action").

BUS filed a petition for relief under chapter 11 of the Bankruptcy Code on May 8, 2023, before the United States Bankruptcy Court in the District of Delaware ("Bankruptcy Court").

BUS' chapter 11 petition operates to stay or enjoin the prosecution of the Florida Action, 11 U.S.C. § 362(a)(1), and continued prosecution of the Florida Action violates the automatic stay. The Florida Action does not fall into the section 362(b)(4) exception to the automatic stay because the State of Florida Office of Financial Regulation ("Florida OFR") is not enforcing a police or regulatory power. The only remedy sought in the Complaint is to revoke BUS's money services business license ("License"), and there are no specific allegations against the individual

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Letter to Butler, Greenberg
June 13, 2023
Page 2

___

respondents. However, BUS told the Florida OFR that it intended to surrender its License and wind down *before* the Florida OFR filed the Complaint. Indeed, consistent with BUS's previously communicated wind down plan, BUS closed Florida customer accounts and surrendered its License. BUS's license surrender and cessation of business means that the Florida OFR cannot be enforcing a police or regulatory power by prosecuting the Florida Action. *See, e.g.*, *In re Royal*, 137 F. App'x 537, 541 (4th Cir. 2005) (holding that section 362(b)(4) does not apply where the government is not attempting to stop or prevent ongoing violations of police or regulatory laws). Continued prosecution of the Florida Action therefore violates the automatic stay, and BUS reserves the right to seek appropriate relief in the Bankruptcy Court, including compensatory damages and reimbursement of attorney's fees and expenses. *See* 11 U.S.C. § 106(a)(1)-(3) (state sovereign immunity abrogated for violations of section 362 of the Bankruptcy Code).

Prosecution of the Florida Action also violates section 525 of the Bankruptcy Code. Section 525(a) of the Bankruptcy Code states that the Florida OFR may not:

> deny, revoke, suspend, or refuse to renew a license … against, a **person[1] that is or has been a debtor** under this title or a bankrupt or a debtor under the Bankruptcy Act, **or another person with whom such bankrupt or debtor has been associated**, solely **because such bankrupt or debtor** is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, **has been insolvent before the commencement of the case under this title**, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(a). The Florida OFR's "ultimate motive" in seeking to revoke the License is irrelevant; all that matters is whether the debtor's financial condition or status as a debtor is the proximate cause of the Florida OFR's decision. *F.C.C. v. NextWave Personal Comm's Inc.*, 537 U.S. 293, 301 (2003). Section 525 expressly applies to the individual respondents. The Florida OFR has not alleged any conduct by the individual respondents and has named them in the Complaint solely on a derivative basis, based only on their association with BUS.

Even a cursory examination of the Complaint reveals that continued prosecution of the Florida Action violates section 525. The Complaint does not allege any conduct that purportedly violates Florida law. Instead, it refers to consent orders with the Financial Crimes Enforcement Network and another with the Connecticut Department of Banking that concern operational periods ending, at their latest, in late 2018 and mid-2019, respectively, and the April 2019 denials of license applications by the New York Department of Financial Services. The time periods covered these prior proceedings far predate the filing of the Complaint. Because BUS informed the Florida OFR that it was going to wind down operations weeks and intended to surrender its License before the

___

[1] The term "person" includes both individuals and corporations. 11 U.S.C. § 101(41).

Letter to Butler, Greenberg
June 13, 2023
Page 3

_____

Florida OFR filed the Complaint, Florida's invocation of these remote and finite proceedings can only be pretextual.

Moreover, on its face, the Florida OFR seeks to revoke BUS's License because it allegedly failed to "demonstrate adequate capital." Complaint ¶ 42. On a recent telephone call, the Florida OFR referenced an ▉▉▉▉▉▉▉ Report of Examination authored by ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

While you may assert that the Florida OFR has other reasons to seek to revoke BUS's License, courts examine the underlying facts to find that the justifications for government conduct are not credible and that instead that they are "only a pretext for prohibited discrimination." 4 Collier on Bankruptcy ¶ 525.06 (2023); *In re Rath Packing Co.*, 35 B.R. 615, 620 (Bankr. N.D. Iowa 1983) ("Within the context of the reasons given by the Commissioner in revoking the Debtor's exemption, a Rose by another name does not smell as sweet.").

BUS reserves the right to seek all appropriate remedies for the Florida OFR's violation of section 525, including injunctive relief and damages. *In re Exquisitio Servs., Inc.*, 823 F.2d 151, 155 (5th Cir. 1987) (injunction); *Matter of McNealy*, 82 B.R. 628, 634 (Bankr. S.D. Ga. 1987) (damages); *see* 11 U.S.C. § 106(a)(1)-(3) (state sovereign immunity abrogated for violations of section 525 of the Bankruptcy Code).

BUS does not intend to resume the operation of its U.S. exchange and has already surrendered its License. Therefore, BUS demands that you dismiss the Florida Action in its entirety, with prejudice, immediately, but in no event later than Friday, June 16, 2023. BUS reserves all of its rights, under the Bankruptcy Code and other applicable laws. Nothing contained in this letter, nor the omission of any facts or legal arguments, should be construed as a waiver of any applicable arguments or defenses.

Very truly yours,

*Patricia Tomasco*

Patricia Tomasco

3