**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 8, 39, and 108** |

**CERTIFICATE OF COUNSEL REGARDING THIRD INTERIM
ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE
THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PRE-PETITION
OBLIGATIONS RELATED THERETO, AND (C) CONTINUE TO PERFORM
INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS TO POST-PETITION
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

The undersigned counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby certifies as follows:

1. On May 8, 2023, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Pre-Petition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Post-Petition Intercompany Balances, and (III) Granting Related Relief* [D.I. 8] (the "Motion").

2. On May 10, 2023, the Court entered its *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Pre-Petition*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

30507751.1

*Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Post-Petition Intercompany Balances, and (III) Granting Related Relief* [D.I. 39] (the "First Interim Order").

3. Pursuant to the First Interim Order, the Debtors were required to either come into compliance with section 345(b) of the Bankruptcy Code or to seek a further waiver from the Court by June 9, 2023 (the "First 345(b) Compliance Deadline").

4. In the intervening period between the entry of the First Interim Order and the First 345(b) Compliance Deadline, the Debtors worked diligently with their current banking partners to come into compliance with Section 345(b). Customers Bank, the Debtors' primary operating account partner, and Prime Trust, the Debtors' For Benefit Of (FBO) account provider, are not Region 3 authorized depositories, and, despite numerous discussions between counsel, as of the First 345(b) Compliance Deadline neither bank had signed the Uniform Depository Agreement ("UDA") presented to them. However, as of the First 345(b) Compliance Deadline, discussions regarding the execution of a UDA were ongoing. The Debtors' efforts to search for a new banking partner were further complicated by reluctance from many institutions to associate with the cryptocurrency industry or specifically with Bittrex due to their ongoing issues with the SEC. Nonetheless, the Debtors entered into active discussions for new account openings with Citizens Bank and Webster Bank – both authorized depositories. Additionally, Mercury and Maplemark Bank had been approached with the request that they achieve 345(b) compliance as part of their onboarding process despite not currently being authorized depositories.

5. The Debtors conveyed their efforts to come into compliance with Section 345(b) to the U.S. Trustee and explained that despite these attempts, which remained ongoing, they would not be Section 345(b)-complaint by the First 345(b) Compliance Deadline. Following discussion,

30507751.1

the U.S. Trustee agreed not to object to a further extension of the Debtors' deadline to either come into compliance with section 345(b) of the Bankruptcy Code to June 30, 2023 (the "Second 345(b) Compliance Deadline").  On June 7, 2023, the Court entered its *Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Pre-Petition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Post-Petition Intercompany Balances, and (III) Granting Related Relief* [D.I. 108] (the "Second Interim Order") which, among other things, reflected the Second 345(b) Compliance Deadline.

6. Following the entry of the Second Interim Order, the Debtors continued their efforts to become Section 345(b) compliant.  Initially, they worked with, and were able to open an operating account at Citizens Bank (the "Citizens Bank Operating Account").  All funds in the Debtors' Operating and OTC Accounts are being moved to the Citizens Bank Operating Account. Regarding the funds held in the Debtors' FBO and Reserve Accounts with Customers and Prime Trust, the Debtors have requested that Citizens Bank open an FBO account, and are awaiting a response from Citizen Bank's compliance department.  The Debtors are simultaneously working to move the funds in the Reserve Account.

7. With the consent of the U.S. Trustee, the Debtors have revised the Second Interim Order into a third interim order (the "Third Interim Order"), a copy of which is attached hereto as **Exhibit A**.  Pursuant to the Third Interim Order, the Debtors will have until July 12, 2023 to either come into compliance with section 345(b) of the Bankruptcy Code or to seek a further 345(b) extension.[2]  A copy of the Second Interim Order compared with the Third Interim Order is attached hereto as **Exhibit B**.

---

[2] The Debtors' next omnibus hearing is scheduled for July 12, 2023 at 1:30 p.m. (ET)

30507751.1

3

The Third Interim Order has been circulated to the Office of the United States Trustee, which has advised that it does not object to the entry of the Third Interim Order.

WHEREFORE, the Debtors respectfully request that the Court enter the Third Interim Order at its earliest convenience.

Date: June 30, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Joshua Brooks (Delaware Bar No. 6765)
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Email: rbrady@ycst.com
Email: kenos@ycst.com
Email: jbrooks@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos (*admitted pro hac vice*)
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**