**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>Hrg Date: August 16, 2023 at 10:00 a.m. (ET)<br>Obj. Deadline:  July 14, 2023 at 4:00 p.m. (ET) |

**MOTION PURSUANT TO SECTIONS 105(A) AND 107(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 FOR AUTHORITY TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE (A) DEBTORS' MOTION TO ENFORCE AUTOMATIC STAY AND NON-DISCRIMINATION PROVISIONS OF THE BANKRUPTCY CODE, AND FOR CIVIL CONTEMPT, (B) THE DECLARATION OF DAVID MARIA IN SUPPORT OF THE MOTION, AND (C) EXHIBIT L TO THE DECLARATION OF PATRICIA B. TOMASCO <u>IN SUPPORT OF THE MOTION</u>**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file, under seal, the unredacted versions of the *Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt* (the "Stay Enforcement Motion") [D.I. 149], the Declaration of David Maria in support of the Stay Enforcement Motion (the "Maria Declaration"), including its <u>Exhibit K</u> [D.I. 150], and <u>Exhibit L</u> to the Declaration of Patricia B. Tomasco in support of the Stay Enforcement Motion (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

"Tomasco Declaration," and together with the Stay Enforcement Motion and the Maria Declaration, the "Stay Enforcement Filings") [D.I. 151], redacted versions of which have been previously filed with the Court [D.I. 152, 154, and 155]. In support of this Motion, the Debtors respectfully represent and state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule[s]"), the Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections are sections 105(a) and 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

**A.  General Background**

4. The Debtors, together with their non-debtor affiliates (collectively, "Bittrex"), operate cryptocurrency exchanges for both retail and institutional customers in several jurisdictions. Hengel Decl. ¶ 1.[2]

5. In early 2023, the Debtors faced an untenable regulatory and economic

---

[2] "Hengel Decl." or "Hengel Declaration" refer to the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [D.I. 11].

environment compelling them to initiate a restructuring process and an orderly wind down of their U.S. operations. Hengel Decl. ¶ 2. On May 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all the cryptocurrency associated with their accounts. *Id*. ¶¶ 2, 18, 73.

6.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 10, 2023, this Court granted Debtor's motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [D.I. 34]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and no official committees have been appointed or designated.

**B.    Specific Background**

7.  In the regular course of business, Debtor Bittrex, Inc. ("BUS") held money transmitter licenses (the "MTL[s]") in most of the U.S. States where it operated. Hengel Decl. ¶ 14.

8.  Certain state regulators initiated certain proceedings related to BUS' MTLs, including a multistate examination performed by the State of Florida, Office of Financial Regulation (the "Florida OFR"), the Maryland Office of the Commissioner of Financial Regulation (the "Maryland Commissioner"), the Michigan Department of Insurance and Financial Services (the "Michigan Financial Services Department"), and the State of Texas,

3

Department of Banking (the "Texas Banking Department") (collectively, the "Multistate Examiners"). The Multistate Examiners issued a confidential Report of Examination—i.e., Exhibit K to the Maria Declaration.

9. To date, BUS' only dispute with a state regulator concerning a MTL is with the Florida OFR (the "Florida Dispute"). The Florida Dispute is the object of the Stay Enforcement Motion that, together with the Maria Declaration (including its Exhibit K) and Exhibit L to the Tomasco Declaration, provide certain information relating to the proceeding of the Multistate Examiners and their confidential Report of Examination.

10. Section 560.129 of the Florida Statutes (2023) provides for an extensive confidentiality of the proceedings conducted by the Florida OFR (e.g., "all information concerning an investigation or examination . . . is confidential . . . until the investigation or examination ceases to be active."). *See* Fla. Stat. Ann. § 560.129 (West). Legislation in Maryland and Texas also provide for extensive confidentiality with respect to proceedings involving the Maryland Commissioner and the Texas Banking Department. *See* Md. Code Ann., Fin. Inst. § 2-117 (West) ("[A] person . . . may not disclose any information obtained or generated in the course of exercising the [Maryland] Commissioner's authority to examine regulated persons."); Tex. Fin. Code Ann. § 151.606 (West) ("[A]ll financial information and all other personal information obtained by the commissioner under this chapter through application, examination, investigation, or otherwise, and any related file or record of the department, is confidential and not subject to disclosure.").

11. By filing this Motion, the Debtors do not concede that, by making publicly available certain information included in the Stay Enforcement Filings, the Debtors would violate the state statutes mentioned in the prior paragraph (or any other statutes). However, in an

abundance of caution, and with a full reservation of rights, the Debtors seek to file under seal and redact, from the publicly filed versions, certain information in the Stay Enforcement Filings.

**BASIS FOR RELIEF**

12. Through this Motion, the Debtors request that the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, permit the Debtors to file under seal unredacted copies of the Stay Enforcement Filings.

13. Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect an entity from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Additionally, section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. Bankruptcy Rule 9018 "implements section 107 [of the Bankruptcy Code] but, in so doing, goes it one step better by adding a third circumstance which may warrant protection by the court: On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect government matters that are made confidential by statute or regulation . . . ." *In re Robert Landau Assocs., Inc.*, 50 B.R. 670, 675 (Bankr. S.D.N.Y. 1985). *See* also Fed. R. Bankr. P. 9018.

15. Under Bankruptcy Rule 9018, "governmental matters" include proceedings that are pending before state authorities, and "statute or regulation" encompass state laws. *See, e.g.*, *In re Neal*, 461 F.3d 1048, 1056 (8th Cir. 2006) ("[W]e agree that investigations conducted by the [Missouri Office of Chief Disciplinary Counsel] are governmental matters . . . . [T]his case involves a Missouri Supreme Court Rule regarding 'records' of disciplinary proceedings. Our

interpretation of that Rule is that 'records' generated by the [Missouri Office of Chief Disciplinary Counsel] in its investigation of attorney conduct are to be confidential.").

16.     There is a strong presumption in favor of public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–8, 602 (1978).

17.     However, sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorize this Court to limit public access to information for the purpose of protecting governmental matters that are made confidential by statute or regulation. In these Chapter 11 Cases, the Debtors are protecting the confidentiality of the Multistate Examiners' proceeding pursuant to relevant state laws.

18.     Accordingly, the Debtors respectfully ask the Court for authority to redact and file under seal the Stay Enforcement Filings.

**NOTICE**

19.     The Debtors will provide notice of this Motion to the Florida OFR and the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, the Financial Crimes Enforcement Network, and the Office of Foreign Assets Control; (j) the Maryland Commissioner, the Michigan Financial Services Department, and the Texas Banking Department; and (k) any party that has requested

notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Order substantially in the form attached hereto as **Exhibit A** and grant such other and further relief as is just and proper.

| | |
|---|---|
| Date: June 30, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/  Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Joshua Brooks (Delaware Bar No. 6765)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br>Email: jbrooks@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |