**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 164 |

**DEBTORS' OBJECTION TO THE FLORIDA OFFICE OF FINANCIAL REGULATION'S MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY AND NON-DISCRIMINATION PROVISIONS OF THE BANKRUPTCY CODE, AND FOR CIVIL CONTEMPT (DOC. NO. 149)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") object to the Florida Office of Financial Regulation's ("Florida OFR") motion for enlargement of time to object to Debtor's motion to enforce automatic stay and non-discrimination provisions of the Bankruptcy Code, and for civil contempt ("Enlargement Motion") [Docket No. 164].

The Debtors have no issue with giving the Florida OFR additional time to file an objection to the *Debtors' Motion to Enforce the Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code* ("Stay Motion") [Docket No. 149] to July 10, 2023. In fact, the Debtors consented to the Florida OFR's request to extend its deadline to respond. However, the Debtors' oppose the Florida OFR's unconditional request to continue the July 12, 2023, hearing.

The Florida OFR knew about these bankruptcy cases for nearly two months, and the evidence shows that it long ago analyzed the impact of the bankruptcy on its administrative complaint to revoke the Debtors' money transfer license ("Complaint"). *See* Stay Motion ¶ 25

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

(citing evidence that on May 10, 2023, the Florida OFR argued that continued prosecution of the Complaint was protected by section 362(b)(4) of the Bankruptcy Code). Moreover, on June 13, 2023, Bittrex, Inc. ("BUS") sent a letter to the Florida OFR detailing why continued prosecution of the Complaint violates the automatic stay as well as section 525 of the Bankruptcy Code. *See* Stay Motion ¶ 27.

It follows that even before the Debtors filed the Stay Motion, the Florida OFR had several months to analyze whether its continued prosecution of the Complaint violated the Bankruptcy Code. The Florida OFR, having done its own research, decided to continue prosecuting the Complaint anyway. *See* Stay Motion ¶ 25. These actions undermine the Florida OFR's argument that the it "require[s] additional time" to "prepare an appropriate objection or response," particularly given its decision to continue to prosecute the Complaint and to refuse to abate or dismiss the Complaint—even without prejudice. Therefore, the Florida OFR presents no good reason to continue the hearing date.

On the other hand, continuing the hearing date will severely prejudice the Debtors. The Florida OFR insists on continuing to prosecute its Complaint to revoke an already-surrendered and terminated money transmitter license, requiring the Debtors to devote substantial time and resources to defending that action, when those resources would be put to better use in concluding the Debtors' wind-down and addressing its customers' claims. If the Florida OFR believes it needs more time to analyze the "complex legal issues relating to both the U.S. Bankruptcy Code as well as Florida regulatory and administrative law" (beyond the two months' time it has already had to analyze those issues), it could dismiss its Complaint without prejudice, analyze those issues, and then determine whether or not to seek relief from stay. Indulging the Florida OFR's new-found

confusion about its obligations and rights under the Bankruptcy Code only encourages its shoot first and ask questions later approach to the automatic stay.

WHEREFORE, the Debtors respectfully request that the Court enter the Order denying the Enlargement Motion.

| | |
|---|---|
| Date: July 5, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/  Kenneth J. Enos<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth J. Enos (Delaware Bar No. 4544)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani (admitted pro hac vice)<br>Patricia B. Tomasco (admitted pro hac vice)<br>Daniel Holzman (admitted pro hac vice)<br>Alain Jaquet (admitted pro hac vice)<br>Razmig Izakelian (admitted pro hac vice)<br>Valerie Ramos (admitted pro hac vice)<br>Joanna D. Caytas (admitted pro hac vice)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |