IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered) |

**DECLARATION OF BRANDON GREENBERG IN SUPPORT OF FLORIDA OFFICE OF FINANCIAL REGULATION'S OBJECTION TO DEBTORS' MOTION TO ENFORCE AUTOMATIC STAY AND NON-DISCRIMINATION PROVISIONS OF THE <u>BANKRUPTCY CODE, AND FOR CIVIL CONTEMPT</u>**

Brandon Greenberg, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am an Assistant General Counsel with the Florida Office of Financial Regulation ("OFR"), a state administrative agency that provides regulatory oversight of financial services providers in Florida for the protection of consumers and markets in our state. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I am willing and able to testify thereto.

2. Between October 2022 and March 2023, the OFR participated in a multistate examination of Bittrex Inc., a Florida money transmitter licensee, along with financial regulators from Texas, Maryland, and Michigan. During the course of the examination, Bittrex Inc. produced records and information in response to OFR requests. The OFR examination revealed findings that Bittrex Inc. had failed to comply with several provisions of chapter 560, Florida Statutes, and corresponding rules. These were subsequently reviewed by the OFR's Division of Consumer Finance and ultimately referred to the OFR's Office of General Counsel to review for a possible enforcement action seeking, among other things, a license revocation.

3. On March 22, 2023, the Bittrex Inc. legal case (No. 115028) to draft an Administrative Complaint ("Complaint") seeking license revocation was assigned to me, under

1

the supervision of OFR chief counsel.

4. On March 31, 2023, the OFR received Bittrex Inc.'s letter advising of its plans to wind down and surrender its license "on or before April 30, 2023." (*See* **Exhibit A** to *Declaration of Steven Merriman,* Case No. 23-10597-BLS.). The letter emphasized that "the consolidated group of entities that Bittrex is a part of remains well capitalized." Nonetheless, the OFR, based on its awareness of Bittrex Inc.'s recent and ongoing violations of Florida law, had a statutory duty to be concerned for the financial well-being of Florida customers of Bittrex Inc. in promptly receiving their funds back from the company.

5. On April 17, 2023, the OFR issued its three-count Complaint to Bittrex Inc. and five of its control persons and/or persons with a controlling interest[1]; they received it on April 24.

6. On April 28, 2023, the OFR's chief counsel and I first conferred via teleconference with Bittrex Inc.'s counsel, Steven Merriman ("Merriman"), who immediately expressed his "disappointment" that the OFR had taken an enforcement action against Bittrex Inc. instead of allowing the company to simply surrender the license and leave Florida. We advised Merriman that if Bittrex Inc. was interested in having a more substantive discussion and possibly explore avenues for settlement, Florida's administrative process required that Bittrex Inc. complete and file an Election of Proceeding ("EOP") form (provided with the administrative complaint as a courtesy) or a petition to assert due process rights to a hearing and request settlement negotiations. We discussed the May 15 deadline for this submission[2] and advised Merriman that if he needed an extension, we were happy to accommodate such request.

7. At no time during this conference did Merriman discuss Bittrex Inc.'s financial

---

[1] See §§ 560.103(1) and (10), 560.127, and 560.114(1)(a), Fla. Stats. (2023).

[2] § 120.54(5), Fla. Stat. (2022) and Rule 28-106.111, F.A.C.

condition or bankruptcy plans.

8.  On April 30, 2023, Bittrex Inc., in accordance with Florida law, surrendered its Florida money transmitter license by electronically submitting an amended license application with a box checked which stated: "Surrender License/Withdraw (Effective date of surrender/withdrawal: 4/30/2023)."

9.  At that time, the OFR understood that Bittrex Inc.'s license surrender would not affect our prosecution of the Complaint, because pursuant to section 560.114(6), Florida Statutes, "[i]f a license granted under [chapter 560, Florida Statutes] expires or is surrendered by the licensee during the pendency of an administrative action, the proceeding may continue as if the license is still in effect."

10. On June 1, 2023, the OFR's chief counsel and I again conferred with Merriman and his co-counsel, including David Maria ("Maria"), Bittrex Inc.'s General Counsel and Chief Legal Officer. We discussed several topics during the conference. At one point, opposing counsel argued that the violations of Florida law charged in the Complaint all alleged "older" conduct by Bittrex Inc., while no recent violations had been alleged.  Despite the fact that the OFR was in possession of evidence that Bittrex Inc. has continued to violate Florida law on an ongoing basis, opposing counsel stridently asserted that Bittrex Inc. may have had regulatory issues in the past, but it had been compliant with Florida law since then.

11. In response, I explained how the OFR's examination findings revealed recent conduct by Bittrex Inc. that violated several provisions of chapter 560, Florida Statutes, which indicated an ongoing pattern of noncompliance with our money services business laws, and that it was within our administrative discretion in deciding which legal violations to charge and not charge in our Administrative Complaint. However, I carefully prefaced my comments on this point by stating clearly that discussing the recent legal violations would require my disclosure

of confidential information relating to an OFR examination,[3] but I would nonetheless share it with opposing counsel once they verbally indicated an understanding of these confidentiality requirements (in the specific context of confidential settlement communications).

12.     All counsel for Bittrex Inc. on our conference call verbally confirmed their understanding of my statement lawfully invoking confidentiality, which led me to believe that they agreed to protect the OFR's confidential exam information.

13.     Once confidentiality was established, I proceeded to reference just a few of the OFR's exam findings of Bittrex Inc.'s recent violations of Florida law (previously noted in the multistate ROE sent to Bittrex Inc. on or around April 20, 2023[4]), including: 1) failure to segregate customer assets with the company's operating capital; 2) ███████████ ███████████████████████ and, 3) failure to maintain a surety bond in the correct amount at all times.

14.     At no point during the OFR's June 1 meet-and-confer with Bittrex Inc. counsel, nor at any other time, did the OFR's chief counsel or I ever state, nor would we ever state, that Bittrex Inc.'s ███████████ was the sole reason for the OFR's enforcement action. This is because such was not the case. In issuing its Administrative Complaint, the OFR was concerned only with its statutory responsibility as a financial regulator to enforce compliance with and prevent future violations of chapter 560, Florida Statutes, in order to fulfill its duty to protect the interests of Florida consumers.

---

[3] § 560.129, Fla. Stat. (2022). (The OFR's examination or investigation-related information is "confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution until the investigation or examination ceases to be active. For purposes of this section, an investigation or examination is considered 'active' so long as the office or any other administrative, regulatory, or law enforcement agency of any jurisdiction is proceeding with reasonable dispatch and has a reasonable good faith belief that action may be initiated by the office or other administrative, regulatory, or law enforcement agency.").

By Florida statutes, it is a third-degree felony to willfully disclose such confidential information. § 560.129(7), Fla. Stat. (2022).

[4] See **Exhibit K** to Declaration of David Maria, Case No. 23-10597-BLS.

15. Moreover, by the time the OFR was in the process of drafting an Administrative Complaint, we possessed evidence of many different instances of Bittrex Inc. violating Florida consumer finance laws. These included violations resulting from prior conduct leading to regulatory actions by NYDFS, FinCEN, and CDB). Bittrex Inc.'s ███████████ ██████, a violation of a minimum license requirement pursuant to chapter 560, Florida Statutes, was just one of many such violations.

16. Deciding which of those violations to charge or not charge in our Administrative Complaint falls squarely within the OFR's administrative discretion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: July _____, 2023

By: _____
Brandon Greenberg
Assistant General Counsel
Florida Office of Financial Regulation