IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In re** | Chapter 11<br>Case No. 23-10597 (BLS) |
| **Desolation Holdings LLC, et al.,**<br>                    Debtors. | (Jointly Administered)<br><br>Hearing Date: July 12, 2023 at 1:30 p.m.<br>Obj. Deadline: July 6, 2023<br>(extended on consent of the Debtors)<br><br>Re: Docket No. 134 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION OF THE U.S. SECURITIES AND EXCHANGE COMMISSION TO THE DEBTORS' MOTION PURSUANT TO SECTIONS 105(A) AND 502(C) OF THE BANKRUPTCY CODE TO ESTIMATE CONTINGENT AND UNLIQUIDATED CLAIMS OF THE U.S. SECURITIES AND EXCHANGE COMMISSION AND GRANT RELATED RELIEF**

The U.S. Securities and Exchange Commission ("SEC") objects to the Debtors' premature motion to estimate the SEC's claim because it is an improper attempt to shorten the time set by statute for governmental units to file claims and will result in an unnecessary drain on estate resources. The purported compromise proposed by the Debtors would require this court to determine issues under the federal securities laws which may inappropriately interfere with ongoing litigation in federal district court. The Court should deny this motion.

## BACKGROUND

1. On April 17, 2023, the SEC filed a complaint against the Debtor Bittrex, Inc. ("Bittrex") and Bittrex Global GmbH ("Bittrex Global") in the United States District Court for the Western District of Washington (the "District Court"), *SEC v. Bittrex, Inc.*, Case No. 23 Civ. 580 (W.D. Wash.) (the "District Court Action"), alleging that Bittrex and Bittrex Global acted as an exchange, and Bittrex has acted as a broker and clearing agency, without registering as an exchange, broker-

1

dealer, or clearing agency, in violation of the Securities Exchange Act of 1934 (the "Exchange Act") Sections 5, 15(a), and 17A(b) [15 U.S.C. §§ 78e, 78o(a), 78q-1(b)], respectively. The SEC also charged Bittrex's co-founder and former CEO, William Shihara, as a control person of Bittrex. The SEC is seeking disgorgement of all ill-gotten gains, prejudgment interest, and civil penalties.

2. On May 22, 2023, the District Court entered a so ordered stipulation granting Bittrex, Bittrex Global and Shihara (the "Defendants") until June 30, 2023 to file a motion to dismiss the District Court Action, which Defendants in the District Court action have since filed. Under the agreed-upon schedule, the SEC has until August 14, 2023 to oppose the motion to dismiss, and the Defendants have until September 8, 2023 to reply. (District Court Docket No. 28). In their June 30, 2023 motions to dismiss, the Defendants alleged, among other things, that (i) Congress has not vested the SEC with authority to regulate crypto assets as securities, and (ii) the SEC has failed to prove that securities traded on the Bittrex platform. (District Court Docket Nos. 37, 40).

3. On May 8, 2023, the Debtors filed Chapter 11 in order to liquidate. At the first day hearing on May 10, 2023, they announced their intention to confirm a plan of liquidation in these cases by September 29, 2023 and to have the plan become effective as of October 5, 2023.

4. On May 24, 2023, the Debtors filed a motion to establish deadlines for filing proofs of claims, including for governmental units pursuant to Section 502(b)(9) of the Bankruptcy Code (the "Claims Motion"). (Docket No. 65). The order entered on that Claims Motion sets the governmental bar date for November 4, 2023, as required by the Code. (Docket No. 107).

5.      On June 16, 2023, the Debtors filed the Motion Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code to Estimate Contingent and Unliquidated Claims of the U.S. Securities and Exchange Commission and Grant Related Relief (the "Estimation Motion"), through which motion the Debtors instead seek to force the SEC to file its proof of claim by August 9, 2023, which is contrary to the Bankruptcy Code and will unnecessarily interfere with the District Court Action. (Docket No. 134).

6.      On June 5, 14, and 23, 2023, the Debtors filed their schedules of assets and liabilities. According to the schedules, Bittrex lists assets of approximately $352M and liabilities of approximately $390M, approximately $338M of which are listed as customer accounts. (Docket No. 142).

## DISCUSSION

**I.     The Estimation Motion is premature, unnecessary, and will result in a waste of estate resources.**

7.      The Estimation Motion is unnecessary, wasteful, and premature, and was filed without prior consultation with the SEC staff regarding the treatment of the SEC's claims in the bankruptcy case. Had the Debtors contacted the SEC staff, the staff would have noted that in other recent bankruptcy cases involving crypto asset market participants, the SEC has enforced the securities laws while allowing for payment to investors where feasible given a debtor's assets. Indeed, the SEC recently did not oppose a request for authorization to honor withdrawals of customer assets, which accounts for the vast majority of liabilities of Bittrex.[1] *See also In re BlockFi*

---

[1] On May 12, 2023, the Debtors filed a motion to allow the Debtors to honor customer withdrawals. (Docket No. 43). On May 24, 2023, the SEC filed a response and reservation of rights where the SEC confirmed that it did not oppose the Debtors' request for authorization to honor withdrawals of customer assets. (Docket No. 64).

*Inc.*, (Case No. 22-19361 Bankr. D. N.J.) (Docket No. 1099) (SEC agreeing to allow harmed investors and creditors to be paid ahead of the SEC's claims).[2]

8. Moreover, Debtors' argument that unless estimation happens very soon, distributions to equity holders will be delayed is unavailing. (Motion at 15) ("Whether equity holders receive distributions is dependent on liquidation of the SEC Claims."). Upon information and belief, the Debtors' ultimate indirect equity holders include Mr. Shihara, who is a defendant in the District Court Action. Facilitating a recovery to equity holders, which include a defendant in an SEC action, is not a compelling reason to shorten the SEC's time to file a claim and to allow an expedited estimation hearing.

9. Moreover, the Estimation Motion is unnecessary to the extent there are insufficient assets remaining to make any distribution to the SEC. Although the Motion argues that "[t]he Debtors believe that there are sufficient assets to pay general unsecured creditors in full, depending on the amount of their claims," (Motion at 15), this rosy forecast is inconsistent with the Debtors' filed schedules for Bittrex which list liabilities of approximately $390M and assets of approximately $352M, even without taking into account the SEC's Claims. (Docket No. 142 at 2 of 754). Accordingly, estimating the SEC's claim now is not needed to avoid undue delay in the administration of these cases. Rather, it would be a waste of estate and judicial resources.

**II.     Debtors seek to improperly shorten the government's 180-day statutory time period to file a proof of claim in contravention of the Bankruptcy Code.**

---

[2] Debtors' counsel did not contact SEC staff prior to filing the Estimation Motion on the Friday before a long weekend, minutes before the CM/ECF system was shut down for scheduled maintenance, to notify them of the filing or to discuss potential alternatives to litigation.

10. Section 502(b)(9) of the Bankruptcy Code states that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief…" 11 U.S.C. § 502(b)(9).  The Estimation Motion, however, seeks to improperly use Section 502(c) to circumvent the 180-day time period the SEC has to file a proof of claim by about 90 days, from November 4, 2023 to August 9, 2023 (Motion at 25).  Section 502(c) provides that "[t]here shall be estimated for purpose of allowance under this section – (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would *unduly delay* the administration of the case[]". 11 U.S.C. § 502(c)(1) (emphasis added).  While Bankruptcy Code Section 502(c) does not give specific procedures for estimating claims, bankruptcy courts have discretion to determine the best methods for estimating claims under the circumstances.  *See e.g., Bittner v. Borne Chemical Co.*, 691 F.2d 134, 135 (3d Cir. 1982); *In re Lionel LLC*, 2007 WL 2261539 *5 (Bankr. S.D.N.Y. 2007); *In re Baldwin-United Corp.*, 55 B.R. 885, 898-9 (Bankr. S.D. Ohio 1985) (bankruptcy court's procedure for estimating claims were generally consistent with a summary trial).  This discretion does *not* include requiring the government to file proofs of claim prior to the 180 day time period statutorily set in Section 502(b)(9).

11. Moreover, the Debtors' justification for this relief is their self-imposed plan confirmation schedule that they have scheduled before the governmental bar date.  That is not cause to shorten the governmental time to file a proof of claim or to be considered "an appropriate factor" in the Debtors' undue delay analysis under Section 502(c)(1).  *See In re LightSquared, Inc.*, 2014 WL 5488413 *5 (Bankr. S.D.N.Y. 2014) (Court "decline[d] to consider the failure to meet the parties' self-

imposed deadlines and conditions to confirmation of the…Plan as an appropriate factor to be considered in an undue delay analysis").

12. Shortening the governmental bar date will impact other governmental entities, who should be given an opportunity to brief and be heard on this issue.

### III. Debtors are improperly seeking to have the bankruptcy court determine issues under the federal securities laws that are currently pending before another tribunal in the District Court Action.

13. In the Estimation Motion, the Debtors propose that the Court apply a 50% discount to the amount at which the Court estimates the SEC's disgorgement claims. The Debtors claim that by applying a 50% discount, the Court can estimate the SEC claims without "tipping the scales in favor of either party." (Motion at 6).[3] And if the SEC does not agree to this 50% discount, or wishes to include in the Court's analysis (or in the District Court's analysis) certain additional crypto assets after discovery in the District Court Action, this Court would potentially be required to determine issues under the federal securities laws that are being litigated in the District Court Action. (Motion at 6). Such issues include whether the six crypto assets listed in the SEC's complaint, and any additional relevant crypto assets, are being offered and sold as securities and whether the defendants in the District Court Action operated as an unregistered securities exchange, broker and/or clearing agency by offering these crypto assets on a crypto asset trading platform. These federal securities laws issues are at the heart of the District Court Action and should be decided in the first instance in that already pending case. *See, e.g., In re Dana Corp.*,

---

[3] The SEC had no say in negotiating this purportedly neutral approach. This purported approach also appears to be akin to an illegal categorical subordination of government claims. *See e.g. U.S. v. Reorganized CF&I Fabricators of Utah, Inc*., 518 U.S. 213, 216 (1996); *United States v. Noland*, 517 U.S. 535, 536 (1996) (holding that the bankruptcy court may not equitably subordinate claims on a categorical basis).

379 B.R. 449, 453 (S.D.N.Y. 2007) ("Withdrawal of the reference is appropriate where the case would require 'the bankruptcy court to engage itself in the intricacies' of non-Bankruptcy law, as opposed to 'routine application' of that law.").

14. In fact, in an SEC enforcement action, the District Court's power to order disgorgement only arises after liability has been established, and the SEC does not conduct its final disgorgement calculations until it knows the full extent of liability. *See SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996) ("Once the district court has found federal securities law violations, it has broad equitable power to fashion appropriate remedies, including ordering that culpable defendants disgorge their profits."). Here, the Debtors are seeking to have the SEC prove the disgorgement amount before a determination of liability, or to improperly, in effect, limit that disgorgement to the crypto assets specifically listed in the SEC's complaint in the District Court Action. Debtors' request that, in essence, the Bankruptcy Court determine or limit the question of disgorgement before the District Court has even had the opportunity to decide liability in a pending federal securities law case is designed to inappropriately interfere with and subvert an ongoing police and regulatory action.

15. In addition, the Estimation Motion argues that once the SEC files its proof of claim, the Bankruptcy Court "would then use its core judicial power over the allowance, disallowance, and liquidation of claims to estimate the SEC Claims as a contested matter." (Motion at 5). As such, the Estimation Motion could operate to limit the liability in the District Court Action of the non-Debtor defendants, which include former Bittrex CEO, Shihara and Bittrex Global. Specifically, the proposed process in the Estimation Motion would make it possible for Shihara and Bittrex

Global, who would be jointly and severally liable for registration violations committed by Bittrex, to try to use the Bankruptcy Court's findings to limit the SEC's claims to their advantage in the District Court Action.

**IV.     If the Court grants the Estimation Motion, the SEC requests discovery and an appropriate discovery schedule.**

16.     In this Circuit, Bankruptcy Courts can use "whatever method is best suited to the particular contingencies at issue[]" when estimating claims. *Bittner v. Borne Chemical Co.*, 691 F.2d at 135. If the Court is inclined to grant the Estimation Motion, the SEC should be provided discovery, and should not be limited to the six crypto assets named in the SEC's Complaint (Motion at 23), which represent only a sample of the total number of crypto asset securities that were traded on the Bittrex platform and that could serve as the basis for a disgorgement calculation.

## RESERVATION OF RIGHTS

17.     The SEC reserves the right to supplement this objection and provide more complete briefing if the Court is inclined to estimate the SEC's claims. Further, the SEC is not waiving its rights to object on any basis, including to this Court's authority to determine issues under the securities laws,[4] the subordination or disallowance of the SEC's claims, and the improper shortening of the time in which the SEC has to file a proof of claim under Bankruptcy Code Section 502(b)(9). The SEC does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[4] *See, e.g., In re Dana Corp.*, 379 B.R. at 459-461, 463 (Court granted the Government's motion to withdraw the reference of debtors' objection to its proofs of claim and order establishing procedures to estimate those claims because "substantial and material consideration of CERCLA" was required for the resolution of the proceedings.).

## CONCLUSION

The Debtors' current proposal to estimate the SEC's claim is unworkable, legally insufficient, and a waste of investor money.

WHEREFORE, the SEC respectfully requests the entry of an Order denying the Estimation Motion, or in the alternative that the Court set a briefing schedule so that the SEC and other governmental agencies can address the significant issues raised by the procedures proposed by the Debtors, and providing such other relief as the Court deems appropriate.

Dated: New York, New York
July 6, 2023

Respectfully submitted,

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

By: /s/ Patricia Schrage
Patricia Schrage
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
Phone: (212) 336-0163
SchrageP@sec.gov

-and-

Therese A. Scheuer (No. 5699)
100 F Street, NE
Washington, DC 20549
Tel: (202) 551-6029
Fax: (202) 772-9317
Scheuert@sec.gov

Of Counsel: Alistaire Bambach
Morgan Bradylyons