## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*, [1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hrg. Date: August 16, 2023 at 10:00 a.m. (ET)**<br>**Obj. Deadline: July 14, 2023 at 4:00 p.m. (ET)** |
| | **Ref. Docket Nos. 149, 150 & 151** |

### NOTICE OF AMENDED MOTION

TO:    (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) THE HOLDERS OF THE THIRTY (30) LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS (ON A CONSOLIDATED BASIS); (III) COUNSEL TO THE LENDER UNDER THE DEBTORS' POST-PETITION FINANCING FACILITY; (IV) COUNSEL TO DEBTORS' NON-DEBTOR AFFILIATE BITTREX GLOBAL GMBH; (V) COUNSEL TO DEBTORS' NON-DEBTOR AFFILIATES RBR HOLDINGS, INC., AND AQUILA HOLDINGS INC.; (VI) THE UNITED STATES ATTORNEYS' OFFICE FOR THE DISTRICT OF DELAWARE; (VII) THE INTERNAL REVENUE SERVICE; (VIII) THE ATTORNEYS GENERAL IN THE STATES WHERE THE DEBTORS CONDUCT THEIR BUSINESS OPERATIONS; (IX) THE SECURITIES AND EXCHANGE COMMISSION, THE FINANCIAL CRIMES ENFORCEMENT NETWORK, AND THE OFFICE OF FOREIGN ASSETS CONTROL; (X) THE MARYLAND COMMISSIONER, THE MICHIGAN FINANCIAL SERVICES DEPARTMENT, AND THE TEXAS BANKING DEPARTMENT; (XI) THE FLORIDA OFR; AND (XII) ANY PARTY THAT HAS REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002

**PLEASE TAKE NOTICE** that the Florida Office of Financial Regulation ("OFR") has filed *Amended Motion Pursuant To Sections 105(A) And 107(B) Of The Bankruptcy Code, Bankruptcy Rule 9018, And Local Rule 9018-1 To File Under Seal Certain Information Contained In (A) Florida Office Of Financial Regulation's Objection To Debtor's Motion To Enforce Automatic Stay And Non-Discrimination Provisions Of The Bankruptcy Code, And For Civil Contempt, And (B) The Declaration Of Brandon Greenberg In Support Of The Objection To Debtors' Motion,* with the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**PLEASE TAKE NOTICE** that any objections or responses to the relief requested in the Amended Motion be filed on or before **July 14, 2023 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING TO CONSIDER THE AMENDED MOTION WILL BE HELD ON <u>AUGUST 16, 2023, AT 10:00 A.M. (ET)</u> BEFORE THE HONORABLE BRENDAN LINEHAN SHANNON, UNITED STATES BANKRUPTCY JUDGE, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 6TH FLOOR COURTROOM NO. 1, WILMINGTON, DELAWARE 19801.

**PLEASE TAKE FURTHER NOTICE THAT, IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE AMENDED MOTION WITHOUT FURTHER NOTICE OR A HEARING.**

Date: July 7, 2023          **FLORIDA OFFICE OF FINANCIAL REGULATION**
Tallahassee, FL

Russell C. Weigel, III
Commissioner

***s/ George C. Bedell III***

_____
George C. Bedell III
Chief Counsel
Administrative and Civil Litigation
Office of Financial Regulation
Florida Bar No. 363685
Primary E-Mail address:  George.Bedell@flofr.gov
Secondary E-Mail address:  Jessica.McPike@flofr.gov
200 E. Gaines St.
Tallahassee, FL 32399-0370
(813) 218-5353

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*, [1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hrg. Date: August 16, 2023 at 10:00 a.m. (ET)** **Obj. Deadline: July 14, 2023 at 4:00 p.m. (ET)** |

**AMENDED MOTION PURSUANT TO SECTIONS 105(A) AND 107(B)**
**OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE**
**9018-1 TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN**
**(A) FLORIDA OFFICE OF FINANCIAL REGULATION'S OBJECTION TO**
**DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY AND NON-**
**DISCRIMINATION PROVISIONS OF THE BANKRUPTCY CODE, AND FOR CIVIL**
**CONTEMPT, AND (B) THE DECLARATION OF BRANDON GREENBERG IN**
**SUPPORT OF THE OBJECTION TO DEBTORS' MOTION**

The Florida Office of Financial Regulation ("OFR") submits this amended motion ("Amended Motion") for entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code") Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing the OFR to file, under seal, the unredacted versions of the OFR's *Objection to Debtor's Motion to Enforce Automatic Stay and Supporting Declaration and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt* ("Objection to Stay Enforcement Motion") [D.I. 172] and the Declaration of Brandon Greenberg in support of the OFR's Objection (the "Greenberg Declaration") [D.I. 173], and together (the Objection to Stay Enforcement and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

Greenberg Declaration collectively referred to as the "Objection to Stay Enforcement Motion Filings"), redacted versions of which have been previously filed with the Court [D.I. 174 and 175]. In support of its Amended Motion, the OFR respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule[s]"), the OFR confirms its consent to the Court entering a final order in connection with this Amended Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

4.      The Office of Financial Regulation ("OFR") is the Florida regulator of Bittrex Inc.'s money transmitter activities and is neither a creditor nor a claimant in Debtors' bankruptcy proceedings. Nor is the OFR party to an "adversarial proceeding" under Rule 7001. Rather, the OFR appears in this Court for the limited purpose of responding to Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt (Doc. 149) ("Stay Enforcement Motion").

2

5.      The OFR, pursuant to section 560.105, Florida Statutes, is tasked by the Florida Legislature to supervise all money services businesses (e.g., money transmitters) and their affiliated parties [2] (e.g., control persons), by administering and enforcing the provisions of chapter 560, Florida Statutes, and its corresponding rules.

6.      Between October 2022 and March 2023, the OFR, along with state regulators from Maryland, Michigan, and Texas, participated in a Multistate Examination of Debtor Bittrex Inc. ("Bittrex Inc."). The OFR's examiner found that Bittrex Inc., a Florida money transmitter licensee, violated several provisions of Florida law. These findings, which constituted confidential OFR information, was included in the Multistate Report of Examination ("ROE"), along with findings from the other state regulators.

7.      On April 17, 2023, the OFR issued an Administrative Complaint ("Complaint") to Bittrex Inc., alleging violations of chapter 560, Florida Statutes, and seeking to impose a license revocation. Bittrex Inc. received service of the Complaint on April 24.

8.      The Multistate ROE that participating state regulators sent to Bittrex Inc. on or around April 20, 2023, contained confidential OFR examination findings regarding Bittrex Inc.'s conduct as a Florida money transmitter licensee.

9.      Page 1 of the Multistate ROE expressly stated as follows:

> You are advised that the contents of the ROE are the property of the participating state regulatory authorities and are furnished to the license holder for confidential use. Under no circumstances shall the license holder or any of its officers, or employees disclose or make public in any manner the ROE or any portion thereof, including the rating. If any subpoena or legal process calling for the production of this ROE is received, the participating states, and the participating states must be notified immediately. [Emphasis added.]

See Page 1 of Maria Decl., **Exhibit K**.

---

[2] See §§ 560.103(1) and (10), 560.127, and 560.114(1)(a), Fla. Stat. (2023).

3

10.    On May 8, 2023, Bittrex Inc. filed its petition for bankruptcy.

11.    On June 28, 2023, at approximately 10:35 p.m., counsel to Bittrex Inc. served the OFR with its Stay Enforcement Motion and supporting declarations. The Stay Enforcement Motion showed that the objection deadline was July 5, 2023 and the hearing date was scheduled for July 12, 2023.

12.    Confidential information relevant to the issues presented by the Stay Enforcement Motion must be disclosed to the Court. Pursuant to section 560.129(1), Florida Statutes:

> All information concerning an investigation or examination conducted by the [OFR] pursuant to [chapter 560, Florida Statutes] is confidential and exempt from [F.S.] 119.07(1) and s. 24(a), Art. I of the State Constitution until the investigation or examination ceases to be active. For purposes of this section, an investigation or examination is considered 'active' so long as the [OFR] or any other administrative, regulatory, or law enforcement agency of any jurisdiction is proceeding with reasonable dispatch and has a reasonable good faith belief that action may be initiated by the office or other administrative, regulatory, or law enforcement agency.

13.    Although Rule 9018-1(d)(iii) required Debtors to attempt to confer in good faith with the OFR as Holder of Confidentiality Rights in an effort to reach agreement concerning what information contained in the Proposed Sealed Document must remain sealed from public view, no such conference took place.

14.    Debtors filed under seal redacted versions of their Motion to Enforce Automatic Stay and two of three supporting Declarations (collectively, "Stay Enforcement Filings"), disclosing to the Court confidential OFR examination information. *Id.*; see also ROE, Page 1 of Maria Decl., Exhibit K. Debtors also filed unredacted versions of the Stay Enforcement Filings which did not publicly disclose such confidential information.

15.    The OFR files its Amended Motion largely to correct an inadvertent misstatement made in its original Motion, namely, that Debtors' filings publicly disclosed confidential OFR

information (and that of other state regulators). This amended motion corrects OFR's inadvertent misstatement.

16.     Specifically, Exhibit K to the Declaration of David Maria filed under seal a complete version of the Multistate Report of Examination ("ROE") provided to Bittrex Inc., disclosing to the Court confidential examination information belonging to the OFR, along with confidential examination information belonging to state regulators of Maryland, Michigan, and Texas.

17.     As a result of Debtors' filing of confidential OFR examination information with the Court, the OFR's Objection to Stay Enforcement Filings have left unredacted its references to two examination findings germane to the legal issues presented by Debtors' Automatic Stay Filings. However, the OFR's references to a third examination finding have been redacted from the OFR's redacted Objection to Stay Enforcement Filings, which conform to Debtors' redactions.

## **BASIS FOR RELIEF**

18.     Through this Amended Motion, the OFR requests that the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, permit the OFR to file under seal unredacted copies of the Objection to the Stay Enforcement Motion Filings.

19.     11 U.S.C. § 107(b), authorizes the Court to issue orders to protect an entity from the disclosure of certain confidential information. Section 105(a) of the Bankruptcy Code codifies the Bankruptcy Court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

20.     Sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorize this Court to limit public access to information for the purpose of protecting governmental matters that are made confidential by statute or regulation. In this pending chapter 11 bankruptcy case, the OFR and Debtors have a legal duty to   protect the confidentiality of the OFR investigation and the Multistate Examiners' Report of Examination pursuant to relevant state laws, to the extent that Debtors' Stay Enforcement Motion Filings have not already disclosed any such confidential OFR information to the public.

21.     The OFR, therefore, respectfully requests that the Court grant it authority to redact and file under seal the Objection to Stay Enforcement Motion Filings.

## NOTICE

OFR will provide notice of this Amended Motion to the Debtors and the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, the Financial Crimes Enforcement Network, and the Office of Foreign Assets Control; (j) the Maryland Commissioner, the Michigan Financial Services Department, and the Texas Banking Department; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>CONCLUSION</u>

**WHEREFORE**, the OFR respectfully requests that the Court enter the Order

substantially in the form attached hereto as **<u>Exhibit A</u>** and grant such other and further relief as is

just and proper.


Date: July 7, 2023          **FLORIDA OFFICE OF FINANCIAL REGULATION**
Tallahassee, FL

                                Russell C. Weigel, III
                                Commissioner

                                ***s/ George C. Bedell III***

                                _____
                                George C. Bedell III
                                Chief Counsel
                                Administrative and Civil Litigation
                                Office of Financial Regulation
                                Florida Bar No. 363685
                                Primary E-Mail address:  George.Bedell@flofr.gov
                                Secondary E-Mail address:  Jessica.McPike@flofr.gov
                                200 E. Gaines St.
                                Tallahassee, FL 32399-0370
                                (813) 218-5353

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*, [1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 105(A) AND 107(B) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 FOR AUTHORITY TO
FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE (A) FLORIDA
OFFICE OF FINANCIAL REGULATION'S OBJECTION TO DEBTORS' MOTION TO
ENFORCE AUTOMATIC STAY AND NON-DISCRIMINATION PROVISIONS OF THE
BANKRUPTCY CODE, AND FOR CIVIL CONTEMPT AND (B) THE DECLARATION
OF BRANDON GREENBERG IN SUPPORT OF THE MOTION**

The Court having considered the amended motion (the "Amended Motion")[2] of the Florida

Office of Financial Regulation (the "OFR") for entry of an order (this "Order") pursuant to

Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-

1 for authority to file under seal certain information contained in the (a*) the OFR's Objection to

Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy

Code, and for Civil Contempt* (the "Objection to Stay Enforcement Motion") and (b) the

Declaration of Brandon Greenberg in support of the Objection to Stay Enforcement Motion (the

"Greenberg Declaration"), (collectively referred to as the "Objection to Stay Enforcement

filings"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Amended Motion.

Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Amended Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Amended Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Amended Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Amended Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Amended Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Amended Motion is granted as set forth herein.

2.      The OFR is hereby authorized to file the unredacted versions of the Objection to Stay Enforcement Filings under seal pursuant to the sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3.      The unredacted versions of the Objection to Stay Enforcement Filings shall remain under seal and not made available to anyone, except that copies shall be provided to the Office of the United States Trustee for the District of Delaware, the Multistate Examiners, and other parties in interest as may be ordered or otherwise required by the Court or agreed to by the Debtors, and all parties receiving the Objection to Stay Enforcement Filings shall maintain their confidentiality, including in connection with any pleadings filed with this Court.

2

4.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.