IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re ) 
) Chapter 11
Metrocall, Inc. et al., )
) Case No. 02-11579(RB)
Debtors. ) (Jointly Administered)
)

**Memorandum Opinion Regarding
Debtors' Motion to Fix a Bar Date**

As one of their first day motions, the Debtors requested that his Court enter an order establishing a bar date of August 16, 2002, by which all creditors, including governmental units, must file proofs of claims. The proposed order further provided that if governmental units could not file proofs of claims within that time, the Debtors would file claims under 11 USC. section 501(c), or request an estimation of governmental claims under section 502(c). An attorney for the United States objected on the ground that such an order would violate section 502(b)(9), which provides "that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the order for relief or such later time as the Federal Rules of Bankruptcy Procedures may provide." The petition in this voluntary case was filed on June 3, and that is the date of the order for relief. By the terms of section 502(b)(9), a claim of a governmental unit would be "timely" if filed within 180 days after June 3, 2002; August 16 is only 74 days after June 3.

Nevertheless, at the hearing on the motion, the Court indicated it would enter the order on the authority of Bankruptcy Rule 3003(c)(3). That rule appears to explicitly authorize such an order because, unlike Rule 3002, which applies to cases under chapters other than chapter 11, it does not require that a bar order comply with the 180 day provision for governmental units.

On reflection, the Court has become convinced that that position was in error. A bar order that does not allow governmental units at least 180 days to file proofs of claims cannot be reconciled with section 502(b)(9), and therefore, even if apparently authorized by the Bankruptcy Rules, cannot be valid. To the extent Rule 3003(c)(3) may be read to authorize an order that allows governmental units less than 180 days from the order for relief to file claims, it would be invalid under 28 USC section 2075. ("Such rules shall not abridge, enlarge or modify any substantive right.") See *In re George Transfer, Inc.*, 212 B.R. 475, 478

(Bankr. Md. 1997) ("The Bankruptcy Reform Act of 1994 amended Section 502 of the Bankruptcy Code to create an exception for governmental units to the bar date provision of Federal Rule of Bankruptcy Procedure 3003(c)(3).")

Moreover, section 501(c) permits a debtor to file a proof of claim only if the creditor does not "timely file a proof of such creditor's claim . . . ." "Timely" with respect to governmental units is defined in section 502(b)(9) as 180 days from the date of the order for relief. Again, the Court lacks the authority to shorten that period and therefore lacks the authority to authorize the Debtors to file section 501(c) proofs of claims on behalf of governmental unit creditors earlier than the expiration of that 180 day period. And the Debtors do not need an order of court to file a proof of claim under section 501(c) after the applicable bar date.

Finally, the Debtors may request an estimation of any "contingent or unliquidated" claim of any creditor under section 502(c)(1) at any time. There is no need for an order so stating, and no authority in this Court to expand the scope of that section to include claims that are not contingent or unliquidated.

For these reasons, the Debtors' Motion Pursuant to Bankruptcy Rules 2002 and 3003 (i) fixing Bar Date for Filing Proofs of Claim Against and Interests in the Debtors, and (ii) Approving the Form and Manner of Service of the Notice of Deadline is granted, except that (a) the bar date for governmental units shall be no earlier than December 2, 2002, and (b) the requests for authority to file proofs of claim under 11 USC section 501(c) and requests for estimation of claims under 11 USC section 502(c) are denied, without prejudice to the Debtors' right to file such proofs and requests in accordance with those provisions.

The Debtors will submit a form of order in accordance with this opinion.

Dated: June 6, 2002

Entered:

/s/ Ronald Barliant
Ronald Barliant
Bankruptcy Judge

2