```
            IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE

IN RE:                          .    Chapter 11
                                .
DESOLATION HOLDINGS, LLC        .    Case No. 23-10597 (BLS)
                                .
                                .
     Debtors.                   .
                                .    July 19, 2023
. . . . . . . . . . . . . . . . .    1:30 p.m.


                 TRANSCRIPT OF HEARING BEFORE
               THE HONORABLE BRENDAN L. SHANNON
               UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:


For the Debtors:        Young Conaway Stargatt & Taylor, LLP
                        BY:  ROBERT S. BRADY, ESQ.
                        1000 N. King Street, Suite 810
                        Wilmington, DE  19801
                        Tel: (302) 571-6600
                        Email:  leonhardt@teamrosner.com

                        Quinn Emmanuel, LLP
                        BY:  SUSHEEL KIRPALANI, ESQ.
                        51 Madison Avenue, 22nd Floor
                        New York, NY 10010
                        Tel: (212) 849-7000
                        Email:
                        shusheelkirpalani@quinemmanuel.com




Audio Operator:         Dana L. Moore, ECRO


Transcription Company:  Reliable
                        1007 N. Orange Street
                        Wilmington, Delaware 19801
                        (302)654-8080
                        Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript
             produced by transcription service.
```

1    (Recorded proceedings commence at 1:32 p.m.)
2        THE COURT: Mr. Kirpalani, good to see you. Welcome.
3        MR. KIRPALANI: Good to see you. Susheel Kirpalani
4 of Quinn Emmanuel Urquhart & Sullivan. With me is my partner
5 Patty Tomasco.
6        THE COURT: Good to see you.
7        MR. KIRPALANI: And my colleague, summer associate,
8 Matthew Hamilton, and I know you know Bob Brady.
9        THE COURT: I do.
10       MR. KIRPALANI: We're here on behalf of the debtors,
11 Desolation Holdings, and its affiliated debtors in possession..
12 Your Honor, we are here today on Docket No. 134 which was the
13 debtors' motion to estimate under Section 105(a) and 502(c),
14 the contingent and unliquidated claims of the Securities and
15 Exchange Commission.
16       We appreciate the Court's indulgence the last couple
17 of weeks when we needed some additional time to try to work
18 things out. And I'm pleased to report that I do think as of
19 this morning we have the framework of an agreement.
20       As things often require, it does need some additional
21 marinating, I think, with respect to language, the contours of
22 what it might look like, as well as there are two co-defendants
23 beyond the debtors in the action commenced by the SEC in
24 Seattle federal court. We'll need some time to work through
25 issues with them as well.

1          I have spoken with counsel to the SEC who is here in
2 the courtroom about where I think we are, and I think that what
3 makes most sense for all the parties is to adjourn this motion
4 if it's okay with the Court without a date, that was at the
5 request of the SEC.  I'm not sure of Your Honor's policy if
6 you'd like to always have a holding date.
7          THE COURT:  I'm unlikely to get in the middle of this
8 dynamic until and unless I have to.  So a request to adjourn is
9 probably going to be fine.  It's not typical.  The only thing
10 that I worry about as a matter of case administration is stuff
11 falling off the radar.  This is not an item that's likely to
12 get forgotten by people.
13         MR. KIRPALANI:  No, that's for sure.  Hopefully later
14 this summer we'll have some definitive resolution and we can
15 come back to the Court.
16         I think the process would be, just so Your Honor
17 could anticipate it, if we do have a deal and all of the
18 parties can agree to language, then I think the process should
19 be that the SEC staff needs to get permission from the
20 Commission itself to go forward with it.  Thereafter, it will
21 be presented in the District Court in Seattle for conditional
22 approval, if you will, because it obviously needs the debtor in
23 possession's own business judgment to be approved by this
24 Court, you know, which is the chicken, which is the egg.  I
25 think it doesn't really matter too much to us as long as

1  nothing will get inked and be binding on the debtor until this
2  Court approves it in the future.
3         THE COURT:  That certainly sounds fine to me.  And,
4  again, I have limited visibility into the arrangements you've
5  described or at least the status of the negotiations thus far.
6  And you're right, there have been a number of communications to
7  chambers again asking for an opportunity to move a hearing or
8  for a little bit of flexibility to allow a complex negotiation
9  to continue, and I was more than happy to accommodate that.
10        I would make an observation, and again, I'll hear
11 from everybody today.  You mentioned the chicken and egg issue,
12 and we've seen this before.  And my only observation or offer
13 is that if that becomes an issue I will ask that the parties
14 feel free to request a status conference or something else.
15        I've had plenty of situations, I'm sure you have as
16 well, where there are different forums that have a particular
17 role and a responsibility.  And if there's a concern about
18 where to start or if there's a disagreement about that, I'd
19 rather not burn a lot of candle power on that question.  And so
20 hopefully we can navigate that.
21        Again, I'm not going to insert myself into the
22 process at this point.  You folks know your case and your
23 issues far better than I do at this stage.  And, but if it's a
24 question of mechanics, where do we start, I've had that, again,
25 sometimes it kicks in with MDLs or, you know, other sorts of

1  regulatory actions.
2          Sometimes you've got to go to a commission or FERC or
3  something else.  And I've often seen things just get completely
4  frozen because nobody knows who to ask first.  And if I can be
5  of assistance, if that's necessary, that's certainly an offer
6  I'd be happy to carry through on.
7          MR. KIRPALANI:  I appreciate that very much, Your
8  Honor.  And with that, I will see if the SEC has any additional
9  comments.
10         THE COURT:  Sure.
11         Ms. Schrage?
12         MS. SCHRAGE:  Yes, thank you.
13         THE COURT:  Welcome.
14         MS. SCHRAGE:  Patricia Schrage from the Securities
15 and Exchange Commission.  I'm here today with my colleague,
16 Therese Schewen.
17         THE COURT:  Ms. Schewen, good to see you again.
18         MS. SCHRAGE:  And we appreciate the Court's
19 flexibility in moving these dates and your offer of assistance.
20 And I just want, I do want to, I don't have much to add, we're
21 really just here to introduce ourselves, and to let you know,
22 you know, that there are ongoing discussions and if there is an
23 agreement, we would need to get the Commission, our client's
24 approval.  And that will be the next step.
25         THE COURT:  So let me ask you a question.  Mr.

Kirpalani touched on this question, the idea of adjourning their motion, and I'm fine with that. That's not typical, but I would defer to your collective wisdom in this, and I'm happy to do that.

What do you see for next steps from the point of view of the Court? Let's assume that it doesn't turn into a contested maelstrom of litigation. The parties will negotiate, and if there's a deal to be had, does that go to Seattle or to Washington --

MS. SCHRAGE: I mean we have to go back to our client, the Commission, the Securities and Exchange Commission to vote on that matter. And then we could do the next step would be to go to the District Court and to Your Honor.

THE COURT: Okay.

MS. SCHRAGE: And we do appreciate, I hear what you're saying in terms of mechanics. And so we do appreciate that if we need some assistance, coming back to the Court.

THE COURT: Sure. And, again, often it's a question of, you know, over weaning or careful courtesy to make sure that they're not ticking off one court or the other. And, again, I get that, and if I can be of assistance in moving that process forward, I would be happy to.

And obviously, your office has a lot going on in this space right now, and I'm happy to take up as little much oxygen of that dialogue as needs to.

1   But, no, I have no issue with the request for an
2 adjournment. And it doesn't seem that there are any other open
3 issues or discovery. You know, estimation is an interesting
4 process. We don't see a ton of it in the bankruptcy court.
5 And the caselaw teaches that it's an infinitely flexible tool
6 which is almost, it's a mixed blessing in that respect about
7 how exactly you conduct a proceeding in that respect.
8   So I enjoyed both the debtors' papers and your
9 response focusing on an issue that we don't necessarily touch
10 on all that much. But I'm also happy to not have to decide it
11 at least so far.
12   Is there anything else that you would need from the
13 court at this point?
14   MS. SCHRAGE: No, nothing else. Thank you, Your
15 Honor.
16   THE COURT: Mr. Kirpalani, where does that leave us
17 then for purposes of today?
18   MR. KIRPALANI: I think that's all we had for today,
19 Your Honor.
20   THE COURT: Okay.
21   MR. KIRPALANI: I appreciate that you made this
22 special date for this particular motion, and I'm glad that you
23 can have your afternoon back.
24   THE COURT: I'm happy to have my afternoon. And,
25 again, we've joked about this, you know, from everything with

8

1  the bitcoin DIP order to the other matters.  And there were
2  plenty of ominous rumblings from your side of the bench of the
3  courtroom about what was coming and what we'd have to decide.
4        MR. KIRPALANI:  Right.
5        THE COURT:  So far I'm not doing a lot for my
6  paycheck, so I'm not going to complain.
7        All right.  With that, then unless there's anything
8  else, we'll stand in adjournment.  Thank you, counsel.
9              (Proceedings adjourned 1:41 p.m.)
10
11

1                         CERTIFICATION
2          I certify that the foregoing is a correct transcript
3  from the electronic sound recording of the proceedings in the
4  above-entitled matter to the best of our knowledge and ability.
5
6  /s/ Theresa Pullan                         July 23, 2023
7  Theresa Pullan, CET-780
8  Certified Court Transcriptionist
9  For Reliable