EXHIBIT A

**quinn emanuel** trial lawyers | houston

Pennzoil Place, 711 Louisiana Street, Suite 500, Houston, Texas 77002-2721 | TEL (713) 221-7000 FAX (713) 221-7100

WRITER'S DIRECT DIAL NO.
**(713) 221-7227**

WRITER'S EMAIL ADDRESS
**pattytomasco@quinnemanuel.com**

July 17, 2023

**VIA EMAIL AND U.S. MAIL**

John Guedry in capacity as receiver of Prime Trust
2700 West Sahara Avenue
Las Vegas, NV 89102
Telephone: (702) 497-0278
Email: jguedry@bankofnevada.com

Re:   In re Bittrex Inc., et al., Case Number 115028

Dear Mr. Guedry:

We represent Bittrex, Inc. ("BUS") and write to you in your capacity as the receiver of Prime Core Technologies, Inc., and/or any of its subsidiaries or entities related thereto including Prime Trust LLC, Prime IRA, LLC, and/or Prime Digital, LLC (collectively, "Prime Trust").

On May 8, 2023 ("Petition Date"), BUS and certain of its affiliates filed petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). *In re Desolation Holdings, Inc.*, Case No. 23-10597 (BLS). As of the Petition Date, BUS held $1,000,000 in an ACH reserve account ("Reserve Account") and $833,550.66 in a custodial account at Prime Trust ("Custodial Account" and with the Reserve Account, the "Accounts"). *Id.*, ECF 142 at 3.

BUS has asked Prime Trust several times if it could withdraw funds in the Accounts, and each time was informed that Prime Trust could not honor the withdrawals. Securing the funds is imperative for the Debtors, for at least two reasons. *First*, section 345(b) of the Bankruptcy Code requires the Debtors' funds to be placed into sufficiently collateralized accounts. Prime Trust is not compliant with section 345(b), and therefore, the Debtors at this time are required to move those funds into a compliant account. *Second*, the Bankruptcy Court has authorized the Debtors to honor withdrawals by customers of fiat currencies associated with their customer accounts. *In re Desolation Holdings, Inc.*, Case No. 23-10597 (BLS), ECF 128 (Bankr. D. Del. June 13, 2023).

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

The funds in the Custodial Account will be used to honor customer withdrawals, and the funds in the Reserve Account are necessary to execute ACH payments to BUS' customers.

We understand that Judge presiding over the Prime Trust receivership action, *O'Laughlin v. Prime Core Technologies, Inc. et al.*, Case No. A-23-872963-B (Nev. 8th Jud. District), has ordered that it has exclusive jurisdiction over the assets of Prime Trust, and has enjoined any party from "taking or attempting to take possession, custody, or control of any Assets of [Prime Trust]," and from "withdrawing any funds from [Prime Trust's] accounts." However, as you are surely aware, federal bankruptcy law trumps state law, and section 542 of the Bankruptcy Code requires entities that are in possession of property of the bankruptcy estate or that owe payable debts to the debtor to turn over such property and pay such debts promptly.

Please contact me by July 21, 2023 so that we can discuss this matter.

Very truly yours,

Patricia Tomasco