**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Hrg. Date: N/A**<br>**Obj. Deadline: N/A** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIOD FOR DEBTORS' MOTION FOR ENTRY OF AN ORDER AMENDING CASH MANAGEMENT ORDER TO REQUIRE CUSTOMERS BANK TO HONOR DEBTORS' BANK ACCOUNT REQUESTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), having contemporaneously filed herewith the *Debtors' Motion for Entry of an Order Amending Cash Management Order to Require Customers Bank to Honor Debtors' Bank Account Requests* ("Motion to Amend"),[2] hereby submit this motion ("Motion to Shorten") requesting that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) shortening the time for notice of the hearing to consider approval of the Motion to Amend so that it may be heard at the hearing scheduled on **August 16, 2023 at 10:00 am (ET)** (the "Hearing"); and (b) setting a deadline of **August 9, 2023 at 4:00 pm (ET)** (the "Proposed Objection Deadline") for objections or responses to the relief requested in the Motion to Amend. In support of this Motion to Shorten, the Debtors respectfully state as follows:[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Amend.

[3] Pursuant to the Bankruptcy Rules and Local Rules, the relief requested herein can likely be sought on 14 days' notice. However, the Debtors are filing this Motion to Shorten out of an abundance of caution.

30625515.2

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule[s]"), the Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1(e).

## BACKGROUND

4. On July 12, 2023, the Court entered two orders. The first was the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Post-Petition Intercompany Balances, and (III) Granting Related Relief* [D.I. 205] (the "Final Cash Management Order"). The second was the *Further Interim Order Extending the Debtors' Deadline to Comply with Section 345(b) of the Bankruptcy Code* [D.I. 206] (the "Fourth Interim Order").[4]

---

[4] Additional details regarding the background preceding the entry of the Final Cash Management Motion and the Fourth Interim Order are set forth in the Motion to Amend.

5.      As noted in the Motion to Amend, BUS has opened the Citizens Bank Operating Account and is ready to move a substantial portion of its funds to that account. However, it will take additional time to complete the process of setting up payments out of the Citizens Bank Operating Account for the purpose of making payroll and vendors. Therefore, BUS intends to move the majority of its operating funds to the Citizens Bank Operating Account, leaving only enough in the Customers Operating Account to fund payroll and vendor expenses until those payments are set up through the Citizens Bank Operating Account. BUS believes that this approach will both ensure compliance with Bankruptcy Code section 345(b) and avoid any risk of irreparable harm to the Debtors, their estate, and the Debtors' employees.

6.      From their discussions with Customers Bank, the Debtors are concerned that if they move a portion of the funds to Citizens Bank, Customers Bank may stop banking with the Debtors. Customers Bank has suggested to the Debtors that they would only provide banking services until June 30, 2023, stating that it was still waiting for the "the indications on the actions we [i.e., Customers Bank] need to take (if any) post June 30." Although Customers Bank has not yet taken any such action, the Debtors are concerned that if they transfer a substantial portion of their funds to Citizens Bank, Customers Bank will prohibit BUS from using the Customers Operating Account other than to transfer all of the funds to the Citizens Bank Operating Account because it will signal that BUS has another account and is no longer reliant on Customers Bank. As discussed above, the estate will suffer irreparable harm if payments to vendors and employees are blocked.

## BASIS FOR RELIEF

7.      Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

Pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion "specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of motions to shorten "[g]iven the accelerated time frame of bankruptcy proceedings").

8. Cause exists to shorten notice of the Motion to Amend so that it may be heard at the Hearing. As stated in the Motion to Amend, the Debtors have made substantial efforts to become Section 345(b)-compliant, and finally, they are at a point where compliance is likely to be obtained soon. By approving the Motion to Amend, the Court will assist the Debtors in preserving this timeline. Further, the request to shorten the notice period herein will not substantially prejudice parties in interest. The Motion to Amend proposes minor revisions to the Cash Management Order to ensure that Customers Bank will comply with the Debtors' ordinary-course banking requests and, in so doing, not violate the automatic stay.

9. Based on the foregoing, the Debtors submit that (a) cause exists to justify shortening the notice period for the hearing on the Motion to Amend; and (b) notice to the parties identified below will be adequate and sufficient given the exigent circumstances. Accordingly, the Debtors request that the Motion to Amend be heard on shortened notice at the Hearing, with objections due by the Proposed Objection Deadline.

## NOTICE

10. The Debtors will provide notice of this Motion to Customers Bank and the

following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, FinCEN, and the Office of Foreign Assets Control; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice needs to be given.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as is just and proper.

| | |
|---|---|
| Date: August 2, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Joshua Brooks (Delaware Bar No. 6765)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br>Email: jbrooks@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |