IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>September 13, 2023 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>August 21, 2023 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
EXTENDING THE DEADLINE BY WHICH TO ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby file this Motion (the "**Motion**") for entry of an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**") extending the deadline to assume or reject unexpired leases of nonresidential property (the "**Assumption/Rejection Period**") under which any of the Debtors is a lessee (collectively, the "**Real Property Leases**," and the lessors thereunder, collectively, the "**Lessors**") by ninety (90) days from September 5, 2023, through and including December 4, 2023. In support of this Motion, the Debtors represent respectfully state as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

11606-00001C/14237816.2

of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

## BACKGROUND

**A.    General Background**

4. On May 8, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") (collectively, the "**Chapter 11 Cases**").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to manage their business and financial affairs as debtors in possession.  No official committees have been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

5. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I. 11].[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day
11606-00001C/14237816.2

**RELIEF REQUESTED**

6. The Debtors submit this Motion, pursuant to Bankruptcy Code section 365(d)(4), requesting entry of the Proposed Order extending the Assumption/Rejection Period by ninety (90) days from September 5, 2023, through and including December 4, 2023. Such an extension would be without prejudice to the Debtors' rights, pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), to request a further extension of the Assumption/Rejection Period with the consent of the affected Lessors.

**BASIS FOR REQUESTED RELIEF**

7. The Debtors submit that ample cause exists to extend the Assumption/Rejection Period as requested herein. On the Petition Date, the Debtors were parties to certain Real Property Leases, each of which holds potential value to the estates during the course of the Debtors' wind-down and, by extension, all interested parties. For the reasons set forth below, the Debtors need additional time to determine whether each of the Real Property Leases will ultimately need to be assumed and assigned to a third party, or rejected. The requested extension of the Assumption/Rejection Period is consistent with the goals of the Bankruptcy Code and will not unduly prejudice any of the Lessors for the reasons described below.

8. Absent the relief requested in this Motion, if the Debtors fail to assume or reject any of the Real Property Leases during the Assumption/Rejection Period, such lease will automatically be deemed rejected. 11 U.S.C. § 365(d)(4). Bankruptcy Code section 365(d)(4)(B) provides, however, that, on a motion by the Debtors, the Court may extend the initial 120-day deadline by ninety (90) days "for cause." 11 U.S.C. § 365(d)(4)(B)(i). Any subsequent extensions

Declaration.
11606-00001C/14237816.2

of the Assumption/Rejection Period may only be granted with the prior written consent of the affected Lessors. 11 U.S.C. § 365(d)(4)(B)(ii).

9. The Third Circuit Court of Appeals has recognized that nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for. *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993). As the bankruptcy court in one frequently cited decision observed, there are essentially three factors that are weighed by the courts in determining whether cause exists to extend the deadline to assume or reject unexpired leases of nonresidential real property:

> (i) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtor;
>
> (ii) whether the case is complex and involves large numbers of leases; and
>
> (iii) whether or not the debtor has had sufficient time to intelligently appraise the value of each lease for purposes of a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); *accord Channel Home Ctrs.*, 989 F.2d at 689 (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

10. The Debtors submit that the *Wedtech* factors weigh in favor of granting the requested extension and demonstrate that cause exists to extend the time within which the Debtors may assume or reject the Real Property Leases. As to the first factor, although the Debtors are winding down their affairs, they need additional time to determine whether it is possible to assume and assign, rather than reject, the leases. Successfully assuming and assigning the leases, rather than rejecting them, will narrow the claims that can be asserted against the estate and avoid the need to litigate any claims objections under 11 U.S.C. § 502(b)(6). As to the second factor,

although the Debtors do not have a significant number of Real Property Leases, the Chapter 11 Cases are complex and extending the deadline will permit the Debtors to focus on finalizing their plan and disclosure statement. Finally, as to the third factor, it is true that the Debtors are winding down their affairs, but the extension will give the Debtors sufficient time to determine whether the leases can be assigned to third parties and potentially eliminate any claims for rejection damages.

11. The Debtors' decision whether to assume and assign or reject the Real Property Leases is critical to the Debtors' efforts to efficiently and expeditiously wind-down their affairs while maximizing the value of their estates. If the Debtors were compelled at this time to make a premature decision, they might be forced to reject the Real Property Leases, which could lead to large and unwarranted claims against their estates if the Real Property Leases would otherwise have been assumed and assigned. As such, the extension requested herein will decrease the risk of such negative outcomes for the Debtors' estates and will, therefore, benefit all stakeholders.

12. Furthermore, pending the Debtors' decision to assume or reject the Real Property Leases, the Debtors intend to perform all of their undisputed obligations arising from and after the Petition Date in a timely fashion to the extent required by Bankruptcy Code section 365(d)(3). The Debtors are currently paying and will continue to pay the postpetition obligations that arise under the Real Property Leases in the ordinary course of business. As such, the Debtors' requested extension of time to assume or reject the Real Property Leases will not prejudice or otherwise affect the substantive rights of the Lessors. *See, e.g.*, *Chapman Inv. Assocs. v. Am. Healthcare Mgmt. (In re Am. Healthcare Mgmt., Inc.)*, 900 F.2d 827, 832 (5th Cir. 1990) (stating that "an order extending the time for a debtor to assume or reject a lease merely preserves the status quo" (quoting *In re Victoria Station Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989))); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 52 B.R. 850, 854–55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who

11606-00001C/14237816.2

5

received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline).

13. Accordingly, the Debtors submit that cause exists for the Court to extend the Assumption/Rejection Period for an additional 90 days, through and including December 4, 2023

## NOTICE

14. Notice of this Motion shall be given to: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, FinCEN, and the Office of Foreign Assets Control; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (k) the Lessors and counsel to the Lessors if known. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Date: August 7, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Joshua Brooks (Delaware Bar No. 6765)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br>Email: jbrooks@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |