## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: <br> **September 13, 2023 at 10:00 a.m. (ET)** |
| | **Objection Deadline**: <br> **August 21, 2023 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULES 9006 AND 9027, EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 through and including November 5, 2023. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This matter is a core proceeding pursuant

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3.      On May 8, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") (collectively, the "**Chapter 11 Cases**").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to manage their business and financial affairs as debtors in possession.  No official committees have been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

4.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I. 11].[2]

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## RELIEF REQUESTED

5.      Currently, August 7, 2023 is the deadline for the Debtors to file notices of removal

pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 (the "**Current Removal Deadline**").  By

this Motion, the Debtors request the Court to enter the Proposed Order, extending the period within

which the Debtors may remove actions and related proceedings, by 90 days, through and including

November 5, 2023,[3] without prejudice to the rights of the Debtors and their estates to seek further

extensions of the Current Removal Deadline.

## BASIS FOR RELIEF

6.      Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil

actions.  Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other
> than a proceeding before the United States Tax Court or a civil action
> by a governmental unit to enforce such governmental unit's police or
> regulatory power, to the district court for the district where such civil
> action is pending, if such district court has jurisdiction of such claim or
> cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case
> under the [Bankruptcy] Code is commenced, a notice of removal may
> be filed in the bankruptcy court only within the longest of (A) 90 days
> after the order for relief in the case under the Code, (B) 30 days after
> entry of an order terminating a stay, if the claim or cause of action in a
> civil action has been stayed under § 362 of the Code, or (C) 30 days
> after a trustee qualifies in a chapter 11 reorganization case but not later
> than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

---

[3]  Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline
shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for
entry of a bridge order.

11606-00001C/14237815.2

7.       Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

*Id.* at 9006(b)(1).  Accordingly, the Court is authorized to grant the relief requested herein.  *See Raff v. Gordon*, 58 B.R. 988, 991 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438, 442-43 (Bankr. N.D. Iowa 1990) (implying that the time period in which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

8.       As of the Petition Date, the Debtors were parties to seven actions pending other courts and/or tribunals.  *See* Bittrex, Inc. Statement of Financial Affairs § 7 [D.I. 88 at 34-35].  Out of an abundance of caution, the Debtors believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove any such actions (each an "**Action**" and, collectively, the "**Actions**").

9.       Since the commencement of these Chapter 11 Cases, the Debtors have worked diligently to ensure the Debtors' smooth transition into chapter 11, and to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders.  To that end, the Debtors have, among other things: (i) obtained an order permitting them to continue to honor withdrawals by

customers of cryptocurrency assets and fiat currencies associated with their accounts [D.I. 128]; (ii) pursuant to an order of the Court [D.I. 107] (the "**Bar Date Order**"), established bar dates for the filing of proofs of claim against the Debtors and their estates, including claims under section 503(b)(9) of the Bankruptcy Code; (iii) retained professionals; (iv) worked with the Office of the United States Trustee for the District of Delaware to resolve a number of its comments with respect to various orders; (v) responded to various creditor and/or customers inquiries and demands; (vi) worked diligently to resolve claims asserted against them by the Securities and Exchange Commission; and (vii) handled the various other tasks related to the administration of the Debtors' estates, the Chapter 11 Cases, and the wind down of the Debtors' business affairs.

10.     The Debtors submit that extending the Current Removal Deadline is in the best interests of the Debtors, their estates and creditors.  The extension sought will afford the Debtors an opportunity to make fully informed decisions concerning the removal of any Action, and will ensure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452.  Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of any parties to any Actions because in nearly all of the Actions, such parties could not prosecute them absent relief from the automatic stay.  In addition, nothing herein will prejudice any party to an Action that the Debtors may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C § 1452(b) at the appropriate time.

11.     For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including November 5, 2023 is necessary, prudent and in the best interests of the Debtors, their estates and creditors.

**NOTICE**

12.     The Debtors will provide notice of this Motion to: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, FinCEN, and the Office of Foreign Assets Control; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (k) all known parties to the Actions and their counsel, if known.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other relief as the Court may deem just and proper.

Date: August 7, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Joshua Brooks (Delaware Bar No. 6765)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com
Email: jbrooks@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**