

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Kenneth J. Enos**
P 302.571.5003
kenos@ycst.com

August 9, 2023

FILED ON THE DOCKET
The Honorable Judge Brendan L. Shannon
U.S. Bankruptcy Court District of Delaware
824 N. Market Street
6th Floor, Courtroom 3
Wilmington, DE 19801

Re:  *In re: Desolation Holdings, LLC,* Case No. 23-10597 (BLS)

Debtors' Requests for Production in Connection With *Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt* [D.I. 149, 152]

Dear Judge Shannon:

      We write on behalf of debtor and debtor-in-possession Bittrex, Inc. ("BUS", and together with their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" ) to request a status conference with respect to the Debtor's First Set of Requests for Production to the State of Florida Office of Financial Regulation ("RFPs").  A true and correct copy of the RFPs is attached hereto as Exhibit A.

      The RFPs relate to the contested matter concerning Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt [D.I. 149, 152] (the "Motion") and the Florida Office of Financial Regulation's Objection to Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt [D.I. 168, 170] (the "Opposition").  The Motion is currently scheduled to be heard at the omnibus hearing on August 16, 2023 at 10:00 a.m. (ET)..

      Through the Motion, the Debtors seek an order holding the Florida Office of Financial Regulation ("Florida OFR") in contempt for violating the automatic stay and section 525 of the Bankruptcy Code.  The Florida OFR filed an Administrative Complaint ("Complaint") against BUS and several individuals associated with BUS to revoke BUS' money transmitter license ("License"), but continued to prosecute that Complaint post-petition in violation of the automatic stay, even though BUS had already surrendered its License and is winding down its affairs.  Moreover, the Florida OFR explicitly stated to BUS that it filed the Complaint based on BUS' financial condition, which is a facial violation of section 525 of the Bankruptcy Code.

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P  302.571.6600    F  302.571.1253    YoungConaway.com

30647891.1

Young Conaway Stargatt & Taylor, LLP
Judge Shannon
August 9, 2023
Page 2

The Florida OFR disputes the Motion. It asserts that notwithstanding the fact that there are no ongoing violations of Florida law, notwithstanding the fact that BUS has already surrendered its License, and notwithstanding the fact that BUS is winding down its affairs, it can continue to prosecute the Complaint to "protect[] Florida consumers from potential harm, hold[] responsible parties accountable for their violations of Florida law, and deter[] and prevent[] future violations." Opposition ¶ 3. Moreover, the Florida OFR disputes that it filed the Complaint based on BUS' financial condition. Id. ¶¶ 24-25.

Due to the factual disputes set out in the Opposition, on July 20, 2023, the Debtors propounded 16 requests for production on the Florida OFR, requesting documents and communications relating to the factual issues that are in dispute, and which are necessary to test the Florida OFR's factual assertions, including the Florida OFR's documents and communications concerning: BUS's winddown and the surrender of its License; BUS's surrender of money transmitter licenses in other states; the Florida OFR's long-prior knowledge of consent orders with OFAC, FinCEN, and the Connecticut Banking Commissioner, and the NYDFS' license denial; the Florida OFR's assessment of BUS' financial condition and the Florida OFR's decision to file and prosecute the Complaint in close proximity to BUS's recent financial deterioration.

The documents requested are plainly relevant to the Motion, and are designed to test the newly-alleged facts set out in the Opposition. Given the timing of the hearing on the Motion, the Debtors requested a response within 14 days. Rather than substantively engage with the Debtors to resolve the discovery request, the Florida OFR took the position that it would not provide any responses, and that no discovery is warranted. A true and correct copy of the Florida OFR's letter is attached hereto as Exhibit B.

We therefore request that the Court set a status conference concerning the RFPs this week so that the parties can get guidance on how to proceed.

Respectfully submitted,

*/s/ Kenneth J. Enos*

Kenneth J. Enos

cc:    Counsel to the Florida Office of Financial Regulation

30647891.1

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

## FIRST SET OF REQUESTS FOR PRODUCTION TO THE STATE OF FLORIDA, OFFICE OF FINANCIAL REGULATION

Pursuant to rules 26 and 34 of the Federal Rules of Civil Procedure and rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, the debtors and debtors in possession in these chapter 11 cases Desolation Holdings LLC, Bittrex, Inc., Bittrex Malta Holding Ltd., and Bittrex Malta Ltd. (collectively, the "Debtors" as further defined below) hereby propound their First Set of Requests for Production ("Requests") to the State of Florida, Office of Financial Regulation ("Florida OFR"). The Debtors request that the Florida OFR produce all documents responsive to the following First Set of Requests for Production no later than August 4, 2023.

## DEFINITIONS

1. "All" means the whole of, the entire quantity, the entire amount, and as much as possible.

2. "Any" and "each" are understood to include and encompass "all."

3. "Bankruptcy Code" means title 11 of the United States Code.

4. "Bankruptcy Proceedings" means the jointly administered chapter 11 cases pending before the United States Bankruptcy Court for the District of Delaware and captioned *In re*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

*Desolation Holdings LLC, et al.*, Case No.: 23-10597 (BLS), and any contested matters or adversary proceedings relating thereto.

5. "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, and otherwise) and encompasses every medium of transmittal, including oral, written, graphic, electronic communication, and any document evidencing such communication, including correspondence, memoranda, notes or logs of telephone conversations, electronic mail, diaries, daily calendars, or other records of exchanges between persons.

6. "Complaint" means the *Administrative Complaint and Notice of Rights* that the Florida OFR filed in the proceeding *In re: Bittrex, Inc., Richie Lai, William Hiroaki Shihara, Rami Kawach, James Waschak, and Michael Joseph Carter*, Case Number 115028.

7. "Complaint Respondents" means Bittrex, Inc., Richie Lai, William Hiroaki Shihara, Rami Kawach, James Waschak, and Michael Joseph Carter.

8. "Connecticut Consent Order" means the *Consent Order* entered by Bittrex, Inc. and the Connecticut Banking Commissioner in October 2020 in *In the matter of: Bittrex, Inc. d/b/a Bittrex NMLS # 1544336*.

9. "Debtors" means Desolation Holdings LLC, Bittrex, Inc., Bittrex Malta Holding Ltd., and Bittrex Malta Ltd., and each of their affiliates, predecessors, successors, divisions, parents, subsidiaries, and joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with it, and any others acting or purporting to act on their behalf.

10. "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or

stored communication or representation, whether comprised of letters, words, numbers, data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof. For the avoidance of doubt, "Document" means anything which may be considered to be a document or tangible thing, and includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, text messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

11. "FinCEN Consent Order" means the *Consent Order Imposing Civil Money Penalty* entered by Bittrex, Inc. and the United States Financial Crimes Enforcement Network in October 2022 in *In the Matter of: Bittrex, Inc.*, Case Number 2022-03.

12. "Florida Surrender Letter" means the letter dated that Bittrex, Inc. sent to the Florida OFR stating that Bittrex, Inc. intended to surrender the License.

13. "Including" means "including but not limited to" and "including without limitation."

3

14. "License" means Bittrex, Inc.'s money services business License Number FT230000232 issued on October 4, 2018.

15. ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

16. "NYDFS License Denial" means the New York State Department of Financial Services' April 10, 2019 denial of the *Application of Bittrex, Inc. for a License to Engage in Virtual Currency Business Activity Pursuant to Part 200 of Title 23 of the New York Codes, Rules and Regulations, and to Engage in Money Transmission Activity under the Article 13-B of the New York Banking Law*, and the related cease and desist order.

17. "Objection" means the *Florida Office of Financial Regulation's Objection to the Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt* filed on July 5, 2023 in the Bankruptcy Proceedings [D.I. 168].

18. "Person" shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

19. "Relating" when used with respect to any given subject, means and includes analyzing, consisting, constituting, containing, comprising, commenting upon, connected with, concerning, contradicting, dealing with, describing, embodying, establishing, evidencing, identifying, listing, memorializing, pertaining to, purporting, referring to, relating to, regarding, recording, responding to, reflecting, representing, stating, substantiating, showing, supporting, or with respect to, whether in whole or in part or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse.

20. ████████████████████████████████████████████████████
████████████████

21. "Texas Consent Order" means the *Consent Order* entered by Bittrex, Inc. and the Banking Commissioner of the State of Texas on or around April 4–5, 2023 in *In the Matter of: Bittrex, Inc.*, *Money Transmission License no. 3171*, Order No. 2023-10.

22. "Texas Surrender Letter" means the letter that, on or around March 17, 2023, Bittrex, Inc. sent to the Texas Department of Banking stating that Bittrex, Inc. intended to surrender its state money transmitter licenses.

23. "You" and "Your" means the Florida OFR, and any of their agents, consultants, or any other person acting or purporting to act on their behalf.

**INSTRUCTIONS**

1. You are requested to produce all Documents described below that are within Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or any other person or entity acting or purporting to act on Your behalf.

2. Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact.

3. You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4. If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5. If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6. If any Document is withheld from production on the basis of any claimed privilege or immunity or other ground, furnish a list specifying: (a) the nature of the privilege, immunity, or other ground claimed; (b) the authors of the Document; (c) all persons who received copies of the Document; (d) the date of the Document; (e) the type of Document withheld (*e.g.*, memorandum, letter, report, email, etc.); and (f) the general subject matter of the Document sufficient to enable the Debtors to assess the applicability of the claimed privilege, immunity, or other ground for refusal to produce.

7. In the event any Document responsive to these requests has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, etc.); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the persons authorizing and carrying out such destruction or discard.

8. Unless expressly indicated to the contrary, each request herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or

deletions. The term "original" includes the file copy and copies of any Document if there is no actual original or ribbon copy.

10. Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to"; (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

11. These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents between the time of initial production and the time of the trial. Such supplemental Documents must be produced promptly upon discovery. The Debtors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents before trial.

**REQUESTS FOR PRODUCTION**

**Request for Production No. 1:**

All Documents and Communications Relating to the winddown of Bittrex, Inc.'s regulated activity in the U.S. and/or the surrender of its state money transmitter licenses, including the License.

**Request for Production No. 2:**

All Documents and Communications Relating to the Florida Surrender Letter.

**Request for Production No. 3:**

All Documents and Communications Relating to the Texas Surrender Letter.

**Request for Production No. 4:**

All Documents and Communications Relating to the Texas Consent Order.

**Request for Production No. 5:**

All Documents and Communications Relating to the FinCEN Consent Order, including those that, in relation to this subject matter, Bittrex, Inc. sent to, exchanged with, shared with, or discussed with the Florida OFR.

**Request for Production No. 6:**

All Documents and Communications Relating to the Connecticut Consent Order, including those that, in relation to this subject matter, Bittrex, Inc. sent to, exchanged with, shared with, or discussed with the Florida OFR.

**Request for Production No. 7:**

All Documents and Communications Relating to the NYDFS License Denial, including those that, in relation to this subject matter, Bittrex, Inc. sent to, exchanged with, shared with, or discussed with the Florida OFR.

**Request for Production No. 8:**

[REDACTED]

**Request for Production No. 9:**

All Documents and Communications Relating to Debtors' financial condition from January 1, 2022 through the present.

**Request for Production No. 10:**

All Documents and Communications Relating to the Complaint, including those Relating to the Florida OFR's decision to file the Complaint against of the Complaint Respondents.

**Request for Production No. 11:**

All Documents and Communications Relating to the Florida OFR's allegation in the Objection of "ongoing violations of chapter 560, Florida Statutes" by Bittrex, Inc.

**Request for Production No. 12:**

All Documents and Communications Relating to the Florida OFR's allegation in the Objection of "a failure to segregate customer assets from company operating capital (i.e., commingling")" by Bittrex, Inc.

**Request for Production No. 13:**

All Documents and Communications Relating to the Florida OFR's allegation in the Objection of "████████████████████████████████" by Bittrex, Inc.

**Request for Production No. 14:**

All Documents and Communications Relating to the Florida OFR's allegation in the Objection of "a failure to continuously provide a surety bond in the correct amount" by Bittrex, Inc.

**Request for Production No. 15:**

All Documents and Communications Relating to any of the Florida OFR's other allegations included in the Objection.

**Request for Production No. 16:**

All Documents and Communications Relating to the Bankruptcy Proceedings.

9

| | |
|---|---|
| Dated: July 20, 2023<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Joshua Brooks (Delaware Bar No. 6765)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br>Email: jbrooks@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |

10

# EXHIBIT B



August 3, 2023

**Via Electronic Mail**
Kenneth Enos
Young Conaway Stargatt &
Taylor, LLP
kenos@ycst.com

          Re: *In re: Desolation Holdings LLC, et al. (23-10597 BLS)* **[DI 149] Motion to Enforce the Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt**

Dear Ken:

      I write in follow up to our telephone discussion of Wednesday, August 2nd. I appreciate your time regarding the Debtors' above referenced pending motion for relief (the "Motion"). As we discussed, I have spoken with my clients with respect to the underlying Administrative Complaint and related proceedings, initiated by the Florida Office of Financial Regulation (the "Florida OFR") through service of process on April 17, 2023 against one of the Debtors, Bittrex, Inc., and five of its officers/agents (the "Administrative Proceeding"). As you know, the Administrative Proceeding is the subject of the Motion. As you may be aware, prior to filing a petition for relief under Chapter 11 of the Bankruptcy Code, on May 18, 2023, Bittrex counsel filed a response in the Administrative Proceedings, in which Bittrex and its officers/agents chose an option to allow the parties to engage in settlement negotiations prior to any litigation. Accordingly, to date, there has been no prosecution, of the Administrative Proceedings by the Florida OFR; as of today, the Administrative Proceedings remain open, but quiet.

      In speaking with legal counsel in the Florida OFR, we remain confident that the Administrative Proceeding falls within the "administrative policing exception" to the §362 Automatic Stay. Because, however, prosecution of those proceedings had not yet begun in earnest when the Debtors' filed the Motion, and in deference to the Bankruptcy Court's jurisdiction, the Florida OFR continues to hold the Administrative Proceeding in abeyance until a Court approved resolution might be reached or until the Court rules on the Motion and the response thereto. I hope to speak with you further next week regarding some possible avenues for resolution of relief sought by the Motion.

      As you know, by stipulation and Order entered by the Court on July 10th, the parties adjourned the hearing on the Motion and response filed by the Florida OFR, to August 16th at 10:00 A.M. EDT. As we also discussed yesterday, on or around July 20th, the Debtors served Debtors' First Request for Production of Documents to the Florida OFR, with a return date of August 4th (the "Debtors' RFPs"). I write to respectfully assert that nothing in the Federal Rules of Civil Procedure, including those rules made applicable by the Bankruptcy Rules of Procedure

(collectively, the "Rules"), absent Court order, permit shortening of the time for a party to respond to discovery (specifically, the Debtors' RFPs issued pursuant to Rule 34) to less than thirty (30) days. In this instance of a relatively uncomplicated contested matter, I also respectfully suggest that Debtors' RFPs (and discovery in general here) may not be necessary or warranted.

Again, however, although the Florida OFR will not be responding to the Debtors' RFPs at this time, I remain hopeful that there may be some resolution that we might discuss next week. If we do need to proceed with a hearing before the Court on August 16th, I will, of course, be happy to address the potential need for discovery and adhere to any direction given by the Court in that regard.

Please do not hesitate to contact me with any questions or concerns. I look forward to talking further in the next week.

Very truly yours,

*/s/ Ian Connor Bifferato*
Ian Connor Bifferato