

**THE BIFFERATO FIRM, P.A.**

Ian Connor Bifferato
cbifferato@tbf.legal
302.429.0907

August 10, 2023

**FILED ON THE DOCKET**
The Honorable Judge Brendan L. Shannon
U.S. Bankruptcy Court District of Delaware
824 N. Market Street
6th Floor, Courtroom 3
Wilmington, DE 19801

  Re: *In re: Desolation Holdings, LLC,* Case No. 23-10597 (BLS)

Debtors' Requests for Production in Connection with *Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt* [D.I. 149, 152]

Dear Judge Shannon:

I write on behalf of Florida Office of Financial Regulation (the "OFR") in response to the Debtors' August 9, 2023, Letter to Your Honor, *Regarding Debtors' Requests for Production in Connection with Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt* [D.I. 256] (the "Debtors' Letter"). I represent the Florida OFR with respect to the *Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt* [D.I. 149, 152] (the "Debtors' Motion").

At the outset, I need to clarify two critical uncontested facts for the Court that were not included in the Debtors' Letter:

1) On April 17, 2023, the Florida OFR issued its Administrative Complaint (the "Administrative Complaint," attached hereto as "Exhibit A") against Bittrex, Inc., Richie Lai, William Hiroaki Shihara, Rami Kawach, James Waschak and Michael Joseph Carter, seeking a money transmitter license revocation; service was perfected on April 24, 2023. The OFR's administrative enforcement action was taken well in advance of the Debtors' May 8, 2023 (the "Petition Date") petition for relief under Chapter 11, Title 11, United States Code (the "Bankruptcy Code") and occurred at a time when Bittrex Inc. had recently represented to the OFR that it remained "well capitalized" and had not disclosed any intention of its plans to file its bankruptcy petition.

2) Following the April 24 service on Bittrex Inc. and its control persons, the OFR has not taken any action to prosecute its Administrative Complaint. The matter has not yet been referred for an administrative hearing, and at Bittrex Inc.'s request, the OFR has only

engaged in settlement negotiations since that time, holding its case in abeyance to this day. If the Debtors dispute this fact, they have not done so in any communication with me, nor have they provided any purported evidence of enforcement activity by the OFR.

It is true that I have taken the position that 14 days' notice for discovery is not in accordance with the Federal Rules of Civil Procedure (the "FRCP"). I rely on the same letter the Debtors' attached the Debtors' Letter as "Exhibit B" as evidence of the Florida OFR's good faith interest in, and efforts to resolve, the underlying dispute. Having spoken with the Debtors' counsel at Noon yesterday, I was under the impression that the Debtors had a similar interest in resolving the Motion (and possibly, the underlying Administrative Complaint). Based on my receipt of the Debtors' Letter, I am now assuming the Debtors no longer wish to pursue those discussions.

With regard to the Debtors' request that the Court set a status conference to discuss discovery this week, I respectfully submit that by stipulation and Order [D.I. 186], this matter has been set for a hearing before the Court in less than a week, on August 16, 2023 at 10:00 a.m. Again, I respectfully suggest that the Debtors' Motion implies only one potential substantive issue, which is a legal issue for the Court to decide: Whether the "regulatory/administrative exception" contained in §362(b)(4) of the Bankruptcy Code (the "Automatic Stay") applies to the OFR's Administrative Complaint. Moreover, I also recognize that even this legal issue constitutes a request for an advisory opinion, as the Florida OFR has not and is not actively prosecuting the Administrative Complaint (which, again, was filed pre-petition and seeks only a license revocation).

Lastly, with respect to the Debtors' specific request for discovery, in addition to the 30 days afforded by Rule 34(b)(2)(A) of the FRCP, there are no factual issues that are properly raised and pending before the Court that warrant any discovery. If discovery in the underlying administrative matter is needed, the Debtors are free to seek it in the appropriate Florida tribunal. The Debtors' Motion raised many factual claims in their 21-page, 47-count pleading, to which the OFR was obliged to respond in its Objection. Discovery requests, and much, if not all, of the requested relief in the Debtors' Motion, are at best a distraction from the substantive legal issue before the Court, as outlined above.

The Debtors are (and have been) well aware that, since the filing of the Administrative Complaint, Florida OFR has not taken any action to advance the enforcement proceedings concerning the Administrative Complaint beyond service of the complaint, which was filed weeks before the Petition Date (and without OFR's knowledge of Debtors' bankruptcy plans). Because the facts in this matter clearly demonstrate that the OFR has not violated the Automatic Stay, I am at a loss to see any good faith bases for the relief requested in the Debtors' Motion. Nevertheless, we are prepared to proceed before the Court on August 16th.

Accordingly, I respectfully request that the Court deny the Debtors' request for a status hearing this week and deny the Debtors' request for discovery.

As always, I remain available at the convenience of the Court.

Respectfully Submitted,

*Ian Connor Bifferato*

Ian Connor Bifferato

mf/ICB