# EXHIBIT A

STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION

IN RE:

BITTREX INC., RICHIE LAI, WILLIAM HIROAKI SHIHARA, RAMI KAWACH, JAMES WASCHAK, and MICHAEL JOSEPH CARTER,

Case Number: 115028

**Respondents.**

## ADMINISTRATIVE COMPLAINT

The State of Florida, Office of Financial Regulation ("Office"), files this Administrative Complaint and Notice of Rights ("Complaint") against **BITTREX INC., RICHIE LAI, WILLIAM HIROAKI SHIHARA, RAMI KAWACH, JAMES WASCHAK, and MICHAEL JOSEPH CARTER** (collectively, "Respondents"), alleging:

## GENERAL ALLEGATIONS

1. Pursuant to sections 560.105 and 560.109, Florida Statutes, the Office is charged with administering and enforcing the provisions of chapter 560, Florida Statutes, and conducting examinations and investigations to determine whether any provision of chapter 560, Florida Statutes, or corresponding rule, has been violated.

2. Parts II, III, and IV of chapter 560, Florida Statutes, set forth the specific requirements of money services businesses and licensees.

3. Section 560.103(23), Florida Statutes (2023), defines a "money services business" as any person located in Florida, or doing business in, from, or into Florida, who acts as, among other things, a money transmitter.

4. Section 560.103(24), Florida Statutes (2023), defines a "money transmitter" as, among other things, a corporation qualified to do business in Florida which receives currency,

monetary value, a payment instrument, or virtual currency for the purpose of acting as an intermediary to transmit same from one person to another location or person by any means.

5. Section 560.103(12), Florida Statutes (2023) defines "currency" as the coin and paper money of the United States or of any other country which is designated as legal tender and which circulates and is customarily used and accepted as a medium of exchange in the country of issuance (i.e., fiat currency).

6. Section 560.103(36), Florida Statutes (2023), defines "virtual currency" as a medium of exchange in electronic or digital format that is not currency.

7. Section 560.114(1)(a), Florida Statutes, generally assigns liability for any provision of chapter 560, Florida Statutes, or corresponding rule, to a money services business, vendor, or affiliated party.

8. Pursuant to section 560.103(1), Florida Statutes (2023), an "affiliated party" is defined as including, among other things, a control person of a money services business.

9. Pursuant to section 560.103(10)(a), Florida Statutes (2023), a "control person" is defined as including, among other things, the person holding the title of chief executive officer, chief operations officer, or compliance officer for a money services business.

10. Pursuant to section 560.127, Florida Statutes (2023), a person has a controlling interest in a money services business if he possesses the power, directly or indirectly, to direct the management or policies of the money services business, whether through ownership, by contract, or otherwise.

11. At all times material, Bittrex Inc. is and has been a "money services business" as defined by section 560.103(23), Florida Statutes (2023), licensed pursuant to Part II, chapter 560, Florida Statutes, specifically operating as a money transmitter, having been issued License Number FT230000232 on October 4, 2018.

12. Bittrex Inc. has reported to the Office that its business consists of providing "spot" trading exchange services using blockchain technology. For a transaction fee, consumers may access the Bittrex platform to purchase and/or sell both currency and virtual currency (i.e., once they have deposited funds into Bittrex Inc. accounts and/or wallets).

13. Bittrex Inc. is indirectly owned by Aquila Holdings Inc. ("Aquila"), which at all material times is and has been owned in three equal shares (33.3 percent each) by Richie Lai ("Lai"), William Hiroaki Shihara ("Shihara"), and Rami Kawach ("Kawach"). Pursuant to a corporate restructuring that took effect on November 30, 2022, RBR Holdings, Inc. ("RBR") was formed as a holding company of Bittrex Inc. and several affiliated entities. RBR is wholly owned by Aquila.

14. At all times material, Lai is and has been chief executive officer ("CEO"), president, and an indirect owner of Bittrex Inc. As a result, pursuant to sections 560.103(1), 560.103(10)(a), 560.127, and 560.114(1)(a), Florida Statutes, Lai is a control person and a person with a controlling interest in Bittrex Inc., and is, therefore, an affiliated party who is liable for Bittrex Inc.'s violations of chapter 560, Florida Statutes, and corresponding rules.

15. At all times material, Shihara is and has been an indirect owner of Bittrex Inc. As a result, pursuant to sections 560.103(1), 560.127, and 560.114(1)(a), Florida Statutes, Shihara is a person with a controlling interest in Bittrex Inc., and is, therefore, an affiliated party who is liable for Bittrex Inc.'s violations of chapter 560, Florida Statutes, and corresponding rules.

16. At all times material, Kawach is and has been an indirect owner of Bittrex Inc. As a result, pursuant to sections 560.103(1), 560.127, and 560.114(1)(a), Florida Statutes, Kawach is a person with a controlling interest in Bittrex Inc., and is, therefore, an affiliated party who is liable for Bittrex Inc.'s violations of chapter 560, Florida Statutes, and corresponding rules.

17. At all times material, James Waschak ("Waschak") is and has been chief operations officer ("COO") of Bittrex Inc. As a result, and pursuant to sections 560.103(1), 560.103(10)(a),

3

and 560.114(1)(a), Florida Statutes, Waschak is a control person of Bittrex Inc., and is, therefore, an affiliated party who is liable for Bittrex Inc.'s violations of chapter 560, Florida Statutes, and corresponding rules.

18.　At all times material, Michael Joseph Carter ("Carter") is and has been chief compliance officer ("CCO") of Bittrex Inc. As a result, pursuant to sections 560.103(1), 560.103(10)(a), and 560.114(1)(a), Florida Statutes, Carter is a control person of Bittrex Inc., and is, therefore, an affiliated party who is liable for Bittrex Inc.'s violations of chapter 560, Florida Statutes, and corresponding rules.

## COUNT I

19.　The above general allegations are re-alleged and incorporated by reference as if fully stated herein.

20.　Pursuant to section 560.114(1)(l), Florida Statutes, a money services business licensee is subject to disciplinary action by the Office (including the imposition of license revocation) for committing any act that results in a license or its equivalent, to practice any profession or occupation being, among other things, acted against by a licensing authority in any jurisdiction.

21.　The Bank Secrecy Act ("BSA"), codified at 31 U.S.C. §§ 5311-5314, 5316-5336 and 12 U.S.C. §§ 1829b, 1951-1959, requires U.S. financial institutions to assist U.S. government agencies to detect and prevent money laundering. Federal regulations implementing the BSA appear at 31 C.F.R. Chapter X.

22.　Pursuant to 31 CFR § 1010.100(t), a "financial institution" includes, among other things, a "money services business," as defined by 31 CFR § 1010.100(ff).

23.　Pursuant to 31 CFR § 1010.100(o), a "domestic" financial institution, including a money services business, is one that does business within the U.S.

24.　Overall authority for BSA enforcement and compliance lies with the Director of

the Financial Crimes Enforcement Network, Department of the Treasury ("FinCEN"), who may impose civil penalties for violations of the BSA and its implementing regulations, which include both 31 C.F.R. § 1022.210 and 31 C.F.R. § 1022.320.

25. Pursuant to 31 C.F.R. § 1022.380, an implementing regulation of the BSA, a money services business must be registered with FinCEN.

26. Pursuant to 31 C.F.R. § 1022.210 each money services business licensee shall, among other things, maintain and implement an effective AML program that is reasonably designed to prevent the money services business from being used to facilitate money laundering and the financing of terrorist activities.

27. Also pursuant to 31 C.F.R. § 1022.210 the AML program must include: 1) AML compliance policies, procedures, and internal controls; 2) the designation of a compliance officer; 3) a commitment to AML training and/or education of personnel; and, 4) a plan for periodic independent review of the AML program.

28. Pursuant to 31 C.F.R. § 1022.320, each money services business must timely file a report of any suspicious transaction ("suspicious activity report," or "SAR") relevant to a possible violation of law or regulation.

29. Bittrex Inc., as a domestic financial institution, and specifically, a money services business, was required to register with FinCEN as such, and thereafter comply with all applicable BSA implementing regulations, including 31 C.F.R. § 1022.210 and 31 C.F.R. § 1022.320.

30. On May 15, 2017, Bittrex Inc. became registered as a money services business with FinCEN, describing its business as that of a "money transmitter."

31. On October 5, 2022, in Case Number 2022-03, Bittrex Inc. and FinCEN entered into a Consent Order Imposing Civil Money Penalty ("Consent Order") in which FinCEN imposed a Civil Money Penalty of over $29 million upon Bittrex Inc. for willfully violating the BSA and its implementing regulations from February 13, 2014 to December 7, 2018 (a time during which

Bittrex was registered with FinCEN) by:

- Failing to develop and maintain an effective AML program that was reasonably designed to prevent its virtual currency trading platform and hosted wallet service from being used to facilitate money laundering and the financing of terrorist activities, in violation of 31 U.S.C. § 5318(h)(1) and 31 C.F.R. § 1022.210; and,

- Failing to accurately, and timely, report suspicious transactions to FinCEN, in violation of 31 C.F.R. § 1022.320.

32. By conducting business in a manner in which its federal money services business registration was acted against by FinCEN, Respondents violated section 560.114(1)(l), Florida Statutes.

33. Pursuant to the Disciplinary Guidelines for Money Services Businesses Form OFR-560-09, incorporated by reference in Rule 69V-560.1000, Florida Administrative Code, violation number 13, a licensee cited for violating section 560.114(1)(l), Florida Statutes, is subject to, among other things, license revocation.

34. Therefore, the Office is seeking to impose the revocation of Bittrex Inc.'s money services business license.

## COUNT II

35. The above general allegations are re-alleged and incorporated by reference as if fully stated herein.

36. Pursuant to section 560.114(1)(m), Florida Statutes, a money services business licensee is subject to disciplinary action by the Office (including the imposition of a license revocation) for being the subject of final agency action or its equivalent, issued by an appropriate regulator, for engaging in unlicensed activity as a money services business in any jurisdiction.

37. On October 9, 2020, Bittrex Inc. and the State of Connecticut Department of Banking entered into a Consent Order ("Consent Order") which imposed sanctions upon Bittrex Inc. for engaging in the business of money transmission in the state of Connecticut without the required license, by operating an online platform that stored the digital assets of Bittrex Inc.'s

customers and facilitated trades of those digital assets between customers, in violation of section 36a-597(a) of the Connecticut General Statutes.

38. As the subject of a Consent Order issued by the State of Connecticut Department of Banking for engaging in unlicensed money transmission activity in Connecticut, Respondents violated section 560.114(1)(m), Florida Statutes.

39. Pursuant to the Disciplinary Guidelines for Money Services Businesses Form OFR-560-09, incorporated by reference in Rule 69V-560.1000, Florida Administrative Code, violation number 14, a licensee cited for violating section 560.114(1)(m), Florida Statutes, is subject to, among other things, license revocation.

40. Therefore, the Office is seeking to impose a revocation of Bittrex Inc.'s money services business license.

## COUNT III

41. The above general allegations, as well as paragraph 20, are re-alleged and incorporated by reference as if fully stated herein.

42. On April 10, 2019, the New York State Department of Financial Services ("NYSDFS") issued 1) a denial of Bittrex Inc.'s applications to engage in money transmission activity and to engage in virtual currency business activity in the state of New York ("License Denials"); and, 2) a cease-and-desist order ("Cease-and-Desist Order") which required Bittrex Inc. to immediately cease operations in the state of New York and doing business with New York residents, due to Bittrex Inc.'s failure to demonstrate responsibility, financial and business experience, and/or the character and fitness to warrant the belief that its business will be conducted honestly, fairly, equitably, and carefully in compliance with New York law, and in a manner commanding the confidence and trust of the community. NYSDFS reached this conclusion based upon its findings that Bittrex Inc. failed to: 1) maintain an adequate BSA/AML/OFAC compliance program; 2) perform adequate due diligence in launching tokens or products; and, 3) demonstrate

adequate capital.

43.     By conducting business in a manner in which resulted in NYDFS's denial of applications for a money transmitter license and a virtual currency business license in the state of New York, as well as NYDFS's issuance of a Cease-and-Desist Order, Respondents violated section 560.114(1)(l), Florida Statutes.

44.     Pursuant to the Disciplinary Guidelines for Money Services Businesses Form OFR-560-09, incorporated by reference in Rule 69V-560.1000, Florida Administrative Code, violation number 13, a licensee cited for violating section 560.114(1)(l), Florida Statutes, is subject to, among other things, license revocation.

45.     Therefore, the Office is seeking to impose a revocation of Bittrex Inc.'s money services business license.

**WHEREFORE**, **BITTREX INC., RICHIE LAI, WILLIAM HIROAKI SHIHARA, RAMI KAWACH, JAMES WASCHAK, and MICHAEL JOSEPH CARTER** are hereby notified that the Office intends to enter an Order imposing a revocation of money services business License Number FT230000232.

*[this section intentionally left blank]*

## NOTICE OF RIGHTS

The licensee is entitled to be represented by counsel or another qualified representative. The licensee also has the right to request a hearing pursuant to sections 120.569 and 120.57, Florida Statutes. Such request must comply with Rules 28-106.2015 and 28-106.104, Florida Administrative Code. An Election of Proceeding form is attached for your convenience.

Any such request must be filed as follows:

| **By Mail** | OR | **By Hand Delivery** |
|---|---|---|
| Office of Financial Regulation<br>P.O. Box 8050<br>Tallahassee, FL 32314-8050<br>Phone: (850) 410-9989<br>agency.clerk@flofr.gov | | Office of Financial Regulation<br>General Counsel's Office<br>The Fletcher Building, Suite 504<br>101 East Gaines Street<br>Tallahassee, FL 32399<br>Phone: (850) 410-9989 |

**TO PRESERVE THE RIGHT TO A HEARING, A WRITTEN RESPONSE MUST BE FILED WITH THE OFFICE OF FINANCIAL REGULATION WITHIN TWENTY-ONE (21) DAYS AFTER THE RECEIPT OF THE ADMINISTRATIVE COMPLAINT. SAID RESPONSE MUST BE RECEIVED BY THE OFFICE NO LATER THAN 5:00 P.M. ON THE TWENTY-FIRST DAY AFTER THE RECEIPT OF THE ADMINISTRATIVE COMPLAINT. A FAILURE TO TIMELY RESPOND IN WRITING WILL CONSTITUTE A WAIVER OF THE LICENSEE'S RIGHT TO REQUEST A HEARING AND A FINAL ORDER MAY BE ENTERED WITHOUT FURTHER NOTICE.**

You may not make an oral request for an administrative hearing. With regard to a written request, if you fail to follow the outlined procedure, your request may be dismissed. Any request for an administrative proceeding received prior to the date of this notice is deemed abandoned, and to be considered must be timely renewed in compliance with the procedure set forth above.

Mediation of this matter pursuant to section 120.573, Florida Statutes, is not available.

## NOTICE TO RESPONDENTS

In accordance with the Americans with Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact the Agency Clerk no later than seven (7) days prior to the filing deadline or proceeding, at the Office of Financial Regulation, The Fletcher Building, Suite 504, 200 East Gaines Street, Tallahassee, Florida 32399, Phone: (850) 410-9889, or by Email: Agency.Clerk@flofr.gov.

_____<br>
Brandon Greenberg<br>
Assistant General Counsel<br>
Office of Financial Regulation<br>
Fla. Bar No. 1007969<br>
101 E. Gaines Street<br>
Tallahassee, FL 32399-0379<br>
(850) 410-9839<br>
brandon.greenberg@flofr.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Administrative Complaint and Notice of Rights has been sent for service by U.S. certified mail to **BITTREX INC., RICHIE LAI, WILLIAM HIROAKI SHIHARA, RAMI KAWACH, JAMES WASCHAK, and MICHAEL JOSEPH CARTER**, 701 Fifth Avenue, Suite 4200, Seattle, Wash[`Yfa` 98104, and to the Registered Agent for Bittrex Inc., C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324, on this __14th__ day of April, 2023.

_____<br>
Brandon Greenberg<br>
Assistant General Counsel