# Exhibit 1

**Amended Consent Judgement**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
   :
               Plaintiff,    :    C23-580 RSM
   :
       - against -    :    FINAL JUDGMENT
   :
BITTREX, INC., BITTREX GLOBAL GMBH, and    :
WILLIAM HIROAKI SHIHARA,    :
   :
               Defendants.    :
   :
------------------------------------------------------------------------x

**FINAL JUDGMENT AS TO DEFENDANTS BITTREX, INC., BITTREX GLOBAL GMBH, AND WILLIAM HIROAKI SHIHARA**

The Securities and Exchange Commission having filed a Complaint and Defendants Bittrex, Inc. ("Bittrex"), Bittrex Global GmbH ("Bittrex Global"), and William Hiroaki Shihara ("Shihara") (collectively, "Defendants") having appeared and having consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Bittrex and Shihara are permanently restrained and enjoined from violating, directly or indirectly, Section 5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78e] by, directly or indirectly, making use of the mails or any means or instrumentality of interstate commerce for the purpose of using

Final Judgment                                                               Securities and Exchange Commission
SEC v. Bittrex, Inc., et al.                                                New York Regional Office
Case No. 23-cv-580 RSM                                        100 Pearl Street, Suite 20-100
                                                                                          New York, New York 10004
                                                                                                     (212)-336-1100

any facility of an exchange within or subject to the jurisdiction of the United States to effect any transaction in a security, or to report any such transaction, unless registered as an exchange in accordance with Section 5 of the Exchange Act or exempt from such registration;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, Defendants Bittrex and Shihara are permanently restrained and enjoined from violating, directly or indirectly Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by, operating as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security unless registered as a broker or dealer in accordance with Section 15(a) of the Exchange Act; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, Defendants Bittrex and Shihara are permanently restrained and enjoined from violating, directly or indirectly Section 17A of the Exchange Act [15 U.S.C. § 78q-1] by making use of the mails or any means or instrumentality of interstate commerce to perform the functions of a clearing agency with respect to any security (other than an exempted security) without registering as a clearing agency in accordance with Section 17A(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Bittrex's and Shihara's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Bittrex or Shihara or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Bittrex Global is permanently restrained and enjoined from violating, directly or indirectly, Section 5 of the Exchange Act [15 U.S.C. § 78e] by, directly or indirectly, making use of the mails or any means or

Final Judgment  
SEC v. Bittrex, Inc., et al.  
Case No. 23-cv-580 RSM  

- 2 -

Securities and Exchange Commission  
New York Regional Office  
100 Pearl Street, Suite 20-100  
New York, New York 10004  
(212)-336-1100

instrumentality of interstate commerce for the purpose of using any facility of an exchange within or subject to the jurisdiction of the United States to effect any transaction in a security, or to report any such transaction, unless registered as an exchange in accordance with Section 5 of the Exchange Act or exempt from such registration.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Bittrex Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Bittrex Global or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Defendants Bittrex and Bittrex Global are jointly and severally liable for disgorgement in the amount of $14,400,000.00, representing profits gained as a result of conduct in the Complaint, together with prejudgment interest thereon in the amount of $4,000,000.00, and a civil penalty in the amount of $5,600,000.00 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], for a total of $24,000,000.00 (the "Judgment"). The Defendants shall satisfy the obligation by paying to the Securities and Exchange Commission $24,000,000 within 60 days after the Effective Date of a Chapter 11 Plan of Liquidation (the "Plan") in the Bankruptcy Case of Bittrex Inc., case no. 23-10598 (Bankr. Del. 2023) ("Bankruptcy Case").

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission will not enforce the Court's judgment for disgorgement, prejudgment interest, and civil penalty in this Final Judgment against Defendant Bittrex Global until 90 days after the Effective Date of the Plan and only to the extent that the Judgment is not paid under the Plan, but if the Plan has not gone effective by

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 RSM

- 3 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

March 1, 2024, the Commission may enforce the Court's judgment against Bittrex Global at any time after March 1, 2024. Any amounts payable from Defendant Bittrex shall be due and owing no later than 60 days after the Effective Date of the Plan in the Bankruptcy Case. Post judgment interest shall not begin to accrue until 90 days after the Effective Date of the Plan in the Bankruptcy Case, but if the Plan has not gone effective by March 1, 2024, post judgment interest will begin to accrue after March 1, 2024. To the extent any post judgment interest is due, Defendants Bittrex and/or Bittrex Global shall pay such interest.

V.

Defendants Bittrex and/or Bittrex Global may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants Bittrex and/or Bittrex Global may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Bittrex and/or Bittrex Global as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants Bittrex and/or Bittrex Global shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants Bittrex and/or Bittrex Global relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 RSM

- 4 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants Bittrex and/or Bittrex Global shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants Bittrex's and/or Bittrex Global's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants Bitterx and/or Bittrex Global's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants Bittrex and/or Bittrex Global shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants Bittrex and/or Bittrex Global by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action; provided however that nothing in this paragraph shall affect or supersede the terms of the confirmed Plan.

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 RSM

- 5 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED: August 15, 2023

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Final Judgment
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 RSM

- 6 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

---------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                      :
                    Plaintiff,        :    23 Civ. 580 (RSM)
                                      :
        - against -                   :    ECF Case
                                      :
BITTREX, INC., BITTREX GLOBAL GMBH, and :  CONSENT OF DEFENDANTS
WILLIAM HIROAKI SHIHARA,              :
                                      :
                    Defendants.       :
                                      :
---------------------------------------------------------------x

1. Defendants Bittrex, Inc. ("Bittrex"), Bittrex Global GmbH ("Bittrex Global"), and William Hiroaki Shihara ("Shihara") (collectively, "Defendants"), having been served with the complaint in this action, admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided here in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the Proposed Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

   a. permanently restrains and enjoins Defendants Bittrex and Shihara from violation of Section 5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78e]; Section 15(a) of the Exchange Act [15 U.S.C. § 78o]; and Section 17A of the Exchange Act [15 U.S.C. § 78q-1];

   b. permanently restrains and enjoins Defendant Bittrex Global from violation of Section 5 of the Exchange Act;

   c. orders Defendants Bittrex and Bittrex Global to pay disgorgement in the amount of $14,400,000 plus prejudgment interest thereon in the amount of $4,000,000

Consent of Defendant Bittrex Global GmbH
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

pursuant to Sections 21(d)(3), 21(d)(5) and 21(d)(7) of the Exchange Act [15 U.S.C. §78u(a), 78u(d)]; and

    d. orders Defendants Bittrex and Bittrex Global to pay a civil money penalty in the amount of $5,600,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

    e. Bittrex, Inc. and Bittrex Global shall be jointly and severally liable for the entire amount of the Judgment, totaling $24,000,000, including all disgorgement, prejudgment interest thereon, and civil penalty amounts (the "Judgment").

    f. Defendants Bittrex, Inc. and Bittrex Global shall satisfy the obligation by paying to the Securities and Exchange Commission $24,000,000 within 60 days after the Effective Date of a Chapter 11 Plan of Liquidation (the "Plan") in the Bankruptcy Case of Bittrex Inc., case no. 23-10598 (Bankr. Del. 2023) ("Bankruptcy Case").

    g. The Commission will not enforce the Court's judgment for disgorgement, prejudgment interest, and civil penalty in this Final Judgment against Defendant Bittrex Global until 90 days after the Effective Date of the Plan and only to the extent that the Judgment is not paid under the Plan, but if the Plan has not gone effective by March 1, 2024, the Commission may enforce the Court's judgment against Bittrex Global at any time after March 1, 2024.

    3. Defendants Bittrex and Bittrex Global acknowledge that the civil penalty paid pursuant to the Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants Bittrex and Bittrex Global agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 2 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

Action based on their payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of their payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants Bittrex and Bittrex Global agree that they shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants Bittrex or Bittrex Global by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action; provided however that nothing in this paragraph shall affect or supersede the terms of the confirmed Plan.

4. Defendants Bittrex and Bittrex Global agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any unaffiliated source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Bittrex and Bittrex Global pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants Bittrex and Bittrex Global further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants Bittrex and Bittrex Global pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors; provided however that nothing in this paragraph shall affect or supersede the terms of the confirmed Plan.

5. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 3 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212) 336-1100

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10. Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. **Defendants acknowledge that no promise or representation has been made by the Commission** or any member, officer, employee, agent, or representative of the Commission **with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.** Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)
- 4 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212) 336-1100

organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendants: (i)

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)
- 5 -
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendants' undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

15. Defendants agree that the Commission may present the Judgment to the Court for signature and entry without further notice.

16. Defendants agree that, as to Bittrex, the terms of the settlement reflected in this Consent and in the Judgment are subject to approval by the Bankruptcy Court in the Bankruptcy Case and shall be treated as an allowed, unsecured claim under the terms of any Plan filed by Bittrex in the Bankruptcy Case.

17. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 6 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

Dated: 9 August 2023

Bittrex, Inc.

By: _____
Name: David Maria
Title: General Counsel
Address: 701 5th Ave, Suite 4200
Seattle, WA 98104

On _____August 9th_____, 2023, _____David Maria_____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: October 22, 2024

**Notary Public**
**State of Washington**
**TIFFANI NARVERUD**
COMM. # 21002979
MY COMM. EXP. 10/22/2024

Approved as to form:

| MICHAEL LIFTIK | ALICIA COBB |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN LLP** | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |
| Michael Liftik | Alicia Cobb |
| 1300 I Street NW, Suite 900 | 1109 First Avenue, Suite 210 |
| Washington, DC 20005 | Seattle, Washington 98101 |
| Telephone: 202-538-8141 | Telephone: 206-905-7000 |
| michaelliftik@quinnemanuel.com | aliciacobb@quinnemanuel.com |
| *Lead Counsel for Defendant Bittrex, Inc.* | *Local Counsel for Defendant Bittrex, Inc.* |

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 7 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

Dated: _____        Bittrex, Inc.

                                                                          By: _____
                                                                              Name:
                                                                              Title
                                                                              Address

On _____, 2023, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                                   _____
                                                   Notary Public
                                                 Commission expires:

Approved as to form:

*/s/ Michael Liftik*                                                           */s/ Alicia Cobb*
MICHAEL LIFTIK                                                    ALICIA COBB

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Michael Liftik
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: 202-538-8141
michaelliftik@quinnemanuel.com

*Lead Counsel for Defendant Bittrex, Inc.*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Alicia Cobb
1109 First Avenue, Suite 210
Seattle, Washington 98101
Telephone: 206-905-7000
aliciacobb@quinnemanuel.com

*Local Counsel for Defendant Bittrex, Inc.*

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 7 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

DocuSign Envelope ID: C3FDA63F-2F50-4999-BFA4-310B672731BE

Dated: 9 AUGUST 2023

Bittrex Global GmbH

By: _____
Name: Oliver Linch
Title: Chief Executive Officer
Address: Dr. Grass-strasse 12
9490 Vaduz
Liechtenstein

On 9 August, 2023, Oliver J. Linch, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: N/A

Approved as to form:

_____
ANDREW MICHAELSON

KING & SPALDING LLP
Andrew Michaelson
Leigh Nathanson
1185 Avenue of Americas, 35th Floor
New York, NY 10036
Telephone: 212-790-5358
amichaelson@kslaw.com
lnathanson@kslaw.com

*Lead Counsel for Defendant
Bittrex Global GmbH*

David H. Smith
_____
DAVID SMITH

SUMMIT LAW GROUP
David Smith
315 5th Ave. South, Suite 1000
Seattle, Washington 98104
Telephone: 206-676-7000
davids@SummitLaw.com

*Local Counsel for Defendant
Bittrex Global GmbH*

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23-cv-580 (RSM)

- 8 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
(212)-336-1100

Dated: 9 August 2023

William Hiroaki Shihara

By: _____
Name: William Hiroaki Shihara
Title: Co-Founder
Address

On ___August 9th___, 2023, ___William Hiroaki Shihara___, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
State of Washington
TIFFANI NARVERUD
COMM. # 21002979
MY COMM. EXP. 10/22/2024

Notary Public
Commission expires: October 22, 2024

Approved as to form:

WILLIAM MCGOVERN

**KOBRE & KIM**
William McGovern
800 3rd Ave, New York,
New York, NY 10022
Telephone: 212-488-1210
William.McGovern@kobrekim.com

*Lead Counsel for Defendant
William Hiroaki Shihara*

Gregory J. Hollon

**McNAUL EBEL NAWROT &
HELGREN PLLC**
Gregory J. Hollon
Timothy B. Fitzgerald
600 University Street, Suite 2700
Seattle, Washington, 98101
Telephone: 206-467-1816
ghollon@mcnaul.com
tfitzgerald@mcnaul.com

*Local Counsel for Defendant
William Hiroaki Shihara*

Consent of Defendants
SEC v. Bittrex, Inc., et al.
Case No. 23 cv 580 (RSM)

- 9 -

Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20 100
New York, New York 10004
(212) 336 1100

Case 23-10597-BLS    Doc 275-1    Filed 08/21/23    Page 18 of 18
Case 2:23-cv-00580-RSM    Document 53-1    Filed 08/10/23    Page 12 of 12

1  Dated: _____          William Hiroaki Shihara
2                                        By: _____
                                              Name:
3                                             Title
                                              Address
4
5
6      On _____, 2023, _____, a person known to
   me, personally appeared before me and acknowledged executing the foregoing Consent.
7
8                                        _____
9                                        Notary Public
                                         Commission expires:
10
11
12
   Approved as to form:
13
       [signature]                            [signature]
14   _____                 _____
       WILLIAM MCGOVERN                        Gregory J. Hollon
15
16  **KOBRE & KIM**                       **McNAUL EBEL NAWROT &**
    William McGovern                      **HELGREN PLLC**
17  800 3rd Ave, New York,                Gregory J. Hollon
    New York, NY 10022                    Timothy B. Fitzgerald
18  Telephone: 212-488-1210               600 University Street, Suite 2700
    William.McGovern@kobrekim.com         Seattle, Washington, 98101
19                                        Telephone: 206-467-1816
                                          ghollon@mcnaul.com
20                                        tfitzgerald@mcnaul.com
21
    *Lead Counsel for Defendant*          *Local Counsel for Defendant*
22  *William Hiroaki Shihara*             *William Hiroaki Shihara*
23
24
25
26

Consent of Defendants                                    Securities and Exchange Commission
SEC v. Bittrex, Inc., et al.                             New York Regional Office
Case No. 23-cv-580 (RSM)                                 100 Pearl Street, Suite 20-100
                              - 9 -                      New York, New York 10004
                                                         (212) 336-1100