## **EXHIBIT A**

**Disclosure Statement Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: |
| | **September 13, 2023 at 10:00 a.m. (ET)** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; (IV) SHORTENING THE NOTICE PERIOD FOR (A) PARTIES TO OBJECT TO CONFIRMATION OF THE PLAN, AND (B) THE CONFIRMATION HEARING; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an order, pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* attached hereto as Exhibit 1 (as approved by this Order, the "Disclosure Statement"), (ii) approving solicitation and voting procedures with respect to the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan"), including (a)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2]    Capitalized terms used, but not defined, shall have the meanings ascribed to them in the Motion.

fixing the Record Date, (b) approving the Solicitation Packages and procedures for distribution, (c) approving the form of the Ballots and establishing procedures for voting, and (d) approving procedures for vote tabulation, (iii) scheduling a confirmation hearing and establishing notice and objection procedures, (iv) shortening the notice period for (a) parties to object to confirmation of the Plan, and (b) the Confirmation Hearing; and (v) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice constituting good and sufficient notice to all interested parties and no other or further notice needing be provided; and the Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A.     The notice of the Motion and the Disclosure Statement Hearing Notice were served as set forth in the Motion and Motion to Shorten, and such notice constitutes good and sufficient notice to all interested parties complies with Bankruptcy Rules 2002 and 3017 and no other or further notice need be provided.

B.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C.      The form of the ballots (collectively, the "Ballots") attached hereto as Exhibit 3-A, Exhibit 3-B, Exhibit 3-C, Exhibit 3-D, and Exhibit 3-E  are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Chapter 11 Cases, and are appropriate for the Voting Classes to accept or reject the Plan.

D.      The contents and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d).

E.      Ballots need not be provided to the Non-Voting Classes, because the Plan provides that such Classes are rendered Unimpaired under, and therefore, deemed to have accepted the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code.

F.      The period within which the Debtors may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

G.      The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.      The Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as Exhibit 2 and Exhibit 4, respectively; the procedures provided in this Order for providing notice to all Creditors, Interest Holders, and parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan; and the contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties.

I.       The Notice to Interest Holders of Confirmation Hearing, substantially in the form attached hereto as Exhibit 5; the procedures provided in this Order for providing notice to Interest Holders of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan constitute sufficient notice to Interest Holders.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED, as set forth herein.

2.       The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is approved.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Packages to solicit votes on, and pursue Confirmation of, the Plan.

3.       The Disclosure Statement Hearing Notice is approved.

4.       The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests and other parties in interest with sufficient notice of the injunction, exculpation and release provisions in Article VIII of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

5.       The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

6.       The contents of the Solicitation Packages and Non-Voting Packages, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including without limitation, Holders of Claims.

7.      The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 2, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), and is approved.

8.      The Ballots, substantially in the form attached hereto as Exhibit 3-A, Exhibit 3-B, Exhibit 3-C, Exhibit 3-D, and Exhibit 3-E are approved.

9.      The Notice of Non-Voting Status, substantially in the form attached hereto as Exhibit 4 is approved.

10.     The Notice to Interest Holders of Confirmation Hearing, substantially in the form attached hereto as Exhibit 5 is approved.

11.     The Record Date with respect to Holders of Claims, other than governmental units, shall be **September 1, 2023**.  The Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims and Interests in the Non-Voting Classes, who will receive either a Notice of Non-Voting Status or a Notice to Equity Holders of Confirmation Hearing and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder) can vote to accept or reject the Plan as the Holder of a Claim.  With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date.  In the event a

Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Record Date.

12.     Within four (4) business days of the entry of this Order, (the "Solicitation Date"), the Debtors are authorized to distribute, or cause to be distributed, by first-class mail, to Holders of Claims in the Voting Classes as of the Record Date a Solicitation Package containing the following:

      a.      the Disclosure Statement, including the Plan and all other Exhibits annexed thereto;

      b.      the Disclosure Statement Order (excluding exhibits);

      c.      a Ballot and the Voting Instructions;

      d.      a pre-addressed, postage pre-paid return envelope; and

      e.      the Confirmation Hearing Notice.

13.     The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan), and the Disclosure Statement Order to the Voting Classes in flash drive format in lieu of paper format. The Confirmation Hearing Notice, Ballots and return envelopes contained in the Solicitation Packages shall be provided in paper format.

14.     The Debtors shall distribute, or cause to be distributed, by first-class mail, to all Holders of Claims in the Non-Voting Classes a Non-Voting Package, consisting of (i) the Confirmation Hearing Notice; and (ii) the Notice of Non-Voting Status.

15.     The Debtors shall distribute, or cause to be distributed, by first-class mail, to all Holders of Interests a Notice to Interest Holders of Confirmation Hearing.

16.     The Debtors shall distribute, or cause to be distributed, by first-class mail, Solicitation Packages, excluding a Ballot and return envelope, to: (i) the U.S. Trustee; (ii) the

Internal Revenue Service; (iii) various state taxing authorities; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

17.     The Debtors shall not be required to distribute Solicitation Packages to the same addresses to which undeliverable Disclosure Statement Hearing Notices were distributed unless the Debtors are provided with accurate addresses for such entities prior to the Solicitation Date. Failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, or violate Bankruptcy Rule 3017(d).  The Debtors are further excused from attempting to find better addresses for entities as to whom a Solicitation Package was returned by the United States Postal Service as undeliverable without a forwarding address.

18.     The deadline by which all Ballots must be properly executed, completed, and actually received by the Voting Agent shall be **October 16, 2023 at 4:00 p.m. (ET)** (the "Voting Deadline"); *provided*, *however*, that the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require.

19.     Ballots will be accepted in paper form by delivering the Ballot by first-class mail postage prepaid, personal delivery, or overnight courier to the Voting Agent at the following address, or by following the online voting instructions included with the Ballot, as applicable:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center

c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal at https://cases.omniagentsolutions.com/?clientId=3662 (the "E-Ballot Portal") by no later than the Voting Deadline. The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.

20.    Except as otherwise provided herein, each Holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Record Date. Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

   a.    If a Claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

   b.    The amount of the Claim listed in the Debtors' Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

   c.    The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the

Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by May 4, 2022 (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

d. Claims for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or which is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), and to the extent such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

e. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with the Disclosure Statement Order.

f. If the Debtors have served an objection or request for estimation as to a Claim by September 22, 2023, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline.

g. Proofs of Claim filed for $0.00 are not entitled to vote.

h. Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Classes against the Debtors (by virtue of one or more timely filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Classes against the Debtors.

i. If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

21. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against the Debtors in a particular Class will be aggregated as if such Creditor held a single Claim against the Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan; provided, however, that separate Claims held as of the Petition Date by different entities (even if related, affiliated or properly and timely assigned or transferred prior to the Record Date) shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

b.  Creditors with multiple Claims within a Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s) within the Voting Class.  Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Classes will not be counted.

c.  Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in the Voting Classes against the Debtors.

d.  If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

e.  The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot, or a Ballot is electronically received via the E-Ballot Portal or, with respect to a Master Ballot, via email.

f.  Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

g.  If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

h.  Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may

withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline. The Debtors expressly reserves the right to contest the validity of any such withdrawals of Ballots.

22.    The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

   a.    Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

   b.    Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtors has granted an extension of the Voting Deadline with respect to such Ballot;

   c.    Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

   d.    Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

   e.    Any Ballot cast by an Entity that does not hold a Claim in the Voting Classes;

   f.    Any unsigned Ballot or Ballot without an original signature, *provided, however*, for the avoidance of doubt, a Ballot submitted via the E-Ballot Portal will be deemed to contain an original signature; and

   g.    Any Ballot submitted by fax, email or electronic transmission, other than via the E-Ballot Portal, unless approved by the Debtors in writing or otherwise ordered by the Court.

23.    Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before **4:00 p.m. (ET) on September 29,**

**2023**. Any Ballot submitted by a Holder of Claim that files a motion pursuant to Bankruptcy Rule 3018(a) shall be counted solely in accordance with the tabulation and other provisions of this Order unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

24.     The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful.  The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determines.  Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

25.     On or before **October 20, 2023 at 4:00 p.m. (ET)**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan.  The Voting Report shall, among other things, describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

26.     The Confirmation Hearing will be held on **October    , 2023 at 4:00 p.m. (ET)**; *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

27.     Objections to confirmation of the Plan (a "Plan Objection"), if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **October 16, 2023 at 4:00 p.m. (ET)** by the following (the "Notice Parties"): Counsel for the Debtors: Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Patricia B. Tomasco (pattytomasco@quinnemanuel.com) and Razmig Izakelian (razmigizakelian@quinnemanuel.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Kenneth Enos (kenos@ycst.com)); and The U.S. Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov)).

28.     The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection (or any other pleading in support of confirmation of the Plan) and a Confirmation Memorandum on or before **October 20, 2023 at 10:00 a.m. (ET)**.

29.     The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

30.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s) and Voting Instructions, the Confirmation Hearing Notice, the Notice of Non-Voting Status, and Notice to Interest Holders of Confirmation Hearing and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.

31.     Attached hereto as Annex I is a timetable of the significant dates related to solicitation and confirmation of the Plan.

32.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Order.

**ANNEX I**

| Dates and Deadlines in Connection with Confirmation | |
|---|---|
| Record Date | September 1, 2023 (except as to governmental claims) |
| Solicitation Date | Four (4) business days after entry of the Disclosure Statement Order, expected to be September 18, 2023 |
| Deadline to File Claims Objections for Plan Voting Purposes | September 22, 2023 at 4:00 pm. (ET) |
| Deadline to File Bankruptcy Rule 3018 Motions for Plan Voting Purposes | September 29, 2023 at 4:00 pm. (ET) |
| Voting Deadline | October 16, 2023 at 4:00 pm. (ET) |
| Confirmation Objection Deadline | October 16, 2023 at 4:00 pm. (ET) |
| Deadline for Voting Agent to File Plan Voting Report | October 20, 2023 at 4:00 pm. (ET) |
| Deadline to Confirmation Memorandum and Reply to Plan Objections | October 20, 2023 at 4:00 pm. (ET) |

# EXHIBIT 1

**Disclosure Statement**

# **EXHIBIT 2**

## **Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; (IV) SHORTENING THE (A) NOTICE PERIOD FOR PARTIES TO OBJECT TO CONFIRMATION OF THE PLAN, AND (B) NOTICE OF THE CONFIRMATION HEARING; AND (V) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1.      ***Approval of the Disclosure Statement.***   At a hearing held on September 13, 2023 (the "Disclosure Statement Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the above-captioned chapter 11 cases of Teligent, Inc. and its debtor affiliates (the "Debtors"), entered an order [D.I. __] (the "Disclosure Statement Order") approving the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors*, dated as of August 25, 2023 and attached as Exhibit 1 to the Disclosure Statement Order (as amended, modified or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors*, dated as of August 25, 2023 (as amended, modified or supplemented from time to time, the "Plan"), annexed as Exhibit A to the Disclosure Statement.  Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

2.      ***Classification of Claims and Interests under the Plan.***   The classification and treatment of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired<br>***Deemed to Accept Plan*** | 100% |
| 2A | BUS Customers Claims | Impaired<br>***Entitled to Vote on Plan*** | 100% |
| 2B | Malta OpCo Customers Claims | Impaired<br>***Entitled to Vote on Plan*** | 100% |
| 3 | GUC Claims | Impaired<br>***Entitled to Vote on Plan*** | 100% |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 4 | Subordinated Claims | Impaired<br>*Entitled to Vote on Plan* | 100% |
| 5 | Interests | Impaired<br>*Entitled to Vote on Plan* | N/A |

3.      ***Deadline for Voting on the Plan.***  The Court has established **October 16, 2023 at 4:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received.  Holders of Claims in Classes 2A, 2B, 3, 4, and 5 are entitled to vote on the Plan and will receive Ballots to cast such votes.  To be counted, Ballots must be properly executed, completed, and delivered to the Voting Agent at the address provided for herein, submitted via the E-Ballot Portal (as defined below), so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtors.  Ballots will be accepted in paper form, or submitted electronically, via the E-Ballot Portal, by delivering the Ballot by first-class mail postage prepaid, personal delivery or overnight courier to the Voting Agent at:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal at https://cases.omniagentsolutions.com/?clientId=3662 (the "E-Ballot Portal") by no later than the Voting Deadline.  The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.  Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.

4.      Holders of Unimpaired Claims under the Plan (i.e., Class 1 Allowed Other Priority Claims) are not entitled to vote on the Plan.

5.      ***Confirmation Hearing.***  A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "Confirmation Hearing") will be held on **October __, 2023 at 10:00 a.m. (ET)** before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.  If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

6.      ***Deadline for Objections to Confirmation of the Plan.***  Objections, if any, to confirmation of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk

of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on October 16, 2023**:  Counsel for the Debtors: Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Patricia B. Tomasco (pattytomasco@quinnemanuel.com) and Razmig Izakelian (razmigizakelian@quinnemanuel.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Kenneth Enos (kenos@ycst.com)); and The U.S. Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov)).

7.     *Certain Voting Issues.*  Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtors and file with the Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before 4:00 p.m. (ET) on September 29, 2023**.

8.     *RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN. ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

9.     *Releases by the Debtors.*

*As of the Effective Date, the Debtors, and each of their respective Affiliates, on behalf of themselves and their respective Estates, including any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, including the Plan Administrator, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, and waived each Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of or the transactions or events giving rise to any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (ii) the releases by the Debtors set forth above shall not impair any Estate Causes of Action against a non-Released Party.*

10.    *Releases by Holders of Claims and Interests.*

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the*

3

*restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

11.    ***Injunction***

*Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates ("<u>Enjoined Parties</u>"), shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, discharged, or released pursuant to the Plan.*

*Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are treated by the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Plan Administrator ("<u>Protected Parties</u>"), as applicable, or the property of the Protected Parties, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Protected Parties; or the property of the Protected Parties, as applicable; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Protected Parties, or the property of the Protected Parties, as applicable; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Protected Parties, as applicable, or against property or interests in property of the Protected Parties, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.*

*By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section.*

*The injunctions in this Section shall extend to any successors of the Protected Parties, as applicable, and their respective property and interests in property.*

*Notwithstanding the foregoing, nothing in this Section shall enjoin the assertion of a defensive right of recoupment.*

*Nothing in the Plan or Confirmation Order shall (1) enjoin, release, impair or otherwise preclude the United States (i) from pursuing any criminal action or any police or regulatory action, (ii) from pursuing any liability to the United States that is not a Claim, (iii) from exercising any rights of setoff or recoupment subsequent to confirmation of the Plan or any order granting substantive consolidation, and such rights are preserved, and (iv) from pursuing any claim*

*of the United States arising on or after the Confirmation Date; and (2) grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.*

*No Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Cases, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor, the administration of the Wind-Down Assets, or the transactions in furtherance of the foregoing without the Bankruptcy Court: (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party; and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.*

12.    *Exculpation*

*To the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from any liability in respect of any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, arising between the Petition Date and the Effective Date, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities (if any) pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement including the Distribution of Cryptocurrencies to Customers, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct , but in all respects, such Exculpated Parties shall be entitled to reasonably rely upon any Order of the Bankruptcy Court or the advice of counsel with respect to their duties and responsibilities.*

*To the extent section 1125(e) of the Bankruptcy Code applies, the Exculpated Parties have, and upon completion of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and Distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such Distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such Distributions made pursuant to the Plan.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable laws, rules, or regulations protecting such Exculpated Parties from liability.  Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above shall not be construed as exculpating any party or entity from its post-Effective Date obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

***Copies of Documents.***  Copies of the Plan, the Disclosure Statement, and the Disclosure Statement Order are, or will be, available for review free of charge at https://dm.epiq11.com/teligent, by clicking on the link on the left hand side of the page titled "Plan & Disclosure Statement."  In addition, copies of the Plan are available upon written request to the Debtors' Voting Agent:

Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, you should contact the Voting Agent electronically, in writing or via telephone at: (818) 906-8300.

Date: September __, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*DRAFT*

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**

## **<u>EXHIBIT 3-A</u>**

**Form of Class 2A Customer Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR CLASS 2A BUS CUSTOMER CLAIMS FOR ACCEPTING OR
REJECTING THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF
DESOLATION HOLDINGS, LLC AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
> VOTING AGENT BY OCTOBER 16, 2023 AT 4:00 P.M. (ET)**

> **IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO
> NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL
> RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF
> THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF
> SUCH RELEASE**

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ___] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://cases.omniagentsolutions.com/?clientId=3662. Copies of the Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 2A under the Plan. If you hold Claims in more than one Class under the Plan, you will only receive a ballot for a Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 16, 2023 at 4:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just _ONE_ of the following methods: Electronically via the E-Ballot Portal, in the return envelope provided in your package, or by First Class Mail, Hand Delivery or Overnight Mail.

---

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "E-Ballot Portal") by no later than the Voting Deadline. Visit https://cases.omniagentsolutions.com/?clientId=3662 click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID# :_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

---

| **If by First-Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
|---|---|
| Bittrex, Inc. | Bittrex, Inc. |
| Ballot Processing Center | Ballot Processing Center |
| c/o Omni Agent Solutions | c/o Omni Agent Solutions |
| 5955 De Soto Ave., Suite 100 | 5955 De Soto Ave., Suite 100 |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount**. For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 2A BUS Customer Claim against the Debtors in the aggregate amount set forth below.

$_____

**Item 2. Vote on Plan**. **CHECK ONE BOX ONLY:**

☐        **ACCEPTS (votes FOR) the Plan**.

☐      **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES**</u>

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF SUCH RELEASE.**

☐      **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of*

*any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

*"Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) each of the Debtors; (b) the DIP Lender; (c) each of the Debtors' current and former directors or officers; (d) all Holders of Claims or Interests who (1) vote in favor of the Plan or (2) abstain from voting, are not entitled to vote, or vote to reject the Plan and do not opt out of the Third Party Release on a timely submitted Ballot or Opt Out Form; and (e) with respect to each of the foregoing (a) through (e), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 2A BUS Customer Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____ _____

Address: _____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 16, 2023 at 4:00 p.m. (ET) Voting Deadline.**

## VOTING INSTRUCTIONS

1.    In order for your vote to count, you must:

      (i)    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)    Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.    Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.    **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 16, 2023 at 4:00 p.m. (ET).**

4.    If voting **<u>electronically</u>**, submit your Class 2A BUS Customer Claims Ballot via the Voting Agent's online portal by visiting https://cases.omniagentsolutions.com/?clientId=3662.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.    If voting by **<u>mail</u>**, return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.    THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.    A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.    Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.    **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than 4:00 p.m. ET on September 29, 2023 a motion seeking such temporary allowance and a notice of hearing on such motion.**

13.    It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

14.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

15.    PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN

**EXHIBIT 3-B**

**Form of Class 2B Malta Opco Customer Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR CLASS 2B MALTA OPCO CUSTOMER CLAIMS FOR ACCEPTING OR REJECTING THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF DESOLATION HOLDINGS, LLC AND ITS AFFILIATED DEBTORS**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY OCTOBER 16, 2023 AT 4:00 P.M. (ET)**

---

**IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF SUCH RELEASE**

---

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ___] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://cases.omniagentsolutions.com/?clientId=3662. Copies of the Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 2B under the Plan.  If you hold Claims in more than one Class under the Plan, you will only receive a ballot for a Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 16, 2023 at 4:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just _ONE_ of the following methods:  Electronically via the E-Ballot Portal, in the return envelope provided in your package, or by First Class Mail, Hand Delivery or Overnight Mail.

---

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "E-Ballot Portal") by no later than the Voting Deadline.  Visit https://cases.omniagentsolutions.com/?clientId=3662 click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID# :_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Bittrex, Inc. | Bittrex, Inc. |
| Ballot Processing Center | Ballot Processing Center |
| c/o Omni Agent Solutions | c/o Omni Agent Solutions |
| 5955 De Soto Ave., Suite 100 | 5955 De Soto Ave., Suite 100 |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 2B Malta OpCo Customer Claim against the Debtors in the aggregate amount set forth below.

$_____

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐　　　**ACCEPTS (votes FOR) the Plan**.

☐      **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES**</u>

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF SUCH RELEASE.**

☐      **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of*

*any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

*"Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) each of the Debtors; (b) the DIP Lender; (c) each of the Debtors' current and former directors or officers; (d) all Holders of Claims or Interests who (1) vote in favor of the Plan or (2) abstain from voting, are not entitled to vote, or vote to reject the Plan and do not opt out of the Third Party Release on a timely submitted Ballot or Opt Out Form; and (e) with respect to each of the foregoing (a) through (e), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 2B Malta OpCo Customer Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 16, 2023 at 4:00 p.m. (ET) Voting Deadline.**

**VOTING INSTRUCTIONS**

1.    In order for your vote to count, you must:

> (i)    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and
>
> (ii)    Review and sign the certifications in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required in order for your vote to be counted. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.    Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.    **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 16, 2023 at 4:00 p.m. (ET).**

4.    If voting **electronically**, submit your Class 2B Malta OpCo Customer Claims Ballot via the Voting Agent's online portal by visiting https://cases.omniagentsolutions.com/?clientId=3662. In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted. Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.    If voting by **mail**, return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.    THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY. DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL. A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.    A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.   Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.   This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.   **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than 4:00 p.m. ET on September 29, 2023 a motion seeking such temporary allowance and a notice of hearing on such motion.**

13.   It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

14.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

15.   PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN

## EXHIBIT 3-C

**Form of Class 3 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR CLASS 3 GUC CLAIMS FOR ACCEPTING OR REJECTING THE**
**AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF**
**DESOLATION HOLDINGS, LLC AND ITS AFFILIATED DEBTORS**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE**
**VOTING AGENT BY OCTOBER 16, 2023 AT 4:00 P.M. (ET)**

---

**IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO**
**NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL**
**RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF**
**THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF**
**SUCH RELEASE**

---

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ___ ] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://cases.omniagentsolutions.com/?clientId=3662.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 3 under the Plan. If you hold Claims in more than one Class under the Plan, you will only receive a ballot for a Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 16, 2023 at 4:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just _ONE_ of the following methods: Electronically via the E-Ballot Portal, in the return envelope provided in your package, or by First Class Mail, Hand Delivery or Overnight Mail.

---

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "E-Ballot Portal") by no later than the Voting Deadline. Visit https://cases.omniagentsolutions.com/?clientId=3662 click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID# :_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Bittrex, Inc. | Bittrex, Inc. |
| Ballot Processing Center | Ballot Processing Center |
| c/o Omni Agent Solutions | c/o Omni Agent Solutions |
| 5955 De Soto Ave., Suite 100 | 5955 De Soto Ave., Suite 100 |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount**. For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 3 GUC Claim against the Debtors in the aggregate amount set forth below.

$_____

**Item 2. Vote on Plan**. **CHECK ONE BOX ONLY:**

☐        **ACCEPTS (votes FOR) the Plan**.

3

☐     **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES**</u>

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF SUCH RELEASE.**

☐     **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of*

*any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

*"Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) each of the Debtors; (b) the DIP Lender; (c) each of the Debtors' current and former directors or officers; (d) all Holders of Claims or Interests who (1) vote in favor of the Plan or (2) abstain from voting, are not entitled to vote, or vote to reject the Plan and do not opt out of the Third Party Release on a timely submitted Ballot or Opt Out Form; and (e) with respect to each of the foregoing (a) through (e), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 3 GUC Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 16, 2023 at 4:00 p.m. (ET) Voting Deadline.**

## **VOTING INSTRUCTIONS**

1.      In order for your vote to count, you must:

      (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)      Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 16, 2023 at 4:00 p.m. (ET).**

4.      If voting **<u>electronically</u>**, submit your Class 3 GUC Claims Ballot via the Voting Agent's online portal by visiting https://cases.omniagentsolutions.com/?clientId=3662.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.      If voting by **<u>mail</u>**, return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.      THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than 4:00 p.m. ET on September 29, 2023 a motion seeking such temporary allowance and a notice of hearing on such motion.**

13.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

14.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

15.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN

## **EXHIBIT 3-D**

**Form of Class 4 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR CLASS 4 SUBORDINATED CLAIMS FOR ACCEPTING OR REJECTING THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF DESOLATION HOLDINGS, LLC AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY OCTOBER 16, 2023 AT 4:00 P.M. (ET)**

> **IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF SUCH RELEASE**

  This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ____] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://cases.omniagentsolutions.com/?clientId=3662. Copies of the Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 4 under the Plan. If you hold Claims in more than one Class under the Plan, you will only receive a ballot for a Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 16, 2023 at 4:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just _ONE_ of the following methods: Electronically via the E-Ballot Portal, in the return envelope provided in your package, or by First Class Mail, Hand Delivery or Overnight Mail.

---

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "E-Ballot Portal") by no later than the Voting Deadline. Visit https://cases.omniagentsolutions.com/?clientId=3662 click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID# :_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Bittrex, Inc. | Bittrex, Inc. |
| Ballot Processing Center | Ballot Processing Center |
| c/o Omni Agent Solutions | c/o Omni Agent Solutions |
| 5955 De Soto Ave., Suite 100 | 5955 De Soto Ave., Suite 100 |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount**. For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 4 Subordinated Claim against the Debtors in the aggregate amount set forth below.

$_____

**Item 2. Vote on Plan**. **CHECK ONE BOX ONLY:**

☐       **ACCEPTS (votes FOR) the Plan**.

□   **REJECTS (votes AGAINST) the Plan**.

**Item 3. Releases**.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>**

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF SUCH RELEASE.**

□   **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

> *As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of*

*any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

*"Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) each of the Debtors; (b) the DIP Lender; (c) each of the Debtors' current and former directors or officers; (d) all Holders of Claims or Interests who (1) vote in favor of the Plan or (2) abstain from voting, are not entitled to vote, or vote to reject the Plan and do not opt out of the Third Party Release on a timely submitted Ballot or Opt Out Form; and (e) with respect to each of the foregoing (a) through (e), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

**Item 4. Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 4 Subordinated Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 16, 2023 at 4:00 p.m. (ET) Voting Deadline.**

## VOTING INSTRUCTIONS

1.   In order for your vote to count, you must:

  (i)   In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

  (ii)   Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.   Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.   **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 16, 2023 at 4:00 p.m. (ET).**

4.   If voting **electronically**, submit your Class 4 Subordinated Claims Ballot via the Voting Agent's online portal by visiting https://cases.omniagentsolutions.com/?clientId=3662.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.   If voting by **mail**, return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.   THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than 4:00 p.m. ET on September 29, 2023 a motion seeking such temporary allowance and a notice of hearing on such motion.**

13.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

14.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

15.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN

## **EXHIBIT 3-E**

**Form of Class 5 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR CLASS 5 INTERESTS FOR ACCEPTING OR REJECTING THE**
**AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF**
**DESOLATION HOLDINGS, LLC AND ITS AFFILIATED DEBTORS**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE**
**VOTING AGENT BY OCTOBER 16, 2023 AT 4:00 P.M. (ET)**

---

**IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO**
**NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL**
**RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF**
**THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF**
**SUCH RELEASE**

---

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ____] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://cases.omniagentsolutions.com/?clientId=3662.  Copies of the Disclosure Statement and Plan are also available:  (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Interest has been placed in Class 5 under the Plan.  If you hold Claims and/or Interests in more than one Class under the Plan, you will only receive a ballot for a Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 16, 2023 at 4:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just *ONE* of the following methods:  Electronically via the E-Ballot Portal, in the return envelope provided in your package, or by First Class Mail, Hand Delivery or Overnight Mail.

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "E-Ballot Portal") by no later than the Voting Deadline.  Visit https://cases.omniagentsolutions.com/?clientId=3662 click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID# :_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Bittrex, Inc. | Bittrex, Inc. |
| Ballot Processing Center | Ballot Processing Center |
| c/o Omni Agent Solutions | c/o Omni Agent Solutions |
| 5955 De Soto Ave., Suite 100 | 5955 De Soto Ave., Suite 100 |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 |

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 5 Interest against the Debtors.

**Item 2.  Vote on Plan.  CHECK ONE BOX ONLY:**

☐       **ACCEPTS (votes FOR) the Plan**.

☐       **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**IMPORTANT INFORMATION REGARDING THE RELEASES**

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF SUCH RELEASE.**

☐      **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Interest(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

*"Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) each of the Debtors; (b) the DIP Lender; (c) each of the Debtors' current and former directors or officers; (d) all Holders of Claims or Interests who (1) vote in favor of the Plan or (2) abstain from voting, are not entitled to vote, or vote to reject the Plan and do not opt out of the Third Party Release on a timely submitted Ballot or Opt Out Form; and (e) with respect to each of the foregoing (a) through (e), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.*

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 5 Interests to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 16, 2023 at 4:00 p.m. (ET) Voting Deadline.**

## VOTING INSTRUCTIONS

1.      In order for your vote to count, you must:

        (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

        (ii)      Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 16, 2023 at 4:00 p.m. (ET).**

4.      If voting **<u>electronically</u>**, submit your Class 5 Interests Ballot via the Voting Agent's online portal by visiting https://cases.omniagentsolutions.com/?clientId=3662.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.      If voting by **<u>mail</u>**, return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.      THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.      You must vote all your Claims and/or Interests within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim or INterest, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant or Interest holder will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims or Interests in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

13.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

14.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN

# EXHIBIT 4

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS
TO HOLDERS OF CLASS 1 CLAIMS**

      **PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (the "Debtors") submitted the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan"),[2] which is described in and attached as Exhibit A to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors*, dated as of August __, 2023 (the "Disclosure Statement"), that was approved by an order [D.I. ___] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement Order authorizes the Debtor to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Class (as defined in the Disclosure Statement Order). Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

      **YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN THE CLASS OF UNIMPAIRED CLAIMS DEEMED TO ACCEPT THE PLAN THAT IS NOT ENTITLED TO VOTE ON THE PLAN.  THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN FOR PURPOSES OF PLAN VOTING.**

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| 1 | Other Priority Claims | Unimpaired<br>***Deemed to Accept Plan*** |
| 2A | BUS Customers Claims | Impaired<br>***Entitled to Vote on Plan*** |
| 2B | Malta OpCo Customers Claims | Impaired<br>***Entitled to Vote on Plan*** |
| 3 | GUC Claims | Impaired<br>***Entitled to Vote on Plan*** |
| 4 | Subordinated Claims | Impaired<br>***Entitled to Vote on Plan*** |
| 5 | Interests | Impaired<br>***Entitled to Vote on Plan*** |

      **UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS IN CLASS 1 ARE UNIMPAIRED UNDER THE PLAN AND THEREFORE, PURSUANT TO THE PLAN AND BANKRUPTCY CODE SECTION 1126(f), ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

      *ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.   YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

*PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

**PURSUANT TO ARTICLE VIII.B OF THE PLAN, AS A HOLDER OF CLAIMS IN CLASS 1 UNDER THE PLAN, IF YOU DO NOT TIMELY SUBMIT A RELEASE OPT-OUT OR FILE AN OBJECTION TO THE RELEASES IN ARTICLE VIII OF THE PLAN PRIOR TO THE DEADLINE TO OBJECT TO CONFIRMATION OF THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF THE PLAN.  SPECIFICALLY, THE RELEASES IN ARTICLE VIII.B OF THE PLAN PROVIDE:**

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

Objections, if any, to confirmation of the Plan, including the releases provided for in Article VIII of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on October 16, 2023**:  Counsel for the Debtors: Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Patricia B. Tomasco (pattytomasco@quinnemanuel.com) and Razmig Izakelian (razmigizakelian@quinnemanuel.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Kenneth Enos (kenos@ycst.com)); and The U.S. Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov)).

Copies of the Plan, the Disclosure Statement, and the Disclosure Statement Order are, or will be, available for review free of charge at https://cases.omniagentsolutions.com/?clientId=3662.  In addition, copies of the Plan are available upon written request:

Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions

2

5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Copies of the Plan are also available by submitting an inquiry to the Voting Agent via email at BittrexInquiries@omniagnt.com, or by contacting the Voting Agent via telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

Date: September __, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*DRAFT*

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**

## **EXHIBIT 5**

**Notice to Interest Holders of Confirmation Hearing**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

## NOTICE TO INTEREST HOLDERS OF CONFIRMATION HEARING

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (the "Debtors") submitted the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan"),[2] which is described in and attached as Exhibit A to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors*, dated as of August 25, 2023 (the "Disclosure Statement"), that was approved by an order [D.I. ___] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement Order authorizes the Debtor to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Class (as defined in the Disclosure Statement Order). Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

**The Court has scheduled the hearing to consider confirmation of the Plan for October ___, 2023 at 10:00 a.m. (ET).**  Objections to confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **October 16, 2023 at 4:00 p.m. (ET)** by the Notice Parties (as defined in the Disclosure Statement Order).

Copies of the Plan are available by submitting an inquiry to the Voting Agent via email at BittrexInquiries@omniagnt.com, or by contacting the Voting Agent via telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

Date: September __, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT &**
**TAYLOR, LLP**

_____

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com

**QUINN EMANUEL URQUHART &**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

**SULLIVAN, LLP**

Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**