IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(c)
AND DEL. L.R. 9006-1(e) SHORTENING THE TIME FOR NOTICE OF THE
HEARING TO CONSIDER DEBTORS' PROPOSED DISCLOSURE STATEMENT FOR
THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF DESOLATION
HOLDINGS LLC AND ITS AFFILIATED DEBTORS**

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors"), having concurrently herewith filed the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Affiliated Debtors* [Docket No. 293] (as may be amended, the "Disclosure Statement") and the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Affiliated Debtors* [Docket No. 294] (as may be amended, the "Plan"), hereby move the Court (the "Motion to Shorten"), pursuant to Rules 2002(b) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1(a) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order shortening the time for notice of the hearing to consider approval of the Disclosure Statement (the "Hearing") so that it may be heard at the omnibus hearing scheduled in these chapter 11 cases (the "Chapter 11 Cases") for September 13, 2023, at 10:00 a.m. (ET), with objections to the Disclosure Statement due by 4:00 p.m. (ET) on September 8, 2023 (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Ltd. (1764); and Bittrex Malta Holdings Ltd. (2227). The Debtors' mailing and service address is 701 5th Ave, Suite 4200, Seattle, WA 98104.

30667188.2

1

"Objection Deadline").  In support of the Motion to Shorten, the Debtors respectfully state as follows:

       1.      Bankruptcy Rule 2002(b) requires twenty-eight (28) days' notice for "filing objections and the hearing to consider approval of a disclosure statement." Fed. R. Bankr. P. 2002(b).  However, Local Rule 3017-1(a) provides that "[t]he hearing date [on a disclosure statement] shall be at least thirty-five (35) days following service of the disclosure statement," thereby requiring an additional seven (7) days' notice of the Hearing beyond what the Bankruptcy Rules require so that objections can be filed one week before a disclosure statement hearing.  *See* Del. Bankr. L.R. 3017-1(a).

       2.      Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion "specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of motions to shorten "[g]iven the accelerated time frame of bankruptcy proceedings").

       3.      The Debtors submit that sufficient cause exists to justify shortening the notice period set by (i) the Local Rules for the Hearing and (ii) both the Bankruptcy Rules and the Local Rules for the Objection Deadline.  The Debtors are seeking to shorten the requirement of the Local Rules that the Hearing be held on at least thirty-five (35) days' notice to nineteen

(19) days and the requirement that parties in interest be provided with twenty-eight (28) days' notice of the Objection Deadline to fourteen (14) days.

4. The Debtors submit that, under the circumstances, shortening notice as provided herein is reasonable and appropriate. As the Court is aware, the initial version of the Plan has been on file since the Petition Date. The initial Plan envisioned that certain claims, including those of the SEC, would be subordinated, because it was unclear, due to uncertainty about the size of the SEC's claim, whether there would be sufficient assets to pay the allowed claims of customers and general unsecured creditors before claims that could potentially be penalties. Fortunately, however, the Debtors have reached an agreement with the SEC regarding its claim, avoiding time-consuming and costly litigation, and have amended the Plan to reflect the terms of that settlement.[2] Based on the agreed-upon liquidated amount of the SEC's claim, the Debtors believe there are sufficient assets to pay customers and general unsecured creditors in full, without the subordination of any claims.

5. Accordingly, now that the Debtors have reached an agreement with the SEC, addressing their lone obstacle to proceeding with confirmation of the Plan, they seek to commence the confirmation process as quickly as possible. Considering that the Plan provides for payment in full of all customer and general unsecured claims, expediting this process as set forth herein is in the best interests of all of the Debtors' stakeholders.

6. The Debtors submit that all parties in interest will still have ample notice of the Hearing, and will not suffer any actual prejudice by the granting of the relief requested herein. By contrast, delaying the consideration of the Disclosure Statement past the Hearing will require an additional, otherwise unnecessary hearing, at significant extra costs to the Debtors'

---

[2] The Debtors will request that the Court approve their settlement with the SEC at the Hearing. See *Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 to Approve Settlement With the Securities and Exchange Commission*. Docket No. 273.

estates, a delay in the Debtors' solicitation and confirmation process, or both. Such a delay would increase the administrative cost of the Chapter 11 Cases and unnecessarily delay the potential distributions contemplated under the negotiated Plan.

7. Accordingly, in light of the foregoing, the Debtors request that the Court shorten the time for notice of the Hearing so that the Disclosure Statement may be considered on September 13, 2023, at 10:00 a.m. (ET), with objections to the Disclosure Statement due by 4:00 p.m. (ET) on September 8, 2023.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and any further relief the Court may deem just and proper.

| | |
|---|---|
| Date: August 25, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |