# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>September 13, 2023 at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>September 6, 2023 at 4:00 p.m. (ET) |

## DEBTORS' MOTION DEBTORS' MOTION TO ASSUME UNEXPIRED REAL PROPERTY LEASE RELATING TO BELLEVUE PLACE OFFICE, LLC

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned counsel, pursuant to 11 U.S.C. §§ 105 and 365(a) and Federal Rule of Bankruptcy Procedure 6006 ("**Bankruptcy Rules**"), hereby file this *Debtors' Motion to Assume Unexpired Real Property Lease Relating to Bellevue Place Office, LLC* (the "**Motion**"), and in support thereof, state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 365(a) and Rule 6006 of the Bankruptcy Rules.

## BACKGROUND

3. On May 8, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") (collectively, the "**Chapter 11 Cases**").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to manage their business and financial affairs as debtors in possession.  No official committees have been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") [D.I. 11].[2]

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order authorizing the assumption and assignment of the real property lease – as amended postpetition – between the Debtor, Desolation Holdings LLC, and Bellevue Place Office, LLC (the "**Landlord**") with respect to the Debtor's

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

4

location at 10500 NE 8th Street, Suite 2000, Bellevue, WA 98004 (the "**Leased Premises**"). A true and correct copy of the subject lease and the prepetition amendments to the lease (the "**Lease**") are attached hereto as **Exhibit A** and incorporated by reference. Attached hereto as **Exhibit B** and incorporated by reference is a true and correct copy of the postpetition Assignment, Assumption and Amendment of Lease (the "**Lease Assignment**"), between the Debtor, Landlord, and PNC Bank, National Association (the "**Assignee**"), pursuant to which, among other things, Debtor assigns to Assignee the Lease, as amended thereunder.[3]

6. By way of summary and as fully set forth in the controlling Lease Assignment, the Landlord has agreed to consent to the assumption and assignment of all of the interest of Debtor Desolation Holdings LLC under the Lease to Assignee, the current subtenant of the Leased Premises.

7. The Lease Assignment also includes a bill of sale (the "**Bill of Sale**"), pursuant to which the Debtor is assigning its rights to the Debtor's property located at the Leased Premises, in accordance with the requirements of Debtor's sublease with Assignee.

8. For the reasons stated below, the Debtors assert that assumption and assignment of the Lease to the Assignee and the execution of the related Bill of Sale are a proper exercise of the Debtors' business judgment and is in the best interest of these estates and all stakeholders.

## BASIS FOR RELIEF

9. Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory

---

[3] Due to its voluminous nature, copies of the Lease and the Lease Assignment are not being included with the copy of this Motion served on mail recipients. Any party in interest may obtain a copy of the Lease and/or the Lease Assignment, at no cost, by requesting same in writing from Debtors' counsel.

5

contracts is to permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

10. A trustee's decision to assume or reject an unexpired lease is subject to review under the business judgment standard. *See In re Gardiner, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re Orion Pictures Corp.*, 4 F.3d at 1098–99. Under this rule, the trustee's assumption of a lease is appropriate if it will benefit the estate. *Westshire, Inc. v. Trident Shipworks, Inc.*, 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a trustee has exercised sound business judgment in determining that assumption of a particular contract is in the best interests of the estate, the Court should approve assumption under section 365(a) of the Bankruptcy Code. *In re Gucci,* 193 B.R. 411, 415 17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); *Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski)*, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the estate such that the debtor could assume them under section 365(a)). In the case of assumption, "[t]he § 365 election permits a trustee to . . . continue performance on a contract which will benefit the estate." *In re Diamond Mfg., Co.,* 164 B.R. 189 (Bankr. S. D. Ga. 1994) (citing *In re Brada Miller Freight Sys., Inc.*, 702 F.2d 890, 893 94 (11th Cir. 1983).

11. Here, the assumption of the Lease and the execution of the related Bill of Sale are a valid exercise of business judgment and in the best interests of the estate. The purpose of these Chapter 11 Cases is an orderly wind down of the Debtors' U.S. operations. The Debtors do not intend to use the Leased Premises going forward or the property located at the Leased Premises, and have not used the Leased Premises or the property located at the Leased Premises for

considerable time, subletting the Leased Premises to the Assignee since March 16, 2021, during which time the Assignee has used the Debtor's property located at the Leased Premises in accordance with the sublease.  Assumption and assignment of the Lease and the assignment of the property located at the Leased Premises will allow the Debtors to redirect their organizational resources to more pressing issues of these Chapter 11 Cases.  Instead of burdening these estates with lease rejection damages decreasing the distributions to unsecured creditors, the Debtors made a business judgment decision to instead assume and assign the Lease, allowing the Assignee and the Landlord to maintain the status quo without the intermediation of the Debtor as a party to the Lease, and allowing the Assignee to receive an assignment of the property at the Leased Premises, as is its right under the sublease.

12. The decision to assume and assign the Lease and execute the related Bill of Sale was made by the Debtors after careful consideration and weighing all factors pertaining to the Lease, including the cost of its rejection to these estates.  The assumption and assignment of the Lease and the execution of the related Bill of Sale were the result of arms-length negotiations between the Debtors, the Landlord, and the Assignee.  Assumption and assignment of the Lease and execution of the related Bill of Sale, as required under the sublease with the Assignee, benefits these estates and their creditors because these actions reduce the amount of unsecured claims in these cases, thereby enabling other creditors to realize a higher percentage distribution on their claims.  Accordingly, the Debtors assert that they have satisfied the "business judgment" standard for assuming and assigning the Lease, as amended by the Lease Assignment, and executing the related Bill of Sale and that such relief is in the best interests of their estates.

**NOTICE**

13.    The Debtors will provide notice of this Motion to: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, FinCEN, and the Office of Foreign Assets Control; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002; (k) the Landlord; and (l) the Assignee.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of an Order in substantially the form attached as **Exhibit C** (i) granting the instant Motion, (ii) authorizing and approving the assumption and assignment of the Lease on the terms and conditions set forth in the Lease, as amended by the Lease Assignment, including the related Bill of Sale, and (iii) granting such other and further relief as this Court deems just and proper.

Date: August 30, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/  Kenneth J. Enos*
Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**