**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. _____ |

**ORDER GRANTING EXTENSION AND WAIVER OF**
**DEADLINE TO COME INTO COMPLIANCE WITH**
**BANKRUPTCY CODE SECTION 345(B)**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") seeking an interim extension of the deadline to come into compliance with Bankruptcy Code section 345(b) with respect to the Debtors' accounts at Customers Bank and a final waiver of the deadline to come into compliance with Bankruptcy Code section 345(b) with respect to the Prime Trust Account, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. With respect to the Debtors' accounts at Customers Bank, the requirements of section 345(b) of the Bankruptcy Code and the U.S. Trustee's Operating Guidelines for Chapter 11 Cases, with respect to the Uniform Depository Agreements, are waived on a further interim basis, through and including October 15, 2023, such that the Debtors are authorized, in their sole discretion, to continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, subject to the following:

    a. The Debtors may maintain a maximum of $500,000 of operating funds at Customers Bank, subject to replenishment as necessary; and

    b. The Debtors may maintain a maximum of $100,000 of FBO funds at Customers Bank, subject to replenishment as necessary.

3. With respect to the Prime Trust Accounts, the requirements of section 345(b) of the Bankruptcy Code and the U.S. Trustee's Operating Guidelines for Chapter 11 Cases, with respect to the Uniform Depository Agreements, are waived on a final basis.

4. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes

2

a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.