# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: October 30, 2023 at 11:00 a.m. (ET) |
| | Response Deadline: October 5, 2023 at 4:00 p.m. (ET) |

## DEBTORS' OBJECTION TO CLAIMS 597-87 AND 597-152 FILED BY JOSHUA ROGERS PURSUANT TO SECTIONS 502, 503, AND 507 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1

Pursuant to sections 502, 503, and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the above-captioned debtors in possession (the "Debtors"), through undersigned counsel, hereby file this objection (the "Objection") to the following claims: (i) Claim No. 597-87 filed by Joshua Rogers ("Rogers") and/or Stessa; and (ii) Claim No. 597-152 filed by Rogers (collectively, the "Rogers Claims"). The Debtors request entry of the Proposed Order attached hereto as **Exhibit A**, disallowing the Rogers Claims, because, for the reasons set forth below, Mr. Rogers has never deposited cryptocurrencies or fiat currencies with the Debtors and has no other claims against the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rules 7008 and Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are sections 105, 502, 503, and 507 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

**BACKGROUND**

**I.     The Bankruptcy Cases and Bar Date**

4. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

5. Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions [D.I. 11] (the "First Day Declaration" or "Hengel Declaration").

6. Shortly thereafter, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date Motion") (D.I. 65), which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claim. The Debtors promptly served notice of the bar date on all creditors. D.I. 201.

## II. The Rogers Claims

### A. Rogers History With BUS

7. An individual with Rogers' date of birth ███████████████████████████████████████████████ created an account on BUS' platform on March 25, 2023. This individual did not provide a name and did not complete the onboarding process. No deposits were made to this account. No tickets have been submitted by this individual.

### B. Claim 597-87

8. Rogers filed Claim 597-87 on July 24, 2023. He did not select a debtor. Rogers states that other names he has used with the unnamed debtor are "Stessa/LendingTree, Rocket Mort." Rogers states that a number he has used to identify the debtor is 04137085-256-716990.

9. Rogers lists a claim of $1,383,718.09, purportedly (and nonsensically) consisting of: (i) 3,547,077.71 Bitcoin; and (ii) 2,107.41 Bitcoin Cash. He states that the claim is based on "Real Estate Portfolio, money loaned" and that the claim is secured by real estate and a motor vehicle. According to Rogers, the value of the property is $139,849,900, the amount of the claim that is

---

[2] Redacted pursuant to *Final Order (I) Authorizing the Debtors to (A) Maintain a Consolidated List of Creditors, (B) File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, and (C) Withhold or Omit Certain Confidential Information, (II) Establishing Procedures for Notifying the Parties of Commencement, and (III) Granting Related Relief* [D.I. 116]

secured is $31,726,800, the amount of the claim that is unsecured is $108,123,700, the amount necessary to cure any default as of the petition date is $26,719,453.89, and the annual interest rate is 3.3%. He then says that the claim is subject to set off and lists "9 Robledo, 54, Can Buren, 6010 Royal Cres."

10.     Rogers claims the following priorities: (i) $4,805 pursuant to 11 U.S.C. §§ 507(a)(1)(A) or (a)(1)(B); (ii) $29,800.50 pursuant to 11 U.S.C. § 507(a)(7); (iii) $12,849.02 pursuant to 11 U.S.C. § 507(a)(4); and (iv) $1,200,000 pursuant to 11 U.S.C. § 507(a)(8).

11.     Rogers also asserts a section 503(b)(9) claim based on loan of three Bitcoin for a total of $82,824.96.

12.     Rogers attached a copy of his drivers license and a list of property addresses.

### C. Claim 597-152

13.     Rogers filed Claim 597-152 on June 30, 2023. He did not select a debtor. Rogers states that other names he has used with the unnamed debtor are "Joshua Rogers RPC," and that his Account ID is "Adam1986, Stessa." He says he acquired the claim from "Sullivans, Laundrys, Palm RG." Rogers states that a number he has used to identify the debtor is 001286358 and 256-716998.

14.     Rogers lists a claim of $148,973,361 * .3, purportedly (and nonsensically) consisting of: (i) 148,973,361.8 Bitcoin; (ii) 1,809,619.32 Bitcoin Cash; (iii) 7 Cratos; (iv) 18,551,93263557 Ethereum; and (v) 11568.933 Tokes. He states that the claim is based on "OHR 17-674(c) Book Deal Portfolio of Stessa Car Loan" and that the claim is secured by real estate, motor vehicle, and "other" of $143,243,617. He states that the basis for perfection is attached, but there is no attachment. According to Rogers, the value of the property is $8,604,580 (3P), the amount of the claim that is secured is $3,699,801, the amount of the claim that is unsecured is $4,904,779, the

amount necessary to cure any default as of the petition date is $4,904,779, and the annual interest rate is 6%. He then says that the claim is subject to set off and lists "6010 Royal Crest Dr. 165 Crumlegs 326 Hunters Trail, HTX."

15. Rogers claims the following priorities: (i) $2,389 pursuant to 11 U.S.C. § 507(a)(7); (ii) $160,580,000 OHR pursuant to 11 U.S.C. § 507(a)(4); and (iv) "17-674-PCM" pursuant to "11 U.S.C. § 507(a)(__)."

16. Rogers also asserts a section 503(b)(9) claim for $160,580,000.

**OBJECTIONS**

**I.  The Rogers Claims Are Not Properly Executed And Therefore Not Prima Facie Valid**

17. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under Section 502(a) of the Bankruptcy Code. However, a claimant's proof of claim is entitled to the presumption of *prima facie* validity only until the debtor effectively rebuts the presumption of validity. *In re TK Holdings, Inc.*, 2021 WL 2949344, at *4 (D. Del. July 14, 2021). The burden of proof then shifts to the creditor. *Id.*

18. To be properly executed, a proof of claim must be in writing, substantially conform to the Official Form, be executed by the creditor or the creditors' authorized agent, and if the claim is based on a writing, it must attach the writing. Rule 3001; *In re Cluff*, 313 B.R. 323, 332 (Bankr. D. Utah 2004).

19. Here, Rogers did not list the debtor against which he is asserting Claims 597-87 and 597-152. The Claims therefore do not conform to the Official Form, and are not prima facie

5

valid.

## II. The Rogers Claims Should Be Disallowed Pursuant to Section 502(b)(1)

20. Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]" 11 U.S.C. § 502(b)(1). Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

21. Here, Rogers has never deposited cryptocurrencies or fiat currencies into his account. Indeed, he never finished setting up his account. Therefore, Claims 597-87 and 597-152 should be disallowed under section 502(b)(1).

## III. The Rogers Claims Are Not Secured

22. Rogers further asserts that Claims 597-87 and 597-152 are secured. However, as discussed above, Rogers does not have an underlying claim. Moreover, Rogers has not attached evidence of the perfection of the security interests as required by Rule 3001(d). Therefore, Claims 597-87 and 597-152 are not secured.

## IV. The Rogers Claims Are Not Entitled To Priority Under Section 507

23. As set forth above, Rogers asserts that Claims 597-87 and 597-152 are entitled to priority under various of section 507' subsections. Specifically, Rogers asserts differing amounts of priority under section 507(a)(1)(A), (a)(1)(B), (a)(4), (a)(7), (a)(8), and with respect to Claim 597-152, section "507(a)(__)."

24. Sections 507(a)(1)(A) and (a)(1)(B) address domestic support obligations. Section 507(a)(4) addresses claims for wages, salaries, or commissions. Section 507(a)(7) addresses

deposits in connection with the purchase, lease, or rental of properties, or purchases of services for personal, family, or household use that were not delivered or provided. Last, section 507(a)(8) controls claims for specified taxes and customs duties.

25. Here, section 507(a)(1)(A), (a)(1)(B), (a)(4), (a)(7), and (a)(8) do not apply to Rogers' claims. There is no indication that the claims are: (i) for domestic support obligations; (ii) for wages, salaries, commissions; (iii) in connection with the purchase, lease, or rental of properties, or purchases of services for personal, family, or household use that were not delivered or provided; or (iv) for taxes or customs duties. Therefore, Claims 597-87 and 597-152 are not entitled to priority under section 507.

**V.    The Rogers Claims Are Not Entitled To Priority Under Section 503(b)(9)**

26. Rogers asserts that Claims 597-87 and 597-152 have administrative priority pursuant to section 503(b)(9) in amounts of $82,824.96 and $160,580,000, respectively. This assertion fails.

27. Section 503(b)(9) only provides administrative priority for claims for the value of any goods received by the debtor within 20 days before the Petition Date if the goods were sold to the debtor in the ordinary course of business.

28. Here, Rogers has never finished setting up his account and did not deposit cryptocurrencies or fiat currencies into that account. Even if he had, there is no indication that Rogers sold any goods to any of the Debtors within 20 days before the Petition Date. Therefore, Claims 597-87 and 597-152 are not entitled to administrative priority under section 503(b)(9).

30802702.1

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court sustain this Objection and disallow the Rogers Claims.

| | |
|---|---|
| Date: September 21, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ Kenneth Enos<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |