# Exhibit A

**Summary of Debtors' Responses to Objections and Comments to Debtors' Motion for an Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; (IV) Shortening the Notice Period for the Hearing to Consider Confirmation of the Plan; and (V) Granting Related Relief**

## I. DOJ Objections / Comments to the Disclosure Statement

| DOJ's Objections / Comments to the Disclosure Statement | | | |
|---|---|---|---|
| **No.** | **Objection / Comment** | **Response** | **Plan / Disclosure Statement Location** |
| *Objections to the Disclosure Statement*[1] | | | |
| 1 | The Disclosure Statement lacks adequate information for creditors to make an informed voting decision. First, the Disclosure Statement fails to describe the Debtors' obligations to submit a license application with OFAC; second, the Disclosure Statement fails to adequately describe potential escheatment and unclaimed property claims and how they may impact distributions under the Plan; and third, the Disclosure Statement fails to explain under what circumstances the Debtors and/or the Wind Down Entity may choose to reclassify GUC claims as Subordinated Claims. This missing information is necessary for creditors to make an informed voting decision on the Plan, and the Disclosure Statement should not be approved. Objection ¶ 16. | As set forth in the Reply, the Debtors have revised the Disclosure Statement[2] to provide additional information to aid creditors in their decision to vote to accept or reject the Plan. *See* Reply ¶ 7. The Debtors submit that the Amended Disclosure Statement provided adequate information within the meaning of Bankruptcy Code section 1125. | |

[1] Prior the filing of the Objection, the DOJ raised the issues under no. 1-4 in the form of informal objections and comments to the Disclosure Statement. *See* Reply ¶ 13. Prior to the filing of the Objection, the Debtors had agreed with the DOJ that the Debtors would revise and supplement the information included in the revised Disclosure Statement. *Id*.

[2] In connection with the Debtors' responses to objections and comments, references to the Disclosure Statement, Plan, Disclosure Statement Order, and related exhibits in this and other tables of Exhibit A are references to such documents as amended.

| DOJ's Objections / Comments to the Disclosure Statement | | | |
|---|---|---|---|
| **No.** | **Objection / Comment** | **Response** | **Plan / Disclosure Statement Location** |
| 2 | Debtors' Obligations Under Federal Law.<br>The Disclosure Statement is silent on the Debtors' regulatory obligations related to customers affected by OFAC regulations. Creditors need to know whether customers' withdrawals can occur, under what conditions, and the risks involved, including any regulatory compliance issues and the consequences of non-compliance. Objection ¶¶ 17-20. | At the time of the filing of its Objection, the Debtors had already sought guidance both from OFAC and the DOJ regarding the resolution of claims of customers residing in OFAC-sanctioned countries. Moreover, the Debtors had agreed to provide disclosures about these unsettled issues.<br>Against this background, the DOJ decided to file its Objection without contacting the Debtors about any additional concerns DOJ may have had.<br>The Debtors have included the requested disclosures in the Disclosure Statement to the extent of the information available to the Debtors. | Disclosure Statement: Section VI.I (p. 50):<br>"Certain Holders of Claims are customers who are residents or nationals of countries subject to OFAC sanctions. BUS previously entered with OFAC into Settlement in relation to such customers who established their accounts with the Debtors prior to 2017, see Section I.A above. Furthermore, consistently with OFAC regulations, the Debtors have issued "blocked property reports" to OFAC and have frozen the accounts of multiple customers who have become subject to various sanctions after becoming BUS's customers. These funds remain on the Bittrex platform.<br>Permitting withdrawals or distribution of assets to customers who reside, or cannot conclusively establish that they no longer reside, in OFAC-sanctioned jurisdictions without the authorization of OFAC would constitute a violation of federal laws. OFAC may authorize otherwise prohibited transactions or activities through general or specific licenses. However, that process is lengthy—often well over a year—which would not permit such licenses to be issued during the time period set forth to resolve the Chapter 11 Cases.<br>Bittrex previously applied to OFAC for licenses to release funds to customers in multiple sanctioned jurisdictions in April 2018. Eighteen months later, in October 2019, OFAC issued licenses to release funds to customers in Iran, Cuba, and Crimea, which was announced to those customers in November 2019. Those licenses expired on March 31, 2020, and many affected customers took |

| DOJ's Objections / Comments to the Disclosure Statement | | | |
|---|---|---|---|
| **No.** | **Objection / Comment** | **Response** | **Plan / Disclosure Statement Location** |
| | | | advantage of the licenses and withdrew funds during that period. However, despite receiving public notice and direct communications, many did not, including any impacted customers now filing claims in the Chapter 11 Cases.<br><br>Aware that funds related to customers in sanctioned jurisdictions and blocked property could not be distributed to such customers without violating federal law absent OFAC authorization, but also aware that a typical license process would take too long in the Chapter 11 Cases, the Debtors sought guidance from OFAC and the Department of Justice. The parties have agreed that, once the full universe of relevant claims has been determined through the claims review process, the Debtors would provide that list (including all available information pertaining to such affected customers) to OFAC, so that OFAC can advise whether licenses can be granted for some or all of those individuals, allowing Debtors to distribute such funds lawfully. Similarly, the Debtors are in the process of providing to OFAC the details of customers subject to blocked property reports, so that OFAC can advise the Debtors as to where those funds should be directed." |
| 3 | Risks that Escheatment and Unclaimed Property Claims Pose to Distributions of Holders of GUC Claims Under the Plan.<br><br>The Disclosure Statement does not describe whether (a) the Debtors face any real prepetition escheatment or unclaimed property claims; (b) the Debtors classify prepetition escheatment or | The DOJ received unredacted copies of the proofs of claims filed by ten states in advance of the Governmental Bar Date of November 4, 2023, as it admits in footnote 4 of its Objection. Therefore, DOJ is aware of the insignificant scale of these claims compared to other creditor claims. | Disclosure Statement: Section VI.I (p. 51):<br><br>"The Debtors received from state governmental entities ten proofs of claims for customer unclaimed property amounting to approximately $1.3 million. The governmental bar date is November 4, 2023. The Debtors have performed analysis of these and other potential unclaimed |

| DOJ's Objections / Comments to the Disclosure Statement | | | |
|---|---|---|---|
| **No.** | **Objection / Comment** | **Response** | **Plan / Disclosure Statement Location** |
| | unclaimed property claims in classes 2A/2B, as being derivative of the claims of customers, or in class 3 with other GUCs is also unclear. If the prepetition escheatment or unclaimed property claims are derivative of customer claims, those claims will receive a property distribution before GUCs. If these claims are significant, they may impact the proposed distributions to, at least, class 3 (GUC) creditors. The Debtors indicated to the United States that they believe these claims will not upset the proposed waterfall of distributions, but the Disclosure Statement fails to make that claim and fails to provide an analysis supporting this belief. Objection ¶¶ 21-25. | Further, the DOJ appears to complain about the way the states filled out their proofs of claims, but that is not something the Debtors can remedy.<br><br>Nevertheless, the Debtors agreed to further elaborate on the issue of unclaimed property in its Disclosure Statement, and indeed did so in the Disclosure Statement, as revised. | property claims and, with respect to BUS' customers, they estimated such U.S. law claims at less than $25 million. This approximation of up to $25 million in potential state unclaimed property claims has already been accounted for in the Liquidation Analysis and estimated in the Plan as reserves built in Classes 2A. The Debtors do not anticipate unclaimed property claim amounts to materially affect distributions under the Plan." |
| 4 | <u>The Disclosure Statement Fails to Adequately Explain How and When GUC Claims Could Be Reclassified as Subordinated Claims.</u><br><br>The Liquidation Analysis or the Disclosure Statement do not describe the particular claims included in Class 4 (Holders of Subordinated Claims). Moreover, the Plan permits the Debtors and/or the Wind Down Entity to reclassify any GUC claim as a Subordinated Claim in their sole discretion. The Disclosure Statement and Plan provide no explanation of why, how or when the Debtors or the Wind Down Entity would reclassify a GUC claim, creating a situation where no GUC can be sure of its treatment. Objection ¶¶ 26–30. | The DOJ requested that the Debtors clarify the issue of claim subordination, which the Debtors agreed to do and indeed did in the Disclosure Statement.<br><br>This objection emanates from the DOJ's grousing about paying individual customers ahead of government penalties. Regarding this issue, the Debtors stand firm. The Debtors will pay customers ahead of government penalties. | <u>Disclosure Statement:</u> Section VII.C.viii (pp. 56-57):<br><br>"The allowance, classification, and treatment of all Allowed Claims and Allowed Interests and the respective Distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable or contractual subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise. Pursuant to section 510 of the Bankruptcy Code, or as needed to satisfy the best interests of creditors, the Debtors or the Plan Administrator, as applicable, reserve the right to re-classify any Allowed Claim in accordance with any contractual, legal, or equitable subordination relating thereto via claim objection or motion. Such reservation of |

| DOJ's Objections / Comments to the Disclosure Statement | | | |
|---|---|---|---|
| **No.** | **Objection / Comment** | **Response** | **Plan / Disclosure Statement Location** |
| | | | right does not apply to the payments to the SEC contemplated in the SEC Motion, which are Allowed GUC Claims that not subject to a reclassification as a Subordinated Claim by the Debtors, or the Wind Down Entity, as applicable." |
| 5 | Feasibility of the Plan<br>The Disclosure Statement does not explain the Debtors' regulatory requirements regarding accounts subject to the Sanctions Programs, as well as the treatment of state unclaimed property claims. Moreover, the Disclosure Statement does not contain "many other details" which are necessary to help parties-in-interest understand how distributions will be made under the Plan, as well as how the Plan will function and whether it is feasible as proposed. Objection ¶ 10. | This is a confirmation issue. Feasibility is highly fact-driven, and the Debtors will be prepared to demonstrate that the Plan is feasible at confirmation. Even if the Debtors' disclosures—or their lack—called into question feasibility of the Amended Plan (they do not), the DOJ ignores the facts and circumstances of this specific case. In brief, the DOJ fails to explain how the Plan—which provides for the liquidation and entertains payment in full of all creditors and even payment in-kind to the largest group of creditors, the customers—would fail to be feasible. | |
| *Comment to the Disclosure Statement* | | | |
| 6 | Providing an email address for the companies and others necessary to serve confirmation objections (page 87/pdf page 95 of DS). | The Debtors added (a) the emails of D. Maria, and C. Barker for the Debtors; (b) the email of P. Tomasco for the counsel to the Debtors; and (c) the email of R. Schepacarter (for the U.S. Trustee). | Disclosure Statement: Article X.B (p. 92). |

## II. U.S. Trustee's Informal Objections / Comments to the Plan and Disclosure Statement Order

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| 1 | Exculpated Parties' Definition.<br><br>The Exculpated Parties definition in the Plan is inconsistent with applicable Third Circuit law. Please revise the Exculpated Parties definition as follows:<br><br>"Exculpated Parties" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) ~~the Wind Down Entity~~; (c) ~~the DIP Lender; the Plan Administrator;~~ and (d) with respect to each of the Debtors ~~foregoing (a) through (c), such Entity~~ and its current and former ~~Affiliates, and such Entity's and its current and former Affiliates' current and former members, equity holders (regardless of whether such interests are held directly or indirectly), subsidiaries,~~ officers and directors who served during any portion of these cases and the Debtors' retained ~~, managers, predecessors, successors, assigns, principals, members, employees, agents, advisory board members~~, financial advisors, ~~partners~~, attorneys, accountants, restructuring advisors, investment bankers, consultants, ~~representatives~~, and other retained professionals, each in their capacity as such. | The Debtors agreed to implement the U.S Trustee's comment in the Plan. | Plan: Article I.A(58) (p. 11):<br><br>"'Exculpated Parties' means, collectively, and in each case in its capacity as such: (a) the Debtors; and (b) with respect to each of the Debtors, its current and former officers and directors who served during any portion of these cases and the Debtors' retained financial advisors, attorneys, accountants, restructuring advisors, investment bankers, consultants, and other retained professionals, each in their capacity as such; provided, additionally, that Endurance shall be an Exculpated Party as set forth in Article IV.B.4 of the Plan." |
| 2 | Payment of Statutory Fees.<br><br>Article II.D and Article XII.C. are inconsistent. You only need only one provision as Article II. D. | The Debtors agreed to implement the U.S Trustee's comment in the Plan. | Plan: Articles II.D (p. 20), and XII.C (p. 58).<br><br>"[Article II.D] All fees due and payable pursuant to section 1930 of Title 28 of the United States Code |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | could just refer the reader to Article XII.C which should be revised as follows:<br>*Payment of Statutory Fees.*<br>All fees payable pursuant to section 1930(a) of the Judicial Code, including fees and expenses payable to the U.S. Trustee, as determined by the Bankruptcy Court at a hearing pursuant to section 1128 of the Bankruptcy Code, will be paid by the Wind Down Entity, BUS, and Plan Administrator for each quarter (including any fraction thereof) until the applicable Chapter 11 Case is converted, dismissed, or closed, whichever occurs first. All such fees due and payable prior to the Effective Date shall be paid by the Debtors on the Effective Date and such Debtors shall File with the Bankruptcy Court monthly reports using UST Form 11-MOR. After the Effective Date, the Wind Down Entity, BUS and Plan Administrator shall pay any and all such fees when due and payable~~,~~ and shall File with the Bankruptcy Court quarterly reports using UST Form 11-PCR ~~in a form reasonably acceptable to the U.S. Trustee~~, until the earliest of the date on which the applicable Chapter 11 Case is converted, dismissed, or closed. Neither the U.S. Trustee nor any other Governmental Unit shall be required to File a request for an Administrative Claim for Statutory Fees and shall not be treated as providing a release under the Plan. | | before the Effective Date shall be paid by the Debtors as set forth in Article XII.C."<br>"[Article XII.C] All fees payable pursuant to section 1930(a) of the Judicial Code, including fees and expenses payable to the U.S. Trustee, as determined by the Bankruptcy Court at a hearing pursuant to section 1128 of the Bankruptcy Code, will be paid by the Wind Down Entity, BUS, and Plan Administrator for each quarter (including any fraction thereof) until the applicable Chapter 11 Case is converted, dismissed, or closed, whichever occurs first. All such fees due and payable prior to the Effective Date shall be paid by the Debtors on the Effective Date and such Debtors shall File with the Bankruptcy Court monthly reports using UST Form 11-MOR. After the Effective Date, the Wind Down Entity, BUS, and Plan Administrator shall pay any and all such fees when due and payable and shall File with the Bankruptcy Court quarterly reports sing UST Form 11-PCR, until the earliest of the date on which the applicable Chapter 11 Case is converted, dismissed, or closed. Neither the U.S. Trustee nor any other Governmental Unit shall be required to File a request for an Administrative Claim for Statutory Fees and shall not be treated as providing a release under the Plan." |
| 3 | Claim Treatment for Impaired Claims.<br>The Plan designated three classes of claims. Class 2A consists of BUS Customer Claims and Class 2B consists of Malta OpCo Customers Claims which | The U.S. Trustee and Debtors have resolved this informal objection, which was rejected by the Debtors. The Debtors note that the Plan provides for waterfall treatment and separate classification is | Plan: Article III.D (pp. 22-24).<br>Disclosure Statement: Sections I.D (p. 14-17), and VII.C.i (pp. 53-55). |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | are in essence allowed in full as these creditors are slated to receive their Customer Distributions (provided that all Government Regulations applicable to such Customer are satisfied prior to making such Customer Distribution).<br><br>Class 3 – GUC Claims are supposed to receive payment in Cash in an amount equal to such Allowed GUC Claim no later than six months after the Effective Date.<br><br>These classifications seem to be artificial and without differences. Also, the Class 2A and 2B claims require that all Government Regulations applicable to such Customer are satisfied prior to making such Customer Distribution. Are these Government Regulations applicable to such Customer the responsibility of the customer or the Debtors, for example those OFAC affected creditors require that the Debtors obtain the OFAC license to do business with these customers/creditors. | based on distinct bases for claims in both type and origin. | |
| 4 | Article III.K. of the Plan<br><br>This provision states that under section 510 of the Bankruptcy Code, the Debtors, or the Wind Down Entity, as applicable, reserve the right to re-classify any Allowed Claim in accordance with any contractual, legal, or equitable subordination relating thereto.<br><br>An "Allowed" claim means a Claim or Interest in a liquidated amount as to which no objection has been Filed prior to the applicable Claims Objection Deadline and that is evidenced by a Proof of Claim | The U.S. Trustee and Debtors have resolved this informal objection, which was rejected by the Debtors. The Debtors note that they can (a) object to scheduled claims; (b) seek to re-classify filed claims via claim objection. The Debtors' further note that it is a reservation to seek that relief via motion or claim objection. | Plan: Article III.K (p. 25). |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | or Interest, as applicable, timely Filed by the applicable Bar Date or that is not required to be evidenced by a Filed Proof of Claim or Interest, as applicable, under the Plan, the Bankruptcy Code, or a Final Order or a Claim or Interest that is scheduled by the Debtors as neither Disputed, contingent, nor unliquidated, and for which no Proof of Claim or Interest, as applicable, has been timely Filed in an unliquidated or a different amount; or a Claim or Interest that is upheld or otherwise Allowed, but any Claim or Interest Filed after the Bar Date shall not be Allowed for any purposes whatsoever absent entry of a Final Order.<br><br>Given the above, how do the Debtors justify the ability the ability to re-classify any Allowed Claim especially after the bar date and the allowance of the claim? | | |
| 5 | <u>Article IV.B.1 Customers and the Debtors,</u><br><br>How is the Plan deemed to be a motion to approve the good faith compromise and settlement pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 of disputes between Customers and the Debtors with respect to ownership of Cryptocurrencies?<br><br>The Plan is not a settlement but can sanction or adopt such settlements i.e., the SEC Settlement. Could you file a 9019 motion to approve such a settlement?<br><br>Imposing a unilateral settlement such as this is improper. | To Debtors agreed to revise Article IV.B.1 of the Plan. The Debtors note that section 1123 of the Bankruptcy Code allows for a Plan to contain a compromise or settlement. Further, the Debtors observes that, while a motion pursuant to 9019 of the Bankruptcy Code (the "9019 Motion") is required outside of a plan, a 9019 Motion is not required when a settlement is sought via a plan. | <u>Plan:</u> Article IV.B.1 (p. 26):<br><br>"The Plan shall be deemed a motion to approve the good faith compromise and settlement pursuant to section 1123(b)(3)(A) of the Bankruptcy Code of disputes between Customers and the Debtors with respect to ownership of Cryptocurrencies. As set forth in the Debtors' Motion for Entry of an Order Authorizing the Debtors to Honor Withdrawals of Cryptocurrency Assets by Customers [D.I. 43], although the Debtors believe that Cryptocurrencies maintained in BUS omnibus wallets constitute property of the bankruptcy estate, Customers may assert that the Cryptocurrencies maintained in BUS omnibus wallets do not constitute property of the bankruptcy estate. This proposed compromise |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | | | renders the debate academic because Customers can withdraw 100% of the Cryptocurrencies deposited onto the platform, while avoiding the cost and delay of litigation. At the same time, this proposed compromise will eliminate potential risk to the estate if the Customers prevail in demonstrating that they own the Cryptocurrencies associated with their accounts. In consideration for the benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement. The compromises and releases described herein shall be deemed nonseverable from each other and from all other terms of the Plan. The Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise, settlement, and releases set forth in the Plan, as well as a finding by the Bankruptcy Court that such settlement and compromise, and the releases and indemnities provided to effectuate such settlement, are in the best interests of the Debtors, their Estates, and the Holders of Claims and Interests, and is fair, equitable, and reasonable." |
| 6 | <u>Injunction.</u><br><br>Please replace the current Injunction in Section E with these two Injunction-related paragraphs.<br><br>*Injunctions Relating to Releases.*<br><br>Effective as of the Effective Date, all Persons that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, or liability of any nature whatsoever, that is released or exculpated pursuant | The Debtors agreed to amend the Injunction definition contained in the Plan to adopt the language proposed by the U.S. Trustee but with some modifications to comply with certain other definitions contained in the Plan. Also, the Debtors included some additional provisions, including a provision requested by the United States. | <u>Plan:</u> Article VIII.E (pp. 50-52):<br><br>"*Injunctions Relating to Releases.*<br><br>Effective as of the Effective Date, all Persons, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, or liability of any nature whatsoever, that is released or |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | to this Combined Plan and Disclosure Statement (the "Released Claims"), shall be permanently, forever and completely stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such Released Claims (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) on account of the Released Claims in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order on account of the Released Claims, (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any lien on account of the Released Claims, and (iv) setting off ( except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, directly or indirectly, any amount against any liability or obligation owed to any Person on account of the Released Claims.<br><br>*Injunctions Relating to Releases.*<br><br>Effective as of the Effective Date, all Persons that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, or liability of any nature whatsoever, that is released or exculpated pursuant to this Combined Plan and Disclosure Statement | | exculpated pursuant to this Plan (the "Enjoined Parties" and the "Released Claims"), shall be permanently, forever and completely stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such Released Claims: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) on account of the Released Claims in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order on account of the Released Claims, (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any lien on account of the Released Claims, and (iv) setting off (except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, directly or indirectly, any amount against any liability or obligation owed to any Person, along with their respective present or former employees, agents, officers, directors principals, and affiliates, on account of the Released Claims.<br><br>*Injunctions to Protect Plan Assets.*<br><br>Except as expressly otherwise provided in this Plan, or to the extent necessary to enforce the terms and conditions of this Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | (the "Released Claims"), shall be permanently, forever and completely stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such Released Claims (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) on account of the Released Claims in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order on account of the Released Claims, (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any lien on account of the Released Claims, and (iv) setting off ( except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, directly or indirectly, any amount against any liability or obligation owed to any Person on account of the Released Claims. | | Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against any of the assets to be distributed under this Plan on account of any such Claims or Equity Interests: (i) commencing or continuing, in any manner or in any place, any action, Cause of Action, or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff ( except to the extent such setoff was exercised prior to the Petition Date), or the right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action, or other proceeding against any of the assets to be distributed under this Plan that does not comply with or is inconsistent with the provisions of this Plan.<br>*Other Provisions Regarding Injunctions.*<br>The injunctions in this Section shall extend to the Wind Down Entity and Plan Administrator (with the Debtors, "Protected Parties" and each, a "Protected Party"), as applicable, and their respective property and interests in property.<br>By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | | | without limitation, the injunctions set forth in this Section.<br><br>Notwithstanding the foregoing, nothing in this Section shall enjoin the assertion of a defensive right of recoupment.<br><br>Nothing in the Plan or Confirmation Order shall (1) enjoin, release, impair or otherwise preclude the United States (i) from pursuing any criminal action or any police or regulatory action, (ii) from pursuing any liability to the United States that is not a Claim, (iii) from exercising any rights of setoff or recoupment subsequent to confirmation of the Plan or any order granting substantive consolidation, and such rights are preserved, and (iv) from pursuing any claim of the United States arising on or after the Confirmation Date; and (2) grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.<br><br>No Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Cases, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor, the administration of the Wind Down Assets, or the transactions in furtherance of the foregoing without the Bankruptcy Court: (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party; and (ii) |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | | | specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.<br><br>Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Plan Confirmation Order, no provision shall (i) preclude the United States Securities and Exchange Commission ("SEC") from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceeding or investigations against any non-debtor person or non-debtor entity in any forum."<br><br>Disclosure Statement: Section II.R (pp. 26-28) (quoting Article VIII.E of the Plan). |
| 7 | Closing of Chapter 11 Cases.<br><br>Upon the occurrence of the Effective Date, the Plan Administrator shall be permitted to, upon cause shown, take the appropriate steps to move to close ~~to~~ close all of the Chapter 11 Cases except for the Chapter 11 Case of BUS, and all contested matters and adversary proceedings relating to each of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of BUS; provided that for purposes of sections 546 and 550 of the Bankruptcy Code, the Chapter 11 | The Debtors agreed to amend Article XII.M of the Plan, which currently includes a reference to the statutory standard set forth in section 350 of the Bankruptcy Code. Also, the Debtors amended Article IV.C.9 of the Plan to emphasize that the closing of the Debtors' chapter 11 cases will be in compliance of section 350 of the Bankruptcy Code.<br><br>The Debtors notes that the language proposed by the U.S. Trustee appears to misstate the statutory | Plan: Articles IV.C.9 (p. 32), and XII.M (p. 60).<br><br>"[Article IV.C.9] Upon a certification to be filed with the Bankruptcy Court by the Plan Administrator of the occurrence of the Effective Date, all distributions having been made, completion of all its duties under the Plan, and entry of a final decree closing the Wind Down Entity's Chapter 11 Case in compliance with section 350 of the Bankruptcy Code and after a motion and hearing, and the conclusion of all litigation being pursued by the Plan Administrator, |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | Cases shall be deemed to remain open until the Chapter 11 Case of BUS has been closed.<br><br>When all Disputed Claims have become Allowed or Disallowed and all remaining Cash has been distributed in accordance with the Plan, the Plan Administrator shall seek authority from the Bankruptcy Court to close the Chapter 11 Case of BUS in accordance with the Bankruptcy Code and the Bankruptcy Rules. | standard provided by section 350 of the Bankruptcy Code. | the Wind Down Entity shall be deemed to be dissolved without any further action by the Wind Down Entity, the Plan Administrator, or the Bankruptcy Court, including the filing of any documents with the secretary of state for the state in which the Wind Down Entity is formed or any other jurisdiction."<br><br>"[Article XII.M] Upon the occurrence of the Effective Date, the Plan Administrator shall be permitted, as set forth in section 350 of the Bankruptcy Code, take the appropriate steps to move to close all of the Chapter 11 Cases except for the Chapter 11 Case of BUS, and all contested matters and adversary proceedings relating to each of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of BUS; provided that for purposes of sections 546 and 550 of the Bankruptcy Code, the Chapter 11 Cases shall be deemed to remain open until the Chapter 11 Case of BUS has been closed."<br><br>Disclosure Statement: Section VII.D.iii.8 (p 60):<br><br>"Upon a certification to be filed with the Bankruptcy Court by the Plan Administrator of the occurrence of the Effective Date, all distributions having been made, completion of all its duties under the Plan, and entry of a final decree closing the Wind Down Entity's Chapter 11 Case in compliance with section 350 of the Bankruptcy Code and after a motion and hearing, and the conclusion of all litigation being pursued by the Plan Administrator, the Wind Down Entity shall be deemed to be dissolved without any further action by the Wind Down Entity, the Plan Administrator, |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | | | or the Bankruptcy Court, including the filing of any documents with the secretary of state for the state in which the Wind Down Entity is formed or any other jurisdiction." |
| 8 | Releasing Parties.<br><br>"Releasing Parties" means, collectively, and in each case only in its capacity as such: ~~(a) each of the Debtors~~ **[UST: the Debtors are separately giving their own releases under Art. VIII.A. They should not also be giving releases under Art. VIII.B, which is titled "Releases by Holders of Claims and Interest."]** (a) the DIP Lender; (b) each of the Debtors' current and former directors or officers, solely to the extent such current and former directors or officers may assert claims or causes of action on behalf of or in a derivative capacity by or through the Debtors **[UST: if the debtors will present evidence that each of their current and former directors or officers have consented to give releases, then the language can stay as it was. Otherwise, please add in the proposed language, which is taken from the definition of Releasing Parties in the Lucira plan, which is another YCST case.]**; (c) all Holders of Claims or Interests who are in voting classes and (1) vote ~~in favor of~~ to accept the Plan, (2) vote to reject the Plan or (3) abstain from voting on the Plan, ~~are not entitled to vote, or vote to reject the Plan~~ and in each instance do not opt out of the Third Party Release on a timely submitted Ballot or file an objection to the Third Party Releases; (d) all creditors in Unimpaired Classes who do not timely return an Opt Out Form or file an objection to the | The Debtors and the U.S. Trustee resolved this informal objection.<br><br>The Debtors agreed to revise the Plan's definition of Releasing Parties as requested by the U.S. Trustee, except for the binding effect of the release.<br><br>The Debtors note that the release should be binding on any entity with actual or constructive notice of the chapter 11 cases—returned ballot packages is not the standard for *res judicata* for a chapter 11. Accordingly, the Debtors adopted this language regarding the binding effect of the release. | Plan: Article I.A(102) (pp. 14-15):<br><br>""Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) the DIP Lender; (b) each of the Debtors' current and former directors or officers, solely to the extent such current and former directors or officers may assert claims or causes of action on behalf of or in a derivative capacity through the Debtors; (c) all Holders of Claims or Interests who are in voting classes that (1) vote to accept the Plan, (2) vote to reject the Plan or (3) abstain from voting on the Plan, and in each instance do not opt out of the Third Party Release on a timely submitted Ballot or file an objection to the Third Party Releases; (d) all creditors in Unimpaired Classes who do not timely return an Opt Out Form or file an objection to the Third Party Releases; and (e) with respect to each of the foregoing (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| | Third Party Releases; and (e) with respect to each of the foregoing (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (each a "Related Party"), each in their capacity as such, and each solely to the extent such Related Party may assert claims or causes of action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); provided, however, that the term "Releasing Parties" shall not include any Entity in a voting class whose solicitation package was returned as undeliverable, or whom the Debtors did not serve with a solicitation package. **[UST: Again, the "derivative" language is taken from the Lucira Plan.]** | | representatives, and other professionals (each, a "Related Party"), each in their capacity as such, and each solely to the extent such Related Party may assert claims or causes of action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); provided, however, that the term "Releasing Parties" shall not include any Entity without actual or constructive knowledge of the Chapter 11 Cases." |
| 9 | Plan Chart of Classes of Claims and Interests.<br><br>On page 22 of the Plan, in the chart Classes of Claims and Interests, it states that Class 4 (Subordinated Claims) is Impaired, but is "Not Entitled to Vote (Deemed to Reject)." Elsewhere it says that Class 4 is entitled to vote. Please clarify. | The Debtors amended the Plan and Disclosure Statement to clarify that Class 4 is entitled to vote. | Plan: Article III.C (pp. 21-22) and D.5 (pp. 23-24):<br><br>"[E.g., Article D.5] Class 4 is Impaired under the Plan. Holders of Claims in Class 4 are entitled to vote to accept or reject the Plan."<br><br>Disclosure Statement: Sections I.D (pp. 14-17), Sections VII.B.iii (p. 53) and C.i.5 (p. 55) (quoting Article III.D.5). |

| A. U.S. Trustee's Informal Objections / Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Plan/Disclosure Statement Location** |
| 10 | <u>Settlement with Florida Office of Financial Regulation.</u><br><br>The U.S. Trustee asked to reference in the Plan the settlement between the Florida Office of Financial Regulation ("OFR") and the Debtors. | The Debtors amended the Plan and the Disclosure Statement to reflect the settlement between the OFR and the Debtors. | <u>Plan:</u> Article IV.B.2 (pp. 26-27):<br><br>"In April 2023, the Florida Office of Financial Regulation ("Florida OFR") issued an Administrative Complaint ("Administrative Complaint") against BUS and certain individuals associated with BUS, seeking to revoke BUS' Florida money transmitter license. On June 28, 2023, the Debtors filed the Debtors' Motion to Enforce Automatic Stay and Non-Discrimination Provisions of the Bankruptcy Code, and for Civil Contempt ("Enforcement Motion"), arguing that the prosecution of the Administrative Complaint violates sections 362(a)(1) and 525(a) of the Bankruptcy Code.<br><br>At a hearing on September 20, 2023 before the Bankruptcy Court, the Debtors and the Florida OFR announced a resolution of the Administrative Complaint and Enforcement Motion, pursuant to which the Florida OFR would accept the surrender of BUS' money transmitter license and dismiss all non-BUS defendants from the Administrative Complaint with additional conditions, and in exchange, the Debtors and the Florida OFR would dismiss the Enforcement Motion. The terms of the resolution are set forth in the record of the September 20, 2023 hearing."<br><br><u>Disclosure Statement:</u> Section VI.G (pp. 49-50) (quoting Article IV.B.2 of the Plan). |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| *Comments to the Disclosure Statement Order* | | | |
| 1 | There is no stated deadline for the filing of the Plan Supplement but per Del LR 3016-2 the plan proponent must file any plan supplement on or before seven (7) days prior to the earlier of (a) the deadline for submission of ballots to vote to accept or reject a plan, or (b) the deadline to object to confirmation of the plan, unless otherwise ordered by the Court. | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order, which includes the same or substantially similar language. | Disclosure Statement Order: ¶ 29:<br>"If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4:00 p.m. (ET)**, unless otherwise ordered by the Court." |
| 2 | You will need to reset the dates in the order to fit the current circumstances. | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order. | Disclosure Statement Order: ¶¶ 11, 18, 20, 23, 25-29. *See also* Annex I to the Disclosure Statement.<br>The dates and deadlines in connection with the Confirmation are the following:<br>• Record Date: September 1, 2023 (except as to governmental claims);<br>• Solicitation Date: Five (5) business days after entry of the Disclosure Statement Order;<br>• Deadline to file claims objections for Plan voting purposes: September 29, 2023 at 4:00 p.m. (ET)<br>• Deadlines to file Bankruptcy Rule 2018 Motions for the Plan Voting Purposes: September 29, 2023 at 4:00 p.m. (ET); |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | | | • <u>Plan Supplement Deadline:</u> October 17, 2023 at 4:00 p.m. (ET);<br>• <u>Voting Deadline:</u> October 24, 2023 at 4:00 p.m. (ET);<br>• <u>Confirmation Objection Deadline:</u> October 24, 2023 at 4:00 p.m. (ET);<br>• <u>Deadline to respond to Bankruptcy Rule 3018 Motions for Plan voting purposes:</u> October 24, 2023 at 4:00 p.m. (ET), or ten (10) days after service of Bankruptcy Rule 3018 Motion;<br>• <u>Deadline for Voting Agent to file Voting Report:</u> October 27, 2023 at 4:00 p.m. (ET);<br>• <u>Deadline to file (i) Confirmation Memorandum and/or (ii) Reply to Plan Objections:</u> October 27, 2023 at 4:00 p.m. (ET); and<br>• <u>Confirmation Hearing:</u> October 30, 2023 at ____ (ET). |
| 3 | Please add:<br>If any holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures set forth in the Disclosure Statement Order, including because a claim objection has been filed against that holder's Claim, such holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors' | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order, which includes the same or substantially similar language. | <u>Disclosure Statement Order:</u> ¶ 23:<br>"Any Holder of Claim or Interest that seeks to challenge the allowance of its Claim or Interest for voting purposes in accordance with the tabulation procedures set forth in this Disclosure Statement Order (including because a claim objection has been filed against that Holder of Claim or Interest) shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"), and shall |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | counsel, whose contact information is on this notice, on or before October 2, 2023, 4:00 p.m. eastern time, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. eastern time on the date that is 7 days after service of such claim objection. The Debtors (and, with respect to filing a response, any other party in interest) shall then have 10 days after service of the Rule 3018 Motion to file and serve any responses to the same. If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing. | | serve the Rule 3018 Motion on counsel to the Debtors, whose contact information is on this Disclosure Statement Order, on or before **October 13, 2023, 4:00 p.m. (ET)**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the Holder of Claim or Interest, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection. To file and serve any responses to a Rule 3018 Motion, the Debtors (and, with respect to filing a response, any other party in interest) shall then have (i) until **October 24, 2023, 4:00 p.m. (ET)**; or (ii) no later than 4:00 p.m. (ET) on the date that is ten (10) days after service of the Rule 3018 Motion if such a motion is filed in response to a claim objection filed against the Holder of Claim or Interest. If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing. Any Holder of a Claim or an Interest in the Voting Classes which seeks to withdraw an acceptance or rejection of the Plan at any time, or seeks to change its vote after Voting Deadline, shall seek Court's approval of the same, upon a motion on notice to parties in interest." |
| 4 | The solicitation date should be five not four days in para. 12. | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order, which includes the same or substantially similar language. | Disclosure Statement Order: ¶ 12:<br>"Within five (5) business days of the entry of this Disclosure Statement Order, (the "Solicitation Date"), the Debtors are authorized to distribute, or cause to be distributed, by email or first-class mail, to Holders of Claims in the Voting Classes as of the |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | | | Record Date a Solicitation Package containing the following . . . ." |
| 5 | In addition to the parties to be served with the Confirmation Hearing Notice, it should also be served upon: (i) all holders of claims or interests, whether in voting classes or non-voting classes, or unclassified, (ii) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases, (iii) the United States Trustee, (iv) the Internal Revenue Service, (v) all state and local taxing authorities in the states in which the Debtors does business, (vi) all federal, state and local authorities that regulate any portion of the Debtors' business, (vii) the Securities and Exchange Commission, (viii) counterparties to executory contracts and leases; and (iv) all persons or entities listed on the Debtors' creditor mailing matrix who are not otherwise covered by one of the foregoing categories no later than two (2) business days after the entry of this Order. | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order, which includes the same or substantially similar language. | Disclosure Statement Order: ¶ 32:<br>"For avoidance of doubt, the following parties will be served with the notice of the Confirmation Hearing: (i) all Holders of Claims or Interests, whether in Voting Classes or Non-Voting Classes, or unclassified; (ii) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases; (iii) the United States Trustee for the District of Delaware; (iv) the Internal Revenue Service; (iv) all state and local taxing authorities in the states in which the Debtors does business; (v) all federal, state and local authorities that regulate any portion of the Debtors' business; (vi) the Securities and Exchange Commission; (vii) counterparties to executory contracts and leases; and (viii) all persons or entities listed on the Debtors' creditor mailing matrix who are not otherwise covered by one of the foregoing categories no later than two (2) business days after the entry of this Disclosure Statement Order." |
| 6 | Please add:<br>"If any non-material changes are changes are made to the Plan, the Debtors shall promptly file a notice on the Court's docket reflecting all such changes in a manner that highlights each such change." | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order, which includes the same or substantially similar language. | Disclosure Statement Order: ¶ 31:<br>"The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s) and Voting Instructions, the Confirmation Hearing Notice, the Notice of Non-Voting Status, and Notice to Interest Holders of Confirmation Hearing and related documents without further order of the Court, including, |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | | | without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution. If any non-substantive changes are made to the Plan, the Debtors shall promptly file a notice on the Court's docket reflecting all such changes in a manner that highlights each of such changes." |
| 7 | The provision allowing late-submitted ballots to be accepted in the discretion of the plan proponents needs to be subject to Court approval if it is challenged. The voting affidavit/declaration should indicate any ballots that were late and whether they were or were not accepted by the plan proponents. The voting affidavit/declaration should indicate any ballots the Debtors rejected, or as to which the Debtors waived a defect, or as to which any defect was cured. | The Debtors implemented the U.S. Trustee's comments in the Disclosure Statement Order. | Disclosure Statement Order: ¶¶ 18, 25:<br><br>"[¶ 18] The deadline by which all Ballots must be properly executed, completed, and actually received by the Voting Agent shall be **October 24, 2023 at 4:00 p.m. (ET)** (the "Voting Deadline"); provided, however, the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require. To the extent that a party challenges an extension of the Voting Deadline by the Debtors, such extension shall be subject to Court's approval, upon a Debtors' motion on notice to parties in interest."<br><br>"[¶ 25] On or before **October 27, 2023 at 4:00 p.m. (ET)**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report shall, among other things, (i) describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | | | to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed and whether such Ballots were or were not accepted by the Debtors), illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged; (ii) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (iii) specify any Ballots that were withdrawn. The Voting Report shall also specify all votes that were rejected, and the reason for such rejection, including (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Interest; (ii) any Ballot cast by an entity that does not hold a Claim or Interest in Class 2A through 5; (iii) any unsigned Ballot or Ballot lacking an original signature (other than properly executed electronic Ballots); and (iv) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein. The Voting Report shall also specify any Ballots as to which the Debtors waived any form of irregularity, or at to which any irregularity was cured. Further, the Voting Report shall list (i) all parties who opted out of giving releases, including those in Class 1 who returned the release opt-out form; and (ii) all parties in voting classes whose Solicitation Package was returned as undeliverable; or (iii) whom the debtors did not serve with a Solicitation Package." |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| 8 | Pursuant to Bankruptcy Rule 3018(a), any creditor who seeks to withdraw an acceptance or rejection of the Plan at any time, or seeks to change their vote after Voting Deadline, must seek Court approval of the same, upon a motion on notice to parties in interest. Please add this provision. | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order. | Disclosure Statement Order: ¶ 23:<br>"Any Holder of Claim or Interest that seeks to challenge the allowance of its Claim or Interest for voting purposes in accordance with the tabulation procedures set forth in this Disclosure Statement Order (including because a claim objection has been filed against that Holder of Claim or Interest) shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"), and shall serve the Rule 3018 Motion on counsel to the Debtors, whose contact information is on this Disclosure Statement Order, on or before **October 13, 2023, 4:00 p.m. (ET)**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the Holder of Claim or Interest, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection. To file and serve any responses to a Rule 3018 Motion, the Debtors (and, with respect to filing a response, any other party in interest) shall then have (i) until **October 24, 2023, 4:00 p.m. (ET)**; or (ii) no later than 4:00 p.m. (ET) on the date that is ten (10) days after service of the Rule 3018 Motion if such a motion is filed in response to a claim objection filed against the Holder of Claim or Interest. If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing. Any Holder of a Claim or |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | | | an Interest in the Voting Classes which seeks to withdraw an acceptance or rejection of the Plan at any time, or seeks to change its vote after Voting Deadline, shall seek Court's approval of the same, upon a motion on notice to parties in interest."<br><br>Also, to implement this U.S. Trustee's comment, the Debtors amended ¶ 21 of the Disclosure Statement Order. |
| 9 | Please add in the text of the third-party releases, as well as all related definitions (such as Releasing Parties and Released Parties). | The comment of the U.S. Trustee was resolved by the Debtors, which confirmed to the U.S. Trustee the inclusion of the third-party releases' language and the definitions of Releasing and Released Parties in the Ballots. | Disclosure Statement Order: Exhibit 2-A, Exhibit 2-B, Exhibit 2-C, Exhibit 2-D, and Exhibit 2-E. |
| 10 | The voting report/affidavit/declaration should identify the Ballots that are not to be counted in determining the acceptance or rejection of the Combined Disclosure Statement and Plan such as: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by an entity that does not hold a Claim in Class 2A through 5; (iii) any unsigned Ballot or Ballot lacking an original signature (other than properly executed eBallots, as described below); and (iv) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein; | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order. | Disclosure Statement Order: ¶ 25:<br><br>"On or before **October 27, 2023 at 4:00 p.m. (ET)**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report shall, among other things, (i) describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed and whether such Ballots were or were not accepted by the Debtors), illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged; (ii) specify any Ballots that were not counted because the voting party filed multiple |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | | | Ballots; and (iii) specify any Ballots that were withdrawn. The Voting Report shall also specify all votes that were rejected, and the reason for such rejection, including (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Interest; (ii) any Ballot cast by an entity that does not hold a Claim or Interest in Class 2A through 5; (iii) any unsigned Ballot or Ballot lacking an original signature (other than properly executed electronic Ballots); and (iv) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein. The Voting Report shall also specify any Ballots as to which the Debtors waived any form of irregularity, or at to which any irregularity was cured. Further, the Voting Report shall list (i) all parties who opted out of giving releases, including those in Class 1 who returned the release opt-out form; and (ii) all parties in voting classes whose Solicitation Package was returned as undeliverable; or (iii) whom the debtors did not serve with a Solicitation Package." |
| 11 | With respect to the Voting Report, please add that it shall, among other things: (a) describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed), illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged; (b) specify any Ballots that were not counted because | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order. | Disclosure Statement Order: ¶ 25:<br><br>"On or before **October 27, 2023 at 4:00 p.m. (ET)**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report shall, among other things, (i) describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | the voting party filed multiple Ballots; and (c) specify any Ballots that were withdrawn (see 3018(a) – court approval is required for a vote to be withdrawn). For the avoidance of doubt, the Voting Report shall specify all votes that were rejected, for any reason, and the reason for such rejection. | | Debtors granted an extension of time for such Ballots to be filed and whether such Ballots were or were not accepted by the Debtors), illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged; (ii) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (iii) specify any Ballots that were withdrawn. The Voting Report shall also specify all votes that were rejected, and the reason for such rejection, including (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Interest; (ii) any Ballot cast by an entity that does not hold a Claim or Interest in Class 2A through 5; (iii) any unsigned Ballot or Ballot lacking an original signature (other than properly executed electronic Ballots); and (iv) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein. The Voting Report shall also specify any Ballots as to which the Debtors waived any form of irregularity, or at to which any irregularity was cured. Further, the Voting Report shall list (i) all parties who opted out of giving releases, including those in Class 1 who returned the release opt-out form; and (ii) all parties in voting classes whose Solicitation Package was returned as undeliverable; or (iii) whom the debtors did not serve with a Solicitation Package." |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| 12 | Please provide that the balloting report shall list (a) all parties who opted out of giving releases, including those in Class 1 who returned the Release Opt-Out form, and (b) all parties in voting classes whose solicitation package was returned as undeliverable, or whom the debtors did not serve with a solicitation package. | The Debtors implemented the U.S. Trustee's comment in the Disclosure Statement Order. | Disclosure Statement Order: ¶ 25:<br><br>"On or before **October 27, 2023 at 4:00 p.m. (ET)**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report shall, among other things, (i) describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed and whether such Ballots were or were not accepted by the Debtors), illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged; (ii) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (iii) specify any Ballots that were withdrawn. The Voting Report shall also specify all votes that were rejected, and the reason for such rejection, including (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Interest; (ii) any Ballot cast by an entity that does not hold a Claim or Interest in Class 2A through 5; (iii) any unsigned Ballot or Ballot lacking an original signature (other than properly executed electronic Ballots); and (iv) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein. The Voting Report shall also specify any Ballots as to which the Debtors waived any form of irregularity, or at to |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | | | which any irregularity was cured. Further, the Voting Report shall list (i) all parties who opted out of giving releases, including those in Class 1 who returned the release opt-out form; and (ii) all parties in voting classes whose Solicitation Package was returned as undeliverable; or (iii) whom the debtors did not serve with a Solicitation Package." |
| *Comments to the Notice of Confirmation Hearing* | | | |
| 13 | Please add the following:<br><br>If you hold a Claim against the Debtors as of __________ (the "Voting Date") and are entitled to vote to accept or reject the Plan, you have received with this Confirmation Hearing Notice a Ballot and voting instructions appropriate for your Claim, and a copy of the Plan and Disclosure Statement. The Plan and Disclosure Statement and all documents attendant thereto will be distributed by the Voting Agent via USB Flash Drive. The USB Flash Drive will be [specify color] in color and will come with a one-page sheet outlining the documents included on the USB Flash Drive. | In the Notice of Confirmation Hearing, the Debtors implemented the U.S. Trustee's comment with some modifications reflecting the fact that the Debtors are authorized to serve via email. | Disclosure Statement Order; Exhibit 1:<br><br>"If you hold a Claim or Interest against the Debtors as of the Voting Deadline and are entitled to vote to accept or reject the Plan, you have received with this Confirmation Hearing Notice a Ballot and voting instructions appropriate for your Claim, and a copy of the Plan and Disclosure Statement. The Plan and Disclosure Statement and all documents attached thereto, including a one-page sheet outlining all these documents, will be distributed by the Voting Agent in an electronic format or by first-class mail." |
| 14 | Please add a provision to the effect that the Plan Supplement shall be filed per Del LR 3016-2 and will be available from the claims agent at [web address – please reference the special page to be created for just Plan and DS information] or by calling them at [phone no.] | The Debtors implemented the U.S. Trustee's comment in the Notice of Confirmation Hearing. | Disclosure Statement Order: Exhibit 1:<br><br>"Plan Supplement. If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4:00 p.m. (ET)**, unless otherwise ordered by the Court." |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| 15 | Please add:<br><br>If any holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures set forth in the Disclosure Statement Order, including because a claim objection has been filed against that holder's Claim, such holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors' counsel, whose contact information is on this notice, on or before October 2, 2023, 4:00 p.m. eastern time, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. eastern time on the date that is 7 days after service of such claim objection. The Debtors (and, with respect to filing a response, any other party in interest) shall then have 10 days after service of the Rule 3018 Motion to file and serve any responses to the same. If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing. | The Debtors implemented the U.S. Trustee's comment in the Notice of Confirmation Hearing by including substantially similar language. | <u>Disclosure Statement Order;</u> Exhibit 1:<br><br>"Any Holder of Claim or Interest that seeks to challenge the allowance of its Claim or Interest for voting purposes in accordance with the tabulation procedures set forth in the Disclosure Statement Order (including because a claim objection has been filed against that Holder of Claim or Interest) shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"), and shall serve the Rule 3018 Motion on counsel to the Debtors, whose contact information is on this Notice, on or before **<u>October 13, 2023, 4:00 p.m. (ET)</u>**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the Holder of Claim or Interest, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection. To file and serve any responses to a Rule 3018 Motion, the Debtors (and, with respect to filing a response, any other party in interest) shall then have (i) until **<u>October 24, 2023, 4:00 p.m. (ET)</u>**; or (ii) no later than 4:00 p.m. (ET) on the date that is ten (10) days after service of the Rule 3018 Motion if such a motion is filed in response to a claim objection filed against the Holder of Claim or Interest. If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing. Any Holder of a Claim or |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | | | an Interest in the Voting Classes which seeks to withdraw an acceptance or rejection of the Plan at any time, or seeks to change its vote after Voting Deadline, shall seek Court's approval of the same, upon a motion on notice to parties in interest." |
| *Comments to Ballots 2A-5* | | | |
| 16 | Although we may object to the opt-out procedures and preserve all rights, duties, and obligations to object to this, among other things, at the DS hearing and at confirmation, please include in the ballot the rules regarding temporary allowance/disallowance of claims and equity from the DS Order or, at the very least, direct the reader to where those rules can be found in the DS order, and the information from the order regarding the filing of 3018(a) motions. | The Debtors implemented the U.S. Trustee's comment in the Ballots. | Disclosure Statement Order: Exhibit 2-A, Exhibit 2-B, Exhibit 2-C, Exhibit 2-D, and Exhibit 2-E:<br><br>"[E.g., Exhibit 2-A] Paragraph 20 of the Disclosure Statement Order details the rules governing the temporary allowance or disallowance of Claims or Interests.<br><br>If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than **4:00 p.m. (ET) on October 13, 2023** a motion seeking such temporary allowance (the "Rule 3018 Motion") and a notice of hearing on such motion. However, if your Rule 3018 Motion is filed in response to a claim objection filed against you, you are entitled to file with the Court and serve on the Debtors' attorneys your Rule 3018 Motion and a notice of hearing on such motion no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection." |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| 17 | Please add a statement to the effect that the Plan Supplement shall be filed no later than 7 days prior to the voting deadline, and will be available from the Voting Agent at [web address] or by calling them at [phone no.] | The Debtors implemented the U.S. Trustee's comment in the Ballots. | Disclosure Statement Order: Exhibit 2-A, Exhibit 2-B, Exhibit 2-C, Exhibit 2-D, and Exhibit 2-E:<br>"[E.g., Exhibit 2-A] If the Debtors file Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4 p.m. (ET)**, unless otherwise ordered by the Court." |
| 18 | In the box at the bottom of last page, please provide the name of the person at your firm who should be contacted with questions, and perhaps an email address as well. | Given that the Ballots provide the Voting Agent's contact information, the U.S. Trustee agreed with the Debtors' proposal not to include this additional language in the Ballots. | |
| 19 | Additionally, at the bottom of the last page where it states that if you have any questions regarding the ballot to call the Voting Agent, please add that if the claimant needs another copy of the ballot, or Plan, Disclosure Statement, or Order approving the Disclosure Statement, they should contact counsel (again, provide name of person to contact, and email address). | Given that the Ballots contain detailed instructions on how to obtain documents from the Voting Agent, the U.S. Trustee agreed with the Debtors' proposal not to include this additional language in the Ballots. | |
| 20 | Please add:<br>You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class [X] under the Plan. If you hold claims or interests in more than one class, you will receive a ballot for each class in which you are entitled to vote. | The Debtors implemented the U.S. Trustee's comment in the Ballots by revising the related language. | Disclosure Statement Order: Exhibit 2-A, Exhibit 2-B, Exhibit 2-C, Exhibit 2-D, and Exhibit 2-E:<br>"[E.g., Exhibit 2-A] You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 2A under the Plan. If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote." |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| 21 | Please make the change indicated below on all ballots.<br>Item 3. Releases.<br>IMPORTANT INFORMATION REGARDING THE RELEASES<br>IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF GIVING SUCH RELEASES. CHECKING THE BOX BELOW TO OPT OUT OF GIVING RELEASES WILL NOT AFFECT THE AMOUNT OF DISTRIBUTION YOU SHALL RECEIVE UNDER THE PLAN. | The Debtors implemented the U.S. Trustee's comment in the Ballots. | Disclosure Statement Order: Exhibit 2-A, Exhibit 2-B, Exhibit 2-C, Exhibit 2-D, and Exhibit 2-E. |
| *Comments to the Notice of Non-Voting Status* | | | |
| 22 | In both non-voting notices, please add in that portion of the chart from the DS that lists the classes that are the subject of the particular notice, and stating what their treatment under the plan will be. Since these claimants are not presently expected to receive a copy of the Plan or DS, this information is especially important. | The Debtors implemented the U.S. Trustee's comment in the Notice of Non-Voting Status to Holders of Class 1 Claims.<br>The Debtors note that the Notice of Non-Voting Status is the only non-voting notice. | Disclosure Statement Order: Exhibit 3. |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| 23 | Please add in a sentence that, on X date, the Court entered an order approving the DS (list the full name of the order) and indicate that a copy of that order can be obtained from the claims agent as well. | The Debtors implemented the U.S. Trustee's comments in the Notice of Non-Voting Status. | Disclosure Statement Order: Exhibit 3.<br>"PLEASE TAKE NOTICE THAT the above-captioned debtors and debtors in possession (the "Debtors") submitted the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors (as amended, modified or supplemented from time to time, the "Plan"), which is described in and attached as Exhibit A to the related Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors (the "Disclosure Statement"), which, on __________, was approved by an order [D.I. ___] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court")." |
| 24 | Please add a statement to the effect that the Plan Supplement shall be filed no later than 7 days prior to the voting deadline, and will be available from the Voting Agent at [web address] or by calling them at [phone no.] | The Debtors implemented the U.S. Trustee's comments in the Notice of Non-Voting Status. | Disclosure Statement Order: Exhibit 3:<br>"If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4:00 p.m. (ET)**, unless otherwise ordered by the Court." |
| 25 | As to the Class 1 Claims Notice there is something called a "RELEASE OPT-OUT". What is that?<br>These creditors can't opt-out of the third-party releases but have to object out of the third-party releases. The Plan states that the parties not entitled to vote are Releasing Parties as are parties that vote to reject the Plan and do not opt out of the Third-Party Release on a timely submitted Ballot or Opt-Out Form. | Following the U.S. Trustee's comment, the Debtors prepared an Opt-Out Election Form, attached to the Disclosure Statement as Exhibit 3-A.<br>Class 1-5 claimants can opt out. | Disclosure Statement Order: Exhibit 3-A. |

| B. U.S. Trustee's Informal Objections / Comments to the Disclosure Statement Order and Related Exhibits | | | |
|---|---|---|---|
| **No.** | **U.S. Trustee's Informal Objection / Comment** | **Response** | **Disclosure Statement Order Location** |
| | Can these Class 1 and Class 5 Claimants opt-out of not? | | |
| 26 | On the second page of this Notice, it states as follows:<br><br>PURSUANT TO ARTICLE VIII.B OF THE PLAN, AS A HOLDER OF CLAIMS IN CLASS 1 UNDER THE PLAN, IF YOU DO NOT TIMELY **SUBMIT A RELEASE OPT-OUT** OR FILE AN OBJECTION TO THE RELEASES IN ARTICLE VIII OF THE PLAN PRIOR TO THE DEADLINE TO OBJECT TO CONFIRMATION OF THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF THE PLAN. (emphasis added)<br><br>But, despite referencing a "Release Opt-Out," there is no such document attached to the Notice of Non-Voting Status. Please create one, and attach it to the Notice of Non-Voting Status to be sent to Class 1 Claim holders, with instructions as to where it is to be returned, and when | The Debtors implemented the U.S. Trustee's comment regarding emphasizing certain language in the Notice of Non-Voting Status. Also, the Debtors prepared an Opt-Out Election Form, attached to the Disclosure Statement as Exhibit 3-A. | Disclosure Statement Order: Exhibit 3, and Exhibit 3-A. |

## III. SEC's Informal Objections / Comments to the Plan, Disclosure Statement, and Disclosure Statement Order

| SEC's Informal Objections / Comments to the Plan, Disclosure Statement, and Disclosure Statement Order | | | |
|---|---|---|---|
| **No.** | **SEC's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement / Disclosure Statement Order Location** |
| *Comments to the Plan and Disclosure Statement* | | | |
| 1 | Add language to pages 46-47, E. The SEC Consent Judgment, of the Disclosure Statement, that the SEC claim for $24 million is an allowed general unsecured claim under the Plan in the BUS bankruptcy case. | The Debtors implemented the SEC's comment in the Disclosure Statement. | Disclosure Statement: Section VI. E (p. 48):<br>"The Consent Judgment also holds BUS and BG jointly and severally liable for disgorgement in the amount of $14.4 million, with $4 million in prejudgment interest, and a civil penalty of $5.6 million, for a total of $24 million, due to the SEC within 60 days after the Effective Date." |
| 2 | Update language on page 26, 2. The SEC Action, of the Plan, that the SEC 9019 Motion was approved, delete current language.<br>And to address your change in the Plan language we would suggest adding the below to the Plan on page 28/The SEC Action: Nothing herein shall modify the terms of the settlement in the SEC 9019 Motion that was approved by order of the Bankruptcy Court on September 7, 2023. | The Debtors implemented the SEC's comments in the Plan. | Plan: Article IV.B.2 (p. 26):<br>"The Court has entered an order approving the SEC 9019 Motion. Payments to the SEC contemplated in the SEC Motion shall be treated as Allowed GUC Claims. Notwithstanding any other provision of the Disclosure Statement, Plan or Confirmation Order, such SEC's Allowed GUC Claims will not be subject to reclassification as a Subordinated Claim by the Debtors, or the Wind Down Entity, as applicable. Payments to the SEC contemplated in the SEC 9019 Motion will not be made from insurance proceeds. Nothing herein shall modify the terms of the settlement in the SEC 9019 Motion that was approved by order of the Bankruptcy Court on September 7, 2023." |

| SEC's Informal Objections / Comments to the Plan, Disclosure Statement, and Disclosure Statement Order | | | |
|---|---|---|---|
| **No.** | **SEC's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement / Disclosure Statement Order Location** |
| 3 | Clarify in the Disclosure Statement and Plan that the SEC claim will be treated as an allowed Class 3 General Unsecured Claim/GUC Claim and will not be paid with insurance proceeds. | The Debtors implemented the SEC's comment in the Plan and Disclosure Statement. | Plan: Article IV.B.2 (p. 26).<br><br>"The Court has entered an order approving the SEC 9019 Motion. Payments to the SEC contemplated in the SEC Motion shall be treated as Allowed GUC Claims. Notwithstanding any other provision of the Disclosure Statement, Plan or Confirmation Order, such SEC's Allowed GUC Claims will not be subject to reclassification as a Subordinated Claim by the Debtors, or the Wind Down Entity, as applicable. Payments to the SEC contemplated in the SEC 9019 Motion will not be made from insurance proceeds. Nothing herein shall modify the terms of the settlement in the SEC 9019 Motion that was approved by order of the Bankruptcy Court on September 7, 2023."<br><br>Disclosure Statement: Sections VI.E (pp. 48-49), and VII.E.viii.2 (p. 70):<br><br>"[Section VI.E] The SEC will have a general unsecured claim against BUS. . . . Payments to the SEC contemplated in the SEC Motion shall be treated as Allowed GUC Claims. Notwithstanding any other provision of the Disclosure Statement, Plan or Confirmation Order, such SEC's Allowed GUC Claims will not be subject to reclassification as a Subordinated Claim by the Debtors, or the Wind Down Entity, as applicable. Payments to the SEC contemplated in the SEC 9019 Motion will not be made from insurance proceeds." |

| SEC's Informal Objections / Comments to the Plan, Disclosure Statement, and Disclosure Statement Order | | | |
|---|---|---|---|
| **No.** | **SEC's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement / Disclosure Statement Order Location** |
| | | | "[Section VII.E.viii.2] For the avoidance of doubt, the Debtors do not intend to make any payments to the SEC with insurance proceeds." |
| 4 | Add language to the Disclosure Statement and Plan to confirm that notwithstanding any other provision of the Disclosure Statement, Plan or Plan Confirmation Order that the SEC's allowed $24 million general unsecured claim will not be subject to reclassification as a subordinated claim. | The Debtors implemented the SEC's comment in the Plan and Disclosure Statement. | Plan: Articles III.K (p. 25), and IV.B.2 (p. 26):<br><br>"[Article III.K] The allowance, classification, and treatment of all Allowed Claims and Allowed Interests and the respective Distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable or contractual subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise. Pursuant to section 510 of the Bankruptcy Code, or as needed to satisfy the best interests of creditors, the Debtors, or the Wind Down Entity, as applicable, reserve the right to re-classify any Allowed Claim in accordance with any contractual, legal, or equitable subordination relating thereto. Such reservation of right does not apply to the payments to the SEC contemplated in the SEC Motion, which are Allowed GUC Claims that not subject to a reclassification as a Subordinated Claim by the Debtors, or the Wind Down Entity, as applicable."<br><br>"[Article IV.B.2] The Court has entered an order approving the SEC 9019 Motion. Payments to the SEC contemplated in the SEC Motion shall be treated as Allowed GUC Claims. Notwithstanding any other provision of the Disclosure Statement, |

| SEC's Informal Objections / Comments to the Plan, Disclosure Statement, and Disclosure Statement Order | | | |
|---|---|---|---|
| **No.** | **SEC's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement / Disclosure Statement Order Location** |
| | | | Plan or Confirmation Order, such SEC's Allowed GUC Claims will not be subject to reclassification as a Subordinated Claim by the Debtors, or the Wind Down Entity, as applicable. Payments to the SEC contemplated in the SEC 9019 Motion will not be made from insurance proceeds. Nothing herein shall modify the terms of the settlement in the SEC 9019 Motion that was approved by order of the Bankruptcy Court on September 7, 2023."<br><br>Disclosure Statement: Sections VI.E (pp. 48-49), and VII.C.viii (pp. 56-57) (quoting Article III.K of the Plan).<br><br>"[Section VI.E] Notwithstanding any other provision of the Disclosure Statement, Plan or Bankruptcy Court's order confirming the Plan, The SEC's general unsecured claim against BUS will not be subject to reclassification as a Subordinated Claim by the Debtors, or the Wind Down Entity, as applicable." |
| 5 | Add the below SEC standard carve-out language to Article VIII. of the Plan and any proposed confirmation order,<br><br>SEC Carve Out<br><br>Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Plan Confirmation Order, no provision shall (i) preclude the United States Securities and Exchange Commission ("SEC") from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any | The Debtors implemented the SEC's comment in the Plan, and any proposed confirmation order. | Plan: Article VIII.E (p. 52). |

| SEC's Informal Objections / Comments to the Plan, Disclosure Statement, and Disclosure Statement Order | | | |
|---|---|---|---|
| **No.** | **SEC's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement / Disclosure Statement Order Location** |
| | claims, causes of action, proceeding or investigations against any non-debtor person or non-debtor entity in any forum. | | |
| 6 | Add language to the Disclosure Statement and Plan that clarifies that the Interests in the Wind Down Entity shall be deemed cancelled upon entry of the final decree closing the Wind Down Entity's Chapter 11 Case, and the conclusion of all litigation being pursued by the Plan Administrator. | The Debtors implemented the SEC's comment in the Plan and Disclosure Statement. | Plan: Article IV.C.9 (p. 32):<br>"Upon a certification to be filed with the Bankruptcy Court by the Plan Administrator of the occurrence of the Effective Date, all distributions having been made, completion of all its duties under the Plan, and entry of a final decree closing the Wind Down Entity's Chapter 11 Case in compliance with section 350 of the Bankruptcy Code and after a motion and hearing, and the conclusion of all litigation being pursued by the Plan Administrator, the Wind Down Entity shall be deemed to be dissolved without any further action by the Wind Down Entity, the Plan Administrator, or the Bankruptcy Court, including the filing of any documents with the secretary of state for the state in which the Wind Down Entity is formed or any other jurisdiction."<br>Disclosure Statement: Section 7.D.iii.3 (pp. 59-60).<br>"After the Effective Date, and upon completion of all of the transactions described in this Plan and entry of a final decree, the Wind Down Entity and any Debtor shall be disposed of, dissolved, wound down, or liquidated without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules." |

| SEC's Informal Objections / Comments to the Plan, Disclosure Statement, and Disclosure Statement Order | | | |
|---|---|---|---|
| **No.** | **SEC's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement / Disclosure Statement Order Location** |
| 7 | In the Disclosure Statement, in the section related to the SEC Consent Judgment, to add highlighted language: The SEC will have a $24 million general unsecured claim against BUS. | The Debtors agreed to implement the SEC's comment in the Disclosure Statement. | |
| 8 | In the Disclosure Statement, in the section related to the Subordinated Claims and Interests, to change "SEC Motion" to "SEC 9019 Motion." | The Debtors agreed to implement the SEC's comment in the Disclosure Statement. | |
| 9 | In the Plan, in the Article [X] related to the Subordinated Claims and Interests, to change "SEC Motion" to "SEC 9019 Motion." | The Debtors agreed to implement the SEC's comment in the Plan. | |
| 10 | In the Plan, in the Article [X] related to the SEC Action, add the highlighted language: Payments to the SEC contemplated in the SEC 9019 Motion shall be treated as a $24 million Allowed GUC Claim. | The Debtors agreed to implement the SEC's comment in the Plan. | |
| *Comments to the Disclosure Statement Order* | | | |
| 11 | Add to the order approving the Disclosure Statement:<br>Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities. | The Debtors implemented the SEC's comment in the Disclosure Statement Order. | Disclosure Statement Order: ¶ 34:<br>"Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities." |

| SEC's Informal Objections / Comments to the Plan, Disclosure Statement, and Disclosure Statement Order | | | |
|---|---|---|---|
| **No.** | **SEC's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement / Disclosure Statement Order Location** |
| 12 | Add the below box to the Ballots:<br>PLEASE READ – YOUR RESPONSE IS REQUIRED BY 2023 AT 4:00 p.m. (ET)<br>1. You are receiving this notice because you are a creditor of Bittrex Inc. (BUS) or its affiliates (the "Debtors") which filed for chapter 11 bankruptcy.<br>2. The Debtors are seeking court approval for a chapter 11 plan and disclosure statement as part of their bankruptcy proceeding.<br>3. Under the plan, unless you take additional action as described here, and affirmatively opt-out, you will be deemed to release claims you may have against the Debtors, their officers and directors, and certain creditors and other third parties.<br>4. You have the right to opt-out, to avoid releasing any claims, against these third parties, by completing the opt-out form on pages of this notice and returning this form to the solicitation agent. The applicable definitions of released and releasing parties are also attached to this notice for your convenience of review. These Defined Terms control the scope of the release provision. | The Debtors implemented the SEC's comment in the Ballots. | Disclosure Statement Order: Exhibit 2-A, Exhibit 2-B, Exhibit 2-C, Exhibit 2-D, and Exhibit 2-E. |

## IV. Endurance's Informal Objection / Comment to the Plan

| Endurance's Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **Endurance's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement Location** |
| 1 | Add:<br>*Surety Bond Obligations:*<br>As discussed in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, In Support of Chapter 11 Petitions and First Day Motions* (the "First Day Affidavit"), BUS was required to obtain and held money transmitter licenses in the majority of U.S. states where it operated (the "Licenses"). In order to obtain the Licenses, BUS obtained thirty-nine (39) surety bonds (the "Bonds") from Endurance Assurance Corporation and Endurance American Insurance Company (collectively, "Endurance") listing certain governmental and/or regulatory entities and agencies as the obligees (the "Obligees") under the Bonds. Many of the Bonds have cancellation provisions that permit Endurance to cancel the Bonds once certain conditions are met (the "Bond Cancellation Provisions").<br>The Debtors acknowledge that to effectuate the goal of the Plan, which is to pay the Customer Claims, it is essential the Bonds stay in place in order to provide, among other things, the Customer Distribution to their Customers.<br>In light of the foregoing, Endurance permitted the Bonds to stay in place, and did not utilize the Bond Cancellation Provisions.<br>Upon the Plan's Effective Date, all of the Bonds shall be released (the "Bond Releases"). The Bond | The Debtors agreed with Endurance to implement the latter's comments in the Plan. Moreover, the Debtors amended the Disclosure Statement accordingly. | <u>Plan:</u> Articles I.A(58) (p. 11), and IV.B.4 (p. 27):<br>"[Article I.A(58)] 'Exculpated Parties' means, collectively, and in each case in its capacity as such: (a) the Debtors; and (b) with respect to each of the Debtors, its current and former officers and directors who served during any portion of these cases and the Debtors' retained financial advisors, attorneys, accountants, restructuring advisors, investment bankers, consultants, and other retained professionals, each in their capacity as such; provided, additionally, that Endurance shall be an Exculpated Party as set forth in Article IV.B.4 of the Plan."<br>"[Article IV.B.4] Before the Petition Date, BUS maintained surety bond(s), including with Endurance Assurance Corporation ("Endurance"). On August 25, 2023, Endurance filed proofs of claims against each of the Debtors in the amount of $13,536,122 – Claim No. 43 against Malta OpCo, Claim No. 228 against Desolation, Claim no. 639 against BUS and Claim No. 14 against Malta Holdings (collectively, the "Endurance Claims"). To resolve the Endurance Claims, the Debtors agreed to release the surety bonds through the Plan, and in exchange, Endurance agreed to withdraw the Endurance Claims. The terms of the release of the surety bonds are as follows:<br>Surety Bond Obligations:<br>As discussed in the Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, In |

| Endurance's Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **Endurance's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement Location** |
| | Releases shall be binding and effective on all of the Obligees under the Bonds, and the Bonds shall then be terminated by Endurance.<br><br>Furthermore, Endurance shall be included as part of the: (a) Exculpated Parties as defined in Article 1(A)(58) of the Plan; and (b) Released Parties as defined in Article 1(A)(100) under the Plan, such that upon the Effective Date of the Plan, the Bonds may be unliterally terminated by Endurance. | | Support of Chapter 11 Petitions and First Day Motions (the "First Day Affidavit"), BUS was required to obtain and held money transmitter licenses in the majority of U.S. states where it operated (the "Licenses"). In order to obtain the Licenses, BUS obtained thirty-nine (39) surety bonds (the "Bonds") from Endurance Assurance Corporation and Endurance American Insurance Company (collectively, "Endurance") listing certain governmental and/or regulatory entities and agencies as the obligees (the "Obligees") under the Bonds. Many of the Bonds have cancellation provisions that permit Endurance to cancel the Bonds once certain conditions are met (the "Bond Cancellation Provisions").<br><br>The Debtors acknowledge that to effectuate the goal of the Plan, which is to pay the Customer Claims, it is essential the Bonds stay in place in order to provide, among other things, the Customer Distribution to their Customers.<br><br>In light of the foregoing, Endurance permitted the Bonds to stay in place, and did not utilize the Bond Cancellation Provisions.<br><br>Upon the Effective Date, all of the Bonds shall be released (the "Bond Releases"). The Bond Releases shall be binding and effective on all of the Obligees under the Bonds, and the Bonds shall then be terminated by Endurance. Furthermore, Endurance shall be included as part of the: (a) Exculpated Parties as defined in Article 1(A)(58) of the Plan; and (b) Released Parties as defined in Article 1(A)(101) under the Plan, such that upon |

| Endurance's Comments to the Plan | | | |
|---|---|---|---|
| **No.** | **Endurance's Informal Objection / Comment** | **Response** | **Plan / Disclosure Statement Location** |
| | | | the Effective Date of the Plan, the Bonds may be unliterally terminated by Endurance."<br><br>Disclosure Statement: Section VI.J (pp. 51-52) (quoting Article IV.B.4 of the Plan). |