IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MOTION TO ALLOW LATE FILING OF AZIM GHADER'S LIMTED OBJECTION TO DEBTORS' DISCLOSURE STATEMENT PURSUANT TO RULE 2002-1(A)(ii)**

Azim Ghader ("Mr. Ghader"), a foreign customer and creditor of the Debtors respectfully requests leave of the Court to file the attached Limited Objection of Azim Ghader to the Debtors' Disclosure Statement (the "Limited Objection"; **Exhibit 1** hereto) and in support thereof, states as follows:

**Basis for Relief Requested**

1. The deadline to object to the Disclosure Statement was September 21, 2023 (the "Objection Deadline"). However, the Debtors failed to provide notice of the Objection Deadline to Mr. Ghader.[2]

2. It was not until Saturday, September 23, 2023, that Mr. Ghader learned of the Objection Deadline with the hearing on the Disclosure Statement set for Tuesday September 26, 2023.

3. Given the lack of adequate notice, Mr. Ghader seeks leave of the Court pursuant to Local Rule 2002-1(a)(ii) to file the attached Limited Objection to the Disclosure Statement.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104

4. Local Rule 2002-1(a)(ii) provides, in relevant part:

> **Special and Emergency Hearings.** In any chapter 11 case, the Court may, sua sponte or upon request of a party in interest, schedule a special or emergency hearing date in a case for a specific motion or other issues such as a discovery dispute. The party requesting such a special hearing (or if requested by the Court, a party directed by the Court) shall promptly file a notice of hearing on the docket specifying the date and time of the hearing and the general issue before the Court, e.g., the title of the motion, "discovery conference," etc. The subject matter of the special hearing will be limited to the issues identified in the notice and no party in interest may present any additional motion or issue at the hearing without leave of the Court.

## Legal Argument

5. The relief requested is appropriate as Mr. Ghader did not receive notice of the Objection Deadline from the Debtors.

6. By the Limited Objection, Mr. Ghader seeks disclosure of the following information in the Disclosure Statement that will provide customers and creditors of the Debtors adequate information to make an informed voting decision on the proposed Amended Plan:

   a. The number and aggregate amount of the Customer Proofs of Claim filed in each of the cases;

   b. The number and aggregate amount of the General Proofs of Claim filed in each of the cases;

   c. What intercompany claims exist (Debtor and non-debtor), if any, and how are they being treated under the Plan?

   d. How litigation claims (*i.e.* tort, contract, fraud, gross negligence, bad faith) asserted by customers and creditors as part of any General Proof of Claim are to be treated for voting and distribution purposes under the proposed Amended Plan;

   e. What impact, if any, will such unliquidated customer and creditor litigation claims have on distributions under the proposed Amended Plan?

   f. What is the range of value of the Litigation Claims identified in Article IV (C)(iv) of the proposed Amended Plan and what impact, if any, will such Litigation Claims have on the proposed distributions under the Plan?

    g. What value, if any, have the Released Parties provided for the proposed Third-Party Release under Article VII (B) the Plan?

    h. Who specifically is a "Protected Party" or a "Released Party(ies)" under the proposed Amended Plan? (Mr. Ghader respectfully submits the Disclosure Statement and Amended Plan should provide a definitive list of all entities and persons who will be deemed "Released Parties" or a "Protected Party" under the proposed Amended Plan);

    i. An explanation as to what happens if the Bankruptcy Court does not have sole and exclusive jurisdiction, as mandated in Article VII (E), over a claim or cause of action that may be asserted by Enjoined Party. To the extent the Bankruptcy Court does not have such jurisdiction, what happens to the creditors' claims or causes of action;

    j. What is the value of the Avoidance Action to be released under the proposed Amended Plan, and do any such claims involve Released Parties, Protected Parties or Insiders (as defined in section 101(31) of the Bankruptcy Code)?

    k. What insurance policies do the Debtors currently hold?

    l. What insurance policies, if any, cover damages asserted by customers or creditors arising from, or relating to, the Debtors' fraud, breach of contract, breach of fiduciary duty, conversion, tort, civil conspiracy, emotional distress, personal injury, misrepresentation, breach of the implied duty of good faith and fair dealing, unjust enrichment, negligence and lost profits?

    m. What are the nature and range of values of the Causes of Action to be transferred to the Wind Down Entity under the Plan?

    n. What independent investigation or independent analysis, if any, was done, in connection with any potential claims or Causes of Action a Debtor may hold against a director, officer, fiduciary, insider or affiliate of such Debtor?

    o. What independent investigation or independent analysis, if any, was done, in connection with any potential claims or Causes of Action a Debtor may hold against another Debtor, director, officer, fiduciary, insider or affiliate of such other Debtor?

## Conclusion

For the foregoing reasons, Mr. Ghader respectfully requests leave of the Court to file the attached Limited Objection of Azim Ghader to Debtors' Disclosure Statement.

Dated: September 26, 2023
      Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Elazar Kosman*
Donald J. Detweiler (DE Bar No. 3087)
Elazar A. Kosman (DE Bar No. 7077)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: don.detweiler@wbd-us.com
       elazar.kosman@wbd-us.com

*Counsel to Azim Ghader*