**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 294, 295, & 296 |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; (IV) SHORTENING THE NOTICE PERIOD FOR (A) PARTIES TO OBJECT TO CONFIRMATION OF THE PLAN, AND (B) THE CONFIRMATION HEARING; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an order (the "Disclosure Statement Order"), pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as approved by this Disclosure Statement Order, the "Disclosure Statement"), (ii) approving solicitation and voting procedures with respect to the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan"), including (a) fixing the Record Date, (b) approving the Solicitation Packages

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used, but not defined, shall have the meanings ascribed to them in the Motion.

and procedures for distribution, (c) approving the form of the Ballots and establishing procedures for voting, and (d) approving procedures for vote tabulation, (iii) scheduling a confirmation hearing and establishing notice and objection procedures, (iv) shortening the notice period for (a) parties to object to confirmation of the Plan, and (b) the Confirmation Hearing; and (v) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice constituting good and sufficient notice to all interested parties and no other or further notice needing be provided; and the Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

       **IT IS HEREBY FOUND THAT:**

       A.     The notice of the Motion and the Disclosure Statement Hearing Notice were served as set forth in the Motion and Motion to Shorten, and such notice constitutes good and sufficient notice to all interested parties complies with Bankruptcy Rules 2002 and 3017 and no other or further notice need be provided.

B.  The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.  No further information is deemed necessary or required.

C.  The form of the ballots (collectively, the "Ballots") attached hereto as Exhibit 2-A, Exhibit 2-B, Exhibit 2-C, Exhibit 2-D, and Exhibit 2-E are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Chapter 11 Cases, and are appropriate for the Voting Classes to accept or reject the Plan.

D.  The contents and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d).

E.  Ballots need not be provided to the Non-Voting Classes, because the Plan provides that such Classes are rendered Unimpaired under, and therefore, deemed to have accepted the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code.

F.  The period within which the Debtors may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

G.  The procedures set forth in this Disclosure Statement Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.  The Confirmation Hearing Notice and the Notice of Non-Voting Status, including the Opt-Out Election Form, substantially in the forms attached hereto as Exhibit 1, Exhibit 3, and Exhibit 3-A, respectively; the procedures provided in this Disclosure Statement Order for providing notice to all Creditors, Interest Holders, and parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan; and the

contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties.

I.  The Notice to Interest Holders of Confirmation Hearing, substantially in the form attached hereto as <u>Exhibit 4</u>; the procedures provided in this Disclosure Statement Order for providing notice to Interest Holders of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan constitute sufficient notice to Interest Holders.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is approved.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Packages to solicit votes on, and pursue Confirmation of, the Plan.

3. The Disclosure Statement Hearing Notice is approved.

4. The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests and other parties in interest with sufficient notice of the injunction, exculpation and release provisions in Article VIII of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

5. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

6. The contents of the Solicitation Packages and Non-Voting Packages, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including without limitation, Holders of Claims and are approved.

7. The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), and is approved.

8. The Ballots, substantially in the form attached hereto as Exhibit 2-A, Exhibit 2-B, Exhibit 2-C, Exhibit 2-D, and Exhibit 2-E are approved.

9. The Notice of Non-Voting Status, substantially in the form attached hereto as Exhibit 3 is approved.

10. The Notice to Interest Holders of Confirmation Hearing, substantially in the form attached hereto as Exhibit 4 is approved.

11. The Record Date with respect to Holders of Claims, other than governmental units, shall be **September 1, 2023**. The Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims and Interests in the Non-Voting Classes, who will receive either a Notice of Non-Voting Status or a Notice to Interest Holders of Confirmation Hearing and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Holder of a Claim) can vote to accept or reject the Plan as the Holder of a Claim. With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record

Date.  In the event a Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Record Date.

12. Within five (5) business days of the entry of this Disclosure Statement Order, (the "Solicitation Date"), the Debtors are authorized to distribute, or cause to be distributed, by email or first-class mail, to Holders of Claims in the Voting Classes as of the Record Date a Solicitation Package containing the following:

   a. the Disclosure Statement, including the Plan and all other Exhibits annexed thereto;

   b. the Disclosure Statement Order (excluding exhibits);

   c. a Ballot and the Voting Instructions;

   d. a pre-addressed, postage pre-paid return envelope (if the distribution of the Solicitation Package takes place via first-class mail); and

   e. the Confirmation Hearing Notice.

13. The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan), the Disclosure Statement Order, as well as the Confirmation Hearing Notice and Ballots contained in the Solicitation Packages to the Voting Classes in an electronic format in lieu of paper format.

14. The Debtors shall distribute, or cause to be distributed, by email or first-class mail, to all Holders of Claims in the Non-Voting Classes a Non-Voting Package, consisting of (i) the Confirmation Hearing Notice; and (ii) the Notice of Non-Voting Status.  The Debtors are authorized to distribute, or cause to be distributed, to the Non-Voting Classes the Non-Voting Package in an electronic format in lieu of the paper format.

15. The Debtors shall distribute, or cause to be distributed, by email or first-class mail, to all Holders of Interests a Notice to Interest Holders of Confirmation Hearing.  The Debtors are

authorized to distribute, or cause to be distributed, to all Holders of Interests the Notice to Interest Holders of Confirmation Hearing in an electronic format in lieu of paper format.

16. The Debtors shall distribute, or cause to be distributed, by email or first-class mail, Solicitation Packages, excluding a Ballot and return envelope, to: (i) the United States Trustee for the District of Delaware; (ii) the Internal Revenue Service; (iii) various state taxing authorities; and; (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

17. The Debtors shall not be required to distribute Solicitation Packages to the same addresses to which undeliverable Disclosure Statement Hearing Notices were distributed unless the Debtors are provided with accurate addresses for such entities prior to the Solicitation Date. Failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline (as defined below), or violate Bankruptcy Rule 3017(d). The Debtors are further excused from attempting to find better addresses for entities as to whom a Solicitation Package was returned by the United States Postal Service as undeliverable without a forwarding address.

18. The deadline by which all Ballots must be properly executed, completed, and actually received by the Voting Agent shall be **October 24, 2023 at 4:00 p.m. (ET)** (the "Voting Deadline"); *provided*, *however*, the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require. To the extent that a party challenges an extension of the Voting Deadline by the Debtors, such extension shall be subject to Court's approval, upon a Debtors' motion on notice to parties in interest.

19. Ballots will be accepted in paper form by delivering the Ballot by first-class mail postage prepaid, personal delivery, or overnight courier to the Voting Agent at the following address, or by following the online voting instructions included with the Ballot, as applicable:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal at https://omniagentsolutions.com/Bittrex-Ballots (the "E-Ballot Portal") by no later than the Voting Deadline. The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.

20. Except as otherwise provided herein, each Holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Record Date. Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a. If a Claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

b. The amount of the Claim listed in the Debtors' Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

c. The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by September 29, 2023 at 4:00 p.m. (ET) (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

d. Claims for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or which is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), and to the extent such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

e. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018. Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim or Interest for voting purposes must be filed by September 29, 2023 at 4:00 p.m. (ET) and served in accordance with the Disclosure Statement Order.

f. If the Debtors have served an objection or request for estimation as to a Claim by September 29, 2023 at 4:00 p.m. (ET), such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline.

g. Proofs of Claim filed for $0.00 are not entitled to vote.

h. Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Classes against the Debtors (by virtue of one or more timely filed proofs of claim, the Schedules, or a

       combination of both), such Holder shall be deemed to hold a single Claim in the Voting Classes against the Debtors.

    i. If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

21. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

    a. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against the Debtors in a particular Class will be aggregated as if such Creditor held a single Claim against the Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan; *provided, however*, that separate Claims held as of the Petition Date by different entities (even if related, affiliated or properly and timely assigned or transferred prior to the Record Date) shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

    b. Creditors with multiple Claims within a Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s) within the Voting Class. Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Classes will not be counted.

    c. Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in the Voting Classes against the Debtors.

    d. If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

    e. The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot, or a Ballot is electronically received via the E-Ballot Portal.

      f.      If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

22. The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

      a.      Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

      b.      Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors has granted an extension of the Voting Deadline with respect to such Ballot;

      c.      Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

      d.      Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

      e.      Any Ballot cast by an Entity that does not hold a Claim in the Voting Classes;

      f.      Any unsigned Ballot or Ballot without an original signature, *provided, however*, for the avoidance of doubt, a Ballot submitted via the E-Ballot Portal will be deemed to contain an original signature; and

      g.      Any Ballot submitted by fax, email or electronic transmission, other than via the E-Ballot Portal, unless approved by the Debtors in writing or otherwise ordered by the Court.

23. Any Holder of Claim or Interest that seeks to challenge the allowance of its Claim or Interest for voting purposes in accordance with the tabulation procedures set forth in this Disclosure Statement Order (including because a claim objection has been filed against that Holder of Claim or Interest) shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"), and shall serve the Rule 3018 Motion on counsel to the Debtors, whose contact information is on this Disclosure Statement Order, on or before **October 13, 2023, 4:00 p.m. (ET)**, unless the Rule 3018 Motion is filed in response to a

claim objection filed against the Holder of Claim or Interest, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection. To file and serve any responses to a Rule 3018 Motion, the Debtors (and, with respect to filing a response, any other party in interest) shall then have (i) until **October 24, 2023, 4:00 p.m. (ET)**; or (ii) no later than 4:00 p.m. (ET) on the date that is ten (10) days after service of the Rule 3018 Motion if such a motion is filed in response to a claim objection filed against the Holder of Claim or Interest. If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing. Any Holder of a Claim or an Interest in the Voting Classes which seeks to withdraw an acceptance or rejection of the Plan at any time, or seeks to change its vote after Voting Deadline, shall seek Court's approval of the same, upon a motion on notice to parties in interest.

24.    The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties. The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful. The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot. Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determines. Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

25. On or before **October 27, 2023 at 4:00 p.m. (ET)**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report shall, among other things, (i) describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed and whether such Ballots were or were not accepted by the Debtors), illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged; (ii) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (iii) specify any Ballots that were withdrawn. The Voting Report shall also specify all votes that were rejected, and the reason for such rejection, including (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Interest; (ii) any Ballot cast by an entity that does not hold a Claim or Interest in Class 2A through 5; (iii) any unsigned Ballot or Ballot lacking an original signature (other than properly executed electronic Ballots); and (iv) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein. The Voting Report shall also specify any Ballots as to which the Debtors waived any form of irregularity, or at to which any irregularity was cured. Further, the Voting Report shall list (i) all parties who opted out of giving releases, including those in Class 1 who returned the release opt-out form; and (ii) all parties in voting classes whose Solicitation Package was returned as undeliverable; or (iii) whom the debtors did not serve with a Solicitation Package.

26. The Confirmation Hearing will be held on **October 30, 2023 at 11:00 a.m. (ET)**; *provided*, *however*, the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing

agenda for the noticed Confirmation Hearing or an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

27. Objections to confirmation of the Plan (a "Plan Objection"), if any, must (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (iii) state with particularity the basis and nature of any objection; and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **October 24, 2023 at 4:00 p.m. (ET)** (the "Confirmation Objection Deadline") by the following (the "Notice Parties"): Counsel for the Debtors: Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Patricia B. Tomasco (pattytomasco@quinnemanuel.com) and Razmig Izakelian (razmigizakelian@quinnemanuel.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Kenneth Enos (kenos@ycst.com)); and The United States Trustee: The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov)).

28. The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection (or any other pleading in support of confirmation of the Plan) and a Confirmation Memorandum on or before **October 27, 2023 at 4:00 p.m. (ET)**.

29. If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4:00 p.m. (ET)**, unless otherwise ordered by the Court.

30. The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Disclosure Statement Order without seeking further order of the Court.

31.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s) and Voting Instructions, the Confirmation Hearing Notice, the Notice of Non-Voting Status, and Notice to Interest Holders of Confirmation Hearing and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.  If any non-substantive changes are made to the Plan, the Debtors shall promptly file a notice on the Court's docket reflecting all such changes in a manner that highlights each of such changes.

32.    For avoidance of doubt, the following parties will be served with the notice of the Confirmation Hearing: (i) all Holders of Claims or Interests, whether in Voting Classes or Non-Voting Classes, or unclassified; (ii) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases; (iii) the United States Trustee for the District of Delaware; (iv) the Internal Revenue Service; (iv) all state and local taxing authorities in the states in which the Debtors does business; (v) all federal, state and local authorities that regulate any portion of the Debtors' business; (vi) the Securities and Exchange Commission; (vii) counterparties to executory contracts and leases; and (viii) all persons or entities listed on the Debtors' creditor mailing matrix who are not otherwise covered by one of the foregoing categories no later than two (2) business days after the entry of this Disclosure Statement Order.

33.    Attached hereto as Annex I is a timetable of the significant dates related to solicitation and confirmation of the Plan.

34.    Notwithstanding anything to the contrary in the Motion, this Disclosure Statement Order, or any findings announced at the hearing, nothing in the Motion, this Disclosure Statement

Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities.

35. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Disclosure Statement Order.

Dated: September 27th, 2023  
Wilmington, Delaware

BRENDAN L. SHANNON  
UNITED STATES BANKRUPTCY JUDGE