# **EXHIBIT 1**

## **Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; (IV) SHORTENING THE (A) NOTICE PERIOD FOR PARTIES TO OBJECT TO CONFIRMATION OF THE PLAN, AND (B) NOTICE OF THE CONFIRMATION HEARING; AND (V) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

      1.    ***Approval of the Disclosure Statement.***  At a hearing held on September 26, 2023 (the "Disclosure Statement Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the above-captioned chapter 11 cases of Desolation Holdings LLC and its debtor affiliates (the "Debtors"), entered an order [D.I. __] (the "Disclosure Statement Order") approving the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors*, dated as of August 25, 2023 (as amended, modified or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors*, dated as of August 25, 2023 (as amended, modified or supplemented from time to time, the "Plan"), annexed as Exhibit A to the Disclosure Statement.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

      2.    ***Classification of Claims and Interests under the Plan.***  The classification and treatment of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired<br>***Deemed to Accept Plan*** | 100% |
| 2A | BUS Customers Claims | Impaired<br>***Entitled to Vote on Plan*** | 100% |
| 2B | Malta OpCo Customers Claims | Impaired<br>***Entitled to Vote on Plan*** | 100% |
| 3 | GUC Claims | Impaired<br>***Entitled to Vote on Plan*** | 100% |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|-------|-------------------|----------------------|-------------------------------|
| 4 | Subordinated Claims | Impaired<br>***Entitled to Vote on Plan*** | 100% |
| 5 | Interests | Impaired<br>***Entitled to Vote on Plan*** | N/A |

3.      ***Plan Supplement.***  If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4:00 p.m. (ET)**, unless otherwise ordered by the Court.

4.      ***Deadline for Voting on the Plan.***  The Court has established **October 24, 2023 at 4:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received.  Holders of Claims or Interests in Classes 2A, 2B, 3, 4, and 5 are entitled to vote on the Plan and will receive Ballots to cast such votes.  To be counted, Ballots must be properly executed, completed, and delivered to Omni Agent Solutions (the "Voting Agent") at the address provided for herein, or submitted via the E-Ballot Portal (as defined below), so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtors.  Ballots will be accepted in paper form by delivering the Ballot by first-class mail postage prepaid, personal delivery or overnight courier to the Voting Agent at:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal at https://omniagentsolutions.com/Bittrex-Ballots (the "E-Ballot Portal") by no later than the Voting Deadline.  The Voting Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.  Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.

5.      Holders of Unimpaired Claims under the Plan (i.e., Class 1 Allowed Other Priority Claims) are not entitled to vote on the Plan.

6.      If you hold a Claim or Interest against the Debtors as of the Voting Deadline and are entitled to vote to accept or reject the Plan, you have received with this Confirmation Hearing Notice a Ballot and voting instructions appropriate for your Claim, and a copy of the Plan and Disclosure Statement.  The Plan and Disclosure Statement and all documents attached thereto, including a one-page sheet outlining all these documents, will be distributed by the Voting Agent in an electronic format or by first-class mail.

7.      ***Confirmation Hearing.***  A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "Confirmation Hearing") will be held on **October 30, 2023 at ___ (ET)** before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court.  The Plan may be modified in accordance

with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.  If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

8.    ***Deadline for Objections to Confirmation of the Plan.***  Objections, if any, to the confirmation of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **<u>before 4:00 p.m. (ET) on October 24, 2023</u>**:  Counsel for the Debtors: Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Patricia B. Tomasco (pattytomasco@quinnemanuel.com) and Razmig Izakelian (razmigizakelian@quinnemanuel.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Kenneth Enos (kenos@ycst.com)); and The United States Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov)).

9.    **Certain Voting Issues.** Any Holder of Claim or Interest that seeks to challenge the allowance of its Claim or Interest for voting purposes in accordance with the tabulation procedures set forth in the Disclosure Statement Order (including because a claim objection has been filed against that Holder of Claim or Interest) shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"), and shall serve the Rule 3018 Motion on counsel to the Debtors, whose contact information is on this Notice, on or before **<u>October 13, 2023, 4:00 p.m. (ET)</u>**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the Holder of Claim or Interest, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection.  To file and serve any responses to a Rule 3018 Motion, the Debtors (and, with respect to filing a response, any other party in interest) shall then have (i) until **<u>October 24, 2023, 4:00 p.m. (ET)</u>**; or (ii) no later than 4:00 p.m. (ET) on the date that is ten (10) days after service of the Rule 3018 Motion if such a motion is filed in response to a claim objection filed against the Holder of Claim or Interest.  If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing.  Any Holder of a Claim or an Interest in the Voting Classes which seeks to withdraw an acceptance or rejection of the Plan at any time, or seeks to change its vote after Voting Deadline, shall seek Court's approval of the same, upon a motion on notice to parties in interest.

10.    ***RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN. ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.***

11.    ***Releases by the Debtors.***

***As of the Effective Date, the Debtors, and each of their respective Affiliates, on behalf of themselves and their respective Estates, including any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, including the Plan Administrator, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, and waived each Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of or the transactions or events giving rise to any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan***

*or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (ii) the releases by the Debtors set forth above shall not impair any Estate Causes of Action against a non-Released Party.*

12. **Releases by Holders of Claims and Interests.**

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

13. **Injunction**

**Injunctions Relating to Releases.**

*Effective as of the Effective Date, all Persons, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, or liability of any nature whatsoever, that is released or exculpated pursuant to this Plan (the "Enjoined Parties" and the "Released Claims"), shall be permanently, forever and completely stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such Released Claims: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) on account of the Released Claims in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order on account of the Released Claims, (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any lien on account of the Released Claims, and (iv) setting off (except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, directly or indirectly, any amount against any liability or obligation owed to any Person, along with their respective present or former employees, agents, officers, directors principals, and affiliates, on account of the Released Claims.*

*Injunctions to Protect Plan Assets.*

*Except as expressly otherwise provided in this Plan, or to the extent necessary to enforce the terms and conditions of this Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against any of the assets to be distributed under this Plan on account of any such Claims or Equity Interests: (i) commencing or continuing, in any manner or in any place, any action, Cause of Action, or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff ( except to the extent such setoff was exercised prior to the Petition Date), or the right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action, or other proceeding against any of the assets to be distributed under this Plan that does not comply with or is inconsistent with the provisions of this Plan.*

*Other Provisions Regarding Injunctions.*

*The injunctions in this Section shall extend to the Wind Down Entity and Plan Administrator (with the Debtors, "Protected Parties" and each, a "Protected Party"), as applicable, and their respective property and interests in property.*

*By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section.*

*Notwithstanding the foregoing, nothing in this Section shall enjoin the assertion of a defensive right of recoupment.*

*Nothing in the Plan or Confirmation Order shall (1) enjoin, release, impair or otherwise preclude the United States (i) from pursuing any criminal action or any police or regulatory action, (ii) from pursuing any liability to the United States that is not a Claim, (iii) from exercising any rights of setoff or recoupment subsequent to confirmation of the Plan or any order granting substantive consolidation, and such rights are preserved, and (iv) from pursuing any claim of the United States arising on or after the Confirmation Date; and (2) grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.*

*No Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Cases, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor, the administration of the Wind Down Assets, or the transactions in furtherance of the foregoing without the Bankruptcy Court: (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party; and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.*

*Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Plan Confirmation Order, no provision shall (i) preclude the United States Securities and Exchange Commission ("SEC") from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceeding or investigations against any non-debtor person or non-debtor entity in any forum.*

14.    *Exculpation*

*To the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from any liability in respect of any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, arising between the Petition Date and the Effective Date, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan*

*(including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities (if any) pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement including the Distribution of Cryptocurrencies to Customers, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct , but in all respects, such Exculpated Parties shall be entitled to reasonably rely upon any Order of the Bankruptcy Court or the advice of counsel with respect to their duties and responsibilities.*

*To the extent section 1125(e) of the Bankruptcy Code applies, the Exculpated Parties have, and upon completion of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and Distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such Distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such Distributions made pursuant to the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable laws, rules, or regulations protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above shall not be construed as exculpating any party or entity from its post-Effective Date obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

*Copies of Documents.* Copies of the Plan, the Disclosure Statement, the Disclosure Statement Order, and Plan Supplement (if filed) are or will be available for review free of charge at https://omniagentsolutions.com/Bittrex-Plan, by clicking on the link on the left hand side of the page titled "Plan & Disclosure Statement." Copies of the Plan, Disclosure Statement, Disclosure Statement Order, and Plan Supplement (if filed) are or will be also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International). In addition, copies of the Plan are available upon written request to the Debtors' Voting Agent:

Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

If you are the Holder of a Claim or Interest and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, you should contact the Voting Agent electronically, in writing or via telephone at: at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

Date: September \_\_, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT &**
**TAYLOR, LLP**

*DRAFT*

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com

**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**

Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**

## **EXHIBIT 2-A**

**Form of Class 2A Customer Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR CLASS 2A BUS CUSTOMER CLAIMS FOR ACCEPTING OR REJECTING
THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF DESOLATION
HOLDINGS LLC AND ITS AFFILIATED DEBTORS**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
VOTING AGENT BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

**IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO
NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL
RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF
THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF
SUCH RELEASE**

       This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ____] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If the Debtors file Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4 p.m. (ET)**, unless otherwise ordered by the Court. If you do not have a copy of the Disclosure Statement, Plan, or Plan Supplement you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://omniagentsolutions.com/Bittrex-Plan. Copies of the Disclosure Statement, Plan, and Plan Supplement (if filed) are or will be also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 2A under the Plan.  If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 24, 2023 at 4:00 p.m. (ET) (the "<u>Voting Deadline</u>"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just <u>*ONE*</u> of the following methods:  Electronically via the E-Ballot Portal, in the return envelope provided in your package (which you received if the distribution of your Solicitation Package took place via first-class mail), or by First Class Mail, Hand Delivery or Overnight Mail.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

1. You are receiving this notice because you are a creditor of Bittrex Inc. (BUS) or its affiliates (the "Debtors") which filed for chapter 11 bankruptcy.
2. The Debtors are seeking court approval for a chapter 11 plan and disclosure statement as part of their bankruptcy proceeding.
3. Under the plan, unless you take additional action as described here, and affirmatively opt-out, you will be deemed to release claims you may have against the Debtors, their officers and directors, and certain creditors and other third parties.
4. You have the right to opt-out, to avoid releasing any claims, against these third parties, by completing the opt-out on page 3 of this Ballot and returning this Ballot to the Voting Agent.  The applicable definitions of released and releasing parties are also included in this Ballot for your convenience of review.  These Defined Terms control the scope of the release provision.

---

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "<u>E-Ballot Portal</u>") by no later than the Voting Deadline.  Visit https://omniagentsolutions.com/Bittrex-Ballots click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID# :**_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| **Bittrex, Inc.** | **Bittrex, Inc.** |
| **Ballot Processing Center** | **Ballot Processing Center** |
| **c/o Omni Agent Solutions** | **c/o Omni Agent Solutions** |
| **5955 De Soto Ave., Suite 100** | **5955 De Soto Ave., Suite 100** |
| **Woodland Hills, CA 91367** | **Woodland Hills, CA 91367** |

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "<u>Record Date</u>"), the undersigned (the "<u>Claimant</u>") was a holder of a Class 2A BUS Customer Claim against the Debtors in the aggregate amount set forth below.

$\underline{\hspace{2cm}}$

**Item 2.  Vote on Plan.  CHECK ONE BOX ONLY:**

☐ **ACCEPTS (votes FOR) the Plan**.

☐ **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

## IMPORTANT INFORMATION REGARDING THE RELEASES

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO GIVING "OPT OUT" OF SUCH RELEASES.  CHECKING THE BOX BELOW TO OPT OUT OF GIVING RELEASES WILL NOT AFFECT THE AMOUNT OF DISTRIBUTION YOU SHALL RECEIVE UNDER THE PLAN.**

☐ **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of*

3

*Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; provided, additionally, that Endurance shall be a Released Party as set forth in Article IV.B.4 of the Plan..*

*"Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) the DIP Lender; (b) each of the Debtors' current and former directors or officers, solely to the extent such current and former directors or officers may assert claims or causes of action on behalf of or in a derivative capacity through the Debtors; (c) all Holders of Claims or Interests who are in voting classes that (1) vote to accept the Plan, (2) vote to reject the Plan or (3) abstain from voting on the Plan, and in each instance do not opt out of the Third Party Release on a timely submitted Ballot or file an objection to the Third Party Releases; (d) all creditors in Unimpaired Classes who do not timely return an Opt Out Form or file an objection to the Third Party Releases; and (e) with respect to each of the foregoing (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board*

4

*members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (each, a "Related Party"), each in their capacity as such, and each solely to the extent such Related Party may assert claims or causes of action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); provided, however, that the term "Releasing Parties" shall not include any Entity without actual or constructive knowledge of the Chapter 11 Cases.*

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 2A BUS Customer Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____ _____

Address: _____

_____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 24, 2023 at 4:00 p.m. (ET) Voting Deadline.**

## <u>VOTING INSTRUCTIONS</u>

1.      In order for your vote to count, you must:

      (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)      Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.      **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 24, 2023 at 4:00 p.m. (ET).**

4.      If voting **<u>electronically</u>**, submit your Class 2A BUS Customer Claims Ballot via the Voting Agent's online portal by visiting https://omniagentsolutions.com/Bittrex-Ballots.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email, or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.      If voting by **<u>mail</u>**, return the completed Ballot to the Voting Agent (in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot in the case that you received the Solicitation Package via first-class mail) to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.      THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.    A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.    Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.    Paragraph 20 of the Disclosure Statement Order details the rules governing the temporary allowance or disallowance of Claims or Interests.

13.    **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than <u>4:00 p.m. (ET) on October 13, 2023</u> a motion seeking such temporary allowance (the "Rule 3018 Motion") and a notice of hearing on such motion.  However, if your Rule 3018 Motion is filed in response to a claim objection filed against you, you are entitled to file with the Court and serve on the Debtors' attorneys your Rule 3018 Motion and a notice of hearing on such motion no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection.**

14.    It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

15.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

16.    PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, YOU CAN CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

## EXHIBIT 2-B

**Form of Class 2B Malta Opco Customer Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR CLASS 2B MALTA OPCO CUSTOMER CLAIMS FOR ACCEPTING OR
REJECTING THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF
DESOLATION HOLDINGS LLC AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
> VOTING AGENT BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

> **IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO
> NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL
> RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF
> THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF
> SUCH RELEASE**

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ___] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If the Debtors file Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4 p.m. (ET)**, unless otherwise ordered by the Court. If you do not have a copy of the Disclosure Statement, Plan, or Plan Supplement you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://omniagentsolutions.com/Bittrex-Plan. Copies of the Disclosure Statement, Plan, and Plan Supplement (if filed) are or will be also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 2B under the Plan. If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 24, 2023 at 4:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just _ONE_ of the following methods: Electronically via the E-Ballot Portal, in the return envelope provided in your package (which you received if the distribution of your Solicitation Package took place via first-class mail), or by First Class Mail, Hand Delivery or Overnight Mail.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

1. You are receiving this notice because you are a creditor of Bittrex Inc. (BUS) or its affiliates (the "Debtors") which filed for chapter 11 bankruptcy.
2. The Debtors are seeking court approval for a chapter 11 plan and disclosure statement as part of their bankruptcy proceeding.
3. Under the plan, unless you take additional action as described here, and affirmatively opt-out, you will be deemed to release claims you may have against the Debtors, their officers and directors, and certain creditors and other third parties.
4. You have the right to opt-out, to avoid releasing any claims, against these third parties, by completing the opt-out on page 3 of this Ballot and returning this Ballot to the Voting Agent. The applicable definitions of released and releasing parties are also included in this Ballot for your convenience of review. These Defined Terms control the scope of the release provision.

---

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "E-Ballot Portal") by no later than the Voting Deadline. Visit https://omniagentsolutions.com/Bittrex-Ballots click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID# :_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

| **If by First-Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
|---|---|
| **Bittrex, Inc.** | **Bittrex, Inc.** |
| **Ballot Processing Center** | **Ballot Processing Center** |
| **c/o Omni Agent Solutions** | **c/o Omni Agent Solutions** |
| **5955 De Soto Ave., Suite 100** | **5955 De Soto Ave., Suite 100** |
| **Woodland Hills, CA 91367** | **Woodland Hills, CA 91367** |

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 2B Malta OpCo Customer Claim against the Debtors in the aggregate amount set forth below.

$_____

**Item 2.  Vote on Plan.  CHECK ONE BOX ONLY:**

☐        **ACCEPTS (votes FOR) the Plan**.

☐        **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

## IMPORTANT INFORMATION REGARDING THE RELEASES

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF GIVING SUCH RELEASES.  CHECKING THE BOX BELOW TO OPT OUT OF GIVING RELEASES WILL NOT AFFECT THE AMOUNT OF DISTRIBUTION YOU SHALL RECEIVE UNDER THE PLAN.**

☐        **The undersigned Claimant elects _not_ to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

> *As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of*

*Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; provided, additionally, that Endurance shall be a Released Party as set forth in Article IV.B.4 of the Plan.*

*"Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) the DIP Lender; (b) each of the Debtors' current and former directors or officers, solely to the extent such current and former directors or officers may assert claims or causes of action on behalf of or in a derivative capacity through the Debtors; (c) all Holders of Claims or Interests who are in voting classes that (1) vote to accept the Plan, (2) vote to reject the Plan or (3) abstain from voting on the Plan, and in each instance do not opt out of the Third Party Release on a timely submitted Ballot or file an objection to the Third Party Releases; (d) all creditors in Unimpaired Classes who do not timely return an Opt Out Form or file an objection to the Third Party Releases; and (e) with respect to each of the foregoing (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board*

4

*members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (each, a "Related Party"), each in their capacity as such, and each solely to the extent such Related Party may assert claims or causes of action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); provided, however, that the term "Releasing Parties" shall not include any Entity without actual or constructive knowledge of the Chapter 11 Cases.*

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 2B Malta OpCo Customer Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 24, 2023 at 4:00 p.m. (ET) Voting Deadline.**

## VOTING INSTRUCTIONS

1.     In order for your vote to count, you must:

     (i)     In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

     (ii)     Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.     Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.     **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 24, 2023 at 4:00 p.m. (ET).**

4.     If voting **<u>electronically</u>**, submit your Class 2B Malta OpCo Customer Claims Ballot via the Voting Agent's online portal by visiting https://omniagentsolutions.com/Bittrex-Ballots.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email, or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.     If voting by **<u>mail</u>**, return the completed Ballot to the Voting Agent (in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot in the case that you received the Solicitation Package via first-class mail) to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.     THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     Paragraph 20 of the Disclosure Statement Order details the rules governing the temporary allowance or disallowance of Claims or Interests.

13.     **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than <u>4:00 p.m. (ET) on October 13, 2023</u> a motion seeking such temporary allowance (the "Rule 3018 Motion") and a notice of hearing on such motion.  However, if your Rule 3018 Motion is filed in response to a claim objection filed against you, you are entitled to file with the Court and serve on the Debtors' attorneys your Rule 3018 Motion and a notice of hearing on such motion no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection.**

14.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

15.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

16.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, YOU CAN CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

## EXHIBIT 2-C

**Form of Class 3 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR CLASS 3 GUC CLAIMS FOR ACCEPTING OR REJECTING THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF DESOLATION HOLDINGS LLC AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

> **IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF SUCH RELEASE**

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ___ ] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4 p.m. (ET)**, unless otherwise ordered by the Court. If you do not have a copy of the Disclosure Statement, Plan, or Plan Supplement you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://omniagentsolutions.com/Bittrex-Plan. Copies of the Disclosure Statement, Plan, and Plan Supplement (if filed) are or will be also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 3 under the Plan.  If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 24, 2023 at 4:00 p.m. (ET) (the "<u>Voting Deadline</u>"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just <u>*ONE*</u> of the following methods:  Electronically via the E-Ballot Portal, in the return envelope provided in your package (which you received if the distribution of your Solicitation Package took place via first-class mail), or by First Class Mail, Hand Delivery or Overnight Mail.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

1.  **You are receiving this notice because you are a creditor of Bittrex Inc. (BUS) or its affiliates (the "Debtors") which filed for chapter 11 bankruptcy.**
2.  **The Debtors are seeking court approval for a chapter 11 plan and disclosure statement as part of their bankruptcy proceeding.**
3.  **Under the plan, unless you take additional action as described here, and affirmatively opt-out, you will be deemed to release claims you may have against the Debtors, their officers and directors, and certain creditors and other third parties.**
4.  **You have the right to opt-out, to avoid releasing any claims, against these third parties, by completing the opt-out on page 3 of this Ballot and returning this Ballot to the Voting Agent. The applicable definitions of released and releasing parties are also included in this Ballot for your convenience of review.  These Defined Terms control the scope of the release provision.**

---

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "<u>E-Ballot Portal</u>") by no later than the Voting Deadline.  Visit https://omniagentsolutions.com/Bittrex-Ballots click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID# :_____**

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

| **If by First-Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
|---|---|
| **Bittrex, Inc.** | **Bittrex, Inc.** |
| **Ballot Processing Center** | **Ballot Processing Center** |
| **c/o Omni Agent Solutions** | **c/o Omni Agent Solutions** |
| **5955 De Soto Ave., Suite 100** | **5955 De Soto Ave., Suite 100** |
| **Woodland Hills, CA 91367** | **Woodland Hills, CA 91367** |

### ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "<u>Record Date</u>"), the undersigned (the "<u>Claimant</u>") was a holder of a Class 3 GUC Claim against the Debtors in the aggregate amount set forth below.

$_____

**Item 2.  Vote on Plan.  CHECK ONE BOX ONLY:**

☐      **ACCEPTS (votes FOR) the Plan**.

☐      **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

### IMPORTANT INFORMATION REGARDING THE RELEASES

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF GIVING SUCH RELEASES.  CHECKING THE BOX BELOW TO OPT OUT OF GIVING RELEASES WILL NOT AFFECT THE AMOUNT OF DISTRIBUTION YOU SHALL RECEIVE UNDER THE PLAN.**

☐      **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of*

4

*Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; provided, additionally, that Endurance shall be a Released Party as set forth in Article IV.B.4 of the Plan. "Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) the DIP Lender; (b) each of the Debtors' current and former directors or officers, solely to the extent such current and former directors or officers may assert claims or causes of action on behalf of or in a derivative capacity through the Debtors; (c) all Holders of Claims or Interests who are in voting classes that (1) vote to accept the Plan, (2) vote to reject the Plan or (3) abstain from voting on the Plan, and in each instance do not opt out of the Third Party Release on a timely submitted Ballot or file an objection to the Third Party Releases; (d) all creditors in Unimpaired Classes who do not timely return an Opt Out Form or file an objection to the Third Party Releases; and (e) with respect to each of the foregoing (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers,*

*consultants, representatives, and other professionals (each, a "Related Party"), each in their capacity as such, and each solely to the extent such Related Party may assert claims or causes of action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); provided, however, that the term "Releasing Parties" shall not include any Entity without actual or constructive knowledge of the Chapter 11 Cases.*

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 3 GUC Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 24, 2023 at 4:00 p.m. (ET) Voting Deadline.**

## VOTING INSTRUCTIONS

1.    In order for your vote to count, you must:

      (i)    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)    Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.    Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.    **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 24, 2023 at 4:00 p.m. (ET).**

4.    If voting **electronically**, submit your Class 3 GUC Claims Ballot via the Voting Agent's online portal by visiting https://omniagentsolutions.com/Bittrex-Ballots.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email, or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.    If voting by **mail**, return the completed Ballot to the Voting Agent (in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot in the case that you received the Solicitation Package via first-class mail) to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.    THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.    A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.    Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.    Paragraph 20 of the Disclosure Statement Order details the rules governing the temporary allowance or disallowance of Claims or Interests.

13.    **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than 4:00 p.m. (ET) on <u>October 13, 2023</u> a motion seeking such temporary allowance (the "Rule 3018 Motion") and a notice of hearing on such motion.  However, if your Rule 3018 Motion is filed in response to a claim objection filed against you, you are entitled to file with the Court and serve on the Debtors' attorneys your Rule 3018 Motion and a notice of hearing on such motion no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection.**

14.    It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

15.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

16.    PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, YOU CAN CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**<u>EXHIBIT 2-D</u>**

**Form of Class 4 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR CLASS 4 SUBORDINATED CLAIMS FOR ACCEPTING OR REJECTING THE**
**AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF DESOLATION**
**HOLDINGS LLC AND ITS AFFILIATED DEBTORS**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE**
**VOTING AGENT BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

**IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO**
**NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL**
**RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF**
**THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF**
**SUCH RELEASE**

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ____] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4 p.m. (ET)**, unless otherwise ordered by the Court. If you do not have a copy of the Disclosure Statement, Plan, or Plan Supplement you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://omniagentsolutions.com/Bittrex-Plan. Copies of the Disclosure Statement, Plan, and Plan Supplement (if filed) are or will be also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 4 under the Plan.  If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 24, 2023 at 4:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just _ONE_ of the following methods:  Electronically via the E-Ballot Portal, in the return envelope provided in your package (which you received if the distribution of your Solicitation Package took place via first-class mail), or by First Class Mail, Hand Delivery or Overnight Mail.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

1.  **You are receiving this notice because you are a creditor of Bittrex Inc. (BUS) or its affiliates (the "Debtors") which filed for chapter 11 bankruptcy.**
2.  **The Debtors are seeking court approval for a chapter 11 plan and disclosure statement as part of their bankruptcy proceeding.**
3.  **Under the plan, unless you take additional action as described here, and affirmatively opt-out, you will be deemed to release claims you may have against the Debtors, their officers and directors, and certain creditors and other third parties.**
4.  **You have the right to opt-out, to avoid releasing any claims, against these third parties, by completing the opt-out on page 3 of this Ballot and returning this Ballot to the Voting Agent. The applicable definitions of released and releasing parties are also included in this Ballot for your convenience of review.  These Defined Terms control the scope of the release provision.**

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "E-Ballot Portal") by no later than the Voting Deadline.  Visit https://omniagentsolutions.com/Bittrex-Ballots click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID# :_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

3

| **If by First-Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
|---|---|
| **Bittrex, Inc.** | **Bittrex, Inc.** |
| **Ballot Processing Center** | **Ballot Processing Center** |
| **c/o Omni Agent Solutions** | **c/o Omni Agent Solutions** |
| **5955 De Soto Ave., Suite 100** | **5955 De Soto Ave., Suite 100** |
| **Woodland Hills, CA 91367** | **Woodland Hills, CA 91367** |

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 4 Subordinated Claim against the Debtors in the aggregate amount set forth below.

$\underline{\hspace{3cm}}$

**Item 2.  Vote on Plan.  CHECK ONE BOX ONLY:**

☐        **ACCEPTS (votes FOR) the Plan**.

☐        **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

## IMPORTANT INFORMATION REGARDING THE RELEASES

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF GIVING SUCH RELEASES.  CHECKING THE BOX BELOW TO OPT OUT OF GIVING RELEASES WILL NOT AFFECT THE AMOUNT OF DISTRIBUTION YOU SHALL RECEIVE UNDER THE PLAN.**

☐        **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of*

4

*Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; provided, additionally, that Endurance shall be a Released Party as set forth in Article IV.B.4 of the Plan. "Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) the DIP Lender; (b) each of the Debtors' current and former directors or officers, solely to the extent such current and former directors or officers may assert claims or causes of action on behalf of or in a derivative capacity through the Debtors; (c) all Holders of Claims or Interests who are in voting classes that (1) vote to accept the Plan, (2) vote to reject the Plan or (3) abstain from voting on the Plan, and in each instance do not opt out of the Third Party Release on a timely submitted Ballot or file an objection to the Third Party Releases; (d) all creditors in Unimpaired Classes who do not timely return an Opt Out Form or file an objection to the Third Party Releases; and (e) with respect to each of the foregoing (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers,*

5

*consultants, representatives, and other professionals (each, a "Related Party"), each in their capacity as such, and each solely to the extent such Related Party may assert claims or causes of action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); provided, however, that the term "Releasing Parties" shall not include any Entity without actual or constructive knowledge of the Chapter 11 Cases..*

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 4 Subordinated Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 24, 2023 at 4:00 p.m. (ET) Voting Deadline.**

**VOTING INSTRUCTIONS**

1.  In order for your vote to count, you must:

    (i)   In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

    (ii)  Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.  Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.  **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 24, 2023 at 4:00 p.m. (ET).**

4.  If voting **<u>electronically</u>**, submit your Class 4 Subordinated Claims Ballot via the Voting Agent's online portal by visiting https://omniagentsolutions.com/Bittrex-Ballots.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email, or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.  If voting by **<u>mail</u>**, return the completed Ballot to the Voting Agent (in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot in the case that you received the Solicitation Package via first-class mail) to:

    **If by First-Class Mail:**
    Bittrex, Inc.
    Ballot Processing Center
    c/o Omni Agent Solutions
    5955 De Soto Ave., Suite 100
    Woodland Hills, CA 91367

    **If by Hand Delivery or Overnight Mail:**
    Bittrex, Inc.
    Ballot Processing Center
    c/o Omni Agent Solutions
    5955 De Soto Ave., Suite 100
    Woodland Hills, CA 91367

6.  THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     Paragraph 20 of the Disclosure Statement Order details the rules governing the temporary allowance or disallowance of Claims or Interests.

13.     **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than <u>4:00 p.m. (ET) on October 13, 2023</u> a motion seeking such temporary allowance (the "Rule 3018 Motion") and a notice of hearing on such motion.  However, if your Rule 3018 Motion is filed in response to a claim objection filed against you, you are entitled to file with the Court and serve on the Debtors' attorneys your Rule 3018 Motion and a notice of hearing on such motion no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection.**

14.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

15.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

16.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, YOU CAN CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).  PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

## EXHIBIT 2-E

**Form of Class 5 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR CLASS 5 INTERESTS FOR ACCEPTING OR REJECTING THE AMENDED
JOINT CHAPTER 11 PLAN OF LIQUIDATION OF DESOLATION HOLDINGS LLC
AND ITS AFFILIATED DEBTORS**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
VOTING AGENT BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

**IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO
NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL
RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF
THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT" OF
SUCH RELEASE**

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement") that was approved by an order [D.I. ____] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4 p.m. (ET)**, unless otherwise ordered by the Court. If you do not have a copy of the Disclosure Statement, Plan, or Plan Supplement you may obtain a copy free of charge on the webpage of Omni Agent Solutions (the "Voting Agent") at https://omniagentsolutions.com/Bittrex-Plan. Copies of the Disclosure Statement, Plan, and Plan Supplement (if filed) are or will be also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Interest has been placed in Class 5 under the Plan.  If you hold Claims and/or Interests in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.

If your Ballot is not actually received by the Voting Agent on or before October 24, 2023 at 4:00 p.m. (ET) (the "<u>Voting Deadline</u>"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

You may submit your Ballot by just <u>*ONE*</u> of the following methods:  Electronically via the E-Ballot Portal, in the return envelope provided in your package (which you received if the distribution of your Solicitation Package took place via first-class mail), or by First Class Mail, Hand Delivery or Overnight Mail.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY OCTOBER 24, 2023 AT 4:00 P.M. (ET)**

1.  You are receiving this notice because you are a creditor of Bittrex Inc. (BUS) or its affiliates (the "Debtors") which filed for chapter 11 bankruptcy.
2.  The Debtors are seeking court approval for a chapter 11 plan and disclosure statement as part of their bankruptcy proceeding.
3.  Under the plan, unless you take additional action as described here, and affirmatively opt-out, you will be deemed to release claims you may have against the Debtors, their officers and directors, and certain creditors and other third parties.
4.  You have the right to opt-out, to avoid releasing any claims, against these third parties, by completing the opt-out on page 3 of this Ballot and returning this Ballot to the Voting Agent.  The applicable definitions of released and releasing parties are also included in this Ballot for your convenience of review.  These Defined Terms control the scope of the release provision.

---

**If by E-Ballot Portal:**

Ballots may be submitted through the Voting Agent's online electronic balloting portal (the "<u>E-Ballot Portal</u>") by no later than the Voting Deadline.  Visit https://omniagentsolutions.com/Bittrex-Ballots click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID# :**_____

Please complete and submit an electronic Ballot for each E-Ballot ID# you receive. Ballots cast by facsimile, email or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

| **If by First-Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
|---|---|
| **Bittrex, Inc.** | **Bittrex, Inc.** |
| **Ballot Processing Center** | **Ballot Processing Center** |
| **c/o Omni Agent Solutions** | **c/o Omni Agent Solutions** |
| **5955 De Soto Ave., Suite 100** | **5955 De Soto Ave., Suite 100** |
| **Woodland Hills, CA 91367** | **Woodland Hills, CA 91367** |

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of September 1, 2023 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 5 Interest against the Debtors.

**Item 2.  Vote on Plan.  CHECK ONE BOX ONLY:**

☐  **ACCEPTS (votes FOR) the Plan**.

☐  **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**IMPORTANT INFORMATION REGARDING THE RELEASES**

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII.B OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 3 TO "OPT OUT" OF GIVING SUCH RELEASES.  CHECKING THE BOX BELOW TO OPT OUT OF GIVING RELEASES WILL NOT AFFECT THE AMOUNT OF DISTRIBUTION YOU SHALL RECEIVE UNDER THE PLAN.**

☐  **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article VIII.B of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Interest(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article VIII of the Plan provide:

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or*

*that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

The definitions of certain defined terms in the releases in Article VIII are defined in the Plan as follows:

*"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; provided, additionally, that Endurance shall be a Released Party as set forth in Article IV.B.4 of the Plan.*

*"Releasing Parties" means, collectively, and in each case only in its capacity as such: (a) the DIP Lender; (b) each of the Debtors' current and former directors or officers, solely to the extent such current and former directors or officers may assert claims or causes of action on behalf of or in a derivative capacity through the Debtors; (c) all Holders of Claims or Interests who are in voting classes that (1) vote to accept the Plan, (2) vote to reject the Plan or (3) abstain from voting on the Plan, and in each instance do not opt out of the Third Party Release on a timely submitted Ballot or file an objection to the Third Party Releases; (d) all creditors in Unimpaired Classes who do not timely return an Opt Out Form or file an objection to the Third Party Releases; and (e) with respect to each of the foregoing (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers,*

*consultants, representatives, and other professionals (each, a "Related Party"), each in their capacity as such, and each solely to the extent such Related Party may assert claims or causes of action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); provided, however, that the term "Releasing Parties" shall not include any Entity without actual or constructive knowledge of the Chapter 11 Cases.*

6

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 5 Interests to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  To ensure that your Ballot is counted, it must be properly completed and received by the Voting Agent no later than the October 24, 2023 at 4:00 p.m. (ET) Voting Deadline.**

## VOTING INSTRUCTIONS

1.   In order for your vote to count, you must:

   (i)    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

   (ii)   Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.   Review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions provided for in Article VIII of the Plan by checking the box in Item 3.

3.   **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than October 24, 2023 at 4:00 p.m. (ET).**

4.   If voting **electronically**, submit your Class 5 Interests Ballot via the Voting Agent's online portal by visiting https://omniagentsolutions.com/Bittrex-Ballots.  In order to submit a Ballot through the E-Ballot Portal, you must use the Unique E-Ballot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Ballots cast by facsimile, email, or other electronic transmission, except through the E-Ballot Portal, will not be counted.  Creditors who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.

5.   If voting by **mail**, return the completed Ballot to the Voting Agent (in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot in the case that you received the Solicitation Package via first-class mail) to:

**If by First-Class Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If by Hand Delivery or Overnight Mail:**
Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

6.   THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE E-BALLOT PORTAL.  A Ballot

submitted by fax, email, or electronic transmission, other than via the E-Ballot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.      You must vote all your Claims and/or Interests within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim or Interest, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant or Interest holder will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     Paragraph 20 of the Disclosure Statement Order details the rules governing the temporary allowance or disallowance of Claims or Interests.

13.     **If you wish to have your Interest temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than 4:00 p.m. (ET) on October 13, 2023 a motion seeking such temporary allowance (the "Rule 3018 Motion") and a notice of hearing on such motion.  However, if your Rule 3018 Motion is filed in response to a claim objection filed against you, you are entitled to file with the Court and serve on the Debtors' attorneys your Rule 3018 Motion and a notice of hearing on such motion no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection.**

14.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims or Interests in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

15.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

16.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, YOU CAN CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA TELEPHONE AT: (888) 481-3704 (U.S./CANADA) or +1 (747) 293-0010 (INTERNATIONAL).  PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

## **EXHIBIT 3**

**Notice of Non-Voting Status**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF NON-VOTING STATUS
## TO HOLDERS OF CLASS 1 CLAIMS

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (the "Debtors") submitted the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan"),[2] which is described in and attached as Exhibit A to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement"), which, on _____, was approved by an order [D.I. ___] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan from the Holders of Claims or Interests in the Voting Class (as defined in the Disclosure Statement Order). If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4:00 p.m. (ET)**, unless otherwise ordered by the Court. Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

**YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN THE CLASS OF UNIMPAIRED CLAIMS DEEMED TO ACCEPT THE PLAN THAT IS NOT ENTITLED TO VOTE ON THE PLAN. THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN FOR PURPOSES OF PLAN VOTING.**

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| 1 | Other Priority Claims | Unimpaired<br>***Deemed to Accept Plan*** |
| 2A | BUS Customers Claims | Impaired<br>***Entitled to Vote on Plan*** |
| 2B | Malta OpCo Customers Claims | Impaired<br>***Entitled to Vote on Plan*** |
| 3 | GUC Claims | Impaired<br>***Entitled to Vote on Plan*** |
| 4 | Subordinated Claims | Impaired<br>***Entitled to Vote on Plan*** |
| 5 | Interests | Impaired<br>***Entitled to Vote on Plan*** |

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS IN CLASS 1 ARE UNIMPAIRED UNDER THE PLAN AND THEREFORE, PURSUANT TO THE PLAN AND BANKRUPTCY CODE SECTION 1126(f), ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

**THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF HOLDERS OF CLASS 1 CLAIMS UNDER THE PLAN:**

| Class | Type of Claim or Interest | Treatment | Impairment | Approximate Percentage Recovery | Entitled to Vote |
|---|---|---|---|---|---|
| Class 1 | Other Priority Claims | Except to the extent that a Holder of an Allowed Other Priority Claim agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Other Priority Claim, each such Holder shall be paid in full in Cash or otherwise receive treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code. | Unimpaired | 100% | No (Deemed to Accept) |

*ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

**PURSUANT TO ARTICLE VIII.B OF THE PLAN, AS A HOLDER OF CLAIMS IN CLASS 1 UNDER THE PLAN, IF YOU DO NOT TIMELY SUBMIT A RELEASE OPT-OUT, WHICH IS ENCLOSED TO THIS NOTICE, OR FILE AN OBJECTION TO THE RELEASES IN ARTICLE VIII OF THE PLAN PRIOR TO THE DEADLINE TO OBJECT TO CONFIRMATION OF THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE VIII OF THE PLAN. SPECIFICALLY, THE RELEASES IN ARTICLE VIII.B OF THE PLAN PROVIDE:**

*As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the*

*Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.*

Objections, if any, to confirmation of the Plan, including the releases provided for in Article VIII of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on October 24, 2023**:  Counsel for the Debtors: Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Patricia B. Tomasco (pattytomasco@quinnemanuel.com) and Razmig Izakelian (razmigizakelian@quinnemanuel.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Kenneth Enos (kenos@ycst.com)); and The United States Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov)).

Copies of the Plan, Disclosure Statement, Disclosure Statement Order, and Plan Supplement (if filed) are or will be available for review free of charge on the following website provided by the Voting Agent: https://omniagentsolutions.com/Bittrex-Plan.  In addition, copies of the Plan are available upon written request:

Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Copies of the Plan, Disclosure Statement, Disclosure Statement Order, and Plan Supplement (if filed) are or will be also available by submitting an inquiry to the Voting Agent via email at BittrexInquiries@omniagnt.com, or by contacting the Voting Agent via telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

Date: September __, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

*DRAFT*

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**

## **EXHIBIT 3-A**

## **Opt-Out Election Form**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**OPT-OUT ELECTION FORM**

On May 8, 2023, the above-captioned debtors (the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

The Debtors submitted the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan"),  which is described in and attached as Exhibit A to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors*, which was approved by an order [D.I. ___] (the "Disclosure Statement Order").  The Disclosure Statement Order authorizes the Debtor to solicit votes to accept or reject the Plan from the Holders of Claims in the Voting Classes (as defined in the Disclosure Statement Order).

You are receiving this Opt-Out Election Form because the Debtors believe you are a Holder of Class 1 Claim (Other Priority Claims), and thus a member of an "Unimpaired Non-Voting Class."

As a member of an Unimpaired Non-Voting Class, you will be bound by the release in Article VIII.B of the Plan unless you opt-out by checking the box below.  You should read Article VIII.B of the Plan carefully as it affects your rights by releasing claims that you may hold against the Released Parties.  You should check the box below if you do not consent to the release. If you do not check the box, and/or otherwise do not correctly complete and return this Opt-Out Election Form, you will have been deemed to consent to the release.

Article VIII.B of the Plan provides as follows:

> **As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**and implementation of the Plan, including the issuance or Distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

"Released Parties" means, collectively, and in each case only in its capacity as such: (a) the Debtors; (b) the DIP Lender; and (c) with respect to each of the foregoing (a) through (b), each of such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former members, directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former members, equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; provided, additionally, that Endurance shall be a Released Party as set forth in Article IV.B.4 of the Plan.

---

☐        By checking this box, the undersigned elects to <u>opt out</u> the release.

---

Complete this Opt-Out Election Form by providing all the information requested and sign, date, and return the Opt-Out Election Form either electronically or by mail, overnight or personal delivery to Omni Agent Solutions (the "Voting Agent").

For an electronic submission of the Opt-Out Election Forms, please follow the following instructions:

1. Prepare your Release Opt-Out Form as one (1) single PDF file to be uploaded.
2. On your internet browser, go to the Electronic Opt-Out submission at https://omniagentsolutions.com/Bittrex-OptOut.
3. Scroll down on the web page to the section titled "Submit an Opt-Out Form Online."
4. Enter your full name and email address in the first and second boxes.
5. Click on the black "Select File" button.  A pop-up window will appear where you can select the PDF file that you wish to submit.  Click the blue "Submit" button.

For mail, overnight, or personal delivery of the Opt-Out Election Form to the Voting Agent, the applicable address is the following:

Bittrex, Inc.
Ballot Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

The completed Opt-Out Election Form must be received by the Voting Agent by **<u>4:00 p.m. (ET) on October 24, 2023</u>**.

**Acknowledgment.** By signing this Opt-Out Election Form, the undersigned acknowledges and certifies that the undersigned is the holder of Class 1 Claim or has the power and authority to vote to opt out of the release on behalf of the holder of Class 1 Claim.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Email: _____

Dated: _____

## **EXHIBIT 4**

**Notice to Interest Holders of Confirmation Hearing**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

## NOTICE TO INTEREST HOLDERS OF CONFIRMATION HEARING

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (the "Debtors") submitted the *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "Plan"),[2] which is described in and attached as Exhibit A to the related *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* (the "Disclosure Statement"), that was approved by an order [D.I. ___] (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement Order authorizes the Debtor to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Class (as defined in the Disclosure Statement Order). If the Debtors file a Plan Supplement, the Plan Supplement will be filed on or before **October 17, 2023 at 4:00 p.m. (ET)**, unless otherwise ordered by the Court. Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

**The Court has scheduled the hearing to consider confirmation of the Plan for October 30, 2023 at ___ a.m. (ET)** (the "Confirmation Hearing"). Objections to confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **October 24, 2023 at 4:00 p.m. (ET)** by the Notice Parties (as defined in the Disclosure Statement Order).

Any Holder of Claim or Interest that seeks to challenge the allowance of its Claim or Interest for voting purposes in accordance with the tabulation procedures set forth in the Disclosure Statement Order (including because a claim objection has been filed against that Holder of Claim or Interest) shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"), and shall serve the Rule 3018 Motion on counsel to the Debtors, whose contact information is on this Notice, on or before **October 13, 2023, 4:00 p.m. (ET)**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the Holder of Claim or Interest, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. (ET) on the date that is seven (7) days after service of such claim objection. To file and serve any responses to a Rule 3018 Motion, the Debtors (and, with respect to filing a response, any other party in interest) shall then have (i) until **October 24, 2023, 4:00**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

**p.m. (ET)**; or (ii) no later than 4:00 p.m. (ET) on the date that is ten (10) days after service of the Rule 3018 Motion if such a motion is filed in response to a claim objection filed against the Holder of Claim or Interest. If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing. Any Holder of a Claim or an Interest in the Voting Classes which seeks to withdraw an acceptance or rejection of the Plan at any time, or seeks to change its vote after Voting Deadline, shall seek Court's approval of the same, upon a motion on notice to parties in interest.

Copies of the Plan, the Disclosure Statement, the Disclosure Statement Order, and Plan Supplement (if filed) are or will be available for review free of charge at https://omniagentsolutions.com/Bittrex-Plan, by clicking on the link on the left hand side of the page titled "Plan & Disclosure Statement." Copies of the Plan, Disclosure Statement, Disclosure Statement Order, and Plan Supplement (if filed) are or will be also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at BittrexInquiries@omniagnt.com or by telephone at (888) 481-3704 (U.S./Canada) or +1 (747) 293-0010 (International).

Date: September __, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*DRAFT*

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Valerie Ramos *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**