IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing. Date: October 30, 2023 at 11:00 a.m. (ET)<br>Response Deadline: October 13, 2023 at 4:00 p.m. (ET) |

**DEBTORS' OBJECTION TO CLAIMS 598-1221, 598-1314, 598-1578, 599-53, 599-62, 600-155, AND 600-194 FILED BY KATSUMI MATSUBAYASHI PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

Pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the above-captioned debtors in possession (the "Debtors"), through undersigned counsel, hereby file this objection (the "Objection") to Claims No. 598-1221, 598-1314, 598-1578, 599-53, 599-62, 600-155, and 600-194 filed by Katsumi Matsubayashi ("Matsubayashi") (collectively, the "Matsubayashi Claims"). The Debtors request entry of the Proposed Order attached hereto as **Exhibit A**, disallowing the Matsubayashi Claims, because, for the reasons set forth below, Mr. Matsubayashi has successfully migrated his account with the Debtor Bittrex Malta Ltd. ("Malta OpCo") to non-debtor Bittrex Global GmbH ("BG"), from which he is free to withdraw, he is currently not a customer of the Debtors, and has no other claims against the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rules 7008 and Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief sought herein are sections 105, 502, 503, and 507 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

**BACKGROUND**

**I.    The Bankruptcy Cases and Bar Date**

4.  On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

5.  Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* (D.I. 11) (the "First Day Declaration" or "Hengel Declaration").

6. Shortly thereafter, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date Motion") (D.I. 65), which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claim. The Debtors promptly served notice of the bar date on all creditors. (D.I. 201.)

## II. The Matsubayashi Claims

### A. Mr. Matsubayashi's History With the Debtors

7. An individual with the same name, address, and email address as Katsumi Matsubayashi created an account on the Bittrex, Inc. ("BUS") platform on August 26, 2017, and subsequently accepted the terms of service of Malta OpCo on November 6, 2018. On August 29, 2023, Mr. Matsubayashi completed successful migration of his Malta OpCo account to BG. It is the Debtors' understanding that following the migration, Mr. Matsubayashi's account is not disabled, and there are no restrictions on Mr. Matsubayashi's withdrawals of crypto assets from his BG account. However, on the same day, or the day following his successful migration, Mr. Matsubayashi still filed proofs of claims against the Debtors.

### B. Claims 598-1221, 598-1578, 599-53, 600-155

8. On August 29, 2023, Mr. Matsubayashi filed the following claims on customer proof of claim forms: Claim 598-1221 (for $12,987,637.10), Claim 598-1578 (for $12,987,637.10), Claim 599-53 (for $12,987,637.10), and Claim 600-155 (for $12,987,637.10). Claims 598-1221 and 598-1578 are duplicates filed against Bittrex, Inc. ("BUS"). Claim 599-53 was filed against Bittrex Malta Holdings Ltd. ("Malta Holdings"), and Claim 600-155 against Malta OpCo. All four

proofs of claims assert claims to crypto assets XRP 667,345.54287809 and ZEC 2,070.40644647 and do not allege priority or secured status.

### C. Claims 597-1314, 599-62, and 600-194

9. Mr. Matsubayashi filed a non-customer proof of claim against BUS as Claim 597-1314 (for $13,606,956.77) on August 30, 2023, stating as the basis of the claim "Crypto assets I deposited," and attaching a screenshot of a purported email from Bittrex with a subject line "Take action to withdraw the assets in your Bittrex account." The email interface is entirely in Japanese, with the date of the email also in Japanese, but appearing to be August 7, 2023. The body of the purported email from Bittrex attached to the Claim 597-87 stated:

> Hi Katsumi,
>
> Bittrex Malta Ltd. and Bittrex Malta Holdings Ltd. have been granted permission by the United States Bankruptcy Court to allow customers who meet the necessary regulatory requirements to access their accounts and withdraw any remaining assets.
>
> Based on our records, as of August 3, 2023, your Bittrex account holds an estimated value of $13,606,956.77.
>
> You have until August 31st, 2023 to withdraw your remaining assets or file a Proof of Claim (more info below). However, we strongly suggest you withdraw your funds as soon as possible to give our customer support team sufficient time to resolve any unforeseen issues.

Below the text, the email included a button clearly marked as "Log in to Bittrex."

10. On August 31, 2023, Mr. Matsubayashi filed a similar non-customer proof of claim against Malta Holdings, Claim 599-62 (for $13,606,956.77), stating as the basis of the claim "Deposited crypto assets" and attaching an identical screenshot of email, with the same date, as for Claim 597-87.

11. Also on August 31, 2023, Mr. Matsubayashi filed a similar non-customer proof of claim against Malta OpCo, Claim 600-194 (for $13,606,956.77), stating as the basis of the claim

"Deposited crypto assets" and attaching an identical screenshot of email, with the same date, as for Claims 597-87 and 599-62.

## OBJECTIONS

### I. Claims 598-1221 and 598-1578 Are Exact Duplicates and Should be Disallowed

12. Claim 598-1221 (for $12,987,637.10) and Claim 598-1578 (for $12,987,637.10), both filed on August 29, 2023 against BUS, are exact duplicates filed by or on behalf of the same claimant, in the same amount and priority, on account of the same alleged liability, and against the same Debtor more than once.

13. The Debtors are not required to pay twice on the same obligation. Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Any disallowance or expungement of the exact duplicate claims will not prejudice any claimants or their substantive rights against the Debtors because the remaining claim will remain on the Claims Register, subject to the Debtors' ongoing rights to object to the remaining claims on these or any other applicable grounds, including other grounds set forth in the Debtors' subsequent objections.

14. Therefore, the Debtors object to the exact duplicate claim 598-1578 and request that such claim be disallowed and expunged in its entirety.

### II. Claims (a) 598-1221, 598-1578, 599-53 and 600-155; and (b) Claims 597-1314, 599-62, and 600-194 are Cross-Debtor Duplicate Claims and Should be Disallowed

15. The Debtors have determined that Claims 598-1221, 598-157 and 599-53 are redundant of Claim 600-155 because such claims assert the same liability against different Debtors.

16. The Debtors have further determined that Claims 597-1314 and 599-62 are redundant of Claim 600-194 because such claims assert the same liability against different Debtors.

17. The Debtors are not required to pay twice on the same obligation. Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. The disallowance or expungement of the Cross-Debtor Duplicate Claims will not prejudice the claimant or his substantive rights against the Debtors because the remaining claim will remain on the Claims Register, subject to the Debtors' ongoing rights to object to the remaining claims on these or any other applicable grounds, including other grounds set forth in the Debtors' subsequent objections.

18. Therefore, the Debtors object to the (a) Cross-Debtor Duplicate Claims 598-1221, 598-1578, and 599-53, and (b) Cross-Debtor Duplicate Claims 597-1314 and 599-62, and request that such Cross-Debtor Duplicate Claims be disallowed and expunged in their entirety.

**III.    The Matsubayashi Claims Should Be Disallowed Pursuant to Section 502(b)(1)**

19. Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]"  11 U.S.C. § 502(b)(1).  Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

20. Here, Mr. Matsubayashi successfully migrated his account and the currency associated with it from Debtor Malta OpCo to non-Debtor BG, as he was instructed to do by the Debtors pursuant to the email he attached to his Claims 597-1314, 599-62, and 600-194.  Mr.

Matsubayashi currently has no account with the Debtors and no contractual relationship with the Debtors. Furthermore, his migrated account with non-Debtor BG is not disabled and Mr. Matsubayashi is free to use it however he pleases, including making withdrawals from it. Therefore, Claims 598-1221 598-1221, 598-1314, 598-1578, 599-53, 599-62, 600-155, and 600-194 should be disallowed under section 502(b)(1).

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court sustain this Objection and disallow the Matsubayashi Claims.

| | |
|---|---|
| Date: September 29, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ Kenneth Enos<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |