**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: October 30, 2023 at 11:00 a.m. (ET) |
| | Response Deadline: October 13, 2023 at 4:00 p.m. (ET) |

**DEBTORS' OBJECTION TO CLAIM 599-76 FILED BY DEX WASYLISHYN PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

Pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the above-captioned debtors in possession (the "Debtors"), through undersigned counsel, hereby file this objection (the "Objection") to Claim No. 599-76 filed by Dex Wasylishyn ("Wasylishyn" and the "Wasylishyn Claim").

Without providing any legal or factual basis, Mr. Wasylishyn has filed a claim for almost $10 billion. However, the cryptocurrency assets in his account had a market value of $17.59 as of the petition date and current market value of $14.41. Accordingly, the Debtors request entry of the Proposed Order attached hereto as **Exhibit A**, allowing the Wasylishyn Claim against BUS in the amount of the assets associated with his account (1.00814 NEO, 0.00012504 BTC, 130.34236234 SNT, 1.58652655 OMG, 35.16610169 ENG, 10.21313980 UBQ, and 0.00000001

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC ("Desolation") (0439); Bittrex, Inc. ("BUS") (0908); Bittrex Malta Holdings Ltd. ("Malta Holdings") (2227); and Bittrex Malta Ltd. ("Malta OpCo") (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

1

BCH) for purposes of allowance and distribution, allowing the Wasylishyn Claim in the amount of $17.59 for purposes of voting, and disallowing the remainder of the Wasylishyn Claim.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rules 7008 and Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

## BACKGROUND

### I. The Bankruptcy Cases And Bar Date

4. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

5. Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the Declaration of

Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions [D.I. 11] (the "First Day Declaration" or "Hengel Declaration").

6. Shortly thereafter, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date Motion") [D.I. 65], which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claim. The Debtors promptly served notice of the bar date on all creditors. D.I. 201.

7. On September 27, 2023, the Court entered the *Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation hearing and Establishing Notice and Objection Procedures; (IV) Shortening The Notice Period for (A) Parties to Object to Confirmation of the Plan, and (B) The Confirmation Hearing; and (V) Granting Related Relief* (the "Disclosure Statement Order") [D.I. 387]. Pursuant to paragraph 20(f) of the Disclosure Statement Order, if the Debtors served an objection to a claim by September 29, 2023, that claim is "temporarily disallowed for voting purposes only and not for purposes of allowance of distribution, except to the extent and in the manner as may be set forth in such objection."

## II.   The Wasylishyn Claim

### A. Mr. Wasylishyn's History With BUS

8. An individual with Mr. Wasylishyn's e-mail address created an account with BUS on May 10, 2017. As of the Petition Date, that account holds 1.00814 NEO, .00012504 BTC,

130.34236234 SNT, 1.58652655 OMG, 35.16610169 ENG, 10.2131398 UBQ, and 0.00000001 BCH.  The dollar value of these cryptocurrencies is $17.59 as of the Petition Date, and the current market value is $14.41.

### B.  Claim 599-76

9. Mr. Wasylishyn filed Claim 599-76 on August 31, 2023, against Malta Holdings.  He lists an address in Canada and asserts that the amount of the claim is $9,999,999,999.00.  Wasylishyn did not list any cryptocurrencies but stated that the basis of his claim is "money in trading account – waiting for 2fa removal."  Mr. Wasylishyn does not assert that the claim is secured or entitled to priority.

## OBJECTION

### I.  The Wasylishyn Claim Should Be Allowed In Part And Otherwise Disallowed Pursuant To Section 502(b)(1)

10. Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]"  11 U.S.C. § 502(b)(1).  Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy."  *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

11. Here, Mr. Wasylishyn opened an account with BUS on May 10, 2017.  His account currently holds 1.00814 NEO, .00012504 BTC, 130.34236234 SNT, 1.58652655 OMG, 35.16610169 ENG, 10.2131398 UBQ, and 0.00000001 BCH which had a market value of $17.59 as of the Petition Date and a current market value of $14.41.

12. Mr. Wasylishyn has not articulated any other claims against Malta Holdings or any of the other Debtors. To the extent any of Mr. Wasylishyn's claims consist of damages, they are expressly disallowed pursuant to BUS' terms of service.

13. To sign up for an account, each customer is required to agree to BUS' terms of service, and when a new version of the terms of service is released, each customer is required to agree to that version in order to maintain an active account. Section 17 of BUS' terms of service disclaim liability for incidental, consequential, and punitive damages, as set forth below:

> **17. DISCLAIMER OF DAMAGES**[2]
> IN NO EVENT WILL BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS BE LIABLE FOR ANY INCIDENTAL, INDIRECT, SPECIAL, PUNITIVE, CONSEQUENTIAL OR SIMILAR DAMAGES OR LIABILITIES WHATSOEVER (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF DATA, INFORMATION, REVENUE, PROFITS OR OTHER BUSINESS OR FINANCIAL BENEFIT) ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX), EVEN IF BITTREX HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

14. Additionally, BUS' terms of service also limit BUS' liability to the amount of fees paid by a customer to BUS in the 12 months preceding the event giving rise to the claim:

---

[2] Section 17 of the current terms of service is identical to section 16 of the terms of service in effect as of December 23, 2017. In turn, section 16 of the December 23, 2017 terms of service is substantially similar to terms of service that were in place before December 23, 2017.

**18. LIMITATION OF LIABILITY[3]**
IN NO EVENT WILL THE LIABILITY OF BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX) EXCEED THE AMOUNT OF THE FEES PAID BY YOU TO BITTREX UNDER THIS AGREEMENT IN THE TWELVE-MONTH PERIOD IMMEDIATELY PRECEDING THE EVENT GIVING RISE TO THE CLAIM FOR LIABILITY.

15. Pursuant to section 20 of BUS' terms of service, Washington law applies.[4] The choice of law clause contained in BUS' terms of service is valid and enforceable. *See, e.g.*, *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 660 (Bankr. D. Del. 2003) (holding that a choice of law clause in a purchase order was enforceable under both federal common law and Delaware state law, and applying the law of the state set forth in the choice of law clause).

16. Under Washington law, disclaimers of damages and limitations on liabilities are generally enforceable, so long as they are conspicuous and where the counterparty has a reasonable opportunity to understand their terms. *See, e.g.*, *Puget Sound Fin., L.L.C. v. Unisearch, Inc.*, 146 Wash. 2d 428, 441 (2002) (holding that a liability limitation clause was enforceable "as a matter of law" because the clause was conspicuous and the counterparty has "a reasonable opportunity to understand the terms of the clause"); *Stokes v. Bally's Pacwest, Inc.*, 113 Wash. App. 442, 449-50 (2002) (holding that a disclaimer of damages clause was enforceable because it was

---

[3] Section 18 of the current terms of service is identical to section 17 of the terms of service in effect as of December 23, 2017. In turn, section 17 of the December 23, 2017 terms of service is substantially similar to terms of service that were in place before December 23, 2017.

[4] Section 19 of the December 23, 2017 terms of service likewise provides for application of Washington law, which was also the case with terms of service before December 23, 2017.

"conspicuous"). The clauses in BUS' terms of services are set out in all caps with bolded headings, and are easily understood. Therefore, to the extent that the Wasylishyn Claim is for damages beyond the maximum liability set forth in section 18 of BUS' terms of service, it must be disallowed.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court: (i) sustain this Objection; (ii) allow the Wasylishyn Claim in the amount of the assets associated with Mr. Wasylishyn's account (1.00814000 NEO, 0.00012504 BTC, 130.34236234 SNT, 1.58652655 OMG, 35.16610169 ENG, 10.21313980 UBQ, and 0.00000001 BCH) for purposes of allowance and distribution; (iii) allow the Wasylishyn Claim in the amount of $17.59 for purposes of voting; and (iv) otherwise disallow the Wasylishyn Claim.

| | |
|---|---|
| Date: September 29, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ Kenneth Enos<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |