**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 30, 2023 at 11:00 a.m. (ET)** |
| | **Response Deadline: October 13, 2023 at 4:00 p.m. (ET)** |

**DEBTORS' OBJECTION TO CLAIM 598-1946 FILED BY DIANA YAN CHEN**
**PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

Pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the above-captioned debtors in possession (the "Debtors"), through undersigned counsel, hereby file this objection (the "Objection") to Claim No. 598-1946 filed by Diana Yan Chen ("Chen" and the "Chen Claim").

Ms. Chen has filed a claim for $2,200,000, claiming 77 BTC purportedly associated with her account. However, Ms. Chen has withdrawn substantially all of the cryptocurrency associated with her accounts, with the remaining cryptocurrency assets in her accounts having a market value of $8.94 and $67.18, for a total of $76.12 as of the petition date. Accordingly, the Debtors request entry of the Proposed Order attached hereto as **Exhibit A**, allowing a Chen Claim against BUS in the amount of the assets associated with her accounts (0.975 NEO, 18,319.73104499 EXP and

---

[1] `The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

1

238.88076128 XLM) for purposes of allowance and distribution, allowing a Chen Claim in the

amount of $76.12 for purposes of voting, and disallowing the remainder of the Chen Claim.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

and the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2), and pursuant to Rules 7008 and Local Rule 9013-1(f), the Debtors consent to the entry

of a final order by the Court in connection with this Objection to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief sought herein are sections 105, 502,

503, and 507 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

## BACKGROUND

**I.      The Bankruptcy Cases and Bar Date**

4.      On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are

authorized to continue to operate their businesses and manage their property as a debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  An official committee

of unsecured creditors has not been appointed in these Chapter 11 Cases.

5.      Additional factual background relating to the Debtors' businesses, capital structure,

and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of*

*Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* (D.I. 11) (the "First Day Declaration" or "Hengel Declaration").

6.      Shortly thereafter, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date Motion") (D.I. 65), which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claim.  The Debtors promptly served notice of the bar date on all creditors.  (D.I. 201.)

7.      On September 27, 2023, the Court entered the *Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation hearing and Establishing Notice and Objection Procedures; (IV) Shortening The Notice Period for (A) Parties to Object to Confirmation of the Plan, and (B) The Confirmation Hearing; and (V) Granting Related Relief* (the "Disclosure Statement Order") (D.I. 387).  Pursuant to paragraph 20(f) of the Disclosure Statement Order, if the Debtors served an objection to a claim by September 29, 2023, that claim is "temporarily disallowed for voting purposes only and not for purposes of allowance of distribution, except to the extent and in the manner as may be set forth in such objection."

## II.     The Chen Claim

### A. Ms. Chen's History With the Debtors

8.      An individual with Ms. Chen's name opened two accounts with Bittrex, Inc. ("BUS") on February 25, 2016, using two different email addresses and similar New York state

addresses differing only by house number.  Ms. Chen withdrew substantially all of the crypto assets associated with both accounts.

9.      The last withdrawals from one account occurred on June 10, 2019. The remaining balance in that account is 0.975 NEO, which has market value as of the petition date of $8.94.

10.      The last withdrawal from the second account occurred on September 2, 2023, in the amounts of 0.30503745 BTC and 0.30525708 BCH.  The remaining balances in that account are 18,319.73104499 EXP and 238.88076128 XLM, which have market value as of the petition date of $45.80 and $21.38, respectively, for a total amount of $67.18.

11.      The total market value as of the petition date in both accounts is $76.12.  The accounts have been disabled because the user was a resident of the state of New York where BUS was not licensed to operate.  There is one Zendesk ticket dated June 11, 2019, requesting the source of funds information and informing the user that the account was being disabled. Ms. Chen did not respond to that message from BUS.

### B.  Claim 598-1946

12.      On August 31, 2023, Ms. Chen filed customer proof of claim as Claim 598-1946 against BUS for $2,200,000 and 77 BTC (with current market value of $2,073,533). The basis of the claim is stated as "Crypto currency assets" and the claim does not allege priority or secured status.

### OBJECTIONS

### I.    The Chen Claim Should Be Allowed In Part And Otherwise Disallowed Pursuant to Section 502(b)(1)

13.      Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]"  11 U.S.C. § 502(b)(1).  Section 502(b)(1) "is most naturally understood to

provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

14.     Here, Ms. Chen created two accounts with BUS on February 25, 2016.  The balances in these accounts are 0.975 NEO in one account, and 18,319.73104499 EXP and 238.88076128 XLM in the other account, with a market value as of the petition date of $8.94 and $67.18, respectively, for a total of $76.12 as of the petition date.

15.     Ms. Chen has not articulated any other claims against BUS, or any of the other Debtors.  To the extent any portion of Ms. Chen's claim consists of damages, they are expressly disallowed pursuant to BUS's terms of service.

16.     Section 17 of BUS's terms of service disclaim liability for incidental, consequential, and punitive damages, as set forth below:

> **17. DISCLAIMER OF DAMAGES[2]**
> IN NO EVENT WILL BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS BE LIABLE FOR ANY INCIDENTAL, INDIRECT, SPECIAL, PUNITIVE, CONSEQUENTIAL OR SIMILAR DAMAGES OR LIABILITIES WHATSOEVER (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF DATA, INFORMATION, REVENUE, PROFITS OR OTHER BUSINESS OR FINANCIAL BENEFIT] ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX], EVEN IF BITTREX HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

---

2     Section 17 of the current terms of service is identical to section 16 of the terms of service in effect as of December 23, 2017.  In turn, section 16 of the December 23, 2017 terms of service is substantially similar to terms of service that were in place before December 23, 2017.

17.     Additionally, BUS's terms of service also limit BUS's liability to the amount of

fees paid by a customer to BUS in the 12 months preceding the event giving rise to the claim:

> **18. LIMITATION OF LIABILITY[3]**
> IN NO EVENT WILL THE LIABILITY OF BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX] EXCEED THE AMOUNT OF THE FEES PAID BY YOU TO BITTREX UNDER THIS AGREEMENT IN THE TWELVE-MONTH PERIOD IMMEDIATELY PRECEDING THE EVENT GIVING RISE TO THE CLAIM FOR LIABILITY.

18.     Pursuant to section 20 of BUS's terms of service, Washington law applies.[4]  The

choice of law clause contained in BUS's terms of service is valid and enforceable.  *See, e.g.*, *In re*

*Harnischfeger Indus., Inc.*, 293 B.R. 650, 660 (Bankr. D. Del. 2003) (holding that a choice of law

clause in a purchase order was enforceable under both federal common law and Delaware state

law, and applying the law of the state set forth in the choice of law clause).

19.     Under Washington law, disclaimers of damages and limitations on liabilities are

generally enforceable, so long as they are conspicuous and where the counterparty has a reasonable

opportunity to understand their terms.  *See, e.g.*, *Puget Sound Fin., L.L.C. v. Unisearch, Inc.*, 146

Wash. 2d 428, 441 (2002) (holding that a liability limitation clause was enforceable "as a matter

of law" because the clause was conspicuous and the counterparty has "a reasonable opportunity to

---

3       Section 18 of the current terms of service is identical to section 17 of the terms of service in effect as of December 23, 2017.  In turn, section 17 of the December 23, 2017 terms of service is substantially similar to terms of service that were in place before December 23, 2017.

4       Section 19 of the December 23, 2017 terms of service likewise provides for application of Washington law, which was also the case with terms of service before December 23, 2017.

understand the terms of the clause"); *Stokes v. Bally's Pacwest, Inc.*, 113 Wash. App. 442, 449-50 (2002) (holding that a disclaimer of damages clause was enforceable because it was "conspicuous"). The clauses in BUS's terms of services are set out in all caps with bolded headings, and are easily understood. Therefore, to the extent that Ms. Chen's claim is for damages beyond the maximum liability set forth in section 18 of BUS's terms of service, it must be disallowed.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court: (i) sustain this Objection; (ii) allow a Chen Claim in the amount of the assets associated with Ms. Chen's BUS Accounts (0.975 NEO, 18,319.73104499 EXP and 238.88076128 XLM) for purposes of allowance and distribution; (iv) allow a Chen Claim in the amount of $76.12 as of the petition date for purposes of voting; and (v) otherwise disallow the Chen Claim.

Date: September 29, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth Enos*
Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE DEBTORS**