**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>Hrg. Date: To Be Determined<br>Obj. Deadline: October 26, 2023 at 4:00 p.m. (ET)<br>Ref. Docket Nos. 55, 104 and 453 |

**MOTION PURSUANT TO SECTIONS 105(A) AND 107(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 FOR AUTHORITY TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE SECOND SUPPLEMENTAL DECLARATION OF PATRICIA TOMASCO IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS CO-COUNSEL FOR THE DEBTORS AND THE DEBTORS IN POSSESSION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file, under seal, the unredacted version of the Second Supplemental Declaration of Patricia B. Tomasco in further support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Co-Counsel for the Debtors and Debtors in Possession* (the "Application") [D.I. 55] (the "Second

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

Supplemental Tomasco Declaration" or "Second Suppl. Tomasco Decl."). In support of this Motion, the Debtors respectfully represent and state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule[s]"), the Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections are sections 105(a) and 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

**A.    General Background**

4. The general background surrounding the events leading to these chapter 11 cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [D.I. 11] ("Hengel Declaration" or "Hengel Decl.").

5. On May 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of

Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all the cryptocurrency associated with their accounts. Hengel Decl. ¶¶ 2, 18, 73.

6. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 10, 2023, this Court granted Debtor's motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [D.I. 34]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and no official committees have been appointed or designated.

**B.    Specific Background**

7. The Second Supplemental Tomasco Declaration contains disclosures in connection with a matter that is still under investigation. Second Suppl. Tomasco Decl. ¶¶ 11-14. The obligation to take remedial actions as a result of the investigation, if any are warranted, lies with the non-debtor party. *Id.* at ¶11. That party has assumed full responsibility for the costs associated with the investigation and any possible remedies. *Id.* In order to allow for the investigation to conclude without interference and for remedial action, if any is needed, with respect to the matter under investigation to take place efficiently, the Debtors file this motion to seal the Second Supplemental Tomasco Declaration.

### BASIS FOR RELIEF

8. Through this Motion, the Debtors request that the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, permit the Debtors to file under seal unredacted copies of the Second Supplemental Tomasco Declaration.

9. Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect an entity from the disclosure of certain confidential information. *See*

11 U.S.C. § 107(b). Additionally, section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. "Rule 9018 of the Rules of Bankruptcy Procedure gives a bankruptcy court the power '[o]n motion or on its own initiative, with or without notice' to 'make any order which justice requires ... to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code.'" *In re Peregrine Sys., Inc.*, 311 B.R. 679, 690 (D. Del. 2004) (quoting Fed. R. Bankr. P. 9018). "For purposes of section 107(b) and Rule 9018, scandalous or defamatory material has been defined as material that would cause 'a reasonable person to alter their [sic] opinion of [a party] based on the statements therein, taking those statements in the context in which they appear.'" *In re Gitto/Glob. Corp.*, 321 B.R. 367, 374 (Bankr. D. Mass.) (quoting *In re Phar–Mor, Inc.*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995)), *aff'd sub nom. In re Gitto Glob. Corp.,* No. CIV.A. 05-10334-DPW, 2005 WL 1027348 (D. Mass. May 2, 2005), *aff'd*, 422 F.3d 1 (1st Cir. 2005). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597–98 n.8 (1978). "Examples of a court limiting access include where records contain confidential business information or could be used to promote public scandal; indeed, 'courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption.'" *In re Phar-Mor, Inc.*, 191 B.R. at 679 (quoting *Nixon v. Warner Comm.*, 435 U.S. 589 at 597–98 n.8.

11. There is a strong presumption in favor of public access to court records. *See Nixon v. Warner Commc'ns*, 435 U.S. at 597–98, 602. However, sections 105(a) and 107(b) of

the Bankruptcy Code and Bankruptcy Rule 9018 authorize this Court to limit public access to information for the purpose of protecting internal matters pertaining to the administration of these Chapter 11 Cases whose unqualified disclosure could cause unwarranted speculation and interfere with the investigation.

12. Accordingly, the Debtors respectfully ask the Court for authority to redact and file under seal the Second Supplemental Tomasco Declaration.

## NOTICE

13. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, the Financial Crimes Enforcement Network, and the Office of Foreign Assets Control; (j) the Maryland Commissioner, the Michigan Financial Services Department, and the Texas Banking Department; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Order substantially in the form attached hereto as **Exhibit A** and grant such other and further relief as is just and proper.

| | |
|---|---|
| Date: October 19, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |