**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

## DEBTORS' REPLY TO THE RESPONSE OF Z M GOLAM DASTAGIR TO DEBTORS' CLAIMS OBJECTION

The above-captioned debtors in possession (the "Debtors") respectfully state the following in support of this reply ("Reply") to the October 12, 2023 response of Z M Golam Dastagir ("Dastagir") and ("Dastagir Response") [D.I. 451, to the *Debtors' Objection to Claims Filed by Z M Golam Dastagir Pursuant to Sections 502, 503, and 507 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* (D.I. 399) (the "Objection").[2]

### INTRODUCTION

1. Dastagir filed multiple, duplicate claims without any legal or factual basis. In short, he claims that he was damaged by an account hack from November 2017 where 4.52315579 of BTC was withdrawn from his account. The Debtors objected to the Dastagir Claims on muliple grounds, including that they were filed against the wrong debtors, are time-barred, are not supported by evidence, are barred by the applicable terms of service, and are not entitled to secured or priority treatment. Dastagir filed a short response referencing his unsubstantiated suspicions that the BTC was withdrawn from someone at BUS. The Dastagir Response must be rejected for several reasons.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] All terms not defined herein have the meaning given to them in the Objection.

1

2. **First**, Dastagir does not dispute that the claims against Desolation, Malta Holdings, and Malta OpCo must be disallowed.

3. **Second**, Dastagir has failed to satisfy his burden of proof. The Debtors provided admissible evidence that BTC was withdrawn from Dastagir's account, using his account credentials, from an IP address in Turkey. The burden then shifted to Dastagir, who presented no admissible evidence to the contrary. Additionally, Dastagir does not dispute that the applicable terms of service warned Dastagir of the risks of compromised account credentials, and disclaimed liability for such compromises.

4. **Third,** Dastagir's claims are time-barred. He admits that he learned that the BTC was withdrawn from his account in November 2017, but did not file any claims before the petition. Under the laws of any of the potential jurisdictions, the claims are time-barred.

5. **Last**, Dastagir does not dispute that the claims are unsecured and not entitled to priority treatment.

## REPLY

**I. Dastagir Has Not Articulated Any Basis For Claims Against Desolation, Malta Holdings, And Malta OpCo**

6. In the Objection, the Debtors pointed out that Dastagir only had an account with BUS, no account with any of the other Debtors, and therefore, the claims against Desolation, Malta Holdings, and Malta OpCo must be disallowed. Objection ¶¶ 18-19 Dastagir appears to agree, as

the Dastagir Response repeatedly refers to BUS, without any mention of the other Debtors. Therefore, the claims against Desolation, Malta Holdings, and Malta Opco should be disallowed.

II.  **Dastagir Has Not Provided Any Evidence To Substantiate His Assertions, And In Any Event His Claim For Damages Is Barred By The Applicable Terms of Service**

7.  The crux of the Dastagir Response is that he suspects that someone at BUS removed the Bitcoin associated with his account, rather than an account hack based on a compromise of his credentials. This argument fails for several reasons.

8.  **First**, Dastagir has not provided any evidence, either documentary or via declaration, substantiating his allegations (even his argument provides no concrete details, other than his bare and unfounded suspicion that someone at BUS withdrew the bitcoin). The Debtors, on the other hand, have provided evidence demonstrating that the withdrawal from Dastagir's account was made with his account credentials, via an IP address originating in Turkey. Hengel Decl. ¶ 7. BUS immediately cooperated with Dastagir's requests, explaining that his account credentials were compromised, providing information about the IP address issued, advising Dastagir on how to practice better online security, and otherwise assisting with his investigation of the matter. *Id.* In short, BUS has met its burden, but Dastagir has not met his. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (stating that when a credit files a prime facie valid claim, the burden shifts to the objector to produce sufficient evidence to negate the validity of the claim, and then the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence).

9.  **Second**, Dastagir does not dispute that the terms of service disclaim liability, and that they are enforceable. In the Objection, BUS laid out in detail that BUS' terms of service: (i) warn the customers of the risks of being targeted and having their account information stolen; (ii) specify that there is an increased risk of hacking and fraud with cryptocurrency transactions; (iii)

30902503.1

explain the risks that unauthorized third parties can effect transactions without a customer's knowledge by obtaining control over their devices or account; and (iv) emphasize the importance of securing personal information. Objection ¶¶ 24-25. The terms of service then disclaim liability for losses due to, among other things, unauthorized access and the compromise of login credentials, with any associated damages. *Id.* ¶¶ 26-28. These disclaimers are fully enforceable, and Dastagir does not contend otherwise. *Id.* ¶ 29.

### III. The Dastagir Claims Are Time-Barred

10. The Debtors laid out in the Objection that the Dastagir Claims are time-barred because Dastagir knew that his account had been hacked in February 2018 at the latest, and that he did not bring any action within three years, as required by the applicable statute of limitations (which is governed by Washington law pursuant to the terms of service). Objection ¶¶ 20-23. In response, Dastagir argues, without citing any authority, that he lives in Texas, and that "[u]nder Texas law and federal law, certain circumstances and especially my situation, it's within the scope of Statute timeframe." Dastagir Response at 1. Dastagir is incorrect.

11. In Texas, claims for breach of contract, breach of fiduciary duty, fraud, and critically, any claims for which no other statute of limitation is expressly applicable, must be brought within four years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code §§ 16.004(a), 16.051; Tex. Bus. & Com. Code § 2.725. A cause of action accrues when "facts come into existence which authorize a claimant to seek a judicial remedy." *Jackson v. Speer*, 974 F.3 676, 679 (5th Cir. 1992). Here, Dastagir concedes that he became aware that Bitcoin was removed

4

from his account on November 10, 2017. Under the Texas statute of limitations, he was required to bring a claim by November 10, 2021. He did not do so.

12.     With respect to claims under federal law, the Debtors are not aware of, and Dastagir does not specify, any civil claims that he could be bring under a federal statute. Dastagir contends that he informed the "Police, FBI, and IRS on time," "[e]ach of the agencies has the authority to investigate and file a case with the appropriate authority," and that the facts "may fall under the mail and wire fraud schemes." Dastagir Response at 1. It appears that Dastagir is referencing the criminal mail or wire fraud, yet, the statute of limitations for such claims (which Dastagir cannot bring) is five years. 18 U.S.C. § 3282. Therefore, such criminal claims would have run on November 10, 2022, well before the Petition Date.

13.     Finally, even if Delaware law were to apply, the claims would still be time-barred. In Delaware, actions to recover possession of personal chattels, actions to recover debts, actions based on a promise or a statute, and actions to damages for injuries unaccompanied with force must be brought within three years after the cause of action accrues. 10 Del. C. § 8106. In Delaware, a cause of action accrues "at the time of the wrongful act, even if the plaintiff is ignorant of the cause of action." *ISN Software Corp. v. Richards, Layton & Finger, P.A.*, 226 A.3d 727, 732 (Del. 2020). Here, Dastagir concedes that Bitcoin was removed from his account on November 10, 2017. And even though it is not required under Delaware law, he concedes that he became aware of that fact on the same date. He was therefore required to bring claims by November 10, 2020, but did not do so, and therefore, his claims are time-barred.

**IV.    Dastagir No Longer Contends That His Claims Are Secured Or Entitled To Priority**

14.     The Objection also explained that, contrary to Dastagir's assertion in his proofs of claims, that the claims were not secured, and not entitled to priority under section 503(b)(9) or

507. Objection ¶¶ 30-35. Dastagir does not suggest otherwise in his response. Therefore, the Dastagir Claims are not secured, nor are they entitled to priority.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court sustain the Objection.

| | |
|---|---|
| Date: October 25, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth J. Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS** |

30902503.1