**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>Obj. Deadline: November 1, 2023 at 4:00 p.m. (ET)<br>Hrg. Date: November 8, 2023 at 10:30 a.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER GRANTING
(I) LEAVE FROM LOCAL RULE 3007-1(F) AND BANKRUPTCY RULE 3007(E)(6) TO
PERMIT THE FILING OF OMNIBUS OBJECTIONS, AND
(II) GRANTING RELATED RELIEF**

Desolation Holdings LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting relief from certain of the requirements of rule 3007-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and rule 3007(e)(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to permit (but not require) the Debtors to exceed certain claims objection limits and limits on omnibus claim objections, and to modify the requirement that the Debtors include all substantive grounds for objection at the same time and granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**Background**

1. On May 8, 2023 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

of the Bankruptcy Code, the Debtors continue to manage their business and financial affairs as debtors in possession.  Joint administration of the Chapter 11 Cases was authorized by the Court by entry of an order on May 10, 2023 [D.I. 34].  No official committees have been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [D.I. 11].[2]

### Jurisdiction

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code, rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1 and 3007-1.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Facts Specific to the Relief Requested**

4. On May 8, 2023, the Debtors filed *Joint Chapter 11 Plan of Liquidation of Desolation Holdings* LLC *and Its Affiliated Debtors Filed by Desolation Holdings LLC* [D.I. 10], and on August 25, 2023, an *Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors Filed by Desolation Holdings LLC* [D.I. 293] (together, the "Plan").

5. On June 7, 2023, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and Local Rules 2002-1(e), 3001-1, AND 3003-1 For Authority To (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof and (III) Approve Procedures for Providing Notice of Bar Date* [D.I. 107] (the "Bar Date Order") establishing, among other things, August 31, 2023 at midnight (Prevailing Eastern Time) as the deadline to file general proofs of claims and customer proofs of claims (the "General Bar Date") and November 4, 2023 at midnight (Prevailing Eastern Time) as the deadline by which governmental units must file proofs of claim (the "Governmental Bar Date").

6. On August 25, 2023, the Debtors filed *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* [D.I. 294] (the "Disclosure Statement").

7. On September 22, 2023, the Debtors filed *Notice of Filings of Redlines of (I) Amended Chapter 11 Plan of Liquidation, (II) Disclosure Statement for the Amended Chapter 11 Plan of Liquidation, and (III) Disclosure Statement Order* [D.I. 374].

8. On September 27, 2023, the Court entered *Order (I) Approving the Disclosure Statement; (II)* Approving *Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving*

*the Form of the Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; (IV) Shortening the Notice Period for (A) Parties to Object to Confirmation of the Plan, and (B) the Confirmation Hearing; and (V) Granting Related Relief* [D.I. 387] (the "Order Approving Disclosure Statement").

9. On September 28, 2023, the Court entered a revised Order Approving Disclosure Statement [D.I. 389] (the "Revised Order Approving Disclosure Statement").

10. As of the date of this Motion, more than 3,700 claims were filed against the Debtors. To date, over 3,600 Customer Claims have been filed, and Customer Claims continue to be filed in spite of passage of the General Bar Date. The Debtors anticipate that additional claims may be filed by governmental units in advance of the Governmental Bar Date.

### Basis for Relief Requested

11. The Debtors and their professionals have begun reviewing, reconciling and administering the thousands of claims filed to date against the Debtors with the Debtors' schedules and statements and currently available books and records. While this analysis and reconciliation is still ongoing, the Debtors anticipate filing a significant number of omnibus claims objections during these Chapter 11 Cases.

12. To streamline the claims objection process, the Debtors request relief from certain default requirements set forth in Bankruptcy Rule 3007 and Local Rule 3007-1 to permit the Debtors to file omnibus objections to proofs of claim in an orderly and efficient manner. Given the extensive nature of the claims filed, the relief requested herein is appropriate and is in the best interests of the Debtors, their estates and all parties in interest.

13. The voluminous number of claims in these Chapter 11 Cases warrants the adoption of procedures that allow for omnibus objections under section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, so that the parties can address, and the Court can resolve, issues in a more efficient manner. Strict application of the Bankruptcy Rules and Local Rules applicable to substantive and/or omnibus claim objections would make the assertion of objections and resolution of claims, at the volume present in these Chapter 11 Cases, essentially impossible.

14. Absent relief from the Court, the Bankruptcy Rules prescribe that claim objections be filed individually or, in the case of non-substantive objections, up to a limit of 100 claims per objection. *See* Fed. R. Bankr. P. 3007(c), (d) & (e)(6). The Local Rules provide that substantive objections must be filed separately for each claim, except for up to two omnibus objections of up to 150 claims per month. *See* Del. Bankr. L.R. 3007-1(f)(i) & (ii). In addition, the Local Rules require that a substantive claim objection include *all* substantive grounds for objection to the claim in a single objection. *See* Del. Bankr. L.R. 3007-1(f)(iii).

15. The Court has the discretion to modify these rules. *See* Fed. R. Bankr. P. 3007(c) (providing that the Court may order variation from the default limits on joinder of claims in a single objection); Del. Bankr. L.R. 1001-1(c) ("The application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice."). Pursuant to Local Rule 1001-1(c), the application of the Local Rules "may be modified by the Court in the interest of justice." *See also* Del. Bankr. L.R. 3007-1(f)(i)-(ii) and (iv) (allowing modifications of Local Rule 3007-1 by the Court). Furthermore, the Local Rules specifically state that "[t]o the extent of any inconsistency between [Local Rule 3007-1] and [Bankruptcy Rule] 3007, [] Local Rule [3007-1] governs omnibus objections to claims." Del. Bankr. L.R. 3007-1(a).

16.  The Local Rules provide an untenable solution to claims resolution in a case of this magnitude. Proceeding according to the default rule would therefore require the Debtors to generate additional, entirely duplicative objections, and to do so over an artificially extended time-period. In other words, in the absence of the relief requested, the Debtors will be subject to additional burdens and delays, without any identifiable benefit to the Debtors, their estates, or other parties in interest. Those burdens and delays, if extensive enough, could threaten the Debtors' ability to implement an orderly wind down in a timely manner to the detriment of the Debtors, their estates and all parties in interest. Here, the Court should permit the Debtors to vary from the default rules to the extent requested, in light of the facts of these unique cases. The alternative—individual objections, or even omnibus objections limited to 100 claims, with no more than two omnibus objections per month, when the Debtors are faced with several hundreds of proofs of claims subject to disallowance— would be burdensome, dilatory and without benefit.

17.  Courts in this district have granted similar relief from the filing limitations in other cases under analogous circumstances. *See, e.g., In re Destination Maternity Corp.*, Case No. 19-12256 (BLS) (Bankr. D. Del. Nov. 15, 2021) [D.I. 1170]; *In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Bankr. D. Del. July 30, 2021) [D.I. 3478]; *In Re PES Holdings, LLC*, Case No. 19-11626 (KG) (Bankr. D. Del. Dec. 9, 2019) [D.I. 652]; *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Aug. 27, 2018) [D.I. 3307]; *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. July 9, 2015) [Docket No. 4956].

18.  The Court accordingly should exercise its discretion to grant relief from Local Rule 3007-1(f)(i) and (ii) and permit the parties to file multiple omnibus claim objections on substantive grounds so long as each objection raises common legal issues. Relief from Local Rule 3007-1(f)(iii) is essential to an efficient and workable claims objection process in these Chapter 11

Cases. Local Rule 3007-1(f)(iii) provides, in relevant part, that "[a]n Objection based on substantive grounds . . . shall include all substantive objections to such claim." This rule requires an objecting party to raise all of its substantive objections to a single claim at the same time in a single objection.

19.     In these Chapter 11 Cases, application of Local Rule 3007-1(f)(iii) would require the Debtors (or any other party in interest) to develop and state objections to every conceivable aspect of each claim, many of which the Debtors believe can be summarily disallowed on threshold issues. For example, the Debtors assert that many claims have no basis at all or constitute substantive duplicates, and the Debtors should not be tasked with imagining other possible bases for objection in order to refute all aspects of the claims. Asserting every imaginable objection for every claim among thousands of claims would require inordinate investment of manpower and time, both of which come at significant cost, to investigate, cross-reference, and match multiple claims objection bases to individual claims.

20.     The Court should further exercise its discretion to grant relief from Bankruptcy Rule 3007(e)(6) and permit the parties to file multiple omnibus claim objections on non-substantive grounds exceeding 100 claims per objection, so long as each objection raises common legal issues. Absent that relief, the Debtors would need to truncate each non-substantive omnibus claim objection to under 100 claims and file multiples of such omnibus claim objections with identical bases for objection, resulting in cluttering of the docket and confusion among parties in interest.

21.     In sum, for all the reasons set forth herein, cause exists to warrant the Court exercising its discretion to grant the requested relief. The requested relief is in the best interest of

the Debtors, their estates and all parties in interest and will help to move these Chapter 11 Cases forward on an expeditious and efficient manner.

## Reservation of Rights

22.     Nothing in this Motion is intended or should be construed as: (a) an admission as to the validity or priority of any claim, equity interest or lien against the Debtors; (b) a waiver of the Debtors' rights to dispute or otherwise object to any claim, equity interest or lien on any grounds or basis; (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or the Order; or (e) a waiver or release of the Debtors' or any other party in interests' rights, claims, defenses, or counterclaims under the Bankruptcy Code or any other applicable law.

## NOTICE

23.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, FinCEN, and the Office of Foreign Assets Control; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 25, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION** |