**<u>EXHIBIT A</u>**

**Proposed Confirmation Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DESOLATION HOLDINGS LLC, *et al.*,[1] | Case No.  23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**ORDER CONFIRMING THE AMENDED JOINT CHAPTER 11 PLAN**
**OF LIQUIDATION OF DESOLATION HOLDINGS LLC AND ITS DEBTOR**
**AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Desolation Holdings LLC and its debtor affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "Debtors")[2] having:

   a.  commenced these chapter 11 cases (the "Chapter 11 Cases") on May 8, 2023 (the "Petition Date") by filing voluntary petitions in the United States Bankruptcy Court for District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

   b.  continued to operate their businesses and manage their properties as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code;

   c.  filed, on August 25, 2023, the *Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* [D.I. 293];

   d.  filed, on August 25, 2023, the *Disclosure Statement for Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* [D.I. 294];

   e.  filed, on August 25, 2023, the *Debtors' Motion for an Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Ltd. (1764); and Bittrex Malta Holdings Ltd. (2227). The Debtors' mailing and service address is 701 5th Ave, Suite 4200, Seattle, WA 98104.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Bankruptcy Code (each as defined herein), as applicable. The rules of interpretation set forth in Article I.B. of the Plan apply.

*Confirmation Hearing and Establishing Notice and Objection Procedures; (IV) Shortening the Notice Period for the Hearing to Consider Confirmation of the Plan; and (V) Granting Related Relief* [D.I. 295];

f.  filed, on September 25, 2023, the *Omnibus Reply to Objections to (I) Disclosure Statement, and (II) Disclosure Statement Motion* [D.I. 376];

g.  obtained, on September 28, 2023, the *Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; (IV) Shortening the Notice Period for the Hearing to Consider Confirmation of the Plan; and (V) Granting Related Relief* [D.I. 389], approving the Disclosure Statement, solicitation procedures, and related notices, forms, and ballots, and shortening the notice period for confirmation hearing (the "<u>Disclosure Statement Order</u>");

h.  filed, on September 28, 2023, the *Notice of Filing of Solicitation Version of Disclosure Statement for Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* [D.I. 391] (the "<u>Disclosure Statement</u>" and its Exhibit A, the "<u>Plan</u>");

i.  caused, beginning on or about October 3, 2023 (the "<u>Solicitation Date</u>"), the Solicitation Packages (as defined in the Disclosure Statement Order), notice of the Confirmation Hearing, and the deadline for objecting to confirmation of the Plan to be distributed in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Disclosure Statement Order, and the Solicitation Procedures, as evidenced by, among other things, the *Certificate of Service* [D.I. ___] (the "<u>Solicitation Affidavit</u>");

j.  filed, on October 17, 2023, the *Notice of Filing of Plan Supplement* [D.I. 449] (the "<u>Plan Supplement</u>");

k.  filed, on October 27, 2023, the *Declaration of David Maria in Support of Plan Confirmation* [D.I. ___] (the "<u>Maria Declaration</u>");

l.  filed, on October 27, 2023, the *Declaration of Evan Hengel in Support of Plan Confirmation* [D.I. ___] (the "<u>Hengel Declaration</u>");

m.  filed, on October 27, 2023, the *Declaration of Kim Steverson in Support of Plan Confirmation* [D.I. ___] (the "<u>Steverson Declaration</u>" or "Voting Report");

n.  filed, on October 27, 2023, the *Debtors' Memorandum of Law in Support of Confirmation of the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* [D.I. ___] (the "<u>Confirmation Brief</u>").

This Court having:

a.  entered the Disclosure Statement Order on September 27, 2023;

b.  set Wednesday, October 24, 2023, at 4:00 p.m. (prevailing Eastern Time) as the deadline for filing objections in opposition to the Plan;

c.  set Wednesday, October 24, 2023, at 4:00 p.m. (prevailing Eastern Time) as the deadline for submitting ballots accepting or rejecting the Amended Plan and Opt Out Forms;

d.  set Monday, October 30, 2023, at 10:00 a.m. (prevailing Eastern Time) as the date and time for the commencement of the Confirmation Hearing in accordance with Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

e.  reviewed the Plan, the Disclosure Statement, the Confirmation Brief, and all pleadings, exhibits, declarations, affidavits, statements, responses, and comments regarding Confirmation, including all objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases;

f.  held the Confirmation Hearing;

g.  heard the statements and arguments made by counsel in respect of Confirmation;

h.  considered all oral representations, live testimony, written direct testimony, designated deposition testimony, exhibits, documents, filings, and other evidence presented at the Confirmation Hearing;

i.  made rulings on the record at the Confirmation Hearing (the "<u>Confirmation Ruling</u>");

j.  overruled any and all objections to the Plan and to Confirmation, except as otherwise stated or indicated on the record, and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated; and

k.  taken judicial notice of all papers and pleadings filed in the Chapter 11 Cases.

NOW, THEREFORE, the Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby; and the record of the Chapter 11 Cases and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing, including without limitation, the declarations in support, establish just cause for the relief granted in the

Confirmation Order; and after due deliberation thereon and good cause appearing therefor, the Court makes and issues the following findings of fact and conclusions of law, and orders:

<u>**JURISDICTION, VENUE AND CORE PROCEEDING**</u>

1.          The Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.   The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and to enter a final order with respect thereto.   The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

I.      <u>**MODIFICATIONS TO PROPOSED PLAN**</u>

2.          The following modifications and amendments to the Plan and its supporting documents either have already been made or hereby are deemed to have been made.   **All references herein to the "Plan" (including the copy of the Plan that is attached hereto) shall be interpreted as references to the Plan as modified by the following provisions.**

A.      The following proviso is deemed to have been added to Article VIII.E of the Plan:

**As to the United States of America ("United States"), notwithstanding anything in the Plan, this Order, any Plan Supplement or any other related documents (the "Documents"), nothing in the Documents shall:**

**(1) discharge, release, nullify, bar, enjoin, impair or otherwise preclude (a) any obligation or liability owed to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code, (b) any claim of the United States arising after the Effective Date, (c) any obligation or liability of any entity or person under police or  regulatory statutes or regulations to any**

Governmental Unit as the owner, lessor, lessee, licensee, or operator of property or rights to property that such entity or person owns, operates, licenses, or leases after the Effective Date; (d) any right, defense, suit or cause of action of the United States against, or obligation, liability, or claim owed to the United States by any non-debtor;

(2) release, nullify, bar, enjoin, impair or preclude the enforcement of the United States' police or regulatory powers;

(3) authorize the sale, assumption, assignment or other transfer of any federal (i) grants, (ii) grant funds, (iii) contracts, (iv) property, including but not limited to, intellectual property, data and patents, (v) leases, (vi) participation rights, (vii) agreements, (viii) applications, (ix) licenses, (x) permits, (xi) registrations, (xii) authorizations, (xiii) approvals, or (xiv) other interests of the federal government (collectively, "Federal Interests"), without compliance with all terms of the Federal Interests, as applicable, and with all applicable non-bankruptcy law;

(4) be interpreted to set cure amounts or to require the United States to novate, approve or otherwise consent to the sale, assumption, assignment or transfer of any Federal Interests;

(5) confer exclusive jurisdiction to the Bankruptcy Court with respect to the Federal Interests, claims, rights, defenses, suits, causes of action, obligations and liabilities, except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code);

(6) affect or impair any claims, defenses or rights of setoff or recoupment of the United States and such claims, defenses and rights are preserved;

(7) expand the scope of 11 U.S.C. § 525 with respect to the United States;

(8) constitute an approval or consent by the United States to any entity's action without its compliance with all applicable legal requirements and approvals under non-bankruptcy law of the United States;

(9) be construed as a compromise or settlement of any claim, right, obligation, liability, cause of action, or interest of the United States, except with respect to the SEC 9019 Settlement; for the avoidance of doubt, nothing in this provision alters the OFAC Settlement Agreement or the FinCEN Consent Order;

(10) modify the scope of Bankruptcy Code Section 502 with respect to the claims of the United States; or

(11) require the United States to file any rejection damages claims, if any, earlier than the Government Bar Date to file unsecured claims, unless the rejection damages claims bar date is later than the Government Bar Date to

file unsecured claims, or alter the treatment of rejection damages claims, if any, under the Bankruptcy Code.

Notwithstanding anything in the Documents, the Debtors, Plan Administrator, Wind Down Entity and any other successor of assets shall abide by and comply with all federal statutes, regulations, executive orders, rules, policies and procedures, including, without limitation, (1) all applicable statutes, regulations, executive orders, rules, policies and procedures of the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), including, without limitation, 31 C.F.R. part 500; and (2) all applicable statutes, regulations, executive orders, rules, policies and procedures of the U.S. Department of the Treasury's Financial Crimes Enforcement Network ("FinCEN"), including, without limitation, 31 U.S.C. § 5311 et seq. and 31 C.F.R. part 1000.    For the avoidance of doubt, the Debtors, Plan Administrator, Wind Down Entity and any other successor of assets shall not distribute or disburse any cryptocurrency assets or fiat currency to any foreign national of a blocked, restricted or sanctioned nation unless approved to do so by OFAC and/or FinCEN or the Bankruptcy Court after notice to OFAC and FinCEN and a hearing; provided, however, that the United States does not concede that the Bankruptcy Court can authorize such transfers in place of OFAC and FinCEN.

Notwithstanding anything in the Documents, the claims of OFAC and FinCEN shall be treated as Allowed GUC Claims and shall not be reclassified as Subordinated Claims or otherwise subordinated or disallowed.

In the event any Class 3 GUC Claim of the United States is not paid in full, notwithstanding any settlement approved between the Debtors, Plan Administrator or Wind Down Entity, on the one hand, and the Customers on the other hand, the Debtors, Plan Administrator and Wind Down Entity shall have the right to seek from the Bankruptcy Court after notice and opportunity for a hearing an avoidance of any cryptocurrency assets or fiat currencies withdrawn by any Customer prior to any payment or distribution made to the Class 3 GUCs under the Plan.

B.    The following proviso is further deemed to have been added to Article VIII.E of

the Plan:

No Effect on the Regulatory Authority of the State of Texas or its agencies, including the Texas Department of Banking.  Nothing in this Order or the Plan or related documents shall discharge, release, nullify, preclude, or enjoin: (i) any liability to the State of Texas or its agencies, including the Texas Department of Banking ("Texas") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any liability to Texas, whether or not it is a Claim, arising on or after the Confirmation Date; (iii) any liability to Texas under

**police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to Texas on the part of any Person other than the Debtors or Reorganized Debtors. Nor shall anything in this Order or the Plan enjoin or otherwise bar Texas from asserting or enforcing, outside this Court, any liability described in the preceding sentence. Further, nothing in this Order or the Plan or related documents authorizes the transfer or assignment of any Texas (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order or the Plan shall relieve any entity from any obligation to address or comply with information requests or inquiries from Texas. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or the Plan or to adjudicate any defense asserted under this Order or the Plan as it relates to Texas. Further, Texas is deemed to have opted out of any and all releases set forth in the Plan**

C.    Article XII.C of each filed versions of the Plan is hereby stricken in its entirety and

Article XII.C of the Plan is deemed to have been revised to state as follows:

**All fees due and payable pursuant to section 1930(a) of the Judicial Code, including fees and expenses payable to the U.S. Trustee, together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable ("Quarterly Fees"), will be paid by the Debtors, the Wind Down Entity, and Plan Administrator for each quarter (including any fraction thereof) until the applicable Chapter 11 Case is converted, dismissed, or closed, whichever occurs first. All such fees due and payable prior to the Effective Date shall be paid by the Debtors on the Effective Date and such Debtors shall File with the Bankruptcy Court monthly reports due prior to the Effective Date when they become due, using UST Form 11-MOR. After the Effective Date, the Debtors, the Wind Down Entity, and Plan Administrator shall pay any and all such fees when due and payable and shall each File with the Bankruptcy Court a separate quarterly report using UST Form 11-PCR when they become due, until the earliest of the date on which the applicable Chapter 11 Case is converted, dismissed, or closed. Neither the U.S. Trustee nor any other Governmental Unit shall be required to File a request for an Administrative Claim for Statutory Fees and shall not be treated as providing a release under the Plan.**

D.     Article XII.M of each filed versions of the Plan is hereby stricken in its entirety and

Article XII.M of the Plan is deemed to have been revised to state as follows:

> **Upon the occurrence of the Effective Date, the Plan Administrator shall be permitted, as set forth in section 350 of the Bankruptcy Code, and Local Rule 3022-1, to take the appropriate steps to move to close all of the Chapter 11 Cases except for the Chapter 11 Case of BUS, and all contested matters and adversary proceedings relating to each of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of BUS; provided that for purposes of sections 546 and 550 of the Bankruptcy Code, the Chapter 11 Cases shall be deemed to remain open until the Chapter 11 Case of BUS has been closed.**

> **When all Disputed Claims have become Allowed or Disallowed and all remaining Cash has been distributed in accordance with the Plan, the Plan Administrator shall seek authority from the Bankruptcy Court to close the Chapter 11 Case of BUS in accordance with the Bankruptcy Code, the Bankruptcy Rules and Local Rule 3022-1.**

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

3.     IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND

ORDERED THAT:

### A.     Eligibility for Relief.

4.     The Debtors were and continue to be entities eligible for relief under section

109 of the Bankruptcy Code.

### B.     Commencement and Joint Administration of the Chapter 11 Cases.

5.     On the Petition Date, the Debtors commenced the Chapter 11 Cases.  On May

10, 2023, the Bankruptcy Court entered an order approving the Debtors' motion for joint

administration [D.I.  34] in accordance with Bankruptcy Rule 1015(b).  The Debtors have operated

their business and managed their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has

been made in the Chapter 11 Cases. No committee has been appointed or requested in these Chapter 11 Cases.

### C. Plan Supplement.

6. On October 17, 2023, the Debtors filed the Plan Supplement [D.I. 449]. The Plan Supplement (as amended, supplemented, or otherwise modified from time to time according to the Plan) complies with the terms of the Plan, and the Debtors provided good and proper notice of the filing in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and the facts and circumstances of the Chapter 11 Cases. No other or further notice is or will be required with respect to the Plan Supplement or any of the documents contained therein or related thereto. Subject to the terms of the Plan, the Debtors are authorized to modify the Plan Supplement in accordance with the time limits set forth in the Plan.

### D. Modifications to the Plan.

7. Pursuant to section 1127 of the Bankruptcy Code, the modifications to the Plan since the Debtors began the solicitation of votes as described or set forth in this Confirmation Order constitute technical changes, changes with respect to particular Claims by agreement with holders of such Claims, or modifications that do not otherwise materially and adversely affect or change the treatment of any other Claim or Interest. These modifications are consistent with the disclosures previously made pursuant to the Disclosure Statement and solicitation materials served pursuant to the Disclosure Statement Order, and notice of these modifications was adequate and appropriate under the facts and circumstances of the Chapter 11 Cases.

8. In accordance with Bankruptcy Rule 3019, these modifications do not require additional disclosures under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code, and they do not require that Holders of Claims and Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

Accordingly, the Plan, as modified, is properly before this Court and all votes cast with respect to the Plan prior to such modifications shall be binding and shall apply with respect to the Plan.

> **E.** **Objections Overruled.**

9. Any resolution or disposition of objections to Confirmation of the Plan explained or otherwise ruled upon by the Court on the record at the Confirmation Hearing is hereby incorporated by reference. All unresolved objections, statements, and reservations of rights with respect to Confirmation are hereby overruled on the merits.

> **F.** **Transmittal and Mailing of Materials; Notice.**

10. As evidenced by the Solicitation Affidavit, the Debtors provided due, adequate, and sufficient notice of the Plan, Disclosure Statement, Disclosure Statement Order, Solicitation Packages, the Confirmation Hearing Notice, the Plan Supplement, and all the other materials distributed by the Debtors in connection with confirmation of the Plan in compliance with the Bankruptcy Rules, including Bankruptcy Rules 2002, 3017, 3019, and 3020(b), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the procedures set forth in the Disclosure Statement Order. The Debtors provided due, adequate, and sufficient notice of the Voting Deadline and Plan Objection Deadline, the Confirmation Hearing (as continued from time to time), and any applicable hearings described in the Disclosure Statement Order in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order. No other or further notice is or shall be required.

> **G.** **Solicitation.**

11. The Debtors solicited votes for acceptance and rejection of the Plan in good faith, and such solicitation complied with sections 1125, 1126, and all other applicable sections of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018, and 3019, the Disclosure Statement

Order, the Local Rules, and all other applicable rules, laws, and regulations.    The Solicitation Packages provided the opportunity for voting creditors and non-voting creditors to opt out of the releases contained in the Plan.

### H. Voting Report.

12.    Before the Confirmation Hearing, the Debtors filed the Voting Report.  The Voting Report was admitted into evidence during the Confirmation Hearing without objection. The procedures used to tabulate ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.

13.    As set forth in the Plan and Disclosure Statement, holders of Claims in Classes 2A, 2B, 3, 4, and 5 of the Plan (collectively, the "Voting Classes") were eligible to vote to accept or reject the Plan in accordance with the Solicitation Procedures.  Holders of Claims and Interests in Class 1 of the Plan (the "Deemed Accepting Class") is unimpaired and conclusively presumed to accept the Plan and, therefore, did not vote to accept or reject the Plan.

14.     As evidenced by the Voting Report, Classes 2A and 3 voted to accept the Plan at each Debtor.  Class 2B voted to reject the Plan at each Debtor ("Rejecting Class").  Classes 4 and 5 did not vote.

15.    Based on the foregoing, and as evidenced by the Voting Report, at least one impaired class of claims (excluding the acceptance by any insiders of any of the Debtors) has voted to accept the Plan.

### I. Bankruptcy Rule 3016.

16.    The Plan is dated and identifies the Entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).   The Debtors appropriately filed the Disclosure Statement and Plan with the Court, thereby satisfying Bankruptcy Rule 3016(b).  The injunction, release, and exculpation

provisions in the Plan, as described in the Disclosure Statement, describe, in bold font and with specific and conspicuous language, all acts to be enjoined and identify the Entities that will be subject to the injunction, thereby satisfying Bankruptcy Rule 3016(c).

**J.      Burden of Proof.**

17.      The Debtors, as proponents of the Plan, have met their burden of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for Confirmation.  Further, the Debtors have surpassed that standard and have proven the elements of sections 1129(a) and 1129(b) by clear and convincing evidence.  Each witness who provided testimony on behalf of the Debtors in connection with the Confirmation Hearing (including by affidavit, declaration or certification) was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

**K.      Compliance with the Requirements of Section 1129 of the Bankruptcy Code.**

18.      The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code.

(a)      In accordance with sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan provides for the separate classification of Claims and Interests into six Classes.  Valid business, factual, and legal reasons exist for the separate classification of such Classes of Claims and Interests.  The classifications were not implemented for any improper purpose and do not unfairly discriminate between, or among, holders of Claims or Interests.  Each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.  Accordingly, the Plan satisfies the requirements of sections 1122(a), 1122(b), and 1123(a)(1) of the Bankruptcy Code.

(b)      Article III of the Plan specifies that Claims in Class 1 (Other Priority Claims) are Unimpaired under the Plan and Claims and Interests in Class 5 are Impaired under the Plan. Article

II of the Plan specifies that Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims, and all fees due and payable pursuant to section 1930 of title 28 of the United States Code before the Effective Date will be paid in full in accordance with the terms of the Plan, although these Claims are not separately classified under the Plan.  Accordingly, the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code.

(c)     Article III of the Plan specifies that Claims and Interests, as applicable, in the following Classes (collectively, the "Impaired Classes") are impaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, and describes the treatment of such Classes, in compliance with section 1123(a)(3) of the Bankruptcy Code:

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2A | BUS Customer Claims | Impaired | Entitled to Vote |
| Class 2B | Malta OpCo Customer Claims | Impaired | Entitled to Vote |
| Class 3 | GUC Claims | Impaired | Entitled to Vote |
| Class 4 | Subordinated Claims | Impaired | Entitled to Vote |
| Class 5 | Interests | Impaired | Entitled to Vote |

(d)     The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, and complies with section 1123(a)(4) of the Bankruptcy Code.

(e)     The provisions in Article IV and elsewhere in the Plan and the Plan Supplement, and in the exhibits and attachments to the Disclosure Statement provide, in detail, adequate and proper means for the Plan's implementation, in satisfaction of the requirements of section 1123(a)(5) of the Bankruptcy Code.

(f)       On the Effective Date the Wind Down Assets shall, subject to the Article IV.C of the Plan, be transferred to and vest in the Wind Down Entity. The Wind Down Entity shall be managed by the Plan Administrator as described in the Article IV.C of the Plan.

(g)       The Debtors have disclosed that the independent director at Bittrex, Inc. shall be Timothy R. Pohl.  Article IV.C.1 of the Plan provides that on the Effective Date all Debtors except for Bittrex, Inc. will be dissolved. Article IV.F of the Plan provides that any Interests in Bittrex, Inc. shall survive and continue to exist following the Effective Date as Interests in the Wind Down Entity.   Article IV.C.9 provides that the Wind Down Entity will be deemed dissolved upon conclusion of its duties under the Plan following the Effective Date and after the entry of a final decree closing the Wind Down Entity's Chapter 11 Case.   David Maria will serve as Plan Administrator. The Wind Down Debtor shall be managed by the Plan Administrator.  The selection of the Plan Administrator and the appointment of the independent director, and the provisions of the Plan and the Plan Administrator Agreement regarding the potential selection of successors to such persons, is consistent with the interests of Holders of Claims and Interests and public policy. Accordingly, the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

(h)       Article III of the Plan specifies that some Classes of Claims are Impaired and others are not Impaired, as permitted by section 1123(b)(1) of the Bankruptcy Code.

(i)       As permitted by section 1123(b)(2) of the Bankruptcy Code, Article V of the Plan provides that, on the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such contract or lease: (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to

assume filed by the Debtors on or before the Confirmation Date; or (iv) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

(j)      The Plan provides for the retention of various causes of action as permitted by section 1123(b)(3) of the Bankruptcy Code.

(k)      The Plan provides for a sale of assets as permitted by section 1123(a)(4) of the Bankruptcy Code.

(l)      The Plan includes other discretionary provisions that are approved in various parts of this Confirmation Order. The inclusion of such provisions is consistent with section 1123(b)(6) of the Bankruptcy Code.

19.      The Debtors have complied with the applicable provisions of the Bankruptcy Code and satisfied the requirements of section 1129(a)(2) of the Bankruptcy Code.  Specifically, each Debtor:

(a)      is an eligible debtor under section 109 of the Bankruptcy Code and a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code; and

(b)      complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, the Bankruptcy Rules, the Local Rules, any applicable nonbankruptcy law, rule, and regulation, the Disclosure Statement Order, and all other applicable law, in transmitting the Solicitation Packages and related documents and notices, and in soliciting and tabulating the votes on the Plan.

20.      The Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law.

21.      Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with these Chapter 11 Cases, or in connection with the Plan and

incident to these Chapter 11 Cases, shall be subject to the approval of the Court for reasonableness, in compliance with section 1129(a)(4) of the Bankruptcy Code.

22.      The Debtors have disclosed the name of the individual who serves as independent director, as well as the name of the individual who will serve as Plan Administrator, and the appointment of such persons is consistent with the interests of creditors and equityholders and with public policy.

23.      Section 1129(a)(6) of the Bankruptcy Code is not applicable to these Chapter 11 Cases. The Plan does not propose any rate change subject to the jurisdiction of any governmental regulatory commission.

24.      The Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis attached to the Disclosure Statement and the other evidence related thereto in support of the Plan that was proffered or adduced in the Declarations or at, prior to, or in connection with the Confirmation Hearing: (a) are reasonable; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that Holders of Allowed Claims and Interests in each Class will recover at least as much under the Plan on account of such Claim or Interest, as of the Effective Date, as such Holder would receive if the Debtors were liquidated, on the Effective Date, under chapter 7 of the Bankruptcy Code.

25.      The Deemed Accepting Class is unimpaired under the Plan and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  At least one Class of Claims that is Impaired under the Plan has accepted the Plan.  Nevertheless, because the Plan has not been accepted by the Rejecting Class, the Debtors seek Confirmation, solely with respect to the Rejecting Class, under section 1129(b) of the Bankruptcy Code, rather than section 1129(a)(8) of

the Bankruptcy Code.  Although section 1129(a)(8) has not been satisfied with respect to the Rejecting Classes, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class, and thus satisfies section 1129(b) of the Bankruptcy Code with respect to such Class as described further below.  As a result, the requirements of section 1129(b) of the Bankruptcy Code are satisfied.

26.      The treatment of Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims, Allowed DIP Loan Claims, and Statutory Fees under Article II of the Plan, and of Allowed Other Priority Claims under Article III of the Plan, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

27.      The Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code. As evidenced by the Voting Report, the Voting Classes voted to accept the Plan by the requisite numbers and amounts of Claims, determined without including any acceptance of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code), specified under the Bankruptcy Code.

28.      The Plan satisfies section 1129(a)(11) of the Bankruptcy Code. The evidence supporting the Plan proffered or adduced by the Debtors at or before the Confirmation Hearing is reasonable, persuasive, and credible, has not been controverted by other persuasive evidence, and establishes that the Plan is feasible and Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization except as contemplated by the Plan itself.

29.      The Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.  Article XII.C of the Plan provides for the payment of all fees due and payable under 28 U.S.C. § 1930 by the Debtors, the Wind Down Entity, and Plan Administrator.

30.          The Debtors do not have any remaining obligations to pay retiree benefits (as defined in section 1114 of the Bankruptcy Code). Therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases or the Plan.

31.          Sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases. The Debtors owe no domestic support obligations, are not individuals, and are not nonprofit corporations.

32.          The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Notwithstanding the fact that the Rejecting Class has not accepted the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because: (a) at least one Impaired Class voted to accept the Plan; and (b) the Plan does not discriminate unfairly and is fair and equitable with respect to the Claims and Interests in the Rejecting Class.  As a result, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Thus, the Plan may be confirmed even though section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to the Rejecting Class.  After entry of this Confirmation Order and upon the occurrence of the Effective Date, the Plan shall be binding upon all Holders of Claims and Interests, including the members of the Rejecting Class.

33.          The Deemed Accepting Class is unimpaired under the Plan and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  At least one Class of Claims that is Impaired under the Plan has accepted the Plan.  Nevertheless, because the Plan has not been accepted by the Rejecting Class, the Debtors seek Confirmation, solely with respect to the Rejecting Class, under section 1129(b) of the Bankruptcy Code, rather than section 1129(a)(8) of the Bankruptcy Code.  Although section 1129(a)(8) has not been satisfied with respect to the Rejecting Class, the Plan is confirmable because the Plan does not discriminate unfairly and is

fair and equitable with respect to the Rejecting Class, and thus satisfies section 1129(b) of the Bankruptcy Code with respect to such Class as described further below.

34.     The Plan contains various discretionary provisions that are permitted by section 1123(b) of the Bankruptcy Code.  Each such provision complies with section 1123(b) of the Bankruptcy Code and is not inconsistent with the applicable provisions of the Bankruptcy Code.  Thus, the Plan satisfies section 1123(b) of the Bankruptcy Code.

35.     The Debtors' decisions to assume or reject certain Executory Contracts and Unexpired Leases, as provided in Article V of the Plan and in the Plan Supplement, are reasonable exercises of the Debtors' business judgment.  The Debtors have demonstrated adequate assurance of future performance of the assumed Executory Contracts and Unexpired Leases within the meaning of section 365(b)(1)(C) of the Bankruptcy Code by the Wind-Down Debtor.  Thus, the Debtors' decisions to assume or reject certain Executory Contracts and Unexpired Leases comply with section 1123(b) of the Bankruptcy Code and are not inconsistent with the applicable provisions of the Bankruptcy Code.

36.     The Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code. The Plan is the only chapter 11 plan filed in each of these Chapter 11 Cases.

37.     The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

38.     The Chapter 11 Cases are not small business cases and, accordingly, section 1129(e) of the Bankruptcy Code does not apply to the Chapter 11 Cases.

39.     The Debtors have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code

and Bankruptcy Rules in connection with all of their respective activities relating to support and consummation of the Plan, including the solicitation and receipt of acceptances of the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

40.      The exculpation provisions of the Plan (as modified herein) are reasonable in scope and consistent with applicable authority.

41.      Based on the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

## III.      <u>ORDER</u>

42.      BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

43.      **Solicitation.**  To the extent applicable, the solicitation of votes on the Plan complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations, and was appropriate and satisfactory and is approved in all respects.

44.      **Notice of Hearing.**  The Notice of Hearing was appropriate and satisfactory and is approved in all respects.

45.      **Confirmation of the Plan.**  The Plan (as it has been modified by the parties, including any modifications set forth herein) is approved in its entirety and CONFIRMED under section 1129 of the Bankruptcy Code.

46.      **Objections.**  All objections and all reservations of rights pertaining to Confirmation of the Plan and approval of the Disclosure Statement that have not been withdrawn, waived, or consensually resolved are overruled on the merits unless otherwise indicated in this Confirmation Order.

47.         **Plan Modifications.**  The Plan Modifications do not materially adversely affect the treatment of any Claim against or Interest in any of the Debtors under the Plan. Pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the Holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Accordingly, the Plan Modifications are hereby approved pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019. After giving effect to the Plan Modifications, the Plan continues to meet the requirements of sections 1122 and 1123 of the Bankruptcy Code.

48.         **Deemed Acceptance of Plan.**  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Interests who voted to accept the Plan or who are conclusively presumed to accept the Plan are deemed to have accepted the Plan, as modified by the Plan Modifications. No Holder of a Claim or Interest shall be permitted to change its vote as a as a consequence of the Plan Modifications.

49.         The Debtors are authorized to file a copy of this Confirmation Order, which, upon filing, shall be conclusive evidence of the release and termination of any Claim, Lien, or interest that is terminated under the terms of the Plan.

50.         This Confirmation Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments.

51.        **Actions by the Wind Down Entity.** As soon as practicable after the Effective Date, the Wind Down Entity shall take such actions as the Wind Down Entity may determine to be necessary or desirable to carry out the purposes of the Plan. Any certificate of dissolution or equivalent document may be executed by the Wind Down Entity on behalf of any other Debtor without need for any action or approval by the shareholders or board of directors or managers of such Debtor. On and after the Effective Date, the Debtors or the Wind Down Entity (a) for all purposes, shall be deemed to have withdrawn their business operations from any state in which the Debtors were previously conducting, or are registered or licensed to conduct, their business operations, and shall not be required to file any document, pay any sum, or take any other action in order to effectuate such withdrawal; (b) shall be deemed to have cancelled pursuant to the Plan all Interests; and (c) shall not be liable in any manner to any taxing authority for franchise, business, license, or similar taxes accruing on or after the Effective Date. Notwithstanding such Debtors' or Wind Down Entity's dissolution, such Wind Down Entity shall be deemed to remain intact solely with respect to the preparation, filing, review, and resolution of applications for Professional Fee Claims.

52.        **Binding Effect.** Upon the occurrence of the Effective Date, the terms of the Plan are immediately effective and enforceable and deemed binding on the Debtors, the Wind Down Entity, any and all Holders of Claims or Interests (regardless of whether such Holders of Claims or Interests have, or are deemed to have, accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan, each Entity acquiring property under the Plan or this Confirmation Order, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors. All Claims and debts shall

be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any Holder of a Claim or debt has voted on the Plan.

53.        Pursuant to section 1141 of the Bankruptcy Code, subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in these Chapter 11 Cases and all documents and agreements executed by the Debtors as authorized and directed thereunder as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtors, or the Wind Down Entity, as applicable, and their respective successors and assigns.

54.        **Vesting of Assets.**    Except as otherwise provided in the Plan, this Confirmation Order, or in any agreement, instrument, or other documented incorporated herein or therein, or in any agreement, instrument, or other document incorporated in the Plan or the Plan Supplement, notwithstanding any prohibition of assignability under applicable non-bankruptcy law and in accordance with section 1141 of the Bankruptcy Code, on the Effective Date, all property constituting Wind Down Assets, including all Causes of Action of the Debtors (unless otherwise released, waived, compromised, settled, satisfied, or transferred pursuant to the Plan) shall vest in the Wind Down Entity, free and clear of all Liens, Claims, charges, or other encumbrances.

55.        Prior to the Effective Date, any and all of the Debtors' assets shall remain assets of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code and on the Effective Date the Wind Down Assets shall, subject to the Plan, be transferred to and vest in the Wind Down Entity.

56.        On the Effective Date, the Debtors or Plan Administrator, as applicable, may establish one or more accounts or funds to hold and dispose of certain assets, pursue certain

litigation, and/or satisfy certain Claims (including Claims that are contingent or have not yet been Allowed).

57.     **Effectiveness of All Actions**.  All actions required to implement the Plan are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the respective officers, directors, managers, members, or equity holders of the Debtors or the Wind Down Entity and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or equity holders.

58.     **Cancellation of Notes, Instruments, Certificates, and Other Documents**. Except as otherwise provided in the Plan and except for Interests in Bittrex, Inc., on and after the Effective Date, all notes, instruments, certificates, agreements, indentures, mortgages, security documents, and other documents evidencing any Claims against any of the Debtors, and any Interests in the Debtors other than Bittrex, Inc., shall be deemed canceled, surrendered, and discharged without any need for further action or approval of the Court or any Holder or other person and the obligations of the Debtors or the Wind Down Entity, as applicable, thereunder or in any way related thereto shall be deemed satisfied in full and discharged, and the counterparties to any such documents or agreements shall be released from all duties thereunder, *provided* that notwithstanding Confirmation or Consummation, any such document or agreement that governs the rights of the Holder of a Claim shall continue in effect solely for purposes of:  (a) allowing Holders to receive Distributions under the Plan; (b) allowing creditors to enforce their rights, claims, and interests vis-à-vis any parties other than the Debtors; and (c) preserving any rights of any creditors to enforce any obligations owed to each of them under the Plan, and to appear in the Chapter 11 Cases or in any proceeding in the Bankruptcy Court or any other court, including, but

not limited, to enforce the respective obligations owed to such parties under the Plan.  Any Interests in Bittrex, Inc. shall survive and continue to exist following the Effective Date as Interests in the Wind Down Entity.

59.        **Distributions.**  The procedures governing distributions contained in Article VI of the Plan shall be, and hereby are, approved in their entirety.  Except as otherwise set forth in the Plan or this Confirmation Order, the Plan Administrator shall make all distributions required under the Plan and the timing of distributions required under the Plan or this Confirmation Order shall be made in accordance with and as set forth in the Plan or this Confirmation Order; *provided* that, if a Customer fails to initiate  a Customer Distribution or comply with any Government Regulation or provide any information that the Debtors believe, in consultation with regulatory counsel, is required by the Debtors, no Distribution to such Holder shall be made unless and until the Plan Administrator has determined the then-current address of such Holder and has received all other required information, at which time such Distribution shall be made to such Holder without interest; *provided* that such Distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of six months from the date such Distribution is returned as undeliverable or such Customer fails to complete a Customer Distribution or comply with any Government Regulation or other information required by the Debtors.  After such date, all unclaimed property or interests in property shall revert to the Wind Down Entity automatically and without need for a further order by the Court (notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary) for Distribution consistent with the Plan, and any claim of any Holder to such property shall be fully discharged, released, and forever barred.

60.     **Claims Register.**  Any Claim that has been paid or satisfied, any Claim that has been amended or superseded, or any Claim that has been asserted against multiple Debtors may be adjusted on the Claims Register by the Plan Administrator without a Claims objection having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

61.     **Preservation of Causes of Action.**  In accordance with section 1123(b) of the Bankruptcy Code, the Wind Down Entity shall succeed to and retain all rights to commence and pursue any and all Causes of Action of the Debtors, whether arising before or after the Petition Date, including, without limitation, any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Plan Administrator's rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than the Causes of Action released by the Debtors pursuant to the releases and exculpations set forth in Article VIII of the Plan, which shall be deemed released and waived by the Debtors and the Wind Down Entity as of the Effective Date, and any other Causes of Action otherwise released or waived by the Debtors in the Plan.

62.     No Entity may rely on the absence of a specific reference in the Schedules of Assets and Liabilities or Statement of Financial Affairs, the Plan, the Plan Supplement, the Disclosure Statement, or the Schedule of Retained Causes of Action to any Cause of Action against it as any indication that the Debtors or the Wind Down Entity will not pursue any and all available Causes of Action against it.  The Wind Down Entity, on behalf of the Debtors and the Wind Down Entity, expressly reserves all rights to prosecute any and all Causes of Action against any Entity, except as otherwise provided in the Plan, including Article VIII of the Plan.  Unless any Cause of Action of the Debtors is expressly waived, relinquished, exculpated, released, compromised, or

settled in the Plan or pursuant to a Final Order, the Wind Down Entity, on behalf of the Debtors and Wind Down Entity and in accordance with the Plan Administrator Agreement, expressly reserves all such Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action as a consequence of Confirmation.

63.        **Subordination.**  Pursuant to section 510 of the Bankruptcy Code, the Debtors and the Wind Down Entity reserve the right to reclassify any Allowed Claim or Allowed Interest in accordance with any contractual, legal, or equitable subordination relating thereto.

64.        **Release of Liens.**  Except as otherwise expressly provided herein, on the Effective Date, all Liens on any property of any Debtors shall automatically terminate, all property subject to such Liens shall be automatically released, and all guarantees of any Debtors shall be automatically discharged and released.

65.        **Third-Party Releases.**  For the avoidance of doubt, any party that did not affirmatively "opt out" of the Third-Party Release or file an objection to the Third Party Release contained in the Plan shall be deemed to grant such Third-Party Releases contained in the Plan; *provided*, however, that Releasing Parties shall not include any Entity without actual or constructive knowledge of the Chapter 11 Cases.

66.        **Assumption and Rejection of Executory Contracts and Unexpired Leases.** As of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease: (a) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (b) previously expired or terminated pursuant to its own terms or by agreement of the parties

thereto; (c) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; or (d) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

67.     Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the assumptions, assumptions and assignments, or rejections provided for in the Plan pursuant to sections 365(a) and 1123 of the Bankruptcy Code and a determination by the Bankruptcy Court that the Wind Down Entity has provided adequate assurance of future performance under such assumed executory contracts and unexpired leases.  Each executory contract and unexpired lease assumed, or assumed and assigned pursuant to the Plan shall vest in and be fully enforceable by the Plan Administrator, in accordance with its terms, except as modified by the provisions of the Plan, any order of the Bankruptcy Court authorizing and providing for its assumption, or applicable law.

68.     Except with respect to the Executory Contracts and Unexpired Leases discussed in the following paragraph of this Confirmation Order, the amounts set forth in the Plan Supplement (the "Cure Amounts") are the sole amounts necessary to be paid upon assumption of the associated Executory Contracts and Unexpired Leases under section 365(b)(1)(A) and (B) of the Bankruptcy Code, and the payment of such amounts will effect a cure of all defaults existing under such Executory Contracts and Unexpired Leases and compensate the counterparties to such Executory Contracts and Unexpired Leases for any actual pecuniary loss resulting from all defaults existing under such Executory Contracts and Unexpired Leases as of the Effective Date.

69.     The objections of counterparties to the assumption of their Executory Contracts and Unexpired Leases, to the extent that such objection was timely raised in accordance with Article V.C of the Plan, are preserved and will be considered by the Court at a date and time

to be scheduled.  As provided in the Disclosure Statement Order and the Solicitation Packages, the Debtors and the Wind Down Entity have reserved the right to (a) add any Executory Contract or Unexpired Lease to the Assumed Contract Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, or remove any Executory Contract or Unexpired Lease from the Assumed Contract Schedule, in each case, up until the Effective Date; and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

70.    **Insurance Policies and Surety Bonds.**  Notwithstanding anything to the contrary in the Plan, the Plan Supplement, any bar date notice, or claim objection, and any other document related to any of the foregoing, and any other order of the Court, on the Effective Date: (a) all insurance policies issued or providing coverage to the Debtors shall (subject to the applicable insurer's right to object to such a designation) be assumed in their entirety by the Debtors pursuant to sections 365 and 1123 of the Bankruptcy Code, and coverage for defense costs and indemnification under the D&O Policies shall remain available to all individuals within the definition of "Insured" in the D&O Policies, and the Wind Down Entity shall remain liable in full for any and all now existing or hereinafter arising obligations, liabilities, terms, provisions and covenants of any of the Debtors under such insurance policies, without the need or requirement for an insurer to file a Proof of Claim, Administrative Expense Claim or objection to any cure amount; (b) nothing shall alter or modify the terms and conditions of and/or any rights, obligations, benefits, claims, rights to payments, or recoveries under the insurance policies without the express written consent of the applicable insurer; and (c) the automatic stay of Bankruptcy Code section 362(a) and the injunctions set forth in the Plan, if and to the extent applicable, shall be deemed lifted without further order of this Court, solely to permit: (i) claimants with valid workers'

compensation claims or direct action claims against an insurer under applicable non-bankruptcy law to proceed with their claims; (ii) insurers to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Court, (I) workers' compensation claims, (II) claims where a claimant asserts a direct claim against any insurer under applicable non-bankruptcy law, or an order has been entered by the Court granting a claimant relief from the automatic stay to proceed with its claim, and (III) all costs in relation to each of the foregoing; (iii) the insurers to cancel any insurance policies, and take other actions relating thereto, to the extent permissible under applicable non-bankruptcy law, and in accordance with the terms of the insurance policies; and (iv) holders of Allowed Claims to pursue insurance recovery to the extent allowed or required by this Plan.

71.        **Authorization to Consummate.**  The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to consummation as set forth in Article IX of the Plan.

72.        **Professional Compensation.** All final requests for payment of Professional Fee Claims, including the Professional Fee Claims incurred during the period from the Petition Date through the Confirmation Date, must be filed and served on the Wind Down Entity no later than sixty (60) days after the Effective Date or such other time as may be directed by the Bankruptcy Court.  All such final requests will be subject to approval by the Bankruptcy Court after notice to other parties on the regular service list and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court in the Chapter 11 Cases, including the Interim Compensation Order, and once approved by the

Bankruptcy Court, promptly paid from the Professional Fee Escrow Account up to the full Allowed amount.

73.        On the Effective Date, the Debtors or the Wind Down Entity, as applicable, shall establish and fund the Professional Fee Escrow Account with Cash equal to the Professional Fee Reserve Amount.  The Professional Fee Escrow Account shall be maintained in trust solely for the Professionals.  Such funds shall not be considered property of the Estates of the Debtors or the Wind Down Entity, as applicable.  The amount of Professional Fee Claims owing to the Professionals shall be paid in Cash to such Professionals by the Wind Down Entity from the Professional Fee Escrow Account as soon as reasonably practicable after such Professional Fee Claims are Allowed by a Final Order.  When all such Allowed amounts owing to Professionals have been paid in full, any remaining amount in the Professional Fee Escrow Account shall promptly be paid to the Wind Down Entity without any further action or order of the Bankruptcy Court.  If the Professional Fee Escrow Account is insufficient to fund the full Allowed amounts of Professional Fee Claims, all remaining unpaid Allowed Professional Fee Claims will be paid by the Debtors or the Wind Down Entity, as applicable.

74.        Professionals shall estimate their unpaid Professional Fee Claims and other unpaid fees and expenses incurred in rendering services to the Debtors before and as of the Confirmation Date and shall deliver such estimate to the Debtors no later than five business days before the Effective Date; *provided* that such estimate shall not be deemed to limit the amount of the fees and expenses that are the subject of the Professional's final request for payment of Filed Professional Fee Claims.  If a Professional does not provide an estimate, the Debtors may estimate the unpaid and unbilled fees and expenses of such Professional.  The aggregate amount for all

Professionals estimated pursuant to this section shall comprise the Professional Fee Reserve Amount.

75.        Except as otherwise specifically provided in the Plan, from and after the Confirmation Date, the Wind Down Entity shall, in the ordinary course of business and without any further notice to or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses incurred by the Wind Down Entity.  Upon the Confirmation Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Wind Down Entity may employ and pay any Professional, as the Plan Administrator determines in the Plan Administrator's reasonable business judgment.

76.        **Release, Exculpation, and Injunction Provisions.**    The release and exculpation provisions set forth in the Plan and as modified herein (including as set forth in sections VIII.A, VIII.B, VIII.C and VIII.D of the Plan) are approved and authorized, and such provisions are effective and binding on all Persons and Entities to the extent provided therein except as otherwise provided in this Confirmation Order, *provided, however*, that nothing in the exculpation related provisions of the Plan shall release the Debtors from the provisions of the Plan governing satisfaction of Allowed Claims including Allowed Administrative Expense Claims or change the standard for liability on Allowed Claims or Allowed Administrative Expense Claims, subject to any applicable bankruptcy and non-bankruptcy law.

77.        In addition, as of the Effective Date and subject to the occurrence of the Effective Date, except as otherwise specifically provided in this Plan or the Confirmation Order, all Persons and Entities who have held, hold, or may hold Claims or Interests that are fully satisfied

pursuant to the Plan or any Claim or Interest that is subject to the releases and exculpations set forth in Article VIII.B, Article VIII.C  and Article VIII.D of the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests, except for the receipt of the payments or distributions that are contemplated by this Plan.

78.        **Exculpation**.  The exculpation provision set forth in Article VIII.D of the Plan and incorporated into this Confirmation Order is essential to the Plan.  The record in the Chapter 11 Cases supports the exculpation provision set forth in Article VIII.D of the Plan, which is appropriately tailored to protect the Exculpated Parties from unnecessary litigation.  The exculpation, including the carve-out for actual fraud, gross negligence, criminal misconduct, or willful misconduct, is consistent with established practice in this jurisdiction and others.

79.        **Injunction**.  The injunction provision set forth in Article VIII.E of the Plan is essential to the Plan and is necessary to implement the Plan and to preserve and enforce the discharge, the Debtors' Release, the Third Party Release, and the exculpation provision in Article VIII.D of the Plan.  The injunction provision is appropriately tailored to achieve those purposes.

80.        Notwithstanding any language to the contrary in the Disclosure Statement, Plan and/or Plan Confirmation Order, no provision shall (i) preclude the United States Securities and Exchange Commission ("SEC") from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceeding or investigations against any non-debtor person or non-debtor entity in any forum.

81.        Notwithstanding any language to the contrary herein, nothing shall modify the terms of the settlement in the SEC 9019 Motion that was approved by order of the Bankruptcy Court on September 7, 2023.

82.        **Compliance with Tax Requirements.**  In connection with the Plan, as applicable, the Debtors and the Plan Administrator, as applicable, shall comply with all tax withholding and tax reporting requirements imposed on them by any Governmental Unit with respect to Distributions pursuant to the Plan.  Notwithstanding any provision herein to the contrary, the Debtors and the Plan Administrator, as applicable, shall be authorized to take all actions necessary to comply with such tax withholding and tax reporting requirements, including liquidating a portion of the Distribution to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding Distributions pending receipt of information necessary to facilitate such Distributions, and establishing any other mechanisms they believe are reasonable and appropriate to comply with such requirements.  The Debtors and the Plan Administrator, as applicable, reserve the right to allocate all Distributions made under the Plan in compliance with all applicable wage garnishments, alimony, child support, and other spousal awards, Liens, and encumbrances.

83.        **Exemption from Certain Taxes and Fees.**  Pursuant to, and to the fullest extent permitted by, section 1146 of the Bankruptcy Code, any transfers of property pursuant to, in contemplation of, or in connection with, the Plan, including: (a) the transfer, if any, of the Wind Down Assets to the Wind Down Entity; (b) the issuance of any beneficial interests in the Wind Down Entity; and (c) the delivery of any deed or other instrument or transfer order, in furtherance of, or in connection with the Plan, including any deeds, bills of sale, or assignments executed in connection with any disposition or transfer of assets in connection with, arising out of, contemplated by, or in any way related to the Plan, shall, in each case, not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer, mortgage recording tax, or other similar tax, and upon entry of the

Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers or property without the payment of any such tax, recordation fee, or governmental assessment.

84.      **Full and Final Satisfaction Against Liquidation Trust**.  On and after the Effective Date, the Wind Down Entity shall have no liability on account of any Claims or Equity Interests except as set forth herein.  All payments and all Distributions made by the Plan Administrator hereunder shall be in full and final satisfaction, settlement, and release of and in exchange for all Claims against, or Interests in, the Debtors or the Wind Down Entity..

85.      **Documents, Mortgages, and Instruments.**      Each federal, state, commonwealth, local, foreign, or other governmental agency is authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the Plan, including this Confirmation Order.

86.      **Continued Effect of Stays and Injunction.**  Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date.  All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

87.      **Notice of Subsequent Pleadings.**  Except as otherwise provided in the Plan or in this Confirmation Order, notice of all subsequent pleadings in these Chapter 11 Cases after the Effective Date will be limited to the following parties: (a) the Wind Down Entity and its

counsel; (b) the U.S. Trustee; (c) any party known to be directly affected by the relief sought by such pleadings; and (d) any party that has previously requested notice or who files a request for notice under Bankruptcy Rule 2002 after the Effective Date. The Claims, Noticing, and Solicitation Agent shall not be required to file updated service lists.

88.     **Choice of Law.** Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Washington, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan and any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, documents, instruments, or contracts, in which case the governing law of such agreement shall control); provided that corporate, limited liability company, or partnership governance matters relating to the Debtors or the Wind Down Entity, as applicable, shall be governed by the laws of the jurisdiction of incorporation or formation of the relevant Debtor or Wind Down Entity, as applicable.

89.     **Protection Against Discriminatory Treatment.** As provided by section 525 of the Bankruptcy Code, and consistent with paragraph 2 of Article VI of the United States Constitution, no Entity, including Governmental Units, shall discriminate against any Wind Down Entity or deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, any Wind Down Entity, or any Entity with which a Wind Down Entity has been or is associated, solely because such Wind Down Entity was a debtor under chapter 11 of the Bankruptcy Code or may have been insolvent before the commencement of the Chapter 11 Cases (or during the Chapter 11 Cases).

90.     **Notices of Confirmation and Effective Date.**  The Debtors or the Wind Down Entity, as applicable, shall serve notice of entry of this Confirmation Order, of the occurrence of the Effective Date, and of applicable deadlines (the "Notice of Confirmation") in accordance with Bankruptcy Rules 2002 and 3020(c) on all parties served with the Hearing Notice seven Business Days after the Effective Date; *provided* that no notice of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed notice of the Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. For those parties receiving electronic service, filing on the docket is deemed sufficient to satisfy such service and notice requirements.

91.     **Waiver of Conditions Precedent to Confirmation.**   The conditions to Confirmation and Consummation set forth in Article IX of the Plan may be waived by the Debtors and/or the Plan Administrator without notice, leave, or order of the Bankruptcy Court or any formal action other than proceedings to confirm or consummate the Plan.

92.     **Substantial Consummation.**  "Substantial Consummation" of the Plan, as defined in 11 U.S.C. § 1101(2), with respect to any of the Debtors, shall be deemed to occur on the Effective Date with respect to such Debtor.

93.     **Headings.**  Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

94.     **Effect of Conflict.** This Confirmation Order supersedes any Court order issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order. If there is

any inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern and control.

95.        **Final, Appealable Order.** This Confirmation Order is a final judgment, order, or decree for purposes of 28 U.S.C. § 158(a), and the period in which an appeal must be filed shall commence upon the entry hereof.

96.        **Retention of Jurisdiction.** The Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including the matters set forth in Article XI of the Plan.

## Exhibit A

**Plan**