# EXHIBIT A

**DESOLATION HOLDINGS LLC, ET AL., CASE NO. 23-10597 (BLS)**

**PLAN OBJECTION SUMMARY CHART[1]**

| OBJECTOR | OBJECTION / INFORMAL COMMENT | STATUS / DEBTORS' RESPONSE |
|---|---|---|
| Office of the Texas Attorney General | • Informal comment requesting addition of language to preserve the regulatory authority of the State of Texas and its agencies | • *See* Confirmation Order ¶ 2.A.<br><br>**No Effect on the Regulatory Authority of the State of Texas or its agencies, including the Texas Department of Banking.** Nothing in this Order or the Plan or related documents shall discharge, release, nullify, preclude, or enjoin: (i) any liability to the State of Texas or its agencies, including the Texas Department of Banking ("Texas") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any liability to Texas, whether or not it is a Claim, arising on or after the Confirmation Date; (iii) any liability to Texas under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to Texas on the part of any Person other than the Debtors or Reorganized Debtors. Nor shall anything in this Order or the Plan enjoin or otherwise bar Texas from asserting or enforcing, outside this Court, any liability described in the preceding sentence. Further, nothing in this Order or the Plan or related documents authorizes the transfer or assignment of any Texas (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order or the Plan shall relieve any entity from any obligation to address or comply with information requests or inquiries from Texas. Nothing in this Order divests any |

---

[1] Capitalized terms used herein but not defined have the same meaning given to such terms in the Plan, the Disclosure Statement, the relevant Objection, or the Memorandum (each as defined in the Memorandum), as applicable.

A-1

| OBJECTOR | OBJECTION / INFORMAL COMMENT | STATUS / DEBTORS' RESPONSE |
|---|---|---|
| | | tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or the Plan or to adjudicate any defense asserted under this Order or the Plan as it relates to Texas.  Further, Texas is deemed to have opted out of any and all releases set forth in the Plan. |
| United States Trustee | • Informal comments requesting addition of language regarding statutory fees and closing of the cases | • *See* Confirmation Order ¶¶ 2.B & C.<br><br>• Plan, Statutory Fees, Art. XII.C<br><br>All fees due and payable pursuant to section 1930(a) of the Judicial Code, including fees and expenses payable to the U.S. Trustee, together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable ("Quarterly Fees"), will be paid by the Debtors, the Wind Down Entity, and Plan Administrator for each quarter (including any fraction thereof) until the applicable Chapter 11 Case is converted, dismissed, or closed, whichever occurs first. All such fees due and payable prior to the Effective Date shall be paid by the Debtors on the Effective Date and such Debtors shall File with the Bankruptcy Court monthly reports due prior to the Effective Date when they become due, using UST Form 11-MOR. After the Effective Date, the Debtors, the Wind Down Entity, and Plan Administrator shall pay any and all such fees when due and payable and shall each File with the Bankruptcy Court a separate quarterly report using UST Form 11-PCR when they become due, until the earliest of the date on which the applicable Chapter 11 Case is converted, dismissed, or closed. Neither the U.S. Trustee nor any other Governmental Unit shall be required to File a request for an Administrative Claim for Statutory Fees and shall not be treated as providing a release under the Plan.<br><br>• Plan, Art. XII.M, Closing of Chapter 11 Cases. |

| **OBJECTOR** | **OBJECTION / INFORMAL COMMENT** | **STATUS / DEBTORS' RESPONSE** |
|---|---|---|
| | | Upon the occurrence of the Effective Date, the Plan Administrator shall be permitted, as set forth in section 350 of the Bankruptcy Code, and Local Rule 3022-1, to take the appropriate steps to move to close all of the Chapter 11 Cases except for the Chapter 11 Case of BUS, and all contested matters and adversary proceedings relating to each of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of BUS; provided that for purposes of sections 546 and 550 of the Bankruptcy Code, the Chapter 11 Cases shall be deemed to remain open until the Chapter 11 Case of BUS has been closed.<br><br>When all Disputed Claims have become Allowed or Disallowed and all remaining Cash has been distributed in accordance with the Plan, the Plan Administrator shall seek authority from the Bankruptcy Court to close the Chapter 11 Case of BUS in accordance with the Bankruptcy Code, the Bankruptcy Rules and Local Rule 3022-1. |
| Securities and Exchange Commission | • Informal comment requesting inclusion of language regarding crypto assets | • *See* Confirmation Order ¶ 78<br><br>Notwithstanding anything to the contrary in the Disclosure Statement, Plan, this Confirmation Order, or any findings announced at the hearing, nothing in the Disclosure Statement, Plan, this Confirmation Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities. |
| Department of Justice | • Informal comment requesting inclusion of language regarding OFAC and FinCen | • *See* Confirmation Order ¶¶ 81-84<br><br>81.    **Reservation of Rights of the United States of America.** As to the United States of America ("United States"), notwithstanding anything in the Plan, this Confirmation Order, any |

| OBJECTOR | OBJECTION / INFORMAL COMMENT | STATUS / DEBTORS' RESPONSE |
|---|---|---|
|  |  | Plan Supplement or any other related documents (the "Documents"), nothing in the Documents shall:<br>(1) discharge, release, nullify, bar, enjoin, impair or otherwise preclude (a) any obligation or liability owed to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code, (b) any claim of the United States arising after the Effective Date, (c) any obligation or liability of any entity or person under police or regulatory statutes or regulations to any Governmental Unit as the owner, lessor, lessee, licensee, or operator of property or rights to property that such entity or person owns, operates, licenses, or leases after the Effective Date; (d) any right, defense, suit or cause of action of the United States against, or obligation, liability, or claim owed to the United States by any non-debtor;<br>(2) release, nullify, bar, enjoin, impair or preclude the enforcement of the United States' police or regulatory powers;<br>(3) authorize the sale, assumption, assignment or other transfer of any federal (i) grants, (ii) grant funds, (iii) contracts, (iv) property, including but not limited to, intellectual property, data and patents, (v) leases, (vi) participation rights, (vii) agreements, (viii) applications, (ix) licenses, (x) permits, (xi) registrations, (xii) authorizations, (xiii) approvals, or (xiv) other interests of the federal government (collectively, "Federal Interests"), without compliance with all terms of the Federal Interests, as applicable, and with all applicable non-bankruptcy law;<br>(4) be interpreted to set cure amounts or to require the United States to novate, approve or otherwise consent to the sale, |

| OBJECTOR | OBJECTION / INFORMAL COMMENT | STATUS / DEBTORS' RESPONSE |
|---|---|---|
|  |  | assumption, assignment or transfer of any Federal Interests; <br>(5) confer exclusive jurisdiction to the Bankruptcy Court with respect to the Federal Interests, claims, rights, defenses, suits, causes of action, obligations and liabilities, except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); <br>(6) affect or impair any claims, defenses or rights of setoff or recoupment of the United States and such claims, defenses and rights are preserved; <br>(7) expand the scope of 11 U.S.C. § 525 with respect to the United States; <br>(8) constitute an approval or consent by the United States to any entity's action without its compliance with all applicable legal requirements and approvals under non-bankruptcy law of the United States; <br>(9) be construed as a compromise or settlement of any claim, right, obligation, liability, cause of action, or interest of the United States, except with respect to the SEC 9019 Settlement; for the avoidance of doubt, nothing in this provision alters the OFAC Settlement Agreement or the FinCEN Consent Order; <br>(10) modify the scope of Bankruptcy Code Section 502 with respect to the claims of the United States; or <br>(11) require the United States to file any rejection damages claims, if any, earlier than the Government Bar Date to file unsecured claims, unless the rejection damages claims bar date is later than the Government Bar Date to file unsecured claims, or alter the treatment of rejection damages claims, if any, under the Bankruptcy Code. |

| OBJECTOR | OBJECTION / INFORMAL COMMENT | STATUS / DEBTORS' RESPONSE |
|---|---|---|
| | | 82. Notwithstanding anything in the Documents, the Debtors, Plan Administrator, Wind Down Entity and any other successor of assets shall abide by and comply with all federal statutes, regulations, executive orders, rules, policies and procedures, including, without limitation, (1) all applicable statutes, regulations, executive orders, rules, policies and procedures of the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), including, without limitation, 31 C.F.R. part 500; and (2) all applicable statutes, regulations, executive orders, rules, policies and procedures of the U.S. Department of the Treasury's Financial Crimes Enforcement Network ("FinCEN"), including, without limitation, 31 U.S.C. § 5311 et seq. and 31 C.F.R. part 1000. For the avoidance of doubt, the Debtors, Plan Administrator, Wind Down Entity and any other successor of assets shall not distribute or disburse any cryptocurrency assets or fiat currency to any foreign national of a blocked, restricted or sanctioned nation unless approved to do so by OFAC and/or FinCEN or the Bankruptcy Court after notice to OFAC and FinCEN and a hearing; provided, however, that the United States does not concede that the Bankruptcy Court can authorize such transfers in place of OFAC and FinCEN.<br>83. Notwithstanding anything in the Documents, the claims of OFAC and FinCEN shall be treated as Allowed GUC Claims and shall not be reclassified as Subordinated Claims or otherwise subordinated or disallowed.<br>84. In the event any Class 3 GUC Claim of the United States is not paid in full, notwithstanding any settlement approved between the Debtors, Plan Administrator or Wind Down Entity, on the one hand, and the Customers on the other hand, the Debtors, Plan Administrator and Wind Down Entity shall have the right to seek from the Bankruptcy Court after notice and opportunity for a hearing an |

| **OBJECTOR** | **OBJECTION / INFORMAL COMMENT** | **STATUS / DEBTORS' RESPONSE** |
|---|---|---|
|  |  | avoidance of any cryptocurrency assets or fiat currencies withdrawn by any Customer prior to any payment or distribution made to the Class 3 GUCs under the Plan. |
| Department of Justice | - Reservation of Rights filed at D.I. 484 | - No response required. |
| Endurance Assurance Corporation; Endurance American Insurance Company | - Reservation of Rights filed at D.I. 482 | - No response required. Endurance entered into a stipulation with the Debtors, D.I. 423. |