IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 23-10597 (BLS) |
| DESOLATION HOLDINGS, LLC, *et al.*,[1] | : | |
| | : | Chapter 11 |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Hearing Date: To Be Determined.** |
| | : | **Objection Deadline:  Oct. 26, 2023 at 4:00 p.m.**[2] |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION PURSUANT TO SECTIONS 105(A) AND 107(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 FOR AUTHORITY TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE SECOND SUPPLEMENTAL DECLARATION OF PATRICIA TOMASCO IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS CO-COUNSEL FOR THE DEBTORS AND THE DEBTORS IN POSSESSION (D.I. 453-455)**

In support of his objection (the "Objection") to the *Motion Pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 for Authority to File Under Seal Certain Information Contained in the Second Supplemental Declaration of Patricia Tomasco in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Co-Counsel for the Debtors and the Debtors In Possession* (D.I. 455) (the "Motion"), Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), through his undersigned counsel, states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Objection deadline extended for the U.S. Trustee by consent.

**PRELIMINARY STATEMENT**

1.  The Debtors seek to seal a declaration that discloses crucial facts in these cases that bear upon Quinn Emmanuel's employment[3] and its disclosure of a recent representation of Omni Agent Solutions ("Omni") , a retained professional in these cases, in a matter that appears to be directly adverse to the Debtors as well as the facts attendant to ███████████ ███████████ The Court should deny the Motion because: 1) the denial of public access is an extraordinary remedy; and 2) the requested sealing will circumvent the mandatory disclosure of compensation required by 11 U.S.C. § 328 and Bankruptcy Rule 2014.  There is a strong presumption under U.S. law that the public has a right of access to judicial records.  In bankruptcy proceedings, the only categories of information that may be shielded from disclosure are "trade secret or other confidential research, development or commercial information," information that is "scandalous or defamatory," information "made confidential by statute or regulation," or information which could result in identity theft.  11 U.S.C. § 107(b), (c); *see* Fed. R. Bankr. P. 9018.  None of what is sought to be sealed satisfies this statutory burden.

**JURISDICTION AND STANDING**

2.  This Court has jurisdiction to hear and determine the Motion and this Objection.

3.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307,

---

[3] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Motion.

## BACKGROUND

5. On May 8, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

6. On the Petition Date, the Debtors filed the *Application for Entry of an Order Appointing Omni as the Debtor's Claims and Noticing Agent* (the "Omni Claims Agent Application") [D.I. 3].

7. On May 10, 2023, the Court entered an order approving the Omni Claims Agent Application. [D.I. 35].

8. On May 23, 2023, the Debtors filed the *Application to Employ/Retain Omni Agent Solutions as Administrative Agent Effective as of the Petition Date* [D.I.61].

9. On June 7, 2023, the Debtors filed the *First Supplemental Declaration of Paul H. Deutch in Connection with the Retention and Employment of Omni as Administrative Agent Effective as of the Petition Date* [D.I. 110].

10. On June 8, 2023, the Court entered the *Order Approving Application to Employ Omni Agent Solutions as Administrative Agent Effective as of the Petition Date* [D.I.114].

11. On May 17, 2023, the Debtors filed the *Application to Retain Quinn Emanuel as Co-Counsel for the Debtors and the Debtors in Possession* (the "Quinn Emanuel Application") [D.I. 55].

12. On June 4, 2023, Quinn Emanuel filed the *Supplemental Declaration of Patricia Tomasco in Support of the Quinn Emanuel Application* (the "First Supplemental Declaration")

3

[D.I. 61].

13. On June 7, 2023, the Court entered an order authorizing the Quinn Emanuel Application. [D.I. 104].

14. The Debtors filed the Motion on October 19, 2023. In the Motion, the Debtors seek authority to redact certain information contained in the *Second Supplemental Declaration of Patricia Tomasco in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Co-Counsel for the Debtors and the Debtors in Possession* (D.I. 454) (the "Second Supplemental Declaration").

15. Specifically, the Debtors seek to seal certain facts and circumstances concerning ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████.

16. The Debtors seek to limit public access to this information for the stated purpose of protecting internal matters pertaining to the administration of these chapter 11 cases whose unqualified disclosure could cause unwarranted speculation and interfere with the investigation. Mot. ¶ 11. Specifically, the Debtors maintain that the information in the Second Supplemental Declaration must be kept from public view in order to allow the investigation to conclude without interference and for efficient remedial action -- if any is needed -- with respect to the matter under investigation. Mot. ¶ 7.

17. The U.S. Trustee objects to the Motion on the grounds set forth below.

**ARGUMENT**

18. The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978), that "[i]t is clear that the courts of this country recognize a general right to

inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is a common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.,* 21 F.3d 24 (2d Cir. 1994), the Court stated the general rule as: "...a strong presumption of public access to court records.... This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the 'integrity, quality, and respect in our judicial system.'" *Orion*, 21 F. 3d at 26. (citations omitted); *accord In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996); *see In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993), where the court noted "...the strong presumption in favor of public access to judicial records and papers...."

19. In the bankruptcy context, limited exceptions to the general rule are contained in the Code and Rules. Bankruptcy Code § 107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

20. As exceptions to the common law rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code § 107(b) and FRBP 9018 by demonstrating that: "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines*, 150 B.R. 334 (D. Del. 1993). The inquiry is whether or not the matter sought to be placed under seal fits within any of the categories included within either of section 107(b) or FRBP 9018.

5

21. "Confidential commercial information" is not a defined term within the Bankruptcy Code, but it has been addressed in the case law interpreting Section 107(b)(1). "Confidential commercial information" is "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity]." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (Walrath, J.) (citing *In re Orion Pictures Corp.*, 21 F.3d at 27-28 and *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). The disclosure of such information must "reasonably be expected to cause the entity commercial injury." *Alterra*, 353 B.R. at 75 (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bank. E.D. Tex. 2004) and *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). "Moreover, the Court must find that information contained in the . . . [documents] . . . 'is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" *Alterra*, 353 B.R. at 75-76 (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)). Information is not "'commercial' within the meaning of § 107(b) merely because it relate[s] to business affairs." *In re Northwest Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007). It must be "information which would give a competitor an unfair advantage." *Id.* (quoting *In re Handy Andy Home Improvement Ctrs., Inc.*, 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996)). However, Section 107(b) does not require the court to find that the information is the equivalent of a trade secret before protecting it. *Orion Pictures Corp.*, 21 F.3d at 28.

22. Section 327 of the Bankruptcy Code governs the employment of professional persons. Section 327(a) of the Bankruptcy Code provides that a trustee, or debtor in possession, "with the court's approval, may employ one or more attorneys, accountants, appraisers,

auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

    23.    Section 328(a) of the Bankruptcy Code provides that:

> [t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, ***on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis,*** or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a) (emphasis added).

    24.    Fed. R. Bankr. P. 2014 provides that:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. ***The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation***, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014 (emphasis added).

25. The U.S. Trustee understands that in limited circumstances, it is appropriate to protect confidential commercial, competitively sensitive, or proprietary information from unnecessary disclosure. However, any such protection must not be so overarching as to prevent the public from understanding the details of what is, by common law and the Bankruptcy Code, an inherently public process. In this context, the mandatory disclosure requirements of Bankruptcy Code section 328 and Bankruptcy Rule 2014 must also be considered when evaluating the seal request.

26. Here the Debtor want to limit public access to this information for the purpose of protecting matters pertaining to the administration of these Chapter 11 Cases which if disclosed could possibly cause unwarranted speculation and interfere with the investigation. However, they have no facts to support this conclusion or requested relief.

27. The facts that the Debtors seek to seal are that:



- 
- 

28.     However, none of these facts are worthy of sealing under section 107(b). In fact in the Second Supplemental Declaration, the declarant speculates that:

- 

Additionally, the declarant further speculates that:

- 

29.     The net effect of the requested sealing by the Debtors would prevent parties in interest from evaluating, determining, and understanding information that is otherwise clearly public information concerning estate administration. The Court must determine the appropriate balance between public disclosure and protection of truly confidential commercial information, and it is the Debtors' burden to establish to this Court's satisfaction that the information sought to be protected is confidential commercial information that should be protected from public disclosure. It is not.

30.     The policies of section 107 and FRBP 9018, described above, place the burden

squarely on the Debtors to show a compelling need to seal or mark such information as confidential. The Debtors have failed to meet such burden in this case.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion and/or granting such other relief as this Court deems appropriate, fair, and just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

By: _/s/Richard L. Schepacarter_
      Richard L. Schepacarter
      Trial Attorney
      U.S. Department of Justice
      Office of the U.S. Trustee
      J. Caleb Boggs Federal Building
      844 N. King Street, Room 2207
      Lockbox 35
      Wilmington, DE 19801
      (302) 573-6491
      (302) 573-6497 (fax)
      richard.schepacarter@usdoj.gov

Dated: November 2, 2023