**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered) |

**DEBTORS' FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO**
**CERTAIN MISCLASSIFIED CLAIMS**

> \*\*\*
> TO THE CLAIMANTS LISTED ON **SCHEDULE 1** ATTACHED TO THE PROPOSED ORDER (AS DEFINED HEREIN): YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES OR ACCOUNT IDS AND CLAIMS ON **SCHEDULE 1** TO THE PROPOSED ORDER AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON **SCHEDULE 1** TO THE PROPOSED ORDER.
> \*\*\*

The above-captioned debtors in possession (the "Debtors"), through their undersigned counsel, hereby file this fifth omnibus (substantive) objection to certain misclassified claims (the "Objection") and respectfully state as follows:

**RELIEF REQUESTED**

1.  By this Objection, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging the duplicative claims identified on **Schedule 1** thereto (the "Misclassified Claims"). In support of this Objection,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

the Debtors submit the *Declaration of Evan Hengel in Support of Debtors' Fifth Omnibus (Substantive) Objection to Certain Misclassified Claims* (the "Hengel Declaration"), annexed hereto as **Exhibit B**.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rules 7008 and Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### BACKGROUND

5. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

6. Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions [D.I. 11] (the "First Day Declaration").

7. On September 28, 2023, the Court entered the *Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; (IV) Shortening the Notice Period for the Hearing to Consider Confirmation of the Plan; and (V) Granting Related Relief* [D.I. 389].

8. On October 31, 2023, the Court entered the *Order Confirming the Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* [D.I. 517].

**CLAIMS PROCESS**

9. Shortly after the Petition Date, on May 24, 2023, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date Motion") [D.I. 65], which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claims and November 4, 2023 as the governmental bar date (collectively, the "Bar Dates") [D.I. 107] (the "Bar Date Order").

10. On June 5, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I.s 85–92] (collectively, the "Schedules").

11. On June 14, 2023, and June 23, 2023, the Debtors filed their amended schedules of assets and liabilities and statements of financial affairs [D.I.s 7–8 filed in Case No. 23-10598-BLS; D.I. 129 filed in Case No. 23-10597-BLS; D.I.s 142–143 filed in Case No. 23-10597-BLS] (collectively, the "Amended Schedules").

12. In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors and customers. Through Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, the Debtors promptly served notice of the bar date on all creditors and customers, additionally providing the Debtors' customers with a customized Customer Proof Of Claim Form. [D.I. 201.] The Debtors further published the *Notice of Deadlines for Filing of Proofs of Claim* in CoinDesk's The Protocol Email Newsletter on June 14, 2023, June 21, 2023, and June 28, 2023; in the Financial Times on June 16, 2023; in the Times of Malta on June 16, 2023; and in The Wall Street Journal on June 15, 2023. [D.I. 187.]

13. On November 6, 2023, the Court entered the *Order Granting (I) Leave From Local Rule 3007-1(f) and Bankruptcy Rule 3007(e)(6) to Permit Filing of Omnibus Objections, and (II) Granting Related Relief* [D.I. 530] (the "Omnibus Objections Order").

14. More than 3,700 claims have been filed in these chapter 11 cases, including more than 3,600 customer claims. The Debtors, with the assistance of their advisors, have been reviewing and reconciling proofs of claims, including any supporting documentation attached thereto, and reconciling the proofs of claims with the Debtors' Schedules and books and records to determine the validity of the asserted claims. While this analysis and reconciliation is ongoing, the Debtors have determined that the Misclassified Claims should be disallowed for the reasons set forth herein. Accordingly, the Debtors file this Objection seeking the relief requested herein.

**BASIS FOR RELIEF**

15. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).

16. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id*. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *Id.* at 173–74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id*.

17. As set forth in the Hengel Declaration, based upon a review and analysis of the Misclassified Claims listed on **Schedule 1** to the Proposed Order, the Debtors have determined that each Misclassified Claim was filed incorrectly as an administrative or priority claim where such claim cannot be properly classified as either of the foregoing. All of the Misclassified Claims were submitted by customers, where balances of cryptocurrency and fiat associated with the Bittrex accounts have status of general unsecured claims based on the nature of the relationship between the Debtors an their customers.  As such, asserting secured or priority claims has no legal basis with respect to balances associated with customer accounts.

18. Failure to reclassify the Misclassified Claims will result in creditors receiving improper recoveries on account of those Misclassified Claims to the detriment of other similarly situated creditors.

19. Therefore, the Debtors (a) object to the Misclassified Claims listed on **Schedule 1** to the Proposed Order and (b) request that such Misclassified Claims be reclassified to the extent set forth on **Schedule 1**.[2]

## RESPONSES TO THIS OBJECTION

20. <u>Filing and Service of Responses</u>: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m, (Eastern Time) on November 22, 2023 (the "Response Deadline"). Claimants should locate their names or User IDs and Misclassified Claims on Schedule 1 to the Proposed Order, and carefully review the Objection. A Response must address each ground upon which the Debtors object to a particular Misclassified Claim. A hearing to consider the Debtors' Objection, if necessary, will be held on December 13, 2023 at 10:00 a.m. (Eastern Time) before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, via telephone or videoconference (the "Hearing").

21. Each Response must be filed with Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor Wilmington, Delaware, 19801 and served upon the following entities at the following addresses:

---

[2] For the avoidance of doubt, the Debtors reserve all rights to object to the Misclassified Claims on any grounds permitted under applicable law.

14418537.2

30953296.1

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| Patricia B. Tomasco<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>pattytomasco@quinnemanuel.com | Kenneth J. Enos<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>kenos@ycst.com |

22.     <u>Content of Responses</u>: Each Response to this Objection must, at a minimum, contain the following information:

    i. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

    ii. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

    iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    iv. all documentation and other evidence in support of the claim, not previously filed with the Court or the claims and noticing agent, upon which the claimant will rely in opposing this Objection; and

    v. the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

23.     <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on December 13, 2023 at 10:00 a.m. (Eastern Time) or such other date and time as parties filing Responses may be notified. Only

those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

24. <u>Adjournment of Hearing</u>: The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing. The agenda will be served on the person designated by the Claimant in its Response.

25. If a claimant fails to timely file a Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing and expunging or otherwise modifying the Misclassified Claims without further notice to the claimant or a hearing.

26. <u>Separate Contested Matter</u>: The objection by the Debtors to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**RESERVATION OF RIGHTS**

27. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Misclassified Claims or any other proofs of claim on any other grounds that the Debtors discover or elect to pursue.

28. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Debtors, or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

29. Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any of the Debtors' claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## COMPLIANCE WITH LOCAL RULE 3007-1

30. To the best of the Debtors' knowledge and belief, this Objection complies with Local Rule 3007-1 as modified by the Omnibus Objections Order. To the extent this Objection does not comply in all respects with requirements of Local Rule 3007-1 as modified by the Omnibus Objections Order, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

31. Notice of this Objection will be provided to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) counsel to the lender under the Debtors' post-petition financing facility; (c) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (d) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc. and Aquila Holdings Inc.; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) each of the claimants listed on Schedule 1 to the Proposed Order. The Debtors submit that, in light of the nature of the relief requested, no other or further notice

14418537.2

30953296.1

need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

14418537.2

30953296.1

| | |
|---|---|
| Dated: November 8, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/  Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth J. Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>- and -<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION** |