# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Wind Down Entity. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>December 13, 2023 at 10:00 a.m. (ET)<br>**Objection Deadline:**<br>November 29, 2023 at 4:00 p.m. (ET) |

## PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE WIND DOWN ENTITY TO ABANDON CERTAIN PERSONAL PROPERTY

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), hereby moves (the "Motion") the Court for entry of an order pursuant to sections 105(a) and 554 (a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the proposed form of which is attached hereto as **Exhibit A**, authorizing the Wind Down Entity to abandon certain personal property described below. In support of this Motion, the Plan Administrator represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

2. The statutory predicates for the relief requested herein are sections 105 and 554 of the Bankruptcy Code, and Bankruptcy Rule 6007.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

30979479.1

11606-00001C/14500385.3

## BACKGROUND

3. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors were authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

4. Additional factual background relating to the Debtors' business and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

5. On October 31, 2023, the Court entered its order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").[2] Pursuant to the Plan:

> As of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease: (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; or (iv) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

Plan at V.A. The Debtors' real property lease with Lincoln Square Retail, Space 2B Lease (the "Lease") was not assumed, or assumed and assigned, pursuant to the Plan or otherwise, and was therefore deemed rejected as of the Effective Date.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

30979479.1

11606-00001C/14500385.3                                      2

6.       On November 15, 2023, the Debtors filed the *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date").  As set forth in the Confirmation Order, as of the Effective Date, all Wind Down Assets vested in the Wind Down Entity, and David Maria was appointed to serve as the Plan Administrator, and manage the Wind Down Entity.  *See* Confirmation Order at ¶¶ 17.G, 52.

7.       The Plan provides that the responsibilities of the Plan Administrator include, among other things, "[a]bandoning any property constituting the Wind Down Assets that cannot be sold or otherwise disposed of for value and whose Distribution to Holders of Allowed Claims would not be feasible or cost-effective in the Plan Administrator's reasonable judgment.  *See* Plan at § IV.C.4.v.8.

8.       The Plan Administrator intends to abandon the Wind Down Entity's interest in the personal property located at the location subject to the Lease (the "Property")  because the Lease was deemed rejected as of November 15, 2023, and he believes that the Property cannot be sold or otherwise disposed of for value, and distribution of the Property would not be feasible or cost-effective.

**PROPERTY TO BE ABANDONED**

9.       After careful consideration, the Plan Administrator has determined that it will be beneficial to abandon any remaining Wind Down Assets that are of inconsequential value and burdensome to maintain or store (the "Abandoned Property"), including (but not limited to), the Property, consisting of used office furniture currently located at the office space at Lincoln Square Retail, Space 2B.

**RELIEF REQUESTED**

10. By this Motion, the Plan Administrator respectfully requests the entry of an order, pursuant to sections 554(a) and 105(a) of the Bankruptcy Code, authorizing the Wind Down Entity to abandon the Property.

11. The Plan Administrator believes that the Property comprises all Wind Down Assets that fall within the definition of Abandoned Property. To the extent that in the future the Plan Administrator discovers any additional Wind Down Assets that fall within the scope of this Motion, however, the Plan Administrator seeks authority to abandon such property without further authorization of the Court, upon seven (7) days' notice to (a) the U.S. Trustee, and (b) any party that the Plan Administrator believes may have a lien on such property.

**BASIS FOR RELIEF REQUESTED**

12. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see also Hanover Ins. Co. v. Tyco Indus., Inc.*, 500 F.2d 654, 657 (3d Cir. 1974) ("[A trustee] may abandon his claim to any asset, including a cause of action, he deems less valuable than the cost of asserting that claim."); *In re Contract Research Sols., Inc.*, 2013 WL 1910286, at *4 (KJC) (Bankr. D. Del. May 1, 2013) ("[A debtor] need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon."). Courts in this jurisdiction have permitted debtors to abandon property of inconsequential value without further authorization of the court in other chapter 11 cases. *See, e.g., In re APP Winddown, LLC*, Case No. 16-12551 (BLS) (Bankr. D. Del. May 4, 2017) (approving abandonment without notice for assets up to $5,000); *In re Malibu Lighting Corp.*, Case No. 15-12080 (KG) (Bankr. D. Del. April 4, 2106) (approving abandonment of assets

upon seven days' notice to affected parties); *In re Mineral Park, Inc.*, Case No. 14-11996 (KJC) (Bankr. D. Del. June 23, 2014) (same).

13. The Plan Administrator believes that the Abandoned Property is of inconsequential value. Specifically, the Property has no resale potential, and would be too cumbersome and costly to move to storage or to another location still maintained by the Wind Down Entity. Furthermore, because the Plan Administrator is winding down the Debtors' U.S. operations, even personal property relocated to the remaining locations or to storage would ultimately need to be disposed of upon the dissolution of the Wind Down Entity. Therefore, the Plan Administrator has determined in an exercise of his sound business judgment that abandonment of the Abandoned Property as of the Effective Date is in the best interest of the estates.

14. Further, although the Plan Administrator believes that the Property comprises all remaining Wind Down Assets that fall within the definition of Abandoned Property, to the extent that the Plan Administrator discovers in the future any additional Wind Down Assets of inconsequential value that have not otherwise been administered, the Plan Administrator submits that the continued maintenance or storage of such property would be equally burdensome to the Wind Down Entity and/or to third parties. In addition, the Plan Administrator believes that the costs incurred in seeking separate authorization of the Court to abandon any such assets on each occasion that they are discovered would needlessly deplete estate resources. Therefore, the Plan Administrator should be granted authority to abandon such property without further authorization of the Court, upon seven (7) days' notice to (a) the U.S. Trustee, and (b) any party that the Plan Administrator believes may have a lien on such property.

15. For the foregoing reasons, the Plan Administrator respectfully submits that abandonment of the Abandoned Property is appropriate and should be approved by the Court.

## **NOTICE**

16.    Notice of this Motion has been provided to: (a) the U.S. Trustee; and (b) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Plan Administrator respectfully submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court (a) enter an order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein, and (b) grant such other and further relief as the Court may deem proper.

| | |
|---|---|
| Date: November 15, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth Enos*<br>Kenneth Enos (Delaware Bar No. 4544)<br>Robert S. Brady (Delaware Bar No. 2847)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: kenos@ycst.com<br>Email: rbrady@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |