**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS C598-10440, C598-10445, AND C598-10209 FILED BY JOHN MESSADOS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

Pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), through undersigned counsel, hereby files this objection (the "Objection") to the following claims filed by John Messados ("Mr. Messados"): (i) Claim No. C598-10440; (ii) Claim No. C598-10445; and (iii) Claim No. C598-10209 (collectively, the "Messados Claims" or "Claims") with an aggregate market value as of the Petition Date of $5,039,008.82. The Debtors request entry of the Proposed Order attached hereto as **Exhibit A**, allowing the Messados Claim that is Claim C598-10440 against BUS in the amount of the assets associated with his account with market value as of the petition date of $18,057.14, and disallowing the remainder of the Messados Claims for the reasons set forth below.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

**BACKGROUND**

I. **The Bankruptcy Cases and Bar Date**

4. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Prior to the Petition Date through the Effective Date of the Plan (defined below), the Debtors managed and operated their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

5. Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of*

*Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

6. On October 31, 2023, the Court entered its order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").[2]

7. On November 15, 2023, the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date"). As set forth in the Confirmation Order, as of the Effective Date, all Wind Down Assets vested in the Wind Down Entity, and David Maria was appointed to serve as the Plan Administrator managing the Wind Down Entity. *See* Confirmation Order at ¶¶ 17.G, 52.

8. Now that the Effective Date has occurred, the Plan Administrator is continuing the claims reconciliation process, and the wind down of the business operations and affairs of the Wind Down Entity.

**II.    Schedules and Bar Date Order**

9. On June 5, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I.s 85–92] (collectively, the "Schedules").

10. On June 14, 2023, and June 23, 2023, the Debtors filed their amended schedules of assets and liabilities and statements of financial affairs [D.I.s 7–8 filed in Case No. 23-10598-BLS; D.I. 129 filed in Case No. 23-10597-BLS; D.I.s 142–143 filed in Case No. 23-10597-BLS] (collectively, the "Amended Schedules").

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

11. On May 24, 2023, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date Motion") [D.I. 65], which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claim. [D.I. 107.]

12. In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors and customers. Through Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, the Debtors promptly served *notice* of the bar date on all creditors and customers, additionally providing the Debtors' customers with a customized Customer Proof Of Claim Form. [D.I. 201.] The Debtors further published the *Notice of Deadlines for Filing of Proofs of Claim* in CoinDesk's The Protocol Email Newsletter on June 14, 2023, June 21, 2023, June 28, 2023; in the Financial Times on June 16, 2023; in the Times of Malta on June 16, 2023; and in The Wall Street Journal on June 15, 2023. [D.I. 187.]

### III. The Messados Claims

#### A. Mr. Messados' History With the Debtors

13. An individual with the same name and email address as John Messados created an account on the Bittrex, Inc. ("BUS") platform on August 12, 2014. He listed a Massachusetts address on the account and provided a copy of a U.S. passport. Most recently, he accepted the terms of service of BUS on January 23, 2021, and, inconsistently, on August 17, 2023, he accepted the terms of service of non-Debtor Bittrex Global. Previous attempts at verifying the account resulted in the account being flagged for potential fraud. For example, three ID verification submissions have been for a different individual with a different name, who was a Greek national.

The most recent submission for new ID verification was past the deadline to withdraw. Additionally, the photos provided for verification included an expired ID card. Furthermore, the uploaded ID was flagged as too blurry and the face recognition software flagged it as not matching other verification attempts. Consequently, Mr. Messados's account has been disabled as flagged for potential fraud.

14. The current balances associated with the account of Mr. Messados consist of the following cryptocurrencies with a value of $18,057.14 as of the Petition Date: ADA: 20027.18987662, BAT: 1500, BCH: 10, DCR: 13, DTA: 18221.61637352, EMC2: 1000, ENG: 100, GBYTE: 12, GLM: 4003.56986275, LINK: 20, LSK: 100, LTC: 35.22269882, MANA: 508.97794595, MORE: 151.12219193, NEO: 100.47806966, OK: 3500, PAY: 300, PINK: 30916.84087011, POT: 19025.56883929, RDD: 3000000, REPV2: 20, RVN: 5000, SC: 255522.0474715, STEEM: 1000, STMX: 1000, STRAX: 50, THC: 26124.66016915, UBQ: 100, USDT: 0.00117424, VTC: 200, WACME: 102.7561328, WAXP: 5019.48788109, XDN: 300000, XLM: 10502, XMY: 100002.

### B. Claim 598-10440

15. Mr. Messados (or a person purporting to be Mr. Messados) filed Claim C598-10440 on August 29, 2023, selecting BUS as the Debtor. Claim C598-10440 lists (falsely and nonsensically) the following number and type of coins, cryptocurrency, or digital asset associated with the account: (i) 1 Basic Attention Token (BAT); (ii) 60 Bitcoin (BTC); (iii) 10 Bitcoin Cash (BCH); (iv) 10 Bitcoin Cash ABC (BCHA); (v) 10 Bitcoin SV (BSV); (vi) 1 BLOCKv (VEE); (vii) 250,000 CannabisCoin (CANN); (viii) 13 DECENT (DCT); (ix) 1 Decentraland (MANA); (x) 1 DigiByte (DGB); (xi) 1 DopeCoin (DOPE); (xii) 1 Einsteinium (EMC2); (xiii) 1 FunFair (FUN); (xiv) 1 Golem Network (GLM); (xv) 1 Hempcoin (THC); (xvi) 1 Monero (XMR); (xvii) 1

Mysterium (MYST); (xviii) 1 NEM (XEM); (xix) 1 NEO (NEO); (xx) 1 NXT (NXT); (xxi) 1 Obyte (GBYTE); (xxii) 1 OMG Network (OMG); (xxiii) 1 OmniCoin (OMNI); (xxiv) 1 PotCoin (POT); (xxv) 1 RavenCoin (RVN); (xxvi) 3,000,000 ReddCoin (RDD); (xxvii) 1 Siacoin (SC); (xxviii) 1 STEEM (STEEM); (xxix) 1 Stellar Lumens (XLM); (xxx) 1 TenX Pay Token (PAY); (xxxi) 1 Unikoin Gold (UKG); (xxxii) 1 Waves (WAVES); (xxxiii) 1 ZClassic (ZCL); and (xxxiv) 1 Zilliqa (ZIL).

16. The market value of Claim C598-10440 as of the Petition Date is $1,684,904.94.

17. Mr. Messados did not provide the basis for the submitted claim.

18. Mr. Messados listed on his proof of claims an address in Athens, Greece.

### C. Claim C598-10445

19. Mr. Messados (or a person purporting to be Mr. Messados) filed Claim C598-10445 on August 29, 2023, selecting BUS as the Debtor. Claim C598-10445 is a duplicate of Claim C598-10440.

### D. Claim C598-10209

20. Mr. Messados (or a person purporting to be Mr. Messados) filed Claim C598-10209 on August 29, 2023, selecting BUS as the Debtor.

21. Claim C598-10440 lists (falsely and nonsensically) the following number and type of coins, cryptocurrency, or digital asset associated with the account: (i) 1 BAT, (ii) 60 BTC, (iii) 10 BCH, (iv) 10 BCHA, (v) 10 BSV, (vi) 1 VEE, (vii) 250,000 CANN, (viii) 13 DCT, (ix) 1 MANA, (x) 1 DGB, (xi) 1 DOPE, (xii) 1 EMC2, (xiii) 1 FUN, (xiv) 1 GLM, (xv) 1 THC, (xvi) 1 XMR, (xvii) 1 MYST, (xviii) 1 XEM, (xix) 1 NEO, (xx) 1 NXT, (xxi) 1 GBYTE, (xxii) 1 OMG, (xxiii) 1 OMNI, (xxiv) 1 POT, (xxv) 1 RVN, (xxvi) 3,000,000 RDD, (xxvii) 1 SC, (xxviii) 1 STEEM, (xxix) 1 XLM, (xxx) 1 PAY, (xxxi) 1 UKG, (xxxii) 1 VTC, (xxxiii) 1 WAVES, (xxxiv)

1 WAXP, (xxxv) 1 ZCL, (xxxvi) 1 ZIL.

22. The market value of Claim C598-10209 as of the Petition Date is $1,669,198.94.

23. Mr. Messados did not provide the basis for the submitted claim.

24. Mr. Messados listed on his proof of claims an address in Athens, Greece.

## OBJECTIONS

### I. Claims C598-10445 and C598-10440 Are Exact Duplicates and Claim C598-10445 Should be Disallowed

25. Claims C598-10445 and C598-10440 were both filed on August 29, 2023 against BUS, and are exact duplicates filed by or on behalf of the same claimant, in the same amount, and against the same Debtor more than once.

26. The Debtors are not required to pay twice on the same obligation. Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Any disallowance or expungement of the exact duplicate claims will not prejudice any claimants or their substantive rights against the Debtors because the remaining claim will remain on the Claims Register, subject to the Debtors' ongoing rights to object to the remaining claims on these or any other applicable grounds, including other grounds set forth in the Debtors' subsequent objections. Therefore, the Debtors object to the exact duplicate claims 598-10440, and 598-10209 and request that such claims be disallowed and expunged in its entirety.

### II. The Messados Claims Should Be Allowed in Part and Otherwise Disallowed Pursuant to Section 502(b)(1)

27. Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]" 11 U.S.C. § 502(b)(1). Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the

bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

28. Here, the assets associated with Mr. Mr. Messados's Bittrex account are those described in paragraph 14 above, which had a market value of $18,057.14 as of the Petition Date. Mr. Messados has not, and never had, in his Bittrex account all the cryptocurrency that he listed in his Claims, let alone assets with a value of $5,039,008.82.

29. Mr. Messados has not articulated any other claims against BUS or any of the other Debtors. To the extent any of Mr. Messados' claims consist of damages, they are expressly disallowed pursuant to BUS' terms of service.

30. Section 17 of BUS' terms of service disclaim liability for incidental, consequential, and punitive damages, as set forth below:

> **17. DISCLAIMER OF DAMAGES**
> IN NO EVENT WILL BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS BE LIABLE FOR ANY INCIDENTAL, INDIRECT, SPECIAL, PUNITIVE, CONSEQUENTIAL OR SIMILAR DAMAGES OR LIABILITIES WHATSOEVER (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF DATA, INFORMATION, REVENUE, PROFITS OR OTHER BUSINESS OR FINANCIAL BENEFIT] ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX), EVEN IF BITTREX HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

31. Additionally, BUS' terms of service also limit BUS' liability to the amount of fees paid by a customer to BUS in the 12 months preceding the event giving rise to the claim:

**18. LIMITATION OF LIABILITY**
IN NO EVENT WILL THE LIABILITY OF BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX] EXCEED THE AMOUNT OF THE FEES PAID BY YOU TO BITTREX UNDER THIS AGREEMENT IN THE TWELVE-MONTH PERIOD IMMEDIATELY PRECEDING THE EVENT GIVING RISE TO THE CLAIM FOR LIABILITY.

32.     Pursuant to section 20 of BUS' terms of service, Washington law applies. The choice of law clause contained in BUS' terms of service is valid and enforceable. *See, e.g.*, *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 660 (Bankr. D. Del. 2003) (holding that a choice of law clause in a purchase order was enforceable under both federal common law and Delaware state law, and applying the law of the state set forth in the choice of law clause).

33.     Under Washington law, disclaimers of damages and limitations on liabilities are generally enforceable, so long as they are conspicuous and where the counterparty has a reasonable opportunity to understand their terms. *See, e.g.*, *Puget Sound Fin., L.L.C. v. Unisearch, Inc.*, 146 Wash. 2d 428, 441 (Wash. 2002) (holding that a liability limitation clause was enforceable "as a matter of law" because the clause was conspicuous and the counterparty has "a reasonable opportunity to understand the terms of the clause"); *Stokes v. Bally's Pacwest, Inc.*, 113 Wash. App. 442, 449-50 (Wash. 2002) (holding that a disclaimer of damages clause was enforceable because it was "conspicuous"). The clauses in BUS' terms of service are set out in all caps with bolded headings, and are easily understood. Therefore, to the extent that the Messados Claim is for damages beyond the maximum liability set forth in section 18 of BUS' terms of service, it must be disallowed.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court: (i) sustain this Objection; (ii) allow the Messados Claim that is the Claim C598-10440 in the amount of the assets associated with Mr. Messados's account (ADA: 20027.18987662, BAT: 1500, BCH: 10, DCR: 13, DTA: 18221.61637352, EMC2: 1000, ENG: 100, GBYTE: 12, GLM: 4003.56986275, LINK: 20, LSK: 100, LTC: 35.22269882, MANA: 508.97794595, MORE: 151.12219193, NEO: 100.47806966, OK: 3500, PAY: 300, PINK: 30916.84087011, POT: 19025.56883929, RDD: 3000000, REPV2: 20, RVN: 5000, SC: 255522.0474715, STEEM: 1000, STMX: 1000, STRAX: 50, THC: 26124.66016915, UBQ: 100, USDT: 0.00117424, VTC: 200, WACME: 102.7561328, WAXP: 5019.48788109, XDN: 300000, XLM: 10502, XMY: 100002) for purposes of allowance, provided that Mr. Messados can successfully satisfy KYC verification requirements for purposes of distribution; and (iii) otherwise disallow the Messados Claims.

| | |
|---|---|
| Date: November 20, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth Enos*<br>Kenneth Enos (Delaware Bar No. 4544)<br>Robert S. Brady (Delaware Bar No. 2847)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: kenos@ycst.com<br>Email: rbrady@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |