IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S OBJECTION TO CLAIM C597-54 FILED BY PANKAJ KASABWALA PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

Pursuant to sections 502 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), through undersigned counsel, hereby files this objection (the "Objection") to Claim C597-54 filed by Pankaj Kasabwala ("Mr. Kasabwala") (the "Kasabwala Claim" or the "Claim"). The Plan Administrator requests entry of the Proposed Order attached hereto as **Exhibit A**, disallowing the Kasabwala Claim because he has already withdrew all of the cryptocurrency assets associated with his account.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

§ 157(b)(2), and pursuant to Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Wind Down Entity consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief sought herein are sections 105 and 502 of the Bankruptcy Code, and Bankruptcy Rule 3007.

## BACKGROUND

**I.  The Bankruptcy Cases and Bar Date**

4.  On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  Prior to the Petition Date through the Effective Date of the Plan (defined below), the Debtors managed and operated their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

5.  Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

6. On October 31, 2023, the Court entered its order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").[2]

7. On November 15, 2023, the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date"). As set forth in the Confirmation Order, as of the Effective Date, all Wind Down Assets vested in the Wind Down Entity, and David Maria was appointed to serve as the Plan Administrator managing the Wind Down Entity. *See* Confirmation Order at ¶¶ 17.G, 52.

8. Now that the Effective Date has occurred, the Plan Administrator is continuing the claims reconciliation process, and the wind down of the business operations and affairs of the Wind Down Entity.

II. **Schedules and Bar Date Order**

9. On June 5, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I.s 85–92] (collectively, the "Schedules").

10. On June 14, 2023, and June 23, 2023, the Debtors filed their amended schedules of assets and liabilities and statements of financial affairs [D.I.s 7–8 filed in Case No. 23-10598-BLS; D.I. 129 filed in Case No. 23-10597-BLS; D.I.s 142–143 filed in Case No. 23-10597-BLS] (collectively, the "Amended Schedules").

11. On May 24, 2023, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Motion") [D.I. 65], which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claim. [D.I. 107.]

12. In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors and customers. Through Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, the Debtors promptly served notice of the bar date on all creditors and customers, additionally providing the Debtors' customers with a customized Customer Proof Of Claim Form. [D.I. 201.] The Debtors further published the *Notice of Deadlines for Filing of Proofs of Claim* in CoinDesk's The Protocol Email Newsletter on June 14, 2023, June 21, 2023, June 28, 2023; in the Financial Times on June 16, 2023; in the Times of Malta on June 16, 2023; and in The Wall Street Journal on June 15, 2023. [D.I. 187.] On June 13, 2023, the Court entered its *Order Authorizing the Debtors to Honor Withdrawal of Cryptocurrency Assets by Customers* [D.I. 128] ("Withdrawal Order"), authorizing the Debtors to honor withdrawals initiated by customers while the bankruptcy cases were pending.

### III. The Kasabwala Claim

#### A. Mr. Kasabwala's Contacts with the Debtors

13. Mr. Kasabwala created an account with Bittrex, Inc. ("BUS") on January 20, 2021 and most recently accepted the BUS terms of service on June 16, 2023. Between June 16, 2023 and June 22, 2023, Mr. Kasabwala made five withdrawals, and left his account with a zero balance.

#### B. The Kasabwala Claim

14. On June 14, 2023, Mr. Kasabwala filed the Claim selecting Desolation Holdings and BUS as the debtors. Mr. Kasabwala lists a claim consisting of 1,869,680,836.883 BTT, 19,161.7458032 DOGE, 1.06367392 ETH, and 1.06367392 ETHW, with aggregate market value as of the petition date of $139,114,274,161.27.

15. Between June 16, 2023 and June 22, 2023, Mr. Kasabwala initiated five withdrawals, and following the withdrawals, his account has a zero balance.

## OBJECTIONS

### I. The Kasabwala Claim Should Be Disallowed Pursuant to Section 502(b)(1)

16. Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]"  11 U.S.C. § 502(b)(1).  Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

17. Here, Mr. Kasabwala's assets in his Bittrex account were withdrawn in full between June 16, 2023 and June 22, 2023.  Mr. Kasabwala has not, and never had, all the cryptocurrency that he listed in his Claim, let alone assets for a value of $139,114,274,161.27 in his Bittrex account.

18. Mr. Kasabwala has not articulated any other claims against BUS or any of the other Debtors.  To the extent any of Mr. Kasabwala's claims consist of damages, they are expressly disallowed pursuant to BUS' terms of service.

19. Section 17 of BUS' terms of service disclaim liability for incidental, consequential, and punitive damages, as set forth below:

> **17. DISCLAIMER OF DAMAGES**
> IN NO EVENT WILL BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS BE LIABLE FOR ANY INCIDENTAL, INDIRECT, SPECIAL, PUNITIVE, CONSEQUENTIAL OR SIMILAR DAMAGES OR LIABILITIES WHATSOEVER (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF DATA, INFORMATION, REVENUE, PROFITS OR

OTHER BUSINESS OR FINANCIAL BENEFIT] ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX), EVEN IF BITTREX HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

20. Additionally, BUS' terms of service also limit BUS' liability to the amount of fees paid by a customer to BUS in the 12 months preceding the event giving rise to the claim:

**18. LIMITATION OF LIABILITY**
IN NO EVENT WILL THE LIABILITY OF BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX] EXCEED THE AMOUNT OF THE FEES PAID BY YOU TO BITTREX UNDER THIS AGREEMENT IN THE TWELVE-MONTH PERIOD IMMEDIATELY PRECEDING THE EVENT GIVING RISE TO THE CLAIM FOR LIABILITY.

21. Pursuant to section 20 of BUS' terms of service, Washington law applies. The choice of law clause contained in BUS' terms of service is valid and enforceable. *See, e.g.*, *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 660 (Bankr. D. Del. 2003) (holding that a choice of law clause in a purchase order was enforceable under both federal common law and Delaware state law, and applying the law of the state set forth in the choice of law clause).

22. Under Washington law, disclaimers of damages and limitations on liabilities are generally enforceable, so long as they are conspicuous and where the counterparty has a reasonable opportunity to understand their terms. *See, e.g.*, *Puget Sound Fin., L.L.C. v. Unisearch, Inc.*, 146 Wash. 2d 428, 441 (Wash. 2002) (holding that a liability limitation clause was enforceable "as a

matter of law" because the clause was conspicuous and the counterparty has "a reasonable opportunity to understand the terms of the clause"); *Stokes v. Bally's Pacwest, Inc.*, 113 Wash. App. 442, 449-50 (Wash. 2002) (holding that a disclaimer of damages clause was enforceable because it was "conspicuous"). The clauses in BUS' terms of service are set out in all caps with bolded headings, and are easily understood. Therefore, to the extent that the Kasabwala Claim is for damages beyond the maximum liability set forth in section 18 of BUS' terms of service, it must be disallowed.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court: (i) sustain this Objection; and (ii) disallow the Kasabwala Claim.

| | |
|---|---|
| Date: November 20, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP**<br><br>*/s/ Kenneth Enos*<br>Kenneth Enos (Delaware Bar No. 4544)<br>Robert S. Brady (Delaware Bar No. 2847)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: kenos@ycst.com<br>Email: rbrady@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN<br>ADMINISTRATOR** |