IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| Desolation Holdings LLC, *et al.*,[1]<br>Debtors. | Case No. 23-10597 (BLS)<br>(Jointly Administered) |
| | Ref. D.I. 556 |

## REQUEST BY AMIRALI MOMENZADEH TO THE COURT FOR A COURT DIRECTIVE FOR TIMELY DOCUMENT PRODUCTION AND EXTENSION OF RESPONSE DEADLINE AND HEARING BY DEBTORS

**To the Honorable Judge Brendan L. Shannon,**

I am writing this letter to seek your intervention in a matter that requires immediate attention. I am confronted with a situation where I am obliged to respond to objection raised by debtors who are currently in possession of most, if not all, the necessary documents and evidence.

As a backdrop, Bittrex had previously granted me permission to open an account, verify it, and conduct trade on their platform (please see attached evidence). As a result, many of the points brought up in the debtor's objections are erroneous and misleading.

Given the circumstances, I am unable to provide a comprehensive response or defend my rights without the production of these documents or access to the evidence that debtors rely on.

Therefore, I respectfully request the court to:

1. Order the debtors to provide all information, documents and evidence requested in the document production.
2. Order the debtors to extend the response date and hearing date, as I do not currently possess the required documents to respond to the objections effectively.

Thank you for taking my request into consideration. I eagerly anticipate a favorable resolution.

**Respectfully submitted,**
Amirali Momenzadeh - *November 20, 2023*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

1

## Declaration

I, Amirali Momenzadeh, solemnly affirm under the threat of perjury under the statutes of the United States of America that the following declaration is accurate and truthful.

1. On the 6th of April, 2017, I communicated with Bittrex stating, "I am from Iran and will trade from my country." In return, Bittrex replied on the same date, 6th April 2017, advising me that "you can trade but please be sure to perform enhanced verification."

2. I certify that I verified and enhanced my account using an Iranian address and Iranian passport. Bittrex was cognizant of my Iranian address and passport, and they granted me approval for account verification for usage in and from Iran, similar to many other Iranian users.

3. I confirm that I provided ample documentation, including my passport, a rental agreement from Turkey, and a utility bill from Turkey, yet Bittrex declined to enable my account and grant me withdrawal permissions.

4. I confirm that I submitted the Claims in a timely manner, before the bar date, and via the officially designated claims agent in this case, OmniAgent Solutions. My electronic filing of the Claims is legally recognized as my approved signature. In fact, these Claims were recorded and assigned claim numbers by the Claims Agent.

November 20, 2023

Amirali Momenzadeh

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re:  Desolation Holdings LLC, *et al.*,[1]  Debtors. | Chapter 11  Case No. 23-10597 (BLS)  (Jointly Administered) |
|---|---|

## REQUEST BY AMIRALI MOMENZADEH TO THE DEBTORS FOR THE PRODUCTION OF DOCUMENTS

AmirAli Momenzadeh ("Mr. Momenzadeh"), pursuant to Rules 26, and 34 of the Federal Rules of Civil Procedure, made applicable in the above-captioned case by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, hereby requests from the Debtors the following Requests for Production of Documents (the "Document Requests"), and requests that the Debtors provide answers to the Document Requests to undersigned person **on or before November 22, 2023.**

### INTRODUCTION

1. Debtors are requested to produce all documents described below that are within their possession, custody, or control or in the possession, custody, or control of their agents, representatives, or any other person or entity acting or purporting to act on their behalf.
2. Debtors are required to produce all encompassing documents, which includes attachments, enclosures, cover letters, memos, and appendices. Even if certain documents do not directly respond to this request, they must still be produced if they are attached to or enclosed with any document that is responsive. This could include email attachments, routing slips, transmittal memos or letters, comments, evaluations, or similar documents. Specifically in the case of email attachments, if either the email or any of its attachments is responsive, both the email and all corresponding attachments must be produced.
3. Debtors are required to produce the following requests for production in their entirety and articulate in writing the connection between Mr. Momenzadeh's requests for production and the relevance of all documents to the case. Failure to respond to any specific point raised by Mr. Momenzadeh will result in the associated statement in the objection being deemed invalid and void, pursuant to the conditions stated.
4. For every document that is withheld due to a claim of privilege, kindly provide a log that identifies the document and includes: (a) the date of the document; (b) the identity of the person who authored or prepared the document; (c) the identity of everyone who received, possessed, or had custody of the document; (d) a description of the document, including any attachments or appendices; (e) an explanation of the grounds for the claim of privilege; and (f) the paragraph of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

1

this request that the document responds to. If the document pertains to a meeting or conversation, please identify all participants.

5. Each document should be produced in a way that clearly indicates its original location or file.
6. If a document cannot be fully produced, please produce as much as possible, specify the part that cannot be produced and explain why the remainder cannot be produced.
7. You are expected to produce electronically stored information (ESI) in a searchable format, which will be mutually agreed upon by the parties and in line with a protocol that the parties will establish (referred to as the "ESI Protocol").
8. All documents must be produced electronically and/or in their original format, consistent with the ESI Protocol.
9. Headings of sections are for convenience only and shall not be used to limit or construe such sections.
10. If any of these points are found to be invalid or cannot be enforced, it won't impact the validity or ability to enforce the other sections or parts. All others will continue to be fully effective.
11. As per Federal Rules of Bankruptcy Procedure Rule 7026(e), these Requests are ongoing. Therefore, supplemental responses are expected if you obtain additional information after your initial response.
12. The use of singular or plural terms is not intended to limit the scope of the request. The singular includes the plural, and vice versa.
13. The terms "and" and "or" are interchangeable and should be interpreted in a manner that broadens the scope of each request to include responses that might otherwise be considered outside its scope.
14. Please ensure all documents are produced and delivered within the stipulated time frame. Non-compliance or delay beyond the deadline will be viewed seriously, and we reserve the right to escalate the matter to court for non-compliance.
15. If Debtors object to a portion of a request, they must provide the reasoning for their objections, and still produce all documents demanded by the part of the request to which they do not object. If there are no documents that respond to a specific document request, a written response stating the absence of responsive documents should be provided.
16. The capitalization of words does not affect their intended meaning in the context of these requests. All points are to be understood as they are presented, regardless of whether they are capitalized or not.

## DEFINITIONS APPLICABLE TO ALL DOCUMENT REQUESTS

1. The term "**All**" is expansive, encompassing both the collective and singular forms. It equates to "each," "any," and "every," with these terms being interchangeable.
2. "**Mr. Momenzadeh**" refers to Mr. AmirAli Momenzadeh or amir.ali.momenzadeh@gmail.com.
3. "**Communication**" is defined as the disclosure, transfer, or exchange of information in any form, whether oral or documented, and through any means including, but not limited to, face-to-face interactions, telephone, electronic mail, mail, electronic messaging application, fax, or personal delivery.
4. "**Debtors**" or "**Debtor**" refers to Desolation Holdings LLC, Bittrex, Inc., Bittrex Malta Holdings Ltd., Bittrex Malta Ltd., Bittrex Global (Bermuda) Ltd, Bittrex Global GmbH (Liechtenstein), Bittrex Global, Bittrex INTL, Bittrex International and Bittrex International Inc. This includes

2

their affiliates, divisions, subgroups, parent corporations, predecessors in interest, successors, assignees, agents, legal representatives, trustees, attorneys, consultants, and all representatives and other persons acting on their behalf, as well as current and previous officers, directors, shareholders.

5. **"Bittrex"** refers to Bittrex, Inc., and/or Bittrex Malta Ltd., and/or Bittrex International Inc. This includes their affiliates, divisions, subgroups, parent corporations, predecessors in interest, successors, assignees, agents, legal representatives, trustees, attorneys, consultants, and all representatives and other persons acting on their behalf, as well as current and previous officers, directors and shareholders.
6. **"Account"** means any account that Mr. Momenzadeh opened with any of the Debtors.
7. **"Document"** is construed in the broadest sense as per Rule 34(a) of the Federal Rules of Civil Procedure (applicable via Rule 7034 of the Federal Rules of Bankruptcy Procedure). This includes, without limitation, all forms of media where information is recorded or stored, such as written, printed, typed, photostatic, photographed, magnetic or optical storage media for computers, and reproduced communication or representation in any form. This includes but is not limited to all writings, drawings, graphs, charts, photographs, audio and visual recordings, microfilm, data compilations, computer databases, supporting documents for computer entries, computer diskettes, CD-ROMs, electronic mail or "email," file menus, Zendesk, support system, directories, distribution lists, acknowledgments of receipt, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, agreements, contracts, projects, estimates, working papers, summaries, statistical statements, financial statements, work papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions of reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, calendars, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or other communications of any type, including telephone conversations, inter- and intra-office communications of any type, questionnaires, surveys, films, tapes, computer tapes, back up computer tapes, disks, data cells, drums, printouts, and other data compilations from which information can be obtained (translated, if necessary, by the responding entity into a usable form), and any preliminary versions, drafts, or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by you (Debtors) or anyone else, including non-identical copies of any of the foregoing now in your possession, custody, or control.
8. **"Asset"** refers to any cryptocurrency, Defunct/Delisted Crypto, crypto coins, and personal information obtained through KYC (Know Your Customer) procedures.
9. **"Objection"** means the objection filed by debtors under docket number Doc 556 and Doc 557 on November 13, 2023.
10. **"Communication"** refers to the transmission of any form of information, including but not limited to facts, ideas, inquiries, and other forms. This includes all modes of delivery, such as verbal, written, visual, electronic, and any documentation that records such communication. This documentation would include, but is not limited to, letters, memos, call logs, electronic mail, journals, daily schedules, or other records of interactions between individuals.
11. **"Relate"** and **"Relating"** generally refer to the establishment of a connection or association between two or more things. They can indicate a variety of interactions, from analyzing,

3

commenting on, dealing with, describing, evidencing, or referring to a particular subject, to substantiating, supporting, or showing something in relation to that subject. The connection or association can be either in whole or in part, and can be any logical or factual link to the subject, whether the implications of that connection are positive or negative.

4

## REQUESTS FOR PRODUCTION

**OFAC and Iranian Sanctions**

1. Provide all documents, communications and evidence showing that Bittrex, Inc. and Bittrex Malta and/or Bittrex International reported Mr. Momenzadeh's account, email, and assets to the Office of Foreign Assets Control (OFAC).
2. Provide all documents, communications and evidence demonstrating that Bittrex, Inc. applied for a license for or on behalf of Mr. Momenzadeh. This includes, but is not limited to, the data and Excel file attached to their OFAC license application.
3. Provide all documents, communications and evidence indicating that Bittrex Malta applied for a license for or on behalf of Mr. Momenzadeh. This includes, but is not limited to, the data attached to their OFAC license application.
4. Provide all OFAC licenses issued under the name of Bittrex Malta and/or Bittrex, Inc.
5. Provide all documents, communications, legal grounds, or evidence showing that Bittrex, Inc. and Bittrex Malta were obligated to apply for a license with the Office of Foreign Assets Control (OFAC).
6. Provide any documents, communications, or evidence that OFAC requested or ordered Bittrex to apply for a license under Bittrex Inc., Bittrex Malta, or any other associated debtor name. If the request was oral, we require the name of the person who made the request. If it was written, please provide the letter or any relevant documents. If you are unable to provide the document, you must provide the details of the document, including the letter number, date, person, and other details that we can use to request validation from OFAC.
7. Provide any legal ground including but not limited to the codes or regulations that based on them, Debtors blocked the account of Mr. Momenzadeh and his assets.
8. Provide all documents, communications and evidence related to the Debtors' communications, correspondence and proceedings with the United States' Office of Foreign Asset Control and Bittrex, since the account/asset blocking.
9. Provide all documents, communications and evidence that proves Debtors informed Mr. Momenzadeh by email about the OFAC permission and relief to withdraw his assets in the specific time period.

**Account Management and Regulations:**

10. Provide all documents, communications and evidence related to allowing Mr. Momenzadeh to open an account with the Debtor(s).
11. Provide all documents, communications and evidence, contracts, agreements and technical logs related to Mr. Momenzadeh's approval process for opening and accessing Mr. Momenzadeh's account(s) with the Debtors including but not limited to incomplete verifications and Jumio generated reports and documents.
12. Provide all documents, communications and evidence and technical logs related to disabling, suspending, restricting, terminating, or blocking Mr. Momenzadeh account(s) and assets with the Debtors, including but not limited to Jumio generated reports and documents.

**Communications and Agreements:**

13. Provide all documents, communications and evidence and correspondence, including but not limited to slack and email communications, agreements, and contracts between Mr. Momenzadeh and the Debtors and its founders, directors and officers.
14. Provide all documents, communications and evidence, and correspondence related to Mr. Momenzadeh's Account(s) involving the Debtors, Bittrex Global GmbH (Liechtenstein), and Bittrex Global (Bermuda) Ltd.
15. All documents, communications and evidence between debtors teams and other personnel or directors involved in the case of Mr. Momenzadeh account.
16. All internal communications and evidence prior to any response or determination not to respond or respond to Mr. Momenzadeh correspondence in any medium including but not limited to correspondence of Mr. Momenzadeh with debtors by email, support system or any social media.
17. All documents, communications and evidence, including screenshots or communications from the email service provider detailing campaign specifics or campaign lists including Mr. Momenzadeh email and information in good readable quality.

**Asset Management:**

18. Provide all documents, communications and evidence related to contributions made to the Debtor's estate through sanctioned accounts and Mr. Momenzadeh's assets.
19. Provide all documents, communications and evidence related to the transfer and withdrawal of Mr. Momenzadeh's assets between the Debtors' entities and regulatory authorities or any third parties.
20. Provide all documents, communications and evidence related to the Debtors' actions and procedures on frozen accounts due to US Office of Foreign Asset Control regulations or sanctions.
21. Provide all documents, communications and evidence and all wallets that hold assets and crypto assets of Mr. Momenzadeh, including the ownership status of these wallets since account blocking till now
22. Provide all transaction history of Mr. Momenzadeh's assets from account opening till today, including the internal transfer between Debtors hot wallets and cold wallets and also custody process, wallets holding the assets, and clarification if these are segregated or held in hot or cold wallets, including the ownership status of these wallets.
23. Provide all documents, communications and evidence related to Debtor's business dealings that involve customer funds or Mr. Momenzadeh's funds, particularly any partnerships or loan agreements with companies including but not limited to Genesis Trading and Alameda Research.
24. Provide all documents, communications and evidence of public addresses showing that since account opening, Mr. Momenzadeh's assets were 1:1 backed by Debtors assets, and that Debtors did not provide loans internally or externally.
25. Provide all documents, communications and evidence related to the delisted coins of Mr. Momenzadeh (including the wallet addresses) and the last transaction made on such coins on Debtors wallets and the status of the remaining coins.

26. Provide all documents, communications and evidence regarding rewards belonging to the holding of Mr. Momenzadeh.
27. Please provide all documents, communications and evidence related to Mr. Momenzadeh's trade and order transactions. This should include information about the parties he bought from or sold coins to, whether Debtors was involved in his trades, and details about how orders were fulfilled. Also, we need information about who exactly the parties involved were - whether they were individuals, US persons, Debtors entities or founders.

**Preparation and References:**

28. Provide all documents, communications and evidence utilized or referenced in preparation of the Debtor's answers to these Document Requests
29. Provide all documents, communications and evidence related to the facts, claims, allegations, and conduct alleged in Mr. Momenzadeh's Proof of Claim and the Debtors' Objection to Mr. Momenzadeh's Proof of Claim. This request specifically incorporates, but is not limited to, points 12, 15, 17, and 19 of the Debtor's objection to Mr. Momenzadeh. Furthermore, it includes any sentences, points, or arguments that were referenced in connection with this objection.

Dated: Nov 19, 2023

Respectfully submitted,

AmirAli Momenzadeh
amir.ali.momenzadeh@gmail.com

7

## NOTICE

I RECOGNIZE THAT THE GIVEN "REQUEST FOR PRODUCTION" DEADLINE IS LIMITED. HOWEVER, DUE TO THE URGENCY OF THIS MATTER, I AM UNABLE TO RESPOND THOROUGHLY TO OBJECTIONS WITHOUT THE REQUESTED DOCUMENTS. THEREFORE, IT'S IMPERATIVE FOR ME TO SUBMIT THESE DOCUMENTS PROMPTLY.

IF YOU NEED MORE TIME TO FULFILL MY REQUEST, IT IS YOUR RESPONSIBILITY TO FIRST TRY AN EXTENSION FOR THE DEADLINE TO MY OBJECTIONS. FAILURE TO RESPOND IN A TIMELY MANNER, OR SUBMITTING SUB-PAR DOCUMENTS THAT DO NOT MEET THE REQUEST, MAY LEAD TO LEGAL IMPLICATIONS.

FURTHERMORE, ANY ATTEMPT TO CIRCUMVENT MY RIGHTS UNDER THE RULES AND REGULATIONS BY DELIVERING INCOMPLETE OR UNSATISFACTORY DOCUMENTS WILL NOT BE TOLERATED. IN SUCH INSTANCES, YOU WILL BE HELD ACCOUNTABLE, AND I RETAIN THE RIGHT TO COMMENCE ADDITIONAL LEGAL PROCEEDINGS AGAINST YOU.

IF YOU WISH FOR ME TO UNDERTAKE DOCUMENT PRODUCTION OR ANY OTHER ACTIONS, IT WOULD BE PRUDENT TO EXTEND THE DEADLINE FOR THE OBJECTION RESPONSE INITIALLY. IF NOT, THE DEADLINE SET BY YOU MIGHT NOT BE PERCEIVED AS FAIR. FURTHERMORE, AS A CUSTOMER OF DEBTORS SINCE 2017, I HAVE PROVIDED ALL NECESSARY DOCUMENTS TO THEM. IT IS CLEAR THAT THE DEBTOR HOLDS ALL RELEVANT DOCUMENTS IN THEIR POSSESSION AS THEY ARE MY SERVICE PROVIDER. I DO NOT POSSESS ANY ADDITIONAL DOCUMENTS THAT COULD SUPPORT MY CLAIM APART FROM A FEW EMAILS IN THE DEBTOR'S POSSESSION AND PUBLICLY AVAILABLE DOCUMENTS. THUS, I BELIEVE SUPPLYING THE REQUESTED DOCUMENTS WOULD ENSURE FAIRNESS FOR BOTH PARTIES.

I TRUST YOU COMPREHEND THE GRAVITY OF THIS SITUATION AND ANTICIPATE YOUR FULL COOPERATION. IF THERE ARE ANY ELEMENTS OF OUR REQUEST THAT REMAIN UNCLEAR, PLEASE LIAISE WITH ME DIRECTLY FOR FURTHER CLARIFICATION.

Re: In re: Desolation Holdings LLC, et al., Case # 23-10597-BLS



