**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |
| | Hearing Date: December 13, 2023 at 10:00 a.m. (ET)<br>Objection Deadline: December 6, 2023 at 4:00 p.m. (ET) |

**MOTION TO WITHDRAW MONTHLY FEE STATEMENTS
FILED BY QUINN EMANUEL URQUHART & SULLIVAN, LLP AND
FILE REDACTED MONTHLY FEE STATEMENTS AND REDACTED FUTURE
MONTHLY FEE STATEMENTS**

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity") hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, to withdraw the *First Monthly Fee Statement of Quinn Emanuel Urquhart & Sullivan, LLP as Co-Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period from May 8, 2023, through May 31, 2023* (the "First Monthly Fee Statement") (D.I. 145); the *Second Monthly Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP as Co-Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2023, through June 30, 2023* (the "Second Monthly Fee Statement") (D.I. 238); and the *Third Monthly Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP as Co-Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period from July 1, 2023, through July 31, 2023* (the "Third Monthly Fee Statement" and together with the First Monthly Fee Statement and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

the Second Monthly Fee Statement, the "Monthly Fee Statements") (D.I. 344) and file redacted versions of the Monthly Fee Statements and any future monthly fee statements (the "Future Monthly Fee Statements") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of this Motion, the Plan Administrator relies upon the *Declaration of Robert Zink in Support of Plan Administrator's Motion to Withdraw Monthly Fee Statements Filed By Quinn Emanuel Urquhart & Sullivan, LLP and File Redacted Monthly Fee Statements And Redacted Future Monthly Fee Statements* (the "Zink Declaration")[2] filed contemporaneously herewith, and respectfully represent and state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference form the United States District Court for the District of Delaware.  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plan Administrator confirms his consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Zink Declaration.

3. The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1.

## GENERAL BACKGROUND

4. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors were authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

5. Additional factual background relating to the Debtors' business and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

6. On October 31, 2023, the Court entered its order [D.I. 517] (the "Confirmation Order") confirming the Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates (the "Plan").

## BACKGROUND TO THE RELIEF REQUESTED

7. On June 23, 2023, Quinn Emanuel Urquhart & Sullivan, LLP, co-counsel to the Debtors ("Quinn Emanuel") filed its First Monthly Fee Statement (D.I. 145). On August 2, 2023, Quinn Emanuel filed its Second Monthly Fee Statement (D.I. 238) and on September 14, 2023, Quinn Emanuel filed its Third Monthly Fee Statement (D.I. 344).

8. On October 12, 2023, Quinn Emanuel realized that the Monthly Fee Statements were inadvertently filed without redactions and that confidential information was made public.

9. On October 18, 2023, Young Conaway Stargatt & Taylor, LLP ("YCST"), co-counsel to the Debtors contacted the Court and explained that highly sensitive and confidential

information was included in the time entries of the Monthly Fee Statements.  The Court restricted the Monthly Fee Statements from public view.  Concurrently, the Monthly Fee Statements were removed from the website of Omni Agent Solutions.

## BASIS FOR RELIEF

10. Through this Motion, the Plan Administrator requests that the Court grant the withdrawal of the Monthly Fee Statements that were previously filed with the Court and permit the Plan Administrator to file under seal unredacted copies of the Monthly Fee Statements previously filed and all Future Monthly Fee Statements.

11. Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect an entity from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b).  Additionally, section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

12. "Rule 9018 of the Rules of Bankruptcy Procedure gives a bankruptcy court the power '[o]n motion or on its own initiative, with or without notice' to 'make any order which justice requires … to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code.'" *In re Peregrine Sys., Inc.*, 311 B.R. 679, 690 (D. Del. 2004) (quoting Fed. R. Bankr. P. 9018).  "For purposes of section 107(b) and Rule 9018, scandalous or defamatory material has been defined as material that would cause 'a reasonable person to alter their [sic] opinion of [a party] based on the statements therein, taking those statements in the context in which they appear.'" *In re Gitto/Glob. Corp.*, 321 B.R. 367, 374 (Bankr. D. Mass.) (quoting *In re Phar-Mor, Inc.*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995)), *aff'd sub nom. In re Gitto Glob. Corp.*, No. CIV.A 05-10334-DPW, 2005 WL 1027348 (D. Mass. May 2, 2005), *aff'd*, 422 F.3d 1 (1st Cir. 2005). "Every court has supervisory power over its own records and files, and

access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-98 n. 8 (1978). "Examples of a court limiting access include where records contain confidential business information or could be used to promote public scandal; indeed, 'courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption.'" *In re Pha-Mor, Inc.*, 191 B.R. at 679 (quoting *Nixon v. Warner Comm.*, 435 U.S. 589 at 597-98 n.8).

13. There is a strong presumption in favor of public access to court records. *See Nixon v. Warner Comm.*, 435 U.S. at 597-98, 602. However, sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorize this Court to limit public access to information for the purpose of protecting internal matters pertaining to the administration of these Chapter 11 Cases whose unqualified disclosure could cause unwarranted speculation and interfere with the ongoing investigation (as described in the Zink Declaration).

14. Accordingly, the Plan Administrator respectfully asks the Court for authority to redact and file under seal the Monthly Fee Statements previously filed and all Future Monthly Fee Statements to be filed during the pendency of these Chapter 11 Cases.

**NOTICE**

15. Notice of this Motion has been provided to: (a) the U.S. Trustee; and (b) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Plan Administrator respectfully submits that no other or further notice need be provided.

| | |
|---|---|
| Date: November 27, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |