# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.,*[1]<br><br>Wind Down Entity. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>December 13, 2023 at 10:00 a.m. (ET)<br>**Objection Deadline:**<br>December 6, 2023, at 4:00 p.m. (ET) |

## PLAN ADMINISTRATOR'S OMNIBUS MOTION FOR A PROTECTIVE ORDER REGARDING REQUESTS FOR THE PRODUCTION OF DOCUMENTS FROM CERTAIN IRANIAN CUSTOMERS TO THE DEBTORS

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), hereby submits this omnibus motion (the "Motion") for a protective order regarding (i) *Request by Amir Ali Momenzadeh to the Debtors For the Production of Documents* (the "Momenzadeh Production Request"); (ii) *Formal Request of Adel Abbasi for the Production of Documents* (the "Abbasi Production Request"); and (iii) *Formal Request by Shahriar Arabpour to the Debtors for the Production of Documents* (the "Arabpour Production Request," and, together with the Momenzadeh Production Request and the Abbasi Production Request, the "Production Requests"), the proposed form of which is attached hereto as **Exhibit A**. In support of this Motion, the Plan Administrator submits the *Declaration of Patricia B. Tomasco in Support of the Plan Administrator's Omnibus Motion for a Protective Order Regarding Requests for the Production*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

*of Documents from Certain Iranian Customers* (the "Tomasco Declaration" or "Tomasco Decl."), and represents as follows:

### RELIEF REQUESTED

1. The Plan Administrator hereby seeks entry of an order, substantially in the form attached hereto, relieving them from the burden of responding to (i) the Momenzadeh Production Request, *see* Tomasco Decl., Exhibit B, served by Amir Ali Momenzadeh ("Mr. Momenzadeh") on November 19, 2023 in connection with the *Debtors' Objection to Claims C598-1001, C598-1006, C598-1110, C598-10651, C599-47, C599-48, C599-49, C599-56, C600-107, C600-109, and C600-120 Filed by Amir Ali Momenzadeh Pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007* [D.I. 556] (the "Momenzadeh Claim Objection"); (ii) the Abbasi Production Request, *see* Tomasco Decl., Exhibit C, served by Adel Abbasi ("Mr. Abbasi") on the Debtors on November 20, 2023 in connection with the *Debtors' Objection to Claims C598-981, C598-982, C598-1005, C598-1102, C598-1104, C598-1200, C599-43, C599-44, C599-55, C599-10030, C600-102, C600-104, and C600-119 Filed by Adel Abbasi Pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007* [D.I. 558] (the "Abbasi Claim Objection"); and (iii) the Arabpour Production Request, *see* Tomasco Decl., Exhibit D, served by Shahriar Arabpour ("Mr. Arabpour") on November 25, 2023 in connection with the *Debtors' Objection to Claims C598-1002, C598-1004, C598-1107, C598-10646, C599-45, C599-46, C599-10027, C600-105, C600-106, and C600-10085 Filed by Shahriar Arabpour Pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007* [D.I. 554] (the "Arabpour Claim Objection," and,

together with the Momenzadeh Claim Objection and the Abbasi Claim Objection, the "Claim Objections").[2]

2. As detailed below, the Production Requests—served by Mr. Momenzadeh, Mr. Abbasi, and Mr. Arabpour (together, the "Iranian Claimants") purportedly in connection with the Claim Objections—seek documents and information well beyond the appropriate scope of discovery. Specifically, the Production Requests defy the Federal Rules of Civil Procedure by demanding document production within as little as one to three days, including weekends, seek to impose burden on the Debtors greater than that encompassed by the relevant federal rules, fail to justify the requests that largely do not appear to be connected to the specific issues raised by the Debtors in their Claim Objections, are overbroad, not proportional to the amounts in controversy, and seek confidential information regarding other customers and frankly privileged information to be disclosed to an unrepresented party in a foreign country.

3. In spite of the deficiencies of the Production Requests, the Plan Administrator agrees to voluntarily produce to the Iranian Claimants the documents pertaining to their specific accounts with the Debtors, consisting of the Zendesk support tickets for each Iranian Claimant individually as well as historical account balances, and move to quash the parts of the Production Requests that exceed the proper scope of discovery, as enumerated above and discussed below.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

---

[2] Capitalized terms used and not defined herein shall bear the meanings ascribed to such terms in the respective Claim Objections.

5.   The statutory predicate for the relief requested herein is section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules") as made applicable by Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014 (the "Bankruptcy Rules"), and rules 7026-1, 7026-2, and 7026-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

6.   On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors were authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

7.   Additional factual background relating to the Debtors' business and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

8.   On October 31, 2023, the Court entered its order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").

9.   On November 13, 2023, the Debtors filed the Arabpour Claim Objection, the Momenzadeh Claim Objection, and the Abbasi Claim Objection.

10.   On November 15, 2023, the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date"). As set forth in the Confirmation

Order, as of the Effective Date, all Wind Down Assets vested in the Wind Down Entity to be managed by the Plan Administrator. *See* Confirmation Order at ¶¶ 17.G, 52.

11. On Sunday, November 19, 2023, Mr. Momenzadeh served on the Plan Administrator's counsel by email the Momenzadeh Production Request, copying the U.S. Trustee and demanding production by Wednesday, November 22, 2023.

12. The day after serving on the Plan Administrator's counsel the Momenzadeh Production Request and without attempting to meet an confer with the Plan Administrator's counsel, on November 20, 2023, Mr. Momenzadeh filed with the Court a motion to compel production styled as *Amirali Momenzadeh's Request to the Court for a Court Directive for Timely Document Production and Extension of Response Deadline and Hearing by Debtors* [D.I. 616].

13. On Monday, November 20, 2023, Mr. Abbasi served on the Plan Administrator's counsel by email the Abbasi Production Request, with a copy to the U.S. Trustee, and demanding production by Wednesday, November 22, 2023.

14. In addition to the Abbasi Production Request, Mr. Abbasi sent by email to the Plan Administrator's counsel, with copies to the U.S. Trustee and on at least one occasion to the Debtors, several inflammatory letters styled as court pleadings (but not filed on the docket) and alleging a variety of improprieties on the part of the Debtors and their counsel: (i) First Formal Demand by Adel Abbasi to the Counsel of the Debtors For Adherence to Ethical and Legal Standards in Representation, dated November 20, 2023, *see*, along with the cover email, Tomasco Decl., Exhibits E and F; (ii) Second Formal Demand by Adel Abbasi to the Counsel of the Debtors For Adherence to Ethical and Legal Standards in Representation, dated November 21, 2023, *see*, along with the cover email, Tomasco Decl., Exhibits G and H; (iii) Third Formal Demand by Adel Abbasi to the Counsel of the Debtors For Adherence to Ethical and Legal Standards in

Representation, dated also November 21, 2023, *see*, along with the cover email, Tomasco Decl., Exhibits I and J; and (iv) Fourth Formal Demand by Adel Abbasi to the Counsel of the Debtors For Adherence to Ethical and Legal Standards in Representation, dated November 22, 2023, *see*, along with the cover email, Tomasco Decl., Exhibits K and L.

15. On Wednesday, November 22, 2023, the unilateral and unprecedented deadline for document production, the Plan Administrator responded to the Momenzadeh Production Request (*see* Tomasco Decl., Exhibit M) and to the Abbasi Production Request (*see* Tomasco Decl., Exhibit N) by requesting withdrawal of the Production Requests by November 23, 2023, and offered to discuss same with each Mr. Abbasi and Mr. Momenzadeh.

16. Mr. Abbasi responded in writing on November 23, 2023, demanding compliance with the Production Request, again copying the U.S. Trustee, and giving the Plan Administrator a deadline to answer within 24 hours, i.e., the morning of and the morning after a federal holiday. *See* Tomasco Decl., Exhibit O.

17. Mr. Abbasi included the U.S. Trustee in all correspondence with the Plan Administrator, and additionally announced to the U.S. Trustee that he would "solely share with [the U.S. Trustee] some crucial information and evidence." *See* Tomasco Decl., Exhibit P. The Debtors are not aware to what "information and evidence" Mr. Abbasi might be referring.

18. Mr. Momenzadeh responded to the Plan Administrator's response in writing with a letter resembling that of Mr. Abbasi on November 25, 2023. *See* Tomasco Decl., Exhibit Q. Mr. Momenzadeh's response included a request of the U.S. Trustee to become involved in his discovery requests. *Id.*

19. On Saturday, November 25, 2023, Mr. Arabpour served on the Plan Administrator's counsel by email the Arabpour Production Request, demanding production by Sunday, November 26, 2023. *See* Tomasco Decl., Exhibit D.

20. On Monday, November 27, 2023, Mr. Abbasi responded to the Plan Administrator's objection to the Abbasi Production Request. *See* Tomasco Decl., Exhibit R.

21. The same day, Mr. Abbasi responded to the Abbasi Claim Objection *See* Tomasco Decl., Exhibit S.

22. Also on Monday, November 27, 2023, Mr. Momenzadeh responded to the Momenzadeh Claim Objection. *See* Tomasco Decl., Exhibit T.

23. The same day, November 27, 2023, Mr. Arabpour responded to Arabpour Claim Objection. *See* Tomasco Decl., Exhibit U.

24. Mr. Abbasi, Mr. Momenzadeh and Mr. Arabpour submitted extensive and remarkably similar Production Requests in spite of purporting to be proceeding *pro se*.[3] The requested documents include confidential and privileged information, including OFAC-related documents and information pertaining to other Iranian users and customers, which should not be disclosed to non-attorney *pro se* claimants alleging to be residing in a foreign country (though they never conclusively established where they reside). The Production Requests also seek production of documents from the Plan Administrator with a deadline set between one weekend day and two business days from email service of the Production Requests

25. Mr. Abbasi served the Abbasi Production Request among a flurry of "Formal Demands" to the Plan Administrator's counsel "for adherence to ethical and legal standards in representation," emailed to the Plan Administrator's counsel, to the United States Trustee, and on

---

[3] The scope of the Production Requests also tracks in scope and direction the production request submitted to the Debtors by another Iranian claimant, Azim Ghader, who is represented by counsel.

at least one occasion to the Plan Administrator, accusing the Debtors and the Debtors' counsel of a range of improprieties, and threatening with "escalating this matter to the authorities or the court until I hear back from you." *See* Tomasco Decl., Exhibits E–L.

26. Within the deadline to produce documents set arbitrarily by Mr. Momenzadeh and Mr. Abbasi on November 22, 2023, two business days after the service of the Production Requests, the Plan Administrator objected to the Production Requests and offered to discuss same with each Mr. Abbasi and Mr. Momenzadeh. Instead, both Mr. Abbasi and Mr. Momenzadeh sent further letters to Plan Administrator's counsel and the U.S. Trustee demanding compliance with the Production Requests, with Mr. Abbasi demanding a reply within 24 hours, i.e., the morning after the federal holiday of Thanksgiving (which is itself a federal holiday). Mr. Momenzadeh's response included allegations of "inconsistencies with how the debtors and their counsel are conducting themselves in court proceeding," and a request for an involvement of the U.S. Trustee. Mr. Abbasi included the U.S. Trustee in all his correspondence with the Plan Administrator and announced that he would "solely share with [the U.S. Trustee] some crucial information and evidence." The Plan Administrator is not aware to what "information and evidence" Mr. Abbasi might be referring.

27. Mr. Arabpour provided his reply to the Arabpour Claim Objection the first business day after the Arabpour Production Request. *See* Tomasco Decl., Exhibits D and W.

28. It is unclear how the various documents requested in the Production Requests would support the claims of Mr. Abbasi, Mr. Momenzadeh, and Mr. Arabpour. Rather, the Production Requests further a fishing expedition with the stated goal of delaying the resolution of their claims asserted against the Debtors. The cost of responding to the Production Requests plainly exceed the account balances held by the Iranian Claimants several fold.

29. The Production Requests exceed the scope of appropriate discovery, waste the parties' resources and time, plainly exceed the relatively small account balances held by the Iranian Claimants, and must be viewed as harassing and posited for an improper purpose. The Court should quash the Production Requests exceeding the information reasonably related to the Iranian Claimants' accounts reflected in the Zendesk customer support tickets and historical account information (that the Plan Administrator has or will produce) and enter a protective order.

## ARGUMENT

30. The Production Requests bear virtually no relation to the issues before the Court in connection with the Claim Objections, and the Iranian Claimants cannot convincingly explain otherwise. Discovery tools are not to be used for ulterior motives or improper purposes, and the scope of appropriate discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).[4] Further, Bankruptcy Rule 7026(b)(1) limits discovery requests to "any nonprivileged matter that is relevant to any party's claim or defense ***and proportional to the needs of the case***." *In re Anderson News, LLC*, 615 B.R. 45, 50 (Bankr. D. Del. 2020) (emphasis added).

31. "A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . .. The court may, for good cause, issue an order to protect a party or person from . . . oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Pursuant to Federal Rule of Civil Procedure 26, made applicable in relevant part to this proceeding through Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, courts have broad

---

[4] The Debtors reserve the right to assert any and all applicable privileges or other protections.

discretion to issue a protective order forbidding or limiting discovery, including where the information sought is not relevant to the issues before the court. Fed. R. Civ. P. 26(c); *see, e.g., In re Skyport Glob. Commc'ns, Inc.*, 408 B.R. 687, 691 (Bankr. S.D. Tex. 2009) (quoting *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n. 27 (5th Cir. 1999)); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (affirming protective order where no discovery was needed to resolve the issues before the court); *Ill. Union Ins. Co. v. La. Health serv. & Indem. Co.*, Case No. 16-6604, 2017 U.S. Dist. LEXIS 176451, at *15-18 (E.D. La. Apr. 13, 2017) (granting a request for a protective order where the requests "seek much that is not relevant to the claims and defenses, and are beyond what is necessary and beneficial to resolution of this case."); *In re Starkweather,* Case No. 20-10717-t7, 2021 Bankr. LEXIS 1029, at *10-13 (Bankr. D.N.M. Apr. 16, 2021) (issuing protective order where requested information "has no bearing" on the issue before the court); *Boyer v. Taylor*, 2009 U.S. Dist. LEXIS 66335, at *31 (D. Del. July 30, 2009) (granting request for protective order where the discovery requests were excessive and went beyond the scope of appropriate discovery).

32. Under these principles, the Court should issue a limited protective order against the Production Requests. It would be disproportionate and wasteful to force the Plan Administrator to object individually to each and every of one of the extensive document requests from the Iranian Claimants, such as those pertaining to the OFAC sanctions or other Bittrex customers, or to produce privilege logs to unrepresented claimants who may not grasp the concept of privilege and confidentiality.

33. The Plan Administrator already expended significant time and resources analyzing the Production Requests and the available information, informally objecting to the Production Requests, and preparing a subset of documents for voluntary production. Despite these extensive

efforts, the Iranian Claimants have failed to link far-flung requests regarding other customers or the history of the OFAC sanctions to the matter before this Court: whether the Iranian Claimants filed duplicative, inaccurate, and unsupported claims that far exceed the balances on the Debtors' books and records. Complying with the Production Requests as presented would be a needless fishing expedition that would do nothing but waste the time of all involved. Under these circumstances, the Production Requests, to the extent exceeding information pertaining to the Iranian Claimants' accounts with the Debtors, are unduly burdensome and disproportionate to the needs of these contested matters. *See Murillo Modular Grp., Ltd. v. Sullivan*, 2016 WL 6139096, at *9 (N.D. Tex. Oct. 20, 2016) (granting protective order against discovery requests where party seeking discovery had "not shown any factual basis to suggest" that further discovery would support its claims).

34. Furthermore, the deadlines to comply with the Production Requests—a weekend day in one case, and or two business days in two others—do not comply with Federal Rule of Civil Procedure 34(b)(2)(A), which gives the party to whom the request is directed thirty days after being served to respond to the discovery request. The lateness of the Production Requests appears to be designed to delay or impede the timely hearing on the Plan Administrator's objections to the multifold and excessive claims by the Iranian Claimants.

35. For the above reasons, the Plan Administrator respectfully request an order from the Court limiting the Production Requests to the specific account balances and the content of the Zendesk tickets (customer support tickets) related to the accounts of each of the Iranian Claimants.

## RESERVATION OF RIGHTS

36. Nothing contained herein is intended to be or shall be deemed (a) to prejudice, limit, estop, preclude, impair, or otherwise affect any legal or equitable claim, cause of action,

counterclaim, defense, objection, remedy, argument, or substantive or procedural right of any party, or (b) an agreement or obligation to pay any claims.

## NOTICE

37. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) Mr. Momenzadeh; (c) Mr. Abbasi; (d) Mr. Arabpour; and (d) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Plan Administrator respectfully submits that no other or further notice need be provided.

**CONCLUSION**

WHEREFORE, the Plan Administrator respectfully requests that the Court (a) enter an order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein, and (b) grant such other and further relief as the Court may deem proper.

| | |
|---|---|
| Date: November 27, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth Enos*<br>Kenneth Enos (Delaware Bar No. 4544)<br>Robert S. Brady (Delaware Bar No. 2847)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: kenos@ycst.com<br>Email: rbrady@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |