# EXHIBIT Q1

**Joanna Caytas**

| | |
|---|---|
| **From:** | Amirali Momenzadeh <amir.ali.momenzadeh@gmail.com> |
| **Sent:** | Saturday, November 25, 2023 1:14 PM |
| **To:** | kenos@ycst.com; Patty Tomasco; ehengel@thinkbrg.com |
| **Cc:** | rbrady@ycst.com; Susheel Kirpalani; Razmig Izakelian; Daniel Holzman; Joanna Caytas; Alain Jaquet |
| **Subject:** | Case No. 23-10597 (BLS) - RESPONSE BY AMIRALI MOMENZADEH TO THE DEBTORS' OBJECTION TO THE DOCUMENT PRODUCTION SUBMISSION. |
| **Attachments:** | RESPONSE_BY_AMIRALI_MOMENZADEH_TO_THE_DEBTORS'_OBJECTION_TO_signa.pdf |

**[EXTERNAL EMAIL from amir.ali.momenzadeh@gmail.com]**

Counsel,

Please find attached my response to the Debtors' Objection to the Document Production Submission. Additionally, I have submitted the document production on docket number 616.

I kindly request that the United States Trustee be included in our correspondence. I have noticed some inconsistencies with how the debtors and their counsel are conducting themselves in court proceedings. Given the absence of an Unsecured Creditor Committee, it is crucial that the U.S. Trustee is involved in this matter.

Best regards,
AMIRALI MOMENZADEH

# EXHIBIT Q2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| Desolation Holdings LLC, *et al.*,[1] Debtors. | Case No. 23-10597 (BLS) (Jointly Administered) |
| | Ref. D.I. 556 |

## RESPONSE BY AMIRALI MOMENZADEH TO THE DEBTORS' OBJECTION TO THE DOCUMENT PRODUCTION SUBMISSION.

This letter serves as the formal response from Mr. Amirali Momenzadeh (hereinafter referred to as "Mr. Momenzadeh", "me" or "I") to the objections raised against the document production submitted by the Debtors. This correspondence is directed to the debtor's counsels, urging compliance with the document production request submitted by Mr. Momenzadeh on November 19, 2023.

**First and foremost**, as previously stated in the document production request, if the debtor seeks additional time, they are advised first to extend the response date for objections and also postpone the hearing date. This is because I cannot respond to their objection (docket number 556, 557) fairly as Bittrex holds all documents, evidence, and communications (docket number: 616).

**Secondly**, I have no intention of seeking multiple recoveries, as demonstrated by my good faith withdrawal of duplicate claims of C599-47,C599-48, C599-49, C599-56, C600-120, C598-1001, C598-10651). The withdrawal was duly submitted via the authorized agent's website on November 22, and it is incumbent upon them to record this action in the court docket.

**Thirdly**, The funds that I invested in Bittrex in 2017 were derived from my savings, set aside for my future. Regrettably, these assets along with their potential investment value were lost due to the actions of the debtors, Bittrex. My account was abruptly blocked and suspended, which led to a huge damage to my family's financial wellbeing.

Despite submitting multiple requests and support tickets, and even providing all necessary documents, Bittrex refused to return the funds. It has become evident that the debtors had no intention of doing so. This unfortunate situation has resulted not only in financial loss but also severe emotional loss and a loss of trust in the US financial institutions and name.

**Fourthly**, I had obtained approval from Bittrex Inc. prior to using their services back in 2017. The debtor granted me permission to deposit, trade, and withdraw assets until they unexpectedly blocked my assets.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA98104.

1

As a result, Bittrex should bear accountability for its actions, as they permitted me to conduct these transactions before imposing the block.

It's worth noting that the debtors followed the same procedure with all Iranian users. They knowingly and intentionally provided services, only to gain unlawful benefits from sanctioned countries' users assets. This conduct extended to not releasing the assets even in case creditors like me provided resistance proofs outside Iran. It seems Bittrex badly needed my assets for its operation!

**Fifthly**, I object to the debtor's counsel's response to the document production request as they appear to disregard me because of my Iranian nationality in a discriminatory way. Do not forget the assertion that the Debtor's system and verification is inoperative" is incorrect; on the contrary, **the debtors knowingly offered services to Iranians and solicited Iranian customers so they owe us, as a big source of income and success of Bittrex, comes from Iran.**

**Sixthly**, I acknowledge that 2-3 days for document production is a short period of time. However, I have to respond to the objection by November 27, in just 4 days which are holidays. It is almost impossible to respond appropriately to the complicated objection raised by the debtors without having access to the documents or information.

**Seventhly**, my intention is not to impose any costs or time on the counsels or their clients, but to get what is mine.

**Eighthly**, it should be noted that the debtors have dismissed my rights and banned my access to my account since 2017. Now, they are threatening to ignore my right to document production in an unprofessional and unfair manner according to US law.

**Finally**, I possess further proof of inappropriate behavior by both the debtors and non-debtor entities, including potential misconduct on your part as counsel. If there is no compliance with this request, I am prepared to present this evidence directly to the court or any other regulatory body including law societies, be ready.

If there exist any documents that must be withheld due to privilege or any other pertinent legal grounds, I insist that you compile a comprehensive log delineating specific reasons for each document in question. This is necessary to allow me an opportunity to respond in a fair and just way. As for the remainder of the documents, we demand immediate production as the deadline for such action was November 22. In the event of debtors's failure to expeditiously produce the documents requested, I will not hesitate to pursue a hearing with the Court to address this discovery dispute

### REQUEST FOR COMPLIANCE WITH DOCUMENT PRODUCTION

I URGE YOU TO PROVIDE A RESPONSE TO THE DOCUMENT PRODUCTION BEFORE THE DEADLINE FOR OBJECTIONS, OR ALTERNATIVELY, EXTEND THE RESPONSE AND HEARING DATES. IF YOU FAIL TO COMPLY WITH THIS REQUEST, I WILL ASK THE COURT TO DIRECT ABOUT THE DOCUMENT PRODUCTION AS YOU ARE INFRINGING UPON CREDITORS' RIGHTS.

AmirAli Momenzadeh
Nov 24, 2023

2

From: Joanna Caytas <joannacaytas@quinnemanuel.com>
Date: Wed, Nov 22, 2023 at 11:46 PM
Subject: RE: DESOLATION HOLDINGS, LLC - CASE NO. 23-10597 - ELECTRONIC SERVICE OF AMIRALI MOMENZADEH' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
To: Amirali Momenzadeh <amirali.momenzadeh@gmail.com>
Cc: Patty Tomasco <pattytomasco@quinnemanuel.com>, Alain Jaquet <alainjaquet@quinnemanuel.com>, Razmig Izakelian <razmigizakelian@quinnemanuel.com>, brady@ycst.com <brady@ycst.com>, kenos@ycst.com <kenos@ycst.com>

Mr. Momenzadeh,

We are in receipt of your first request for production of documents from the Debtors, served on Desolation Holdings LLC, et al. (the "Debtors") on Sunday, November 19, 2023, at 11:54 a.m. ET, through an email to the Debtors' counsel (Young Conaway Stargatt & Taylor, LLP, and Quinn Emanuel Urquhart & Sullivan, LLP), and demanding production by Wednesday, November 22, 2023 (the "Production Request"). We write to inform you that the Debtors are not going to comply with your discovery request for the following reasons:

1. The deadline to comply with the Production Request—two business days—does not comply with Federal Rule of Civil Procedure 34(b)(2)(A), which gives the party to whom the request is directed thirty days after being served to respond to the discovery request.

2. The Production Request fails to justify the request for production of documents.

3. The Production Request seeks to impose burden on the Debtors greater than that encompassed by the relevant federal rules.

4. The Production Request is not proportional to the amount in controversy.

5. The Production Request is overbroad.

6. The Production Request seeks information that is confidential or privileged, and cannot be disclosed to an unrepresented party.

To preserve estate resources available for distribution to all customers and creditors, instead of engaging in extensive motion practice, we therefore request that you withdraw the Production Request. We remain available to discuss, should you have further questions. If you fail to withdraw the Production Request by Thursday, November 25, 2023, the Debtors will file with the Bankruptcy Court a motion to quash the Production Request.

Yours truly,

**Joanna Diane Caytas**
Associate
Quinn Emanuel Urquhart & Sullivan, LLP

711 Louisiana Street, Suite 500 | Houston, TX 77002
T +1 713 221 7024 | F +1 713 221 7100 | M +1 347 547 4127
joannacaytas@quinnemanuel.com
www.quinnemanuel.com

3