IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MOTION OF AZIM GHADER FOR ENTRY OF AN ORDER PURSUANT
TO BANKRUPTCY RULE 9006(c) AND LOCAL RULE 9006-1(e)
SHORTENING THE NOTICE PERIOD WITH RESPECT TO
<u>AZIM GHADER'S MOTION TO CONTINUE</u>**

Azim Ghader ("<u>Mr. Ghader</u>"), by and through his undersigned counsel, hereby files this motion (the "<u>Motion to Shorten</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), shortening and limiting the notice with respect to his *Motion to Continue Hearing on Debtors' Objection to Mr. Ghader's Surviving Claims* (the "<u>Continuance Motion</u>") filed contemporaneously herewith.[2] In support of this Motion to Shorten, Mr. Ghader respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.
[2] Capitalized terms used but not otherwise defined in the Motion to Shorten have the meanings ascribed to such terms in the Continuance Motion.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Mr. Ghader confirms his consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

**RELIEF REQUESTED**

4. By this Motion to Shorten, Mr. Ghader seeks entry of the Proposed Order, shortening the notice and objection periods with respect to the Continuance Motion, scheduling a hearing on the Continuance Motion as soon as the Court has availability (the "Requested Hearing") and setting the deadline by which objections to the Continuance Motion may be lodged (the "Objection Deadline").

**BACKGROUND**

5. On May 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have been authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 29, 2023, the Debtors objected to Mr. Ghader's Proofs of Claims (Docket No. 411) (the "Objection").

7.      After the Objection was filed, the Debtors and Mr. Ghader, in good faith, agreed to the Stipulation Regarding Withdrawal of Claims (the "Claims Stipulation;" Docket No. 468), which Stipulation narrowed Mr. Ghader's Claims to four (4) remaining Claims before the Court—specifically Claim 599-998, Claim 598-1021, Claim 600-87, and Claim 600-96 (the "Surviving Claims" as defined in the Claims Stipulation).

8.      On October 22, 2023, Mr. Ghader filed his response (the "Response") to the Debtors' Objection at docket number 470.

9.      Since the Objection and Response were filed, the parties have been engaged in discovery related to the Objection and Surviving Claims. The Objection is currently scheduled to go forward before this Court on December 13, 2023.

## BASIS FOR RELIEF

10.      Local Rule 9006-1(c)(i) requires that motions be filed and served at least fourteen days prior to the hearing. Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion shall seven (7) days before the hearing date. *See* DEL. BANKR. L.R. 9006- 1(c)(i), (ii).

11.      According to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time…, the court for cause shown may in its discretion with or without motion or notice order the period reduced." FED. R. BANKR. P. 9006(c)(1). Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized by order of the Court, on written motion (served on all interested parties) specifying the compelling circumstances justifying shortened notice. In exercising such discretion, the court should "consider the prejudice to the parties entitled to notice and weigh this against the reasons for hearing the

motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting that such motions are common in light of the "accelerated timeframe of bankruptcy proceedings"). Indeed, as stated in Bankruptcy Code section 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *see also Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice."). Finally, Bankruptcy Code section 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Mr. Ghader filed the Continuance Motion with respect to the currently scheduled December hearing date on the Debtors' Objection to his Surviving Claims because discovery to this matter is incomplete and Mr. Ghader requires more time to retrieve sufficient information and documents in support of his Surviving Claims and Response to the Objection. For instance, Mr. Ghader has submitted a Freedom of Information Request (the "FOIA Request") related to the Debtors and it will likely require the Office of Foreign Assets Control ("OFAC") at least a month—if not longer—to respond to this FOIA Request. Additionally, Mr. Ghader is seeking a visa to enter the United States in order to attend hearings in person and to present live testimony in support of his claims before the Court. Because Mr. Ghader does not yet have a visa, he would be unable to attend if the hearing on the Objection goes forward on December 13, 2023. There is no prejudice to the Debtors should the hearing on the Objection be continued, including but not limited to because the Debtors have until March 2024 to liquidate its exchange. In light of the December 13

hearing date being less than a month away, and based on the ongoing discovery, the pending FOIA Request, and Mr. Ghader's visa application—all as further discussed in the Continuance Motion—Mr. Ghader requests the Continuance Motion to be heard upon shortened notice.

13. Therefore, based on all of the foregoing reasons, sufficient cause exists to shorten the notice period with respect to the Continuance Motion.

## LOCAL RULE 9006-1(e) CERTIFICATION

14. In accordance with Local Rule 9006-1(e), counsel to Mr. Ghader notified counsel to the Debtors and the United States Trustee (the "U.S. Trustee") of its intention to file this Motion to Shorten. The Debtors indicated that they do not object to the shortened notice and the U.S. Trustee does not take a position on the requested relief.

## NOTICE

15. Notice of this Motion will be given to: (a) the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Mr. Ghader submits that no other or further notice is required.

WHEREFORE, Mr. Ghader respectfully requests the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: November 29, 2023<br>Wilmington, Delaware | **WOMBLE BOND DICKINSON (US) LLP**<br><br>*/s/ Elazar A. Kosman*<br>Donald J. Detweiler (DE Bar No. 3087)<br>Elazar A. Kosman (DE Bar No. 7077)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330<br>Email: don.detweiler@wbd-us.com<br>         elazar.kosman@wbd-us.com<br><br>*Counsel to Azim Ghader* |