# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**MOTION OF AZIM GHADER FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9006(c) AND LOCAL RULE 9006-1(e) SHORTENING THE NOTICE PERIOD WITH RESPECT TO AZIM GHADER'S EMERGENCY MOTION TO CONTINUE DEPOSITION DUE TO ILLNESS**

Azim Ghader ("Mr. Ghader"), by and through his undersigned counsel, hereby files this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening and limiting the notice with respect to his *Emergency Motion to Continue Deposition Due to Illness* (the "Continuance Motion") filed contemporaneously herewith.[2] In support of this Motion to Shorten, Mr. Ghader respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined in the Motion to Shorten have the meanings ascribed to such terms in the Continuance Motion.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Mr. Ghader confirms his consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

## RELIEF REQUESTED

4. By this Motion to Shorten, Mr. Ghader seeks entry of the Proposed Order, shortening the notice and objection periods with respect to the Continuance Motion, scheduling a hearing on the Continuance Motion on December 4, 2023 (the "Requested Hearing") and setting the deadline (the "Objection Deadline") by which objections to the Continuance Motion may be lodged as at or prior to the Requested Hearing.

## BACKGROUND

5. On May 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have been authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 29, 2023, the Debtors objected to Mr. Ghader's Proofs of Claims (Docket No. 411) (the "Objection").

7. After the Objection was filed, the Debtors and Mr. Ghader, in good faith, agreed to the Stipulation Regarding Withdrawal of Claims (the "Claims Stipulation;" Docket No. 468), which Stipulation narrowed Mr. Ghader's Claims to four (4) remaining Claims before the Court—specifically Claim 599-998, Claim 598-1021, Claim 600-87, and Claim 600-96 (the "Surviving Claims" as defined in the Claims Stipulation).

8. On October 22, 2023, Mr. Ghader filed his response (the "Response") to the Debtors' Objection at docket number 470.

9. Related to the Objection and Response, Mr. Ghader was scheduled to sit for deposition on December 5, 2023. Over the weekend of December 1, Mr. Ghader became ill in Istanbul, Turkey and believed he may have influenza.

10. After receiving this news, undersigned counsel to Mr. Ghader immediately contacted Debtors' counsel and requested a brief continuance of his December 5 deposition. *See* Exhibit A to the Continuance Motion, which is a copy of Mr. Ghader's counsel's email to Debtors' counsel on December 3, 2023, advising the Debtors of Mr. Ghader's illness and requesting a brief continuance of Mr. Ghader's deposition.

11. Mr. Ghader's condition deteriorated over the weekend, and the undersigned learned this morning that he was transported to LIV Hospital in Istanbul.

12. While Mr. Ghader has since been released from the hospital, his treating physicians have prescribed him bed rest from December 4 through 10. *See* Exhibit B to the Continuance Motion, which are certain of Mr. Ghader's hospital records showing the prescribed bed rest.

13. Therefore, Mr. Ghader is requesting a brief continuance of his deposition, which request respectfully needs to be heard on shortened notice today, December 4, in light of the deposition currently being scheduled for December 5, 2023.

## **BASIS FOR RELIEF**

14. Local Rule 9006-1(c)(i) requires that motions be filed and served at least fourteen days prior to the hearing. Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion shall seven (7) days before the hearing date. *See* DEL. BANKR. L.R. 9006- 1(c)(i), (ii).

15. According to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time…, the court for cause shown may in its discretion with or without motion or notice order the period reduced." FED. R. BANKR. P. 9006(c)(1). Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized by order of the Court, on written motion (served on all interested parties) specifying the compelling circumstances justifying shortened notice. In exercising such discretion, the court should "consider the prejudice to the parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting that such motions are common in light of the "accelerated timeframe of bankruptcy proceedings"). Indeed, as stated in Bankruptcy Code section 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *see also Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice."). Finally, Bankruptcy Code section 105(a) provides that the "court may issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. Mr. Ghader's counsel kept Debtors' counsel informed of his illness as soon as they became aware on December 3, including emailing Debtors' counsel to request a brief continuance of Mr. Ghader's deposition to accommodate his illness—which request was denied (other than agreeing to change the start time of his deposition from 11 a.m. ET to 9 a.m. ET). Mr. Ghader's condition worsened, he went to the local hospital on December 4, and was put on bed rest. Mr. Ghader's counsel informed Debtors' counsel of the same and requested a continuance of the deposition. As of the time of filing the Continuance Motion and the Motion to Shorten, Mr. Ghader's counsel has not yet heard a response from the Debtors as to this request. Due to the timing of the onset of Mr. Ghader's illness and the December 5 deposition, Mr. Ghader respectfully requests that this Court hear his Continuance Motion on December 4, 2023, with objections to be lodged at or prior to the hearing. Mr. Ghader does not belief that a brief continuance of his deposition will work to Mr. Ghader's advantage or to the Debtors' disadvantage. Because the deposition was scheduled to occur over WebEx, there will be minimal costs in postponing the deposition. The undersigned will keep the Court and opposing counsel apprised of Mr. Ghader's condition to ensure that his deposition can be taken as soon as possible.

17. Therefore, based on all of the foregoing reasons, sufficient cause exists to shorten the notice period with respect to the Continuance Motion.

## LOCAL RULE 9006-1(e) CERTIFICATION

18. Due to the timing of Mr. Ghader's illness, his December 5 deposition, and the filing of this Motion to Shorten, undersigned counsel was unable to request the Debtors' and the Office of the United States Trustee's positions with respect to this Motion to Shorten. Undersigned

counsel, however, informally requested continuances of the deposition from Debtors' counsel on December 3 and 4, 2023, which were not granted as of the time of filing this Motion to Shorten. Undersigned counsel also informed Debtors' counsel on the morning of December 4, 2023 that, if a continuance was not agreed to by the Debtors, Mr. Ghader would be filing the Motion to Shorten and Continuance Motion this afternoon.

## NOTICE

19. Notice of this Motion will be given to: (a) the U.S. Trustee for the District of Delaware; and (b) counsel to the Debtors. In light of the nature of the relief requested herein, Mr. Ghader submits that no other or further notice is required.

WHEREFORE, Mr. Ghader respectfully requests the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

Dated: December 4, 2023
      Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

<u>/s/ Elazar A. Kosman</u>
Donald J. Detweiler (DE Bar No. 3087)
Elazar A. Kosman (DE Bar No. 7077)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: don.detweiler@wbd-us.com
       elazar.kosman@wbd-us.com

*Counsel to Azim Ghader*