## EXHIBIT A

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |
| | **Ref. D.I. 625** |

**ORDER GRANTING THE MOTION TO WITHDRAW MONTHLY FEE STATEMENTS FILED BY QUINN EMANUEL URQUHART & SULLIVAN, LLP AND FILE REDACTED MONTHLY FEE STATEMENTS AND REDACTED FUTURE MONTHLY FEE STATEMENTS**

Upon consideration of the motion (the "Motion")[2] of David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity") for entry of an order (this "Order") pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9108-1 for authority to file under seal certain information contained in the First Monthly Fee Statement (D.I. 145), the Second Monthly Fee Statement (D.I. 238), the Third Monthly Fee Statement (D.I. 344), and any Future Monthly Fee Statements filed during the pendency of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, entered February 29, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the motion in this district is proper pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved, or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT

1. The Motion is granted as set forth herein.

2. The Plan Administrator is hereby authorized to file unredacted versions of the Monthly Fee Statements under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. The Plan Administrator is hereby authorized to file unredacted versions of the Future Monthly Fee Statements under seal pursuant to section 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4. The unredacted versions of the Monthly Fee Statements and Future Monthly Fee Statements shall remain under seal and not made available to anyone, except that copies shall be provided to the Office of the United States Trustee for the District of Delaware and other parties in interest as may be ordered or otherwise required by the Court or agreed to by the Plan

Administrator, and all parties receiving the Monthly Fee Statements or Future Monthly Fee Statements shall maintain their confidentiality, including with any pleadings filed with this Court.

5. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.

6. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.