```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

IN RE:                          .  Chapter 11
                                .  Case No. 23-10597 (BLS)
DESOLATION HOLDINGS,            .
LLC, et al.                     .  (Jointly Administered)
                                .
                                .  Courtroom No. 1
                                .  824 Market Street
              Debtors.          .  Wilmington, Delaware 19801
                                .
                                .  Monday, December 11, 2023
. . . . . . . . . . . . . . . . .  10:00 a.m.

                          TRANSCRIPT OF HEARING
                BEFORE THE HONORABLE BRENDAN L. SHANNON
                  CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Azim Ghader:         Donald Detweiler, Esquire
                         WOMBLE BOND & DICKINSON
                         1313 North Market Street, Suite 1200
                         Wilmington, Delaware 19801


For the Plan             Patricia Tomasco, Esquire
Administrator:           QUINN EMANUEL URQUHART & SULLIVAN
                         Pennzoil Place
                         711 Louisiana Street, Suite 500
                         Houston, Texas 77002


Audio Operator:          Nikki Washington, ECRO

Transcription Company:   Reliable
                         The Nemours Building
                         1007 N. Orange Street, Suite 110
                         Wilmington, Delaware 19801
                         Telephone: (302)654-8080
                         Email: gmatthews@reliable-co.com




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

INDEX

| MOTIONS: | | PAGE |
|---|---|---|
| Agenda Item 1: | Azim Ghader's Motion to Continue Hearing on Debtors' Objection to Mr. Ghader's Surviving Claims | 3 |

1     (Proceedings commenced at 10:04 a.m.)

2     THE COURT: Good morning, all. This is Judge
3 Shannon. I understand from the court reporter that necessary
4 parties have joined.

5     This is a hearing in the matter of Desolation
6 Holdings, also known as Bittrex, Case Number 23-10597.

7     This is a hearing that the Court has scheduled to
8 consider the motion of Azim Ghader to continue the hearing on
9 the debtor's claim objection. That claim objection I think
10 is scheduled for a couple days from today.

11     I have the motion, as well as the attachments. I
12 do have the Plan Administrator's objection that was filed I
13 believe on Friday to the request to adjourn.

14     The Court is also in receipt of correspondence
15 over the weekend with respect to certain documents that
16 appear to have been placed on the Court's docket and some
17 redaction and sealing issues that the parties have conferred
18 on.

19     I will hear first from counsel for Mr. Ghader.

20     Mr. Detweiler, good morning. It's good to see
21 you.

22     MR. DETWEILER: Good morning, Your Honor. May it
23 please the Court, Donald Detweiler, of Womble Bond, to
24 continue as on behalf of Mr. Ghader.

25     Also on the line is Mr. Rhett DeHart, my partner.

1   He's a former U.S. Attorney for the State of California,
2   who's been involved in this matter.
3              Your Honor, we plan, for purposes of today, to
4   limit this hearing for the motion for continuance and to try
5   to avoid any additional discovery, because that's really
6   what's before the Court is the motion for continuance of the
7   hearing, which is a hearing on the debtor's objection to Mr.
8   Ghader's proof of claim.
9              The debtors had set the hearing for December 13th
10  at an omnibus hearing, not as an evidentiary hearing.
11             We inquired into the Court as to the amount of
12  time Your Honor has for the hearing and we are told it's only
13  30 minutes.
14             Mr. -- and, again, Mr. Ghader had no control over
15  the docket.
16             Mr. Ghader, respectfully, seeks a continuance of
17  the hearing for several reasons.  One, to allow remaining
18  discovery to be completed; two, to allow for a Scheduling
19  Order to be put in place that can allow for the orderly
20  consideration of his proof of claim and the debtor's
21  objection to it, and then establishing dates for the trial.
22             Your Honor, we would say -- and again, just being
23  mindful that this is only for a motion for continuance, Mr.
24  Ghader is a foreign citizen who does not reside in the United
25  States.

1          Given the characterization in some of the
2   pleadings of his claim, Mr. Ghadar wants to appear personally
3   before Your Honor to present live testimony and that
4   certainly was part of the reason for the motion for
5   continuance.
6          Your Honor, we believe the motion for continuance
7   is appropriate under Section 105 for several reasons.
8          The debtors set the hearing date on an omnibus
9   hearing with 30 minutes.  We believe the hearing is going to
10  require two days of evidence, including expert testimony on
11  the OFAC regulations, which the debtors continually kind of
12  use as their shield.
13         A continuance is necessary so that discovery can
14  be completed.  We had taken the discovery issues to the
15  Court, but there are significant discovery issues.
16         There are -- also, Your Honor, as we noted in the
17  pleading, Mr. Ghader believes there may be other responsible
18  parties, reliable parties, with the debtors regarding the
19  facts and what happened here and he does plan to file a
20  complaint against such parties.
21         We're not going to go into the back and forth, as
22  happened on that, but I will tell you that he is going to
23  plan filing a complaint.
24         He wants to get his visa and, more importantly,
25  Your Honor, this continuance does not cause any harm or

1  prejudice to the debtors.
2          What I would suggest, Your Honor, and just to
3  briefly respond, because it's only worth briefly responding
4  to what the debtors have said so far, is that they want to
5  characterize Mr. Ghader as a liar, as a fraudster, and
6  otherwise.
7          We respectfully disagree.  We respectfully
8  disagree.  And, Your Honor, we're going to prove otherwise to
9  you.  But we can't do it on December 13th.
10         Lastly, Your Honor, this is not a strategic mover
11 as -- maneuver, as the debtors suggest and Ghader is in the
12 -- of trying to get a visa.  He's predisposed with some other
13 matters at the moment.  I don't think he could even be
14 available.  And, more importantly, Your Honor, as you're
15 aware from previous correspondence from last week, Mr. Ghader
16 was put on bed rest.  He has been put on continued bed rest
17 and we will send to Your Honor medical records with regard to
18 Mr. Ghader's physician's instructions to him.
19         So, shortly before the hearing, I received
20 something about complete bed rest, so he's not even going to
21 be available on the 13th.
22         Move all that aside, Your Honor.  We respectfully
23 disagree with the characterization of -- the debtor's
24 characterization of his claims and him.  A continuance is
25 appropriate.  And what we would like to do is to set a time

1 to get a Scheduling Order in place that would allow for the
2 discovery to be completed.  Again, depositions and a two-day
3 trial date that, hopefully, with that trial date, Mr. Ghader
4 would be able to get his visa.
5 　　　　　Thank you, Your Honor.
6 　　　　　THE COURT:  Thank you, Mr. Detweiler.
7 　　　　　Ms. Tomasco, good morning.  Good to see you.
8 　　　　　MS. TOMASCO:  Good morning, Your Honor.  Good to
9 see you.
10 　　　　　If you wouldn't mind allowing my colleague, Mr.
11 Alain Jaquet, to share his screen.
12 　　　　　THE COURT:  Sure.
13 　　　　　MS. TOMASCO:  We have a presentation.
14 　　　　　THE COURT:  We'll give Mr. Jaquet -- I believe
15 it's J-A-Q-U-E-T.  We'll give him privileges.  Okay?
16 　　　　　We should be good.
17 　　　　　MS. TOMASCO:  Hello?  There we go.  Thank you.
18 　　　　　THE COURT:  Terrific.
19 　　　　　MS. TOMASCO:  All right.  Your Honor, this is a
20 very long slide deck.  I'm going to try to skip ahead a
21 little bit, just to show the Court.
22 　　　　　We are post-confirmation.  We are post-effective
23 date.  We have been dealing with Mr. Ghader since the first
24 hearing in this case.
25 　　　　　Mr. Ghader filed a -- an opposition to the

1 debtor's motion to seal records on the basis that the debtors
2 were attempting to use the sealing as a furtherance of its
3 scheme.
4       He states in his letter -- in his objection to the
5 Court that he was not aware of the OFAC license process.
6       On June 30th, Mr. Ghader also files a letter with
7 the Court.  He claims in that letter to have tried his utmost
8 to get his assets back from Bittrex.  He could not because
9 Bittrex closed all of his accounts.
10       We show in our opposition to the motion to
11 continue all of the ways in which Mr. Ghader's claims to this
12 Court have not been true and are contradicted by the record.
13 Now, I will note for the Court the parties have engaged in
14 document exchange.  The documents that we have to show these
15 events came from both Bittrex and from Mr. Ghader.  Mr.
16 Ghader has not produced a single document that disproves this
17 fact.
18       If we could look at the next slide, in July, Mr.
19 Ghader filed another letter with the Court, which he
20 complains the debtors have not yet responded to his June 30th
21 letter, and he fails to reveal that he withdraw 99 percent of
22 the assets in his account.
23       He currently has in his account less than $200
24 worth of crypto currencies.  He again fails to mention that
25 to the Court in response to the July 18th letter that he

1 filed on July 20th.

2 On August 11th, Mr. Ghader sends a letter to the
3 Court in which he also falsely claimed that the debtors did
4 not share with the Court their July 18th response to his June
5 and July letters which, of course, the Court knows that the
6 debtors shared all correspondence with the Court as the Court
7 directed.

8 So we are not dealing with somebody who is new to
9 this case or who has not had sufficient time to develop
10 whatever theories he thought that he was going to be able to
11 pursue.

12 What we see instead is when the debtors produce
13 evidence that show that his claims are false, he changes his
14 claims and this merry-go-round has to stop.

15 And that's why we're opposing the continuance, not
16 because we want to cram in a -- you know, a day-long hearing
17 into one hour. It's because we need the Court's assistance
18 in making this stop. This has become extraordinarily
19 expensive for a $3,200 claim.

20 Well -- and so what do we do here? We know that
21 Mr. Ghader believes that he can file now a complaint that
22 effectively amends his claims and brings in third parties.
23 Now, why is he doing this? It is our belief that he's doing
24 this for leverage. He wants to bring in the directors and
25 officers of the debtors in order to increase his leverage,

1  but the bar date was August 31st and this is well past the
2  bar date, well past confirmation, and well past the effective
3  date.  And the reason for this is not because he's found new
4  information.  As I said, we exchanged documents with Mr.
5  Ghader months ago and so he doesn't have new information.
6          So what do we do with this?  One, if there is
7  going to be a continuance, it should not be in service of an
8  amended claim or a new complaint in which Mr. Ghard gets to
9  ignore the fact that everything that he has said so far has
10 been disproven by the documents.  It should not be for that.
11 It should be to allow for a hearing on the controverted
12 evidence of did Bittrex prevent Mr. Ghader from withdrawing
13 his crypto in a timely fashion in light of the OFAC
14 sanctions.
15         My suggestion to the Court then is we can have, on
16 the 13th, on Wednesday, the equivalent of a summary judgment
17 hearing on what does OFAC require and did the debtors go
18 beyond the requirements in responding to the OFAC issue.
19 That would have the effect of dealing with three issues that
20 are on the Court's docket for Wednesday.
21         One is the debtor's motion to quash copycat
22 discovery served by three other Iranian claimants who have
23 been corresponding with Mr. Ghader or copying Mr. Ghader's
24 pleadings with respect to the OFAC issue.
25         It would also deal with the three other Iranian

1 claimants that are set for hearing on Wednesday and that way
2 we can streamline and do away with this issue that somehow
3 Bittrex, in complying with the OFAC regulatory issues, that
4 they caused any harm to the Iranian claimants because, if
5 they were required to do what they did with respect to OFAC
6 and, obviously, the terms of service allowed for the debtors
7 to comply with regulatory matters.
8     The terms of service also required Mr. Ghader and
9 the three other Iranians to comply with regulatory guidance
10 with respect to embargoed countries such as Iran.
11     So that is my suggestion.  It is not to suggest
12 that Mr. Ghader not have his day in Court, but he has his
13 claim.  He should not be allowed to amend it and he should
14 not be allowed to file an adversary proceeding, which is
15 essentially attempting to end run around the bar date by
16 adding new parties.
17     THE COURT:  Okay.  Does anyone else wish to be
18 heard?
19    (No verbal response)
20     THE COURT:  All right.  Here's what we're going to
21 --
22     MS. TOMASCO:  And if we could --
23     MR. DETWEILER:  Your Honor, I would like to
24 certainly be heard.
25     THE COURT:  No.  I think I've heard enough.

1  Here's what we're going to do.  I'm going to adjourn the
2  matter for 30 days.  I'm going to -- I would propose to the
3  parties that I would hear you in the week of the 16th of
4  January and I would ask that the parties confer.
5            I want to make a couple observations. I am simply
6  ruling on a request for an adjournment of a claim objection
7  and I'm adjourning that.
8            The only matter before me is the debtor's claim
9  objection.  I have a lot of sparring back and forth about
10 whether or not additional litigation is going to be filed,
11 whether or not summary judgment is going to be requested,
12 whether or not significant additional discovery is to be
13 taken.  I'm not ruling on any of that.
14           If the debtor believes that the matter, at least
15 substantively, can be largely addressed on the papers by --
16 in January on the OFAC issue, then the debtors should proceed
17 in that direction and if Mr. Ghader and his counsel believe
18 that that's not appropriate, I would expect to hear from the
19 parties and we would confer in advance of that hearing.
20           But I don't want the Court's decision to adjourn
21 this matter to be perceived by either side as a meaningful or
22 substantive assessment of where we are and where we're going.
23           I understand with perfect clarity the debtor's
24 concern with respect to the resources that are being
25 dedicated to a claim which the debtor says is either non-

1 existent or de minimis.

2 On the flipside, obviously, Mr. Ghader has
3 participated in these proceedings a number of times and, you
4 know, at this point, he is the counter party to a claim
5 objection and we have to get that matter to a hearing.

6 I make no comment on an adversary proceeding or
7 anything else that may or may not be coming, but I am
8 sensitive to the concern that we have, again, a claim of a
9 small amount that is leading itself to significant
10 litigation, and I may be informed and educated by Mr. Ghader
11 with respect to the additional claims that he has, but the
12 debtor has been consistent in its assessment of the state of
13 play.

14 The debtor has filed a claim objection.  The
15 debtor is entitled to a hearing on the claim objection.  The
16 parties have initially -- have certainly filed submissions in
17 connection with that.

18 I confess that I'm not confident that the record
19 is fully developed for purposes of a hearing, as Ms. Tomasco
20 would suggest, on Wednesday being treated as essentially a
21 summary judgment or an argument on the papers on OFAC.

22 I have not studies the parties' submissions as
23 closely as I would in anticipation of the substance of that
24 hearing, but I know that even just a week or so ago, there
25 was sparring between the parties with respect to Mr. Ghader's

1  deposition, which I believe -- I assume has not been taken.

2　　　　　The Court directed kind of informally, given the
3  holidays and the weekend, that the parties should confer and
4  come up with a different date for Mr. Ghader's deposition.
5  That hasn't happened.  So, again, at least from my lights,
6  there seems to be some discovery that needs to occur.

7　　　　　But here's what I want to do, and I'm under no
8  illusions that the Court's ruling today is going to yield
9  consensus either on process or timing, but the debtor has a
10 claim objection pending.  It's scheduled for a hearing on
11 Wednesday.

12　　　　　It's no secret to anyone that the Court typically
13 schedules relatively brief periods for initial hearings on
14 claim objections where, primarily, the unopposed claim
15 objections are addressed and some perhaps technical or non-
16 substantive issues are disposed of.

17　　　　　Mr. Detweiler is correct that, on my calendar,
18 I've set only a limited amount of time for the Bittrex
19 hearing on Wednesday so, to the extent that parties were
20 expecting to come in with extensive argument or certainly
21 witnesses, that's something that I would not typically have
22 been fully prepared for.

23　　　　　So that really is what is informing my decision to
24 adjourn this matter.

25　　　　　I would direct that the parties meet and confer

1  with respect to where we go from here, again, being guided by
2  the Court that I'm not making any substantive decision about
3  where this thing goes.
4        It is the debtor's position that the record is
5  largely, if not completely, developed for purposes of the
6  relief that they're seeking and that, indeed, the process
7  being pushed by Mr. Ghader is something -- I think Ms.
8  Tomasco's term was for leverage.  Okay.  I understand that
9  and, to the extent that that's an issue, the parties can,
10 again, further educate me.
11       But I have a narrow question in front of me today,
12 and that is the question of whether to adjourn it, and I'm
13 going to adjourn this to next month and we'll go from there.
14       Are -- one other thing.  I don't have any problem
15 with the parties filing the motion to adjourn and responding
16 to the motion to adjourn and giving me the benefit of some
17 context of this.  I think everybody's heard me give this
18 speech before.
19       As we move forward, I would ask that you get me on
20 the phone before we get into either motion practice or letter
21 writing campaigns, et cetera.  I am becoming more acquainted
22 with this dispute at this point but, again, I think it's
23 pretty familiar to you folks that that's generally how I
24 prefer to deal with it.
25       Ms. Tomasco, I assume, is hoping to move forward

1  on the merits or the substance of her objection in a month's
2  time and so if there are issues with respect to motions for
3  protective order, scheduling, briefing, depositions, or
4  anything else, there's not really time in that framework to
5  brief and respond to motion practice.
6          My practice on these kind of things is that I
7  would rather deal with you personally which -- or rapidly on
8  the phone which, presumably, means that I will be dealing
9  with you soon and rapidly on the phone.
10         But, you know, the -- again, the threshold
11 question before me, as Mr. Detweiler noted, is a narrow one,
12 should we adjourn this, and the answer is yes.  And I will
13 look for the parties to confer and to get back on the phone
14 with me almost inevitably in the even that there's a lack of
15 consensus about how we proceed, and I will provide the
16 parties with guidance.
17         Are there any questions?
18         MR. DETWEILER:  No, Your Honor.  Thank you for
19 your time and thank you for hearing this on shortened notice.
20 We greatly appreciate it.
21         THE COURT:  Sure.  Ms. Tomasco, can I ask a
22 question?  I have not seen -- well, it's not due yet.  I have
23 not seen an agenda for Wednesday.  Are there other matters?
24 There are other matters for Desolation Holdings that are on
25 for Wednesday, so the hearing itself is still on.

1              MS. TOMASCO:  Correct, Your Honor.  We have a
2  slate of omnibus objections and a few informal responses from
3  pro se claimants, nothing from -- that is -- no one that is
4  represented by counsel, however.
5              THE COURT:  Okay.  That sounds fine.  I will look
6  forward to seeing the parties.  I just wanted to make sure
7  that it remains on the calendar, and it does.
8              Other than that, are there any questions?
9              MS. TOMASCO:  No, Your Honor.  Thank you very
10 much.
11             THE COURT:  Very good.
12             MR. DETWEILER:  No, Your Honor.  Thank you.
13             THE COURT:  I appreciate everyone's time.  We're
14 adjourned.  Thank you, counsel.
15             (Proceedings concluded at 10:26 a.m.)
16
17
18
19
20
21
22
23
24
25

1                          CERTIFICATION
2           I certify that the foregoing is a correct
3    transcript from the electronic sound recording of the
4    proceedings in the above-entitled matter to the best of my
5    knowledge and ability.
6
7    /s/ Tammy L. Kelly                    December 13, 2023
8    Tammy L. Kelly
9    Court Transcriptionist For Reliable
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25