**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |
| | Ref. Docket Nos. 613 and 660 |

**PLAN ADMINISTRATOR'S REPLY TO THE RESPONSE OF MICHAEL KOCH TO PLAN ADMINISTRATOR'S OBJECTION TO CLAIM C597-53 FILED BY MICHAEL KOCH PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the Wind Down Entity, respectfully states the following in support of this reply ("Reply") to the December 4, 2023 response of Michael Koch [D.I. 660] ("Mr. Koch" and "Koch Response") to the *Plan Administrator's Objection to Claim C597-53 filed by Michael Koch Pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007* [D.I. 613] (the "Claim Objection").

## INTRODUCTION

1. Mr. Koch filed his claim without any legal or factual basis. In short, he claims that he was damaged by an account hack in or around January 2018, where his entire balance consisting of bitcoins (BTC) in unspecified amount with value of $7,718.94 was withdrawn from his account, and that the basis of his claim is "theft/unjust enrichment." The Debtors objected to the Koch Claims on multiple grounds, including that they are time-barred, are not supported by evidence, and are barred by the applicable terms of service. Mr. Koch filed a response referencing his unsubstantiated assertions that Bittrex, Inc. ("BUS") "may have been directly involved in this scam

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

to steal [his] money," which "scam" would consist of an alleged security breach of the BUS platform of which BUS was allegedly aware. The Koch Response must be rejected for several reasons.

2.      **First**, Mr. Koch's claim is time-barred. He admits that he learned that the BTC was withdrawn from his account in January 2018, but did not file any claims directly against BUS or any other Debtors before the petition. Under the laws of Washington, the claims are time-barred.

3.      **Second,** Mr. Koch has failed to satisfy his burden of proof. The Debtors provided admissible evidence that 0.90942502 BTC was withdrawn from Koch's account on January 12, 2018, using his account credentials, and that the remaining balance associated with Mr. Koch's account was 56.19640682 IGNIS. The burden then shifted to Koch, who presented no admissible evidence to the contrary. Additionally, Koch does not dispute that the applicable terms of service warned Koch of the risks of compromised account credentials and disclaimed liability for such compromises.

## REPLY

### I. The Koch Claims Are Time-Barred

4.      The Debtors laid out in the Claim Objection that the Koch Claims are time-barred because Mr. Koch knew that his account had been hacked in January 2018 at the latest, and that he did not bring any direct action against the Debtors within three years, as required by the applicable statute of limitations (which is governed by Washington law pursuant to the terms of service). Objection ¶¶ 29-32. In response, Mr. Koch argues that he immediately took some action by filing complaints with various government agencies, including "the FBI/IC3, SEC, FINRA, and to numerous attorney generals to report the Bittrex scam" but admits that "[i]t turned out that these agencies had, and still to this day have, very limited jurisdiction in overseeing cryptocurrency

exchanges." Mr. Koch did not provide copies of the enumerated complaints or their dispositions, but appears to admit in his response that his complaints filed with government agencies were dismissed on jurisdictional grounds.

5. More importantly, Mr. Koch admits that "pursuing any legal action was not a viable option, as the associated legal costs would have exceeded the balance." Koch Response at 1. Mr. Koch was therefore aware from the time he discovered that his account was allegedly hacked that he may have had legal claims against BUS but decided not to pursue them—until the Debtors informed him of these Bankruptcy cases, more than five years later and long after the applicable three-year statute of limitations expired. Now, he attempts to bootstrap his time-barred claims onto the bankruptcy claims process. Such attempts to circumvent the applicable statutes of limitation by filing a claim in bankruptcy must be disallowed.

6. In Washington, actions for injuries to personal property have a three-year statute of limitations, R.C.W. § 4.16.080(2), as do actions for relief upon the ground of fraud, R.C.W. § 4.16.080(4), and any other injury to a person's rights where a specific statute of limitations does not control, R.C.W. § 4.16.080(2). Conversion has a statute of limitation of three years. RCW 4.16.080(2); *Crisman v. Crisman*, 931 P.2d 163, 165 (Wash. Ct. App. 1997). Similarly, unjust enrichment has a statute of limitations of three years from the time a party has the right to seek relief in court. *Davenport v. Wash. Educ. Ass'n*, 197 P.3d 686, 704 (Wash. Ct. App. 2008); *Eckert v. Skagit Corp.*, 583 P.2d 1239, 1241 (Wash. Ct. App. 1978). Mr. Koch did not pursue a legal action against BUS on the grounds enumerated in his claim within the applicable statue of limitation, and should not be allowed to so more than five years later using the bankruptcy process.

## II. Koch Has Not Provided Any Evidence To Substantiate His Assertions, And In Any Event His Claim For Damages Is Barred By The Applicable Terms of Service

7. The crux of the Koch Response is that he suspects that BUS may have been directly involved in a scam to "steal [his] money," which consisted of an alleged security breach of the BUS platform of which BUS was allegedly aware, rather than the removal of Bitcoin associated with his account being the result of an account hack based on a compromise of his credentials. This argument fails for several reasons.

8. **First**, Mr. Koch has not provided any evidence, either documentary or via declaration, substantiating his allegations (even his argument provides no concrete details, other than his bare and unfounded suspicions about the legitimacy of the Bittrex platform and that BUS was somehow involved in the withdrawal of the Bitcoins associated with Mr. Koch's account). The Debtors, on the other hand, have provided evidence demonstrating that the withdrawal from Mr. Koch's account was made with his account credentials. Hengel Decl. ¶ 7. BUS cooperated with both Mr. Koch and Washington State Attorney General—with whom Mr. Koch filed a hacking complaint the same month—to explain that whoever effectuated the withdrawal had access to Mr. Koch's email address and that his login credentials had been compromised outside of the Bittrex environment. *Id.* In short, BUS has met its burden, but Mr. Koch has not met his. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (stating that when a creditor files a prime facie valid claim, the burden shifts to the objector to produce sufficient evidence to negate the validity of the claim, and then the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence).

9. **Second**, Mr. Koch does not dispute that the terms of service disclaim liability and that they are enforceable. In the Claim Objection, BUS laid out in detail that BUS' terms of service: (i) warn the customers of the risks of being targeted and having their account information

stolen; (ii) specify that there is an increased risk of hacking and fraud with cryptocurrency transactions; (iii) explain the risks that unauthorized third parties can effect transactions without a customer's knowledge by obtaining control over their devices or account; and (iv) emphasize the importance of securing personal information. Claim Objection ¶¶ 22-23. The terms of service then disclaim liability for losses due to, among other things, unauthorized access and the compromise of login credentials, with any associated damages. *Id.* ¶¶ 24-26. These disclaimers are fully enforceable, and Mr. Koch does not contend otherwise. *Id.* ¶ 27-28.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court sustain the Objection.

| | |
|---|---|
| Date: December 15, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/  Kenneth Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |