1                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE
2
   IN RE:                        .  Chapter 11
3                                .  Case No. 23-10597 (BLS)
   DESOLATION HOLDINGS,          .
4  LLC, *et al*.                 .  (Jointly Administered)
                                 .
5                                .  Courtroom No. 1
                                 .  824 Market Street
6              Debtors.          .  Wilmington, Delaware 19801
                                 .
7                                .  Wednesday, December 20, 2023
   . . . . . . . . . . . . . . .  10:30 a.m.
8
                        TRANSCRIPT OF HEARING
9           BEFORE THE HONORABLE BRENDAN L. SHANNON
               CHIEF UNITED STATES BANKRUPTCY JUDGE
10
   APPEARANCES:
11
   For the Debtors:          Patricia Tomasco, Esquire
12                           Joanna Caytas, Esquire
                             QUINN EMANUEL URQUHART & SULLIVAN
13                           Pennzoil Place
                             711 Louisiana Street, Suite 500
14                           Houston, Texas 77002

15

16 Audio Operator:          Nikki Washington, ECRO

17 Transcription Company:   Reliable
                            The Nemours Building
18                          1007 N. Orange Street, Suite 110
                            Wilmington, Delaware 19801
19                          Telephone: (302)654-8080
                            Email:  gmatthews@reliable-co.com
20

21

22 Proceedings recorded by electronic sound recording,
   transcript produced by transcription service.
23

24

25

1

2

INDEX

MOTIONS:                                                              PAGE

3

4   Agenda      Plan Administrator's Objection to Claim C597-      4
    Item 23:    53 Filed by Michael Koch

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                                <u>EXHIBITS</u>

2  <u>DEBTORS' EXHIBITS:</u>                                          <u>PAGE</u>

3   1 - Declaration of Evan Hengel                              6

4   1-12 Exhibits                                                7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        (Proceedings commenced at 10:35 a.m.)

2            THE CLERK:  All rise.  Everybody ready?

3            THE COURT:  Please be seated.  Good morning.

4            Ms. Tomasco, good morning.  Welcome.  Good to see

5    you.

6            MS. TOMASCO:  Good morning, Your Honor.  Thank you

7    for your time today.

8            I'm Patty Tomasco, with the law firm of Quinn

9    Emanuel.  I'm joined by the Plan Administrator, David Maria,

10   who is technically my client, and also Ken Enos, of the Young

11   Conaway firm.

12           We have one matter going forward today.  It is the

13   Plan Administrator's Objection to Claim C597-53, filed by

14   Michael Koch.  I don't see Mr. Koch on the Zoom, however, and

15   so I don't know how the Court would like to proceed if that

16   is the case.

17           THE COURT:  I would ask if Mr. Koch is present in

18   the courtroom or is he participating via Zoom today or is

19   anyone here today on behalf of Mr. Koch?

20      (No verbal response)

21           THE COURT:  Okay.  So we will move forward today.

22           MS. TOMASCO:  Okay.

23           THE COURT:  The Court has the benefit of a record

24   that indicates that the objection was properly filed and

25   appropriately noticed.

1    I'm also satisfied that actual notice was provided

2  because, in fact, Mr. Koch provided two separate responses to

3  the Court, both of which I have had the opportunity to

4  review.

5    In addition, the debtor has submitted Mr. Hengel's

6  Declaration and a reply addressing the issues that are raised

7  in Mr. Koch's declaration.

8    So I am prepared to go forward and I note that the

9  debtor has gone to some effort to move forward with today's

10 hearing and has provided exhibits in support of its position.

11    So this hearing will go forward and I would ask

12 again one more time is Mr. Koch present in the courtroom or

13 is he or anyone on his behalf participating virtually?

14   (No verbal response)

15    THE COURT:  Hearing no response, you may proceed.

16    I will ask the court reporter, Ms. Madam Court

17 Reporter, was Mr. Koch registered for today's proceeding?

18    COURT REPORTER:  No he was not.

19    THE COURT:  Very well.  The record indicates that

20 he was not registered for today's proceeding.  This is the

21 hearing.  You may proceed.

22    MS. TOMASCO:  Thank you, Your Honor.  To -- in

23 order to preserve everybody's time and in light of Mr. Koch's

24 non-appearance, we'd move for the admission of just the

25 exhibits, inclusive of the Declaration of Evan Hengel, which

1  is at Docket Item 614.

2          THE COURT:  I think we'll start with Mr. Hengel's

3  Declaration and then we would turn to the exhibits, which

4  have been helpfully provided to the Court in advance of this

5  morning's hearing.

6          MS. TOMASCO:  Mr. --

7          THE COURT:  I would ask if there are any

8  objections to the admission of Mr. Hengel's Declaration for

9  purposes of the relief requested.

10      (No verbal response)

11          THE COURT:  Very well.  Mr. Hengel's Declaration

12  is admitted.

13        (Debtors' Exhibit 1 received into evidence)

14          THE COURT:  Is there any party in the courtroom or

15  participating virtually that intends or expects to cross-

16  examine Mr. Hengel regarding the contents of his Declaration?

17      (No verbal response)

18          THE COURT:  Very well.  Mr. Hengel's Declaration

19  is admitted without contradiction.

20          The record reflects that the debtor has filed I

21  believe it is 12 separate exhibits in support of its

22  objection to Mr. Koch's claim.

23          MS. TOMASCO:  And, Your Honor, we have prepared a

24  short direct of Mr. Maria.  We can use -- we can either admit

25  the exhibits without the benefit of him authenticating them,

1  or we can put him on for a short direct to admit the

2  remainder of the exhibits.

3          THE COURT:  I would ask if there are any

4  objections to the admission of Exhibits 1 through 12 that the

5  debtor has identified.  I do note that Mr. Maria is

6  available.  The Court has had an opportunity in advance of

7  today's hearing to review them and, again, most of them

8  appear to be either filings with the Court or business

9  records that the company maintains.

10     (No verbal response)

11          THE COURT:  Hearing no objection, those exhibits

12  are admitted and are part of the record for purposes of

13  consideration of the debtor's objection to Mr. Koch's claim.

14        (Debtors' Exhibits 1 through 12 received into evidence)

15          MS. TOMASCO:  Thank you, Your Honor.

16          As stated in the -- I will -- if I may proceed to

17  closing argument?

18          THE COURT:  You may.

19          MS. TOMASCO:  Thank you.  As stated in the

20  objection, you know, there are two bases for objecting to Mr.

21  Koch's claim.

22          One is that the customer agrees to maintain the

23  security of their own credentials.

24          In this case, the evidence is uncontroverted and

25  overwhelming that Mr. Koch did not maintain the security of

1  his credentials and, in fact, his credentials were

2  compromised and his email account was compromised from

3  Romania.

4          While it would be unusual for someone with Mr.

5  Koch's profile to log in from Romania, in fact, there was a

6  valid log in with the correct credentials in Romania and, in

7  response to that, Bittrex sends an email to that person and

8  says are you sure that you're logging in from Romania; this

9  looks suspicious.

10          We know that Mr. Koch's email was compromised

11  because whoever was commandeering his account was also

12  commandeering his email, enabled 2FA, which is two-factor

13  authentication, from Romania and then proceeded to withdraw

14  all of the funds in his account on that basis.

15          One of the things that we wanted to highlight for

16  the Court today is that the terms of service put the onus on

17  the customer to maintain the sanctity of their log in

18  credentials because crypto is so easily stolen and it

19  disappears.  There's no way of seeing where it went.

20          Mr. Koch engaged the authorities in January of

21  2018 on that basis.  So on the contract basis, he has no

22  claim because he disclaimed any liability on Bittrex' part in

23  the event that his credentials were compromised, and they

24  were.  We can show that with the evidence.  We have the IP

25  log.  We know that he knew about it immediately when it

1  happened and that engaged with the Bittrex Zendesk help team.

2              Now, that is the contract cause of action.  So if

3  he says that there was a breach of contract, that is

4  disclaimed by the terms of service that he signed both the

5  2017 terms of service that he signed and the 2023 terms of

6  service that he signed.

7              We are allowing his claim for the nominal amount

8  of crypto that's left in his account, which he is free to

9  withdraw -- log in and withdraw.  We note that it's probably

10  too small to justify the fees for withdrawal, but it is an

11  allowed claim on that basis.

12              THE COURT:  So noted.

13              MS. TOMASCO:  And with respect to any extra

14  contractual causes of action, theft or conversion, Mr. Koch

15  also alleges in his Proof of Claim, those are time-barred.

16  Washington State, the law that applies under the contract,

17  has a three-year statute of limitations.  Under that statute

18  of limitations, he had three years to bring a cause of action

19  with respect to theft or conversion.  He did not.

20              He engaged with several government authorities on

21  this basis.  In his communications with Bittrex, he

22  specifically said I believe I have a claim against you, but

23  that was in 2018.  So he was aware of the cause of action.

24  He did not bring it within three years, so any extra

25  contractual cause of action is barred by the applicable

1 statute of limitations.

2          Therefore, the Plan Administrator asks that the

3 claim of Mr. Koch, at C597-53, be allowed only in the amount

4 of the crypto actually remaining in his account.

5          THE COURT:  All right.  Again, the Court would ask

6 is Mr. Koch or anyone on his behalf participating in today's

7 proceeding?

8     (No verbal response)

9          THE COURT:  Okay.  I'm going to sustain the

10 debtor's objection to Mr. Koch's claim.  I'll make a couple

11 observations first.

12          I certainly sympathize with Mr. Koch and the

13 frustration that he's articulated in his submissions to the

14 Court.

15          Counsel, Ms. Tomasco's observations go to the

16 heart of the issue with crypto.  It is a -- I guess it's not

17 novel anymore but it is a particularly susceptible form of

18 currency to theft or stealing.

19          Mr. Koch disputes that his account was

20 compromised.  The debtor has presented affirmative and

21 competent evidence to rebut that allegation.

22          So I'm satisfied that the debtors have carried

23 their burden, first, because, to take Ms. Tomasco's arguments

24 in reverse order, I do find from the papers that this is a

25 claim or cause of action that is, in fact, time-barred.

1        The fact of a filing of a bankruptcy proceeding,

2   giving an opportunity to file a Proof of Claim, does not

3   suspend, waive, or dispose of a statute of limitation, other

4   than under Section 108, which has no application here.

5        So I do find that the claim itself is time-barred

6   and, likewise, I find that the terms of service that Mr. Koch

7   agreed to, likewise, operate to limit his ability to recover

8   to the amounts that are identified as remaining on the

9   platform.

10       I acknowledge counsel's observation that it may

11  not be worth it.  I think from the papers, the crypto that

12  remains under his account is worth something in the order of

13  $.25 or $.28, so it is what it is.

14       But the objection is sustained and the Court would

15  enter an Order so providing.

16       Are there any questions?

17       MS. TOMASCO:  No, Your Honor.  Thank you.

18       THE COURT:  All right.  Ms. Tomasco, do we have

19  anything further?

20       MS. TOMASCO:  Fortunately for everyone, Your

21  Honor, that is all we have on the docket today.

22       THE COURT:  Very well.  With that, then we are

23  adjourned.  I hope everybody has a happy and safe holiday.

24       MS. TOMASCO:  Thank you, Your Honor.

25       THE COURT:  Thank you, counsel.  We are adjourned.

1          (Proceedings concluded at 10:45 a.m.)

2

3

4                        CERTIFICATION

5          I certify that the foregoing is a correct

6    transcript from the electronic sound recording of the

7    proceedings in the above-entitled matter to the best of my

8    knowledge and ability.

9

10   /s/ Tammy L. Kelly                    December 22, 2023

11   Tammy L. Kelly

12   Court Transcriptionist For Reliable

13

14

15

16

17

18

19

20

21

22

23

24

25