# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.,*[1]<br><br>Wind Down Entity. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered) |

## FIRST NOTICE OF SATISFACTION OF CLAIMS

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAME OR ACCOUNT ID AND THEIR FULLY SATISFIED CLAIM IDENTIFIED ON EXHIBIT A ATTACHED HERETO.**

TO: (I) THE U.S. TRUSTEE; (II) THE CLAIMANT WHOSE FULLY SATISFIED CLAIM IS SUBJECT TO THIS NOTICE; AND (III) ALL PARTIES THAT, AS OF THE FILING OF THIS NOTICE, HAVE REQUESTED NOTICE IN THE CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 2002

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), through undersigned counsel, hereby files this notice (this "Notice") identifying certain filed claims in the chapter 11 cases of the Debtors as listed on **Exhibit A** attached hereto, which have been fully satisfied (the "Fully Satisfied Claims"). In further support of this Notice, the Plan Administrator respectfully represents as follows:

## BACKGROUND

### I. The Bankruptcy Cases and Bar Date

1. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Prior to the Petition

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

11606-00001C/14597070.1                                             1

Date through the Effective Date of the Plan (defined below), the Debtors managed and operated their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

2. Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

3. On October 31, 2023, the Court entered its order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").[2]

4. On November 15, 2023, the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date"). As set forth in the Confirmation Order, as of the Effective Date, all Wind Down Assets vested in the Wind Down Entity, and David Maria was appointed to serve as the Plan Administrator managing the Wind Down Entity. See Confirmation Order at ¶¶ 17.G, 52.

5. Now that the Effective Date has occurred, the Plan Administrator is continuing the claims reconciliation process, and the wind down of the business operations and affairs of the Wind Down Entity.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## II.    Schedules and Bar Date Order

6. On June 5, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I.s 85–92] (collectively, the "Schedules").

7. On June 14, 2023, and June 23, 2023, the Debtors filed their amended schedules of assets and liabilities and statements of financial affairs [D.I.s 7–8 filed in Case No. 23-10598-BLS; D.I. 129 filed in Case No. 23-10597-BLS; D.I.s 142–143 filed in Case No. 23-10597-BLS] (collectively, the "Amended Schedules").

8. On May 24, 2023, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date Motion") [D.I. 65], which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claims (the "General Bar Date") and November 4, 2023 as the governmental bar date (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") [D.I. 107] (the "Bar Date Order").

9. In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors and customers. Through Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, the Debtors promptly served notice of the bar date on all creditors and customers, additionally providing the Debtors' customers with a customized Customer Proof Of Claim Form. [D.I. 201.] The Debtors further published the *Notice of Deadlines for Filing of Proofs of Claim* in CoinDesk's The Protocol Email Newsletter on June 14, 2023, June 21, 2023, June 28, 2023; in the Financial Times on June 16, 2023; in the Times of Malta on June 16, 2023; and in The Wall Street Journal on June 15, 2023. [D.I. 187.]

### III. Withdrawal Order

10.     On May 12, 2023, the Debtors filed a *Motion for Entry of an Order Authorizing the Debtors to Honor Withdrawals of Cryptocurrency Assets By Customers* [D.I. 43].

11.     On June 13, 2023, the Court entered *Order Authorizing the Debtors to Honor Withdrawal of Cryptocurrency Assets by Customers* [D.I. 128], which authorized, but did not direct, the Debtors to permit their customers holding undisputed, noncontingent, and liquidated claims to withdraw cryptocurrency assets and fiat currency from the Debtors' trading platform to the extent of such claims (the "Withdrawal Order").

12.     Pursuant to the Withdrawal Order, the Debtors permitted customer withdrawals to occur between the date of the Withdrawal Order and the General Bar Date.

### CLAIMS SATISFIED AFTER THE PETITION DATE

13.     The Plan Administrator has reviewed the Debtors' books and records and has determined that claims listed on **Exhibit A** attached hereto (the "Fully Satisfied Claims") have been satisfied in full by customer withdrawals of assets associated with their accounts with the Debtors after the Petition Date pursuant to the Withdrawal Order. Accordingly, no further distributions are required on account of such Fully Satisfied Claims, and the Plan Administrator, through Omni, intends to designate the Fully Satisfied Claims on the Claims Register as having been fully satisfied so that their records are accurate for purposes of distributions under the Plan.

14.     Additionally, certain claims have been expunged by the Plan. Paragraph 58 of the Confirmation Order and Article VII.C of the Plan provide that "[a]ny Claim that has been paid or satisfied, any Claim that has been amended or superseded, or any Claim that has been asserted against multiple Debtors may be adjusted on the Claims Register by the Plan Administrator without a Claims objection having to be filed and without any further notice to or action, order, or

approval of the Bankruptcy Court." In accordance with Article VII.C of the Plan, the Plan Administrator has directed Omni to expunge the applicable Fully Satisfied Claims listed on **Exhibit A** from the Claims Register.

## RESPONSES TO THIS NOTICE

15. By this Notice, the Plan Administrator requests that any holder of the Fully Satisfied Claim who disputes the Plan Administrator's determination that the Fully Satisfied Claim has been satisfied in full file and serve a written response (the "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (Eastern Time) on January 12, 2023 (the "Response Deadline"). Claimants should locate their names or User IDs and Fully Satisfied Claims on **Exhibit A**, and carefully review the Notice.

16. Each Response must be filed with Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor Wilmington, Delaware, 19801 and served upon the following entities at the following addresses:

| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
|---|---|
| Patricia B. Tomasco<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>pattytomasco@quinnemanuel.com | Kenneth Enos<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>kenos@ycst.com |

17. <u>Content of Responses</u>: Each Response must, at a minimum, contain the following information:

   i. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of this Notice;

   ii. the name of the claimant, the claim number, and a description of the basis for the amount of the Fully Satisfied Claim that the Claimant is contesting has not been satisfied;

    iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Notice and the Plan Administrator's determinations set forth therein;

    iv. all documentation and other evidence in support of the claim, not previously filed with the Court or the claims and noticing agent, upon which the claimant will rely in opposing this Notice and the Plan Administrator's determinations set forth therein; and

    v. the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Plan Administrator should communicate with respect to the Fully Satisfied Claim or this Notice and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Fully Satisfied Claim on behalf of the claimant.

18. <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Plan Administrator will endeavor to review the Fully Satisfied Claim in light of such Response to determine whether there is a basis upon which to sustain the Claimant's assertion that its Claim in fact is not a Fully Satisfied Claim. In the event the parties are unable to reach a resolution, the Plan Administrator will schedule a hearing on the Fully Satisfied Claim. The Plan Administrator reserves the right to contest any new assertions of liability against the Debtors made by the holder of the Fully Satisfied Claim with respect to its Claim.

19. If a Claimant fails to file and serve a timely Response by the Response Deadline, (a) the Claimant is deemed to have consented to this Notice and the Plan Administrator's determinations with respect to the Fully Satisfied Claim, as set forth therein, and (b) Omni shall immediately, and without further notice to any party (including the Claimant), mark such Fully Satisfied Claim as fully satisfied on the Claims Register.

## **RESERVATION OF RIGHTS**

20.     The Plan Administrator reserves any and all rights to amend, supplement, or otherwise modify this Notice and to file additional notices of this nature and objections to Claims with respect to any and all Claims filed in these chapter 11 cases.  The Plan Administrator also reserves any and all rights, claims, and defenses with respect to the Fully Satisfied Claims.

21.     Notwithstanding anything contained in the Notice, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Plan Administrator, or any successor to the Plan Administrator, may have to enforce rights of setoff against the claimants.

22.     Nothing included in or omitted from this Notice is intended or should be construed as:  (a) an admission as to the validity of any Claim; (b) a waiver of the Plan Administrator's rights to dispute any Claim on any grounds, including the face value of any Fully Satisfied Claim asserted in the applicable Proof of Claim, under applicable law, including state law; (c) a promise or requirement to pay any Claim; (d) an implication or admission that any Claim is of a type referenced or defined herein or therein; (e) a waiver or limitation of any of the Plan Administrator's rights under the Bankruptcy Code or applicable law or under the Plan; or (f) a waiver of the Plan Administrator's rights to assert that any other party is in breach or default of any agreement.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Date: December 29, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/  Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth J. Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: kenos@ycst.com<br>Email: rbrady@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |