**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |
| | Obj. Deadline: January 12, 2024 at 4:00 p.m. (ET)<br>Hrg. Date: January 31, 2024 at 10:00 a.m. ET |

**PLAN ADMINISTRATOR'S SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO
CERTAIN NO LIABILITY CLAIMS**

> **\*\*\***
> TO THE CLAIMANTS LISTED ON **SCHEDULE 1** ATTACHED TO THE PROPOSED ORDER (AS DEFINED HEREIN): YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE PLAN ADMINISTRATOR. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES OR ACCOUNT IDS AND CLAIMS ON **SCHEDULE 1** TO THE PROPOSED ORDER AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE PLAN ADMINISTRATOR'S RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON **SCHEDULE 1** TO THE PROPOSED ORDER.
> **\*\*\***

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), through undersigned counsel, hereby files this sixth omnibus (substantive) objection to certain no liability claims (the "Objection") and respectfully states as follows:

**RELIEF REQUESTED**

1. By this Objection, the Plan Administrator seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging the no

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

liability claims identified on **Schedule 1** thereto (the "No Liability Claims"). In support of this Objection, the Plan Administrator submits the *Declaration of David Maria in Support of Plan Administrator's Sixth Omnibus (Substantive) Objection to Certain No Liability Claims* (the "Maria Declaration"), annexed hereto as **Exhibit B**.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rules 7008 and Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

5. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Prior to the Petition Date through the Effective Date of the Plan (defined below), the Debtors managed and operated their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

6. Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in *the Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

7. On October 31, 2023, the Court entered its order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").[2]

8. On November 15, 2023, the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date"). As set forth in the Confirmation Order, as of the Effective Date, all Wind Down Assets vested in the Wind Down Entity, and David Maria was appointed to serve as the Plan Administrator managing the Wind Down Entity. *See* Confirmation Order at ¶¶ 17.G, 52.

9. Now that the Effective Date has occurred, the Plan Administrator is continuing the claims reconciliation process, and the wind down of the business operations and affairs of the Wind Down Entity.

## CLAIMS PROCESS

10. Shortly after the Petition Date, on May 24, 2023, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

*Date* (the "Bar Date Motion") [D.I. 65], which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claims and November 4, 2023 as the governmental bar date (collectively, the "Bar Dates") [D.I. 107] (the "Bar Date Order").

11. On June 5, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I.s 85–92] (collectively, the "Schedules").

12. On June 14, 2023, and June 23, 2023, the Debtors filed their amended schedules of assets and liabilities and statements of financial affairs [D.I.s 7–8 filed in Case No. 23-10598-BLS; D.I. 129 filed in Case No. 23-10597-BLS; D.I.s 142–143 filed in Case No. 23-10597-BLS] (collectively, the "Amended Schedules").

13. In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors and customers. Through Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, the Debtors promptly served notice of the bar date on all creditors and customers, additionally providing the Debtors' customers with a customized Customer Proof Of Claim Form. [D.I. 201.] The Debtors further published the *Notice of Deadlines for Filing of Proofs of Claim* in CoinDesk's The Protocol Email Newsletter on June 14, 2023, June 21, 2023, and June 28, 2023; in the Financial Times on June 16, 2023; in the Times of Malta on June 16, 2023; and in The Wall Street Journal on June 15, 2023. [D.I. 187.]

14. On November 6, 2023, the Court entered the *Order Granting (I) Leave From Local Rule 3007-1(f) and Bankruptcy Rule 3007(e)(6) to Permit Filing of Omnibus Objections, and (II) Granting Related Relief* [D.I. 530] (the "Omnibus Objections Order").

15. More than 4,500 claims have been filed in these chapter 11 cases, including more than 4,400 customer claims. The Plan Administrator, with the assistance of his advisors, has been

reviewing and reconciling proofs of claims, including any supporting documentation attached thereto, and reconciling the proofs of claims with the Debtors' Schedules and books and records to determine the validity of the asserted claims. While this analysis and reconciliation is ongoing, the Plan Administrator has determined that the No Liability Claims should be disallowed for the reasons set forth herein. Accordingly, the Plan Administrator files this Objection seeking the relief requested herein.

## BASIS FOR RELIEF

16. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10).

17. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id*. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *Id*. at 173–74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id*.

18. As set out in the Maria Declaration, after reviewing the books and records and the relevant No Liability Claims, the Plan Administrator, with the assistance of his advisors, has determined that the No Liability Claims listed on **Schedule 1** assert amounts that cannot be

reconciled with the Debtors' books and records and have been asserted by claimants who do not have active existing accounts with the Debtors. Accordingly, the No Liability Claims assert amounts that are not actual liabilities of the Debtors.

19. Therefore, the Plan Administrator (a) objects to the No Liability Claims listed on **Schedule 1** to the Proposed Order and (b) requests that such No Liability Claims be disallowed and expunged in their entirety.

## RESPONSES TO THIS OBJECTION

20. <u>Filing and Service of Responses</u>: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (Eastern Time) on January 12, 2024 (the "Response Deadline"). Claimants should locate their names or User IDs and No Liability Claims on Schedule 1 to the Proposed Order, and carefully review the Objection. A Response must address each ground upon which the Plan Administrator objects to a particular No Liability Claim. A hearing to consider the Objection, if necessary, will be held on January 31, 2024 at 10:00 a.m. (Eastern Time) before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, via telephone or videoconference (the "Hearing").

21. Each Response must be filed with Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor Wilmington, Delaware, 19801 and served upon the following entities at the following addresses:

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| Patricia B. Tomasco<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>pattytomasco@quinnemanuel.com | Kenneth Enos<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>kenos@ycst.com |

22. <u>Content of Responses</u>: Each Response to this Objection must, at a minimum, contain the following information:

   i. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

   ii. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

   iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   iv. all documentation and other evidence in support of the claim, not previously filed with the Court or the claims and noticing agent, upon which the claimant will rely in opposing this Objection; and

   v. the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

23. <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Plan Administrator will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on January 31, 2024 at 10:00 a.m. (Eastern Time) or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

24. <u>Adjournment of Hearing</u>: The Plan Administrator reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing. The agenda will be served on the person designated by the Claimant in its Response.

25. If a claimant fails to timely file a Response by the Response Deadline, the Plan Administrator may present to the Court an appropriate order disallowing and expunging or otherwise modifying the No Liability Claims without further notice to the claimant or a hearing.

26. <u>Separate Contested Matter</u>: The objection by the Plan Administrator to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## **RESERVATION OF RIGHTS**

27. The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Plan Administrator reserves the right to object to each of the No Liability Claims or any other proofs of claim on any other grounds that the Plan Administrator discovers or elects to pursue.

28. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Plan Administrator, or any successor to the Plan Administrator, may have to enforce rights of setoff against the claimants.

29. Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this

Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any of the Plan Administrator's claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## COMPLIANCE WITH LOCAL RULE 3007-1

30. To the best of the Plan Administrator's knowledge and belief, this Objection complies with Local Rule 3007-1 as modified by the Omnibus Objections Order. To the extent this Objection does not comply in all respects with requirements of Local Rule 3007-1 as modified by the Omnibus Objections Order, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

31. Notice of this Objection will be provided to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) counsel to the lender under the Debtors' post-petition financing facility; (c) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (d) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc. and Aquila Holdings Inc.; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) each of the claimants listed on Schedule 1 to the Proposed Order. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: December 29, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth J. Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: kenos@ycst.com<br>Email: rbrady@ycst.com<br><br>- and –<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)* Razmig Izakelian *(admitted pro hac vice)* Joanna D. Caytas *(admitted pro hac vice)* 51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |