**Exhibit A**

**Proposed Order**

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |
| | **Ref. D.I. __** |

### ORDER SUSTAINING PLAN ADMINISTRATOR'S OBJECTION TO CLAIM C598-1162 FILED BY RON MEADE PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007

Upon consideration of the Plan Administrator's objection to the claim filed by Ron Meade (the "Objection") and any response thereto; and the Court having found that it has jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the Objection has been given and that no other or further notice is necessary; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1.  Pursuant to sections 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure, the Objection is **SUSTAINED** and:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

1

    a.    The Meade Claim is **DISALLOWED**.

2.    The Plan Administrator and the Clerk of this Court are authorized to modify the official Claims Register for these chapter 11 cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

3.    Nothing in the Objection or this Order, nor any actions taken by the Wind Down Entity pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind Down Entity; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

4.    This Order is immediately effective and enforceable.

5.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.