**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Bittrex, Inc., *et al.,*[1]<br><br>   Wind Down Entity. | Chapter 11<br><br>Case No. 23-10598 (BLS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: January 12, 2024 at 4:00 p.m. (ET)**<br>**Hrg. Date: January 31, 2024 at 10:00 a.m. (ET)** |

**PLAN ADMINISTRATOR'S OBJECTION TO CLAIM C597-347 FILED BY
SRIDURGAPRASANA KUMAR KORUMILLI PURSUANT TO SECTION 502 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

Pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), through undersigned counsel, hereby files this objection (the "Objection") to Claim No. C597-347 filed by Sridurgaprasana Kumar Korumilli ("Mr. Korumilli") (the "Korumilli Claim" or the "Claim").  The Plan Administrator requests entry of the Proposed Order attached hereto as **Exhibit A**, allowing the Claim against BUS in the amount of the remaining assets associated with his account (0.45644152 ETHW; and 884.70354047 NXT), and disallowing the remainder of the Claim.

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Wind Down Entity consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are sections 105, 502, 503, and 507 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

### I.   The Bankruptcy Cases and Bar Date

4. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

5. Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration" or "Hengel Declaration").

6. On October 31, 2023, the Court entered its order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").

7. On November 15, 2023, the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date"). As set forth in the Confirmation Order, as of the Effective Date, all Wind Down Assets vested in the Wind Down Entity, and David Maria was appointed to serve as the Plan Administrator managing the Wind Down Entity. *See* Confirmation Order at ¶¶ 17.G, 52.

8. Now that the Effective Date has occurred, the Plan Administrator is continuing the claims reconciliation process, and the wind down of the business operations and affairs of the Wind Down Entity.

**II.   Schedules and Bar Date Order**

9. On June 5, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I.s 85–92] (collectively, the "Schedules").

10. On June 14, 2023, and June 23, 2023, the Debtors filed their amended schedules of assets and liabilities and statements of financial affairs [D.I.s 7–8 filed in Case No. 23-10598-BLS; D.I. 129 filed in Case No. 23-10597-BLS; D.I.s 142–143 filed in Case No. 23-10597-BLS] (collectively, the "Amended Schedules").

11. On May 24, 2023, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* (the "Bar Date Motion") [D.I. 65], which the Court granted on June 7, 2023, setting August 31, 2023 as the general bar date for filing proofs of claim. [D.I. 107.]

12. In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors and customers. Through Omni Agent Solutions ("Omni"), the Debtors' Court-appointed claims and noticing agent, the Debtors promptly served notice of the bar date on all creditors and customers, additionally providing the Debtors' customers with a customized Customer Proof Of Claim Form. [D.I. 201.] The Debtors further published the *Notice of Deadlines for Filing of Proofs of Claim* in CoinDesk's The Protocol Email Newsletter on June 14, 2023, June 21, 2023, June 28, 2023; in the Financial Times on June 16, 2023; in the Times of Malta on June 16, 2023; and in The Wall Street Journal on June 15, 2023. [D.I. 187.]

### III. The Korumilli Claim

#### A. Mr. Korumilli's History With the Debtors

13. An individual with Mr. Korumilli's name and email address opened an account with Bittrex, Inc. ("BUS") on December 5, 2017. Mr. Korumilli last accepted BUS' terms of service on May 12, 2019.

14. As of the Petition Date, Mr. Korumilli's assets consisted of the following cryptocurrencies: (i) BTC: 0.01123982; (ii) ETH: 0.45644152; (iii) ETHW: 0.45644152; and (iv) NXT: 884.70354047. As of the Petition Date, the market value of Mr. Korumilli's assets was $1,161.87.

15. On September 8, 2023, after the filing of his Claim, Mr. Korumilli withdrew 0.45344152 ETH and 0.01093982 BTC, leaving in his account: (i) 0.45644152 ETHW; and (ii) 884.70354047 NXT. The account remains in good standing.

#### B. The Korumilli Claim

16. On September 1, 2023, Mr. Korumilli filed his Claim. He did not indicate the

Debtor.  Mr. Korumilli lists the following number and type of assets associated with the account: (i) 292.77 Bitcoin (BTC), and (ii) 753.47 Ethereum (ETH), for a market value as of the Petition Date of $9,530,317.70.

17. Additionally, Mr. Korumilli lists on Claim the following amount of fiat currency: $1,046.84.

18. The basis of the claim is stated as "I tried to withdraw cash that has Request 3268067. In addition to that I also submitting the proff [sic] of claim to get my withdraw funds transferred to my bank account as asson [sic] as possible." Additionally, he states the claim is secured. The proof of claim is not signed.

## OBJECTIONS

### I.  The Claim Is Not Secured

19. Mr. Korumilli asserts that the Claim is secured. However, Mr. Korumilli does not have a lien and has not attached evidence of the perfection of the security interests as required by Rule 3001(d). Therefore, the Korumilli Claim is not secured.

### II. The Korumilli Claim Should Be Allowed in Part and Otherwise Disallowed Pursuant to Section 502(b)(1)

20. Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law[.]"  11 U.S.C. § 502(b)(1). Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy."  *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

21. Here, as of the Petition Date, the assets associated with Mr. Korumilli's BUS account are described in paragraph 14 above, and had a market value of $1,161.87. Mr.

Korumilli's assets (after his September 8, 2023 withdrawals) are those described in paragraph 15. Mr. Korumilli incorrectly (and nonsensically) lists on his Claim the following assets: (i) 292.77 Bitcoin (BTC), and (ii) 753.47 Ethereum (ETH), for a market value as of the Petition Date of $9,530,317.70. Mr. Korumilli does not have that amount of cryptocurrency associated with his account. Also, he does not have $1,046.84 in fiat currency associated with his account, because his account has no fiat holdings.

22. Mr. Korumilli has not articulated any other claims against BUS or any of the other Debtors. To the extent any of Korumilli's claims consist of damages, they are expressly disallowed pursuant to the Terms of Service.

23. To sign up for an account, each customer is required to agree to BUS' terms of service, and when a new version of the terms of service is released, each customer is required to agree to that version in order to maintain an active account.

24. Section 16 of BUS' terms of service (effective on May 12, 2019) disclaim liability for incidental, consequential, and punitive damages, as set forth below:

> **16. DISCLAIMER OF DAMAGES**
> IN NO EVENT WILL BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS BE LIABLE FOR ANY INCIDENTAL, INDIRECT, SPECIAL, PUNITIVE, CONSEQUENTIAL OR SIMILAR DAMAGES OR LIABILITIES WHATSOEVER (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF DATA, INFORMATION, REVENUE, PROFITS OR OTHER BUSINESS OR FINANCIAL BENEFIT) ARISING OUT OF OR IN CONNECTION WITH THE SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX), EVEN IF BITTREX HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

25. Additionally, the Terms of Service limit BUS' liability to the amount of fees paid by a customer to BUS in the 12 months preceding the event giving rise to the claim:

> **17. LIMITATION OF LIABILITY**
> IN NO EVENT WILL THE LIABILITY OF BITTREX, ITS AFFILIATES AND THEIR RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, OFFICERS, EMPLOYEES, ATTORNEYS, AGENTS, REPRESENTATIVES, SUPPLIERS OR CONTRACTORS ARISING OUT OF OR IN CONNECTION WITH SITE, THE SERVICES, THE BITTREX MATERIALS, ANY PERFORMANCE OR NON-PERFORMANCE OF THE SERVICES, OR ANY OTHER PRODUCT, SERVICE OR OTHER ITEM PROVIDED BY OR ON BEHALF OF BITTREX, WHETHER UNDER CONTRACT, STATUTE, STRICT LIABILITY OR OTHER THEORY (INCLUDING, FOR AVOIDANCE OF DOUBT, ANY NEGLIGENCE OF BITTREX) EXCEED THE AMOUNT OF THE FEES PAID BY YOU TO BITTREX UNDER THIS AGREEMENT IN THE TWELVE-MONTH PERIOD IMMEDIATELY PRECEDING THE EVENT GIVING RISE TO THE CLAIM FOR LIABILITY.

26. Pursuant to section 19 of the Terms of Service, Washington law applies. The choice of law clause contained in BUS' terms of service is valid and enforceable. *See, e.g.*, *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 660 (Bankr. D. Del. 2003) (holding that a choice of law clause in a purchase order was enforceable under both federal common law and Delaware state law, and applying the law of the state set forth in the choice of law clause).

27. Under Washington law, disclaimers of damages and limitations on liabilities are generally enforceable, so long as they are conspicuous and where the counterparty has a reasonable opportunity to understand their terms. *See, e.g.*, *Puget Sound Fin., L.L.C. v. Unisearch, Inc.*, 146 Wash. 2d 428, 441 (Wash. 2002) (holding that a liability limitation clause was enforceable "as a matter of law" because the clause was conspicuous and the counterparty has "a reasonable opportunity to understand the terms of the clause"); *Stokes v. Bally's Pacwest, Inc.*, 113 Wash. App. 442, 449-50 (Wash. 2002) (holding that a disclaimer of damages clause was enforceable because it was "conspicuous"). The clauses in the Terms of Service are set out in all caps with bolded headings, and are easily understood. Therefore, to the extent that the Korumilli Claim is

for damages beyond the maximum liability set forth in section 17 of BUS' terms of service, it must be disallowed.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court (i) sustain this Objection and (ii) allow Claim C597-347 against BUS in the amount of the remaining assets associated with Mr. Korumilli's account (0.45644152 ETHW; and 884.70354047 NXT) for purposes of allowance; and (iii) otherwise disallow the Korumilli Claim.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: December 29, 2023<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth J. Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>- and –<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |