# **EXHIBIT 1**

**January 3, 2024 Subpoena**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Wind Down Entity. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered) |

### NOTICE OF INTENT TO SERVE SUBPOENA
### SEEKING THE PRODUCTION OF DOCUMENTS UPON
### BLOCKSCORE, LLC D/B/A COGNITO F/K/A BLOCKSCORE, INC.

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45(a)(4), counsel to Azim Ghader ("Mr. Ghader") intends to serve the annexed subpoena, attached hereto as **Exhibit 1**, commanding the production of documents, electronically stored information, or other intangible things upon BlockScore, LLC d/b/a Cognito f/k/a BlockScore, Inc. which production shall be made on or before **January 10, 2024 at 5:00 p.m. (ET)** at the offices of Womble Bond Dickinson (US) LLP, 1313 N. Market Street, Suite 1200, Wilmington, Delaware 19801 (Elazar.Kosman@wbd-us.com; Don.Detweiler@wbd-us.com; Rhett.Dehart@wbd-us.com).

Pursuant to 45(D)(2)(A), the BlockScore representative producing documents need not actually appear at the place of compliance to deliver the produced documents. Instead, the BlockScore representative may simply send the documents to the place of compliance.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

| | |
|---|---|
| Dated: January 3, 2024<br>Wilmington, Delaware | **WOMBLE BOND DICKINSON (US) LLP**<br><br>*s/ Elazar A. Kosman*<br>Donald J. Detweiler (DE Bar No. 3087)<br>Elazar A. Kosman (DE Bar No. 7077)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330<br>Email: don.detweiler@wbd-us.com<br>elazar.kosman@wbd-us.com<br><br>*Counsel to Azim Ghader* |

# **EXHIBIT 1**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Desolation Holdings LLC__
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __23-10597__

Chapter __11__

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __BlockScore, LLC D/B/A Cognito F/K/A BlockScore, Inc.; CEO Mr. Alain Meier__

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | | DATE AND TIME |
|---|---|---|
| 1313 North Market Street Suite 1200 Wilmington, DE, US 19801 | EMAIL: Elazar.Kosman@wbd-us.com  M.Rhett.DeHart@wbd-us.com  Don.Detweiler@wbd-us.com | January 10, 2024 5:00 P.M. EST |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __1/3/2024__

CLERK OF COURT

OR

_____          __/s/ Elazar Kosman__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Azim Ghader__, who issues or requests this subpoena, are:
Elazar Kosman 1313 North Market Street Suite 1200 Wilmington, DE, US 19801 Elazar.Kosman@wbd-us.com, 302.468.8385

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 23-10597-BLS    Doc 892-1    Filed 01/08/24    Page 6 of 14

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 23-10597-BLS    Doc 892-1    Filed 01/08/24    Page 7 of 14

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT**
**SUBPOENA DUCES TECUM**

**DEFINITIONS**

1. "Bankruptcy Cases" means the above-captioned chapter 11 cases pending in the Court.

2. "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, and otherwise) and encompasses every medium of transmittal, including oral, written, graphic, electronic communication, and any document evidencing such communication, including correspondence, memoranda, notes or logs of telephone conversations, electronic mail, compact disc (CD), diaries, daily calendars, or other records of exchanges between persons.

3. "Concern" and "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

4. "Court" means the United States Bankruptcy Court for the District of Delaware.

5. "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof. For the avoidance of doubt, "Document" means anything which may be considered to be a document or tangible thing, and includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working

papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail" and other electronically transmitted messages, text messages, chat or communicator transmissions, voicemail messages, online chat or instant messages (e.g., Slack, Teams, Discord, WhatsApp, or Signal messages), questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

6. "Bittrex" means the company Bittrex, LLC, Bittrex Malta Ltd., or Bittrex, Inc., as well as any affiliated entities, officers, employees, agents, advisors, or associated individuals under its direction, as well as any representatives, predecessors, successors, and all persons acting in concert with or on behalf of Bittrex.

7. "BlockScore" means BlockScore, Inc., and BlockScore, LLC, d/b/a Cognito as well as any affiliated entities, officers, employees, agents, advisors, or associated individuals under its direction, as well as any representatives, predecessors, successors, and all persons acting in concert with or on behalf of BlockScore.

8. "You" and "Your" means BlockScore.

9.  "Person" shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

10. "Relate" and "Relating" when used with respect to any given subject, means and includes analyzing, consisting, constituting, containing, comprising, commenting upon, connected with, concerning, contradicting, dealing with, describing, embodying, establishing, evidencing, identifying, listing, memorializing, pertaining to, purporting, referring to, relating to, regarding, recording, responding to, reflecting, representing, stating, substantiating, showing, supporting, or with respect to, whether in whole or in part or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse.

11. "Person Object" shall have the meaning ascribed to such term in section https://docs.blockscore.com/v4/curl/#people.

12. "Question Sets" shall have the meaning ascribed to such term in section https://docs.blockscore.com/v4/curl/#question-sets.

13. "Candidates" shall have the meaning ascribed to such term in section https://docs.blockscore.com/v4/curl/#candidates.

14. "Watchlists" shall have the meaning ascribed to such term in section https://docs.blockscore.com/v4/curl/#candidates.

## INSTRUCTIONS

1.  You are requested to produce all Documents described below that are within Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or any other person or entity acting or purporting to act on Your behalf.

2.  Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact.

3.      You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If any Document is withheld from production on the basis of any claimed privilege or immunity or other ground, furnish a list specifying: (a) the nature of the privilege, immunity, or other ground claimed; (b) the authors of the Document; (c) all persons who received copies of the Document; (d) the date of the Document; (e) the type of Document withheld (e.g., memorandum, letter, report, email, etc.); and (f) the general subject matter of the Document sufficient to enable Reverence to assess the applicability of the claimed privilege, immunity, or other ground for refusal to produce.

7.      In the event any Document responsive to these requests has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (e.g., memorandum, letter, report, email, etc.); (f) the

Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the persons authorizing and carrying out such destruction or discard.

8. Unless expressly indicated to the contrary, each request herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions. The term "original" includes the file copy and copies of any Document if there is no actual original or ribbon copy.

10. Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to;" (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

11. Unless otherwise specified, these requests seek Documents prepared, sent, provided, received during, or relating to the time period of November 1, 2015 through March 1, 2018.

**REQUESTS FOR PRODUCTION**

**Request for Production No. 1:**

All Communications, including but not limited to emails and other electronically transmitted messages, text messages, chat or communicator transmissions, voicemail messages, online chat or instant messages (e.g., Slack, Teams, Discord, WhatsApp, or Signal messages), between BlosckScore and/or any of its representatives, on the one hand, and Bittrex, and/or any representatives of Bittrex, on the other hand, from November of 2015, December of 2015, January 2016, February of 2016, and March of 2016.

**Request for Production No. 2:**

All contracts, complaints, or demand letters between BlockScore and/or any of its representatives, on the one hand, and Bittrex, and/or any representatives of Bittrex, on the other hand, from November 1, 2015 through March 1, 2018.

**Request for Production No. 3:**

All documents, communication, API Calls, API requests, API response, API Logs, API timing, and specific API endpoints including but not limited to Person Objects, Question Sets, Candidates, and Watchlists related to Azim Ghader or Azim Ghader Nosratabad that have been exchanged between Bittrex and BlockScore from June 2017 through March 1, 2018.

**Request for Production No. 4:**

Provide the total number of API Calls and API responses, including but not limited to Person Objects, Question Sets, Candidates, and Watchlists related to Iranian nationals and Iranian residents that have been exchanged between Bittrex and BlockScore from June 2017 through March 1, 2018.

**Request for Production No. 5:**

All contracts, marketing materials, web pages, blog posts, social media posts, press releases, and other promotional or informational content, both online and offline, where BlockScore has represented itself or acted as an OFAC sanctions compliance consultant (the "OFAC Sanctions Consultant").