## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

## MOTION OF RYAN D. HENTZ TO QUASH CLAIMANT'S SUBPOENA TO TESTIFY AT A DEPOSITION DIRECTED TO NON-PARTY RYAN HENTZ

Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), made applicable herein by Bankruptcy Rule[2] 9016, Bankruptcy Rules 7026, 7030, 9014, and 9016, and Local Rule 7030-1, non-party Ryan D. Hentz ("Mr. Hentz") hereby submits this motion ("Motion") to quash the third-party subpoena ("Subpoena") issued to Mr. Hentz by that certain claimant ("Claimant")[3] affected by the *Debtors' Objection to Claims 597-238, 597-296, 598-998, 598-1021, 598-10408, 599-35, 599-38, 599-10018, 600-87, 600-96, and 600-10052 Filed by [Claimant] Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [D.I. 411] ("Objection") in the above-captioned chapter 11 cases ("Cases") and states as follows.

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed such terms in the Objection (as defined *infra*).

[3] References to Claimant's actual name appear to be redacted in various filed documents in these Cases. Accordingly, this Motion only refers to the claimant affected by the Objection as "Claimant."

District of Delaware dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.       Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       Pursuant to Local Rule 9013-1(f), Mr. Hentz consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## RELEVANT BACKGROUND

4.       On May 8, 2023 ("Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors were authorized to continue to operate their businesses and manage their property as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors was not appointed in the Cases.

5.       On September 29, 2023, the Debtors filed the Objection.

6.       On October 20, 2023, the *Stipulation Regarding Withdrawal of Claim* [D.I. 468] ("Claims Stipulation") was filed by the Debtors and Claimant.

7.       On October 22, 2023, Claimant filed his response to the Objection [D.I. 470] ("Response").

8.       On October 31, 2023, this Court entered its order [D.I. 517] ("Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* ("Plan").

9.       On November 15, 2023, the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date of the Plan as the same day ("Effective Date"). As set forth in the Confirmation Order, as of the Effective Date, all Wind Down Assets (as defined in the

Confirmation Order) vested in the Wind Down Entity (as defined in the Confirmation Order) to be managed by the Plan Administrator. *See* Confirmation Order at ¶¶ 17.G, 52.

10.     On November 29, 2023, Claimant filed his *Motion to Continue Hearing on Debtors' Objection to [Claimant]'s Surviving Claims* [D.I. 641] ("Continuation Motion"), which attached as Exhibit "B" thereto, a single purported April 6, 2017 email exchange between Mr. Hentz, then a Bittrex employee and an Iranian citizen, which Claimant asserts will "evidence at trial…that Bittrex knew Iranian citizens were opening accounts, and it knowingly helped them to do so."[4] Continuation Motion at ¶ 11. The Continuation Motion was not served on Mr. Hentz. Mr. Hentz is no longer a Bittrex employee or consultant.

11.     On January 5, 2024, Claimant filed the *Notice of Service of [Claimant]'s Subpoena to Testify At A Deposition Directed to Ryan Hentz* [D.I. 883] ("Subpoena Notice"), which attaches the Subpoena as Exhibit 1 thereto. The Subpoena seeks Mr. Hentz's deposition by video telephone (Zoom).  Mr. Hentz resides in Durango, Colorado.  The proof of service attached to the Subpoena Notice as Exhibit 2 reflects the Subpoena was served on January 3, 2024 via Federal Express and received by Mr. Hentz on January 4, 2024.

12.     The Subpoena does not identify any topics that the proposed deposition would cover and scheduled the deposition for the same date this Motion has been filed, January 10, 2024 (at 10 a.m. MST).

13.     On January 9, 2024, Mr. Hentz engaged undersigned counsel.

14.     That same evening, at the request of undersigned counsel, counsel for Mr. Hentz had an initial meet and confer with Claimant's counsel. During that initial meeting, Claimant's

---

[4] In the second meet and confer, Claimant's counsel indicated they were seeking Mr. Hentz's deposition, in part, to authenticate the April 2017 email. We do not see how this email is relevant to the underlying dispute in any way in light of the fact that it does not mention Claimant or his account with Bittrex.

counsel disclosed that Claimant may use the transcript of Mr. Hentz's deposition at the hearing presently scheduled in respect of the Objection next week. Counsel for Mr. Hentz informed Claimant's counsel that it planned to file a motion to quash the Subpoena the following day. In light of undersigned counsel's representation, Claimant's counsel agreed that the deposition would not proceed on January 10th but would be held in abeyance while Claimant and Mr. Hentz met and conferred again. The second meet and confer occurred just prior to the filing of this Motion. In the present context, with a complex hearing to be heard two (2) business days from the date of this Motion and three (3) business days after service of the Subpoena, Mr. Hentz does not consent to being deposed, by video telephony (Zoom) or otherwise.

15.     For the reasons stated below, the Subpoena should be quashed.

## RELIEF REQUESTED

16.     Mr. Hentz seeks entry of an order, substantially in the form attached as **Exhibit A** ("Order"), quashing the Subpoena in its entirety.

## ARGUMENT

17.     There are several reasons why the relief requested should be granted.

18.     *First*, the Subpoena is deficient under FRCP 30(b)(1) and Local Rule 7030-1 because in order to depose a person by oral questions, "reasonable notice" of no less than seven (7) days must be given by the party who wants to depose a non-party. *See* Fed. R. Civ. P. 30(b)(1) ("*Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party.") and Del. Bankr. L.R. 7030-1(b) ("Reasonable Notice of Deposition. Unless otherwise ordered by the Court, 'reasonable notice' for the taking of depositions under Fed. R. Civ. P. 30(b) shall not be less than seven (7) days."); *see also* 10 Collier on Bankruptcy P 7030.02 (16th 2023) ("Rule 30(a)(1) provides that the attendance of witnesses may be compelled

by subpoena . . . This provision is of use only with respect to the deposition of nonparty witnesses.").

19.      Here, Exhibit 2 to the Subpoena Notice makes clear that the Subpoena – which sought an oral deposition on January 10, 2024 – was not delivered to Mr. Hentz until January 4, 2024, short of the 7-day minimum requirement under Local Rule 7030-1. Under the Delaware local rules, the Subpoena is facially deficient and must be quashed on that basis alone.

20.      *Second*, even if the Subpoena had been served in accordance with the Local Rules, it should still be quashed because, under the specific circumstances here, notice to Mr. Hentz was not reasonable.

21.      Mr. Hentz is an individual who is not a current employee of the Debtor, is not a party to the Objection, and has not participated in these Cases to date. Neither the Subpoena nor the Subpoena Notice provide any information related to the topics of the deposition, and Claimant has not informed Mr. Hentz of why his testimony is relevant in any way.

22.      Mr. Hentz's counsel has learned that Claimant decided to depose Mr. Hentz (and expressed this intention to the Plan Administrator) in mid-December. However, despite the Plan Administrator's representation that it did not represent Mr. Hentz, Claimant made no effort to notify Mr. Hentz of his intent to depose Mr. Hentz. Instead, Claimant waited for weeks before serving Mr. Hentz with the Subpoena Notice only six business days before the long-scheduled merits hearing. As a result, Mr. Hentz, an individual, has been left with insufficient time to retain counsel and prepare for the deposition, particularly because he has been given no specific insight into the topics of his deposition. In light of the gravamen of the Objection and the discourse in the meet and confer, it appears that Claimant will seek to depose Mr. Hentz on complex regulatory topics and regarding factual events that occurred well in the past.

23.     Accordingly, even if the Subpoena Notice complied with the 7-day requirement under the Local Rules (and it did not), the Court should exercise its discretion and deem the Subpoena Notice insufficient and unreasonable in light of the circumstances. Fed R. Civ. P. 45(d)(3)(A) (quashing of subpoena appropriate where the subpoena "fails to allow a reasonable time to comply").[5]

24.     *Third*, the Subpoena purports to require appearance remotely through Zoom. But, Claimant has no ability to unilaterally require Mr. Hentz to appear remotely. In relevant part, FRCP 45 provides:

> By Remote Means. The parties may ***stipulate—or the court may on motion order***—that a deposition be taken by telephone or other remote means

Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). Here, Mr. Hentz has not stipulated to a remote deposition, nor will he.  And the Court should not require him to appear remotely. At the initial meet and confer, Claimant's counsel suggested that he may utilize Mr. Hentz's deposition as a "trial deposition" and that Mr. Hentz's testimony could be presented at Tuesday's hearing on the merits. To Mr. Hentz's knowledge, he would be the only witness to testify remotely, which places him at a unique disadvantage. Moreover, particularly because Mr. Hentz does not know the topics of his deposition, he has legitimate concerns that the deposition will take place under circumstances where his counsel (who was retained yesterday), and, to the extent necessary, the Plan Administrator's counsel (who has the most knowledge of the factual issues in dispute) will not be present with him to elicit redirect testimony in person.  Mr. Hentz thus has a legitimate concern that his testimony could be utilized in a misleading manner at trial. Under these circumstances, Mr. Hentz should not be forced to testify remotely.  The deposition should be

---

[5] Claimant may protest that this deprives him of the opportunity to depose a witness who may have some knowledge of the events at issue in the hearing, but this, of course, is a crisis of his own making.

quashed for this reason as well. *See id*; Fed. R. Civ. P. 26(c)(1) (courts may quash a subpoena based on: "annoyance, embarrassment, oppression or undue burden or expense.")

25. *Fourth*, the Court should not allow Claimant to utilize a zoom deposition to evade the 100-mile rule.

26. Bankruptcy Rule 9016 and FRCP 45 provide that a subpoena to a non-party "may command a person to attend a trial, hearing, or deposition…within 100 miles of where the person resides, is employed, or regularly transacts business in person . . ." Fed. R. Bankr. P. 9016(c)(1)(A); Fed. R. Civ. P. 45(c)(1)(A). Here, Mr. Hentz resides in Durango, Colorado, which is clearly beyond the reach of this Court's subpoena power. Mr. Hentz is also neither a current employee nor officer of the Debtors' estates and does not regularly transact business in person within 100 miles of Delaware. Moreover, Claimant cannot utilize the fact that it has noticed the deposition to occur by Zoom to evade the 100-mile requirement. *Broumand v. Joseph*, 522 F.Supp. 3d 8 (S.D.N.Y. 2021) (location of remote deposition is the location of the deponent); also *Pagan v. Dent*, 2023 WL 2226792 at *1 (M.D. Pa. Feb. 24, 2023); *Black Card LLC v. Visa USA Inc.*, 2020 WL 9812009 (D. Wyo. Dec. 2, 2020); *see also In re Kirkland*, 75 F.4th 1030 (9th Cir. 2023) ("While technology and the COVID-19 pandemic have changed expectations about how legal proceedings can (and perhaps should) be conducted, the rules defining the federal subpoena power have not materially change," overruling bankruptcy court's order compelling witness to testify remotely despite falling outside the geographic limitations of the federal subpoena rule). Therefore, under the Bankruptcy Rules and the FRCP, Mr. Hentz may not be compelled to attend a deposition as contemplated by the Subpoena.

## CONCLUSION

27.     For the foregoing reasons, the Subpoena and Subpoena Notice are defective for

multiple reasons. Accordingly, Mr. Hentz respectfully requests that this Court quash the Subpoena.

Dated: January 10, 2024                    **BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
Jordan L. Williams (DE No. 7128)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464
E-mail:        stanley.tarr@blankrome.com
                jordan.williams@blankrome.com

**BLANK ROME LLP**
Michael B. Schaedle (*pro hac vice* forthcoming)
Michael D. Silberfarb (*pro hac vice* forthcoming)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
Email: mike.schaedle@blankrome.com
        michael.silberfarb@blankrome.com

*Counsel to Ryan D. Hentz*