# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.,*[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |
| | Hrg. Date: February 28, 2024 at 11:00 a.m. (ET) |
| | Obj. Deadline: February 5, 2024 at 4:00 p.m. (ET) |

## PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER AMENDING ORDER APPOINTING OMNI AGENT SOLUTIONS AS CLAIMS AND NOTICING AGENT, EFFECTIVE AS OF THE PETITION DATE

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), hereby submits this motion (the "Motion"), requesting that the United States Bankruptcy Court for the District of Delaware (the "Court") enter an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "Supplemental Order"), that amends the *Order Appointing Omni Agent Solutions as Claims and Noticing Agent, Effective as of the Petition Date* [D.I. 35] (the "Retention Order")[2] to provide that Omni is no longer required to maintain the Electronic Claims Portal (as defined below). In support of this Motion, the Plan Administrator respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Retention Order or the Plan (as defined below).

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Wind Down Entity consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 156(c) and 105(a) of the Bankruptcy Code, and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)* (the "Claims Agent Protocol"), instituted by the Office of the Clerk of the Bankruptcy Court (the "Clerk") on February 1, 2012.

**BACKGROUND**

**A.      General**

4.      On May 8, 2023 (the "Petition Date"), each of the Debtors commenced a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  Prior to the Petition Date through the Effective Date (as defined below), the Debtors managed and operated their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  An official committee of unsecured creditors was not appointed in these Chapter 11 Cases.

5.      Additional factual background relating to the Debtors' businesses, capital structure, and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

**B.     The Omni Retention Order**

6.      On the Petition Date, the Debtors filed the *Debtors' Application for Entry of an Order Appointing Omni Agent Solutions as Claims and Noticing Agent, Effective as of the Petition Date* [D.I. 3] (the "Retention Application"), seeking the appointment of Omni to act as claims and noticing agent in the Chapter 11 Cases, effective as of the Petition Date. Following a hearing on the Retention Application, the Court entered the Retention Order, thereby appointing Omni as the Debtors' claims and noticing agent.

7.      Paragraph 5 of the Retention Order provides as follows:

> Omni is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

Retention Order ¶ 5. In accordance with this paragraph, Omni created and maintained the electronic interface for filing proofs of claim found at https://omniagentsolutions.com/Bittrex (the "Electronic Claims Portal").

**C.     The Bar Date Order and the Claims Reconciliation Process**

8.      On May 24, 2023, the Debtors filed the *Motion of Debtors for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date* [D.I. 65], which the Court granted on June 7, 2023 [D.I. 107] (the "Bar Date Order"), setting August 31, 2023 and

November 4, 2023 (collectively, the "Bar Dates") as the general bar date and governmental bar date, respectively, for filing proofs of claim.

9.      In accordance with the Bar Date Order, the Debtors engaged in extensive noticing of the Bar Dates to provide notice to known and unknown creditors and customers. Through Omni, the Debtors promptly notified all creditors and customers of the bar date. *See* D.I. 201. The Debtors further published the *Notice of Deadlines for Filing of Proofs of Claims* in CoinDesk's The Protocol Email Newsletter on June 14, 2023, June 21, 2023, and June 28, 2023; the Financial Times on June 16, 2023; in the Times of Malta on June 16, 2023; and in The Wall Street Journal on June 15, 2023. *See* D.I. 187.

10.     Pursuant to Paragraph 4 of the Bar Date Order,

> Any holder of a claim against the Debtors, including any Customer, who is required to file a General Proof of Claim or Customer Proof of Claim in accordance with this Bar Date Order, but fails to do so on or before the applicable Bar Date, shall not be permitted to vote to accept or reject any plan filed in the Chapter 11 Cases, or receive any distribution in the Chapter 11 Cases on account of such claim, or to receive further notices regarding such claim.

Bar Date Order at ¶ 4.

11.     As of the filing of this Motion, approximately 5,000 proofs of claim have been filed. Of that amount, approximately 1,610 proofs of claim were filed after the Bar Dates.

12.     The Debtors and the Plan Administrator have worked diligently to resolve and reconcile the filed proofs of claim. Seven omnibus objections have been filed, through which the Plan Administrator has objected to approximately 968 proofs of claim. The Court has entered orders sustaining five of these omnibus objections, with the two remaining previously filed omnibus objections scheduled to be heard on January 31, 2024 at 10:00 a.m. (ET). In addition, the Debtors and the Plan Administrator have filed approximately 55 individual claim objections.

The Court has entered orders sustaining 34 of these individual claim objections, with the majority of the remaining previously filed individual claim objections scheduled to be heard on January 31, 2024 at 10:00 a.m. (ET). Finally, the Plan Administrator filed one notice of satisfaction, which addressed 76 proofs of claim related to customers who withdrew their assets from their customer accounts subsequent to the Petition Date.

13.     Even with the significant efforts to date, because of the sheer magnitude of proofs of claims that were filed in the Chapter 11 Cases, much work remains to be done before the claims reconciliation process is completed.

**D.     The Plan**

14.     On October 31, 2023, the Court entered its Order [D.I. 517] (the "Confirming Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").

15.     Among other things, the Plan provides:

> For the avoidance of doubt a Proof of Claim or Interest Filed after the Bar Date shall not be Allowed for any purposes whatsoever absent entry of a Final Order allowing such late-Filed Claim. "*Allow*," "*Allowing*," and "*Allowance*" shall have correlative meanings.

Plan I.A.6.

> Except as provided herein or otherwise agreed to by the Plan Administrator in its sole discretion, any and all Proofs of Claim Filed after the Bar Date shall be deemed Disallowed as of the Effective Date without any further notice to or action, Order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any Distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order.

Plan VII.G.

16. On November 15, 2023, the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date"). As set forth in the Confirmation Order, as of the Effective Date, all Wind Down Assets vested in the Wind Down Entity, and David Maria was appointed as the Plan Administrator managing the Wind Down Entity. *See* Confirmation Order at ¶¶ 17.G.

## RELIEF REQUESTED

17. The Bar Dates passed months ago, and now that the Plan has gone effective, the Plan Administrator is working diligently to make distributions to creditors and wind down these estates. Consequently, the Plan Administrator submits that the Electronic Claims Portal is no longer necessary, and that maintaining the Electronic Claims Portal impedes the prompt and efficient wind-down of the Wind Down Entity. Accordingly, by this Motion, the Plan Administrator requests entry of the Supplemental Order, amending the Retention Order to provide that Omni is no longer required to maintain the Electronic Claims Portal.

## BASIS FOR RELIEF

18. Section 105(a) of the Bankruptcy Code provides, in pertinent part, as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

28 U.S.C. § 105(a). The Plan Administrator submits that the Court is permitted to amend the Retention Order in accordance with section 105 of the Bankruptcy Code, and that the relief requested herein is not inconsistent with section 156(c) of the Bankruptcy Code, which authorizes

the use of noticing agents, the Claims Agent Protocol, which in this District governs the process for selecting claims and noticing agents and outlines the duties of claims and noticing agents.

19. Pursuant to section 156(c) of the Bankruptcy Code, the Court is authorized to utilize agents and facilities other than the Clerk for the administration of bankruptcy cases. Specifically, section 156(c) provides, in relevant part, as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States.

28 U.S.C. § 156(c). Section 156(c) does not specify or require the use of electronic claims processing.

20. Briefly, the Claims Agent Protocol provides the process that a debtor must undertake in selecting a claims and noticing agent, and sets forth the agent's duties and conditions of retention. The Claims Agent Protocol does not specify or require the use of electronic claims processing.

21. Given that the Plan was confirmed and the Effective Date has occurred, the Plan Administrator submits that no purpose is served by the Electronic Claims Portal, and in fact, the continued maintenance of the Electronic Claims Portal imposes an unnecessary administrative burden on the Wind Down Entity. Pursuant to the Bar Date Order, the filing of general proofs of claims has been barred for five (5) months, and the filing of governmental proofs of claims has been barred for two (2) months. Nonetheless, 930 proofs of claims were filed on the Electronic Claims Portal during November and December 2023, and as of the filing of this Motion, approximately 150 proofs of claims have already been filed on the Electronic Claims Portal in January 2024. All claims filed after the Bar Dates, such as these, are deemed disallowed under the

11606-00001C/14221703.2

7

terms of the Bar Date Order and the Plan.  Nonetheless, the estates are forced to bear the administrative costs arising from processing these untimely submissions.

22. Removing access to the Electronic Claims Portal will significantly reduce the administrative expenses imposed on the Wind Down Entity, without impacting the reconciliation of timely-submitted claims.  Moreover, Omni will continue to receive and process proofs of claim submitted via mail or hand delivery, so potential claimants will still be afforded the ability to file proofs of claim and seek leave of Court to have such claims deemed as timely filed, since, as set forth above, any claims filed at this time are deemed disallowed pursuant to the Bar Date Order and Plan.[3]

23. Accordingly, the Plan Administrator respectfully submits that amending the Retention Order to permit the removal of the Electronic Claims Portal, as set forth in the Supplemental Order, is necessary, appropriate, and in the best interests of the Wind Down Entity and the Debtors' creditors, and should be approved.

## NOTICE

24. The Plan Administrator will provide notice of this Motion to: (a) the United States Trustee for the District of Delaware; and (b) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice needs to be given.

---

[3] The Plan Administrator will work with Omni to ensure that the case website for the Chapter 11 Cases is updated to make clear that proofs of claim may no longer be filed via the Electronic Claims Portal.

**CONCLUSION**

WHEREFORE, the Plan Administrator respectfully requests that the Court (a) enter the Supplemental Order, granting the relief requested herein, and (b) grant such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: January 22, 2024<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth J. Enos (Delaware Bar No. 4544)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos (admitted *pro hac vice*)<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |