# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



**BRENDAN LINEHAN SHANNON**
**JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2915**

January 26, 2024

Kenneth J. Enos, Esquire
Young, Conaway, Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801

Donald J. Detweiler, Esquire
Womble Bond Dickinson
1313 North Market Street
Suite 1200
Wilmington, DE  19801

Patricia D. Tomasco, Esquire
Quinn Emanual Urquhart & Sullivan, LLP
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, TX  77002

    Re: In re:  Desolation Holdings LLC, *et al*.
      <u>Case No.  23-10597 (BLS)</u>

Dear Counsel:

  This letter follows upon the Court's colloquy with counsel during trial in the above matter last week.  Counsel for Mr. Ghader have requested the opportunity to present argument and briefing on the proposition that a contract or business relationship entered into in violation of sanctions is entirely void.  The Debtor vigorously opposes the raising of this argument at this stage of the proceedings.  For the reasons that follow, the Court will not permit Mr. Ghader to pursue this argument.

  The extensive record developed thus far at trial demonstrates that Mr. Ghader signed onto the Debtors' crypto platform in June 2017, and in so doing "checked the box" agreeing to the contractual terms of service.  Mr. Ghader has filed claims in this case for damages and losses on account of the Debtors' conduct starting in October 2017.  The Debtors have objected to those claims and extensive briefing and discovery (including multiple depositions) occurred in anticipation of a trial that commenced on January 16, 2024.  At the final pretrial conference on

Kenneth J. Enos, Esquire
Donald J. Detweiler, Esquire
Patricia B. Tomasco, Esquire
January 26, 2024
Page 2

January 12, 2024 – effectively the day before trial – Mr. Ghader proffered a new argument and theory: that any contractual arrangement between Mr. Ghader and the Debtors was void *ab initio* due to the pending sanctions regime imposed by OFAC.

This argument was not raised in the parties' extensive submissions and was not considered in the context of discovery and trial preparation. Indeed, trial was originally set in this matter for mid-December 2023 and was adjourned by the Court to January 2024, over the Debtors' objection. It is simply too late to raise new theories and arguments on the eve of trial, and accordingly the Court will not permit these new arguments to be made in post-trial submissions or otherwise in this dispute.

                                            Very truly yours,

                                            Brendan Linehan Shannon
                                            United States Bankruptcy Judge

BLS/jmw