## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC, *et al.*,[1]<br><br>Wind Down Entity. | Chapter 11<br><br>Case No. 23-10597 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>February 28, 2024 at 11:00 a.m. (ET)<br><br>**Objection Deadline:**<br>February 16, 2024 at 4:00 p.m. (ET) |

**PLAN ADMINISTRATOR'S THIRD MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULES 9006 AND 9027, EXTENDING THE PERIOD WITHIN WHICH THE PLAN ADMINISTRATOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), hereby submits this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Plan Administrator may remove actions pursuant to 28 U.S.C. § 1452 by ninety (90) days, through and including May 3, 2024. In support of this Motion, the Plan Administrator respectfully states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

31237580.2

*Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plan Administrator consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3. On May 8, 2023 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") (collectively, the "Chapter 11 Cases"). Prior to the Petition Date through the Effective Date (defined below), the Debtors managed and operated their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed in these Chapter 11 Cases.

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan*

*Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 11] (the "First Day Declaration").[2]

5. On August 25, 2023, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Affiliated Debtors* [D.I. 293] (as amended, modified, or supplemented from time to time, the "Plan"), which was amended on September 28, 2023 [D.I. 391]. On October 30, 2023, the Court held a hearing (the "Confirmation Hearing") to consider, among other things, confirmation of the Plan. The day following the Confirmation Hearing, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan of Liquidation of Desolation Holdings LLC and Its Debtor Affiliates* [D.I. 517]. The Plan went effective on November 15, 2023 (the "Effective Date"). *See* D.I. 563.

6. On November 21, 2023, the Court entered the *Order, Pursuant to Bankruptcy Rules 9006 and 9027, Extending the Period Within Which the Debtors may Remove Actions Pursuant to 28 U.S.C. § 1452* [D.I. 286] (the "Second Removal Order"), which established February 3, 2024 as the deadline for the Debtors to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 (the "Current Removal Deadline").

## RELIEF REQUESTED

7. By this Motion, the Plan Administrator requests the Court to enter the Proposed Order, extending the period within which the Plan Administrator may remove actions and related proceedings, by ninety (90) days, through and including May 3, 2024,[3] without prejudice to the rights of the Plan Administrator to seek further extensions.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

**BASIS FOR RELIEF**

8. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Plan Administrator's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

*Id.* at 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988, 990-91 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr.

S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438, 442-43 (Bankr. N.D. Iowa 1990) (implying that the time period in which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

10. As of the Petition Date, the Debtors were parties to seven actions pending other courts and/or tribunals. *See* Bittrex, Inc. Statement of Financial Affairs § 7 [D.I. 88 at 34-35]. Out of an abundance of caution, the Plan Administrator believes that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove any such actions (each an "Action" and, collectively, the "Actions").

11. Since entry of the Second Removal Order, the Plan Administrator has made substantial progress in winding down the Debtors' estates. To that end, the Plan Administrator has, among other things: (i) continued to work with customers to assist with the withdrawal of cryptocurrency assets and fiat currencies from their accounts; (ii) successfully prosecuted numerous objections to claims [D.I. 456-465, 518, 658, 659, 731-752, 777, 778, 780, 795]; (iii) satisfied or waived all necessary conditions precedent to render the Plan effective on the Effective Date; and (iv) handled the various other tasks related to the administration of the Debtors' estates, the Chapter 11 Cases, and the wind down of the Debtors' business affairs.

12. The Plan Administrator submits that extending the Current Removal Deadline is in the best interests of the Debtors' estates and their creditors. The extension sought will afford the Plan Administrator an opportunity to make fully informed decisions concerning the removal of any Action, and will ensure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452. Furthermore, the Plan Administrator submits that granting the extension requested herein will not prejudice the rights of any parties to any Actions

because in nearly all of the Actions, such parties could not prosecute them absent relief from the automatic stay. In addition, nothing herein will prejudice any party to an Action that the Plan Administrator may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C § 1452(b) at the appropriate time.

13. For the reasons set forth above, the Plan Administrator submits that extending the Current Removal Deadline through and including May 3, 2024 is necessary, prudent and in the best interests of the Debtors, their estates and their creditors.

## NOTICE

14. The Plan Administrator will provide notice of this Motion to: (a) the United States Trustee for the District of Delaware; and (b) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Proposed Order, granting the relief requested herein and such other relief as the Court may deem just and proper.

*[Signature Page Follows]*

| | |
|---|---|
| Date: February 2, 2024<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth J. Enos (Delaware Bar No. 4544)<br>Rebecca L. Lamb (Delaware Bar No. 7223)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: rbrady@ycst.com<br>Email: kenos@ycst.com<br>Email: rlamb@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Valerie Ramos *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: valerieramos@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |