IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DESOLATION HOLDINGS LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |

**MOTION OF AZIM GHADER FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY RULE 9006(c) AND LOCAL
RULE 9006-1(e) SHORTENING THE NOTICE PERIOD WITH
RESPECT TO AZIM GHADER'S MOTION FOR RECONSIDERATION**

Azim Ghader ("Mr. Ghader"), by and through his undersigned counsel, hereby files this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening and limiting the notice with respect to his *Motion for Reconsideration* (the "Reconsideration Motion") filed contemporaneously herewith.[2] In support of this Motion to Shorten, Mr. Ghader respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined in the Motion to Shorten have the meanings ascribed to such terms in the Reconsideration Motion.

Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Mr. Ghader confirms his consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

## RELIEF REQUESTED

4. By this Motion to Shorten, Mr. Ghader seeks entry of the Proposed Order, shortening the notice and objection periods with respect to the Reconsideration Motion, scheduling a hearing on the Reconsideration Motion at the convenience of the Court (the "Requested Hearing") and setting the deadline (the "Objection Deadline") by which objections to the Reconsideration Motion may be lodged.

## BACKGROUND

5. On May 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

6. On September 29, 2023, the Debtors objected to Mr. Ghader's Proofs of Claims (Docket No. 411) (the "Claim Objection").

7. On October 22, 2023, Mr. Ghader filed his response (the "Response") to the Debtors' Claim Objection at docket number 470, and the Plan Administrator (as successor to the Debtors) filed a reply on December 8, 2023, at docket numbers 711 and 712

8. A trial on Mr. Ghader's claims against the Debtors and the Debtors' Claim Objection was held on January 16 through January 18, 2024 and January 29, 2024. After trial on the Claim Objection, the Court requested that each party file proposed findings of fact and conclusions of law, which the parties agreed will be filed with the Court on or before February 12, 2024 at 4:00 p.m. (ET).

9. In a January 26, 2024 letter ruling (Docket No. 980) (the "Letter Ruling"), the Court prohibited Mr. Ghader from arguing "that any contractual arrangement between Mr. Ghader and the Debtors was void *ab initio* due to the pending sanctions regime imposed by OFAC." By the Reconsideration Motion, Mr. Ghader respectfully requests that this Court reconsider its Letter Ruling (based on the arguments set forth therein).

10. Mr. Ghader, therefore, requests that the Reconsideration Motion be heard at the Court's convenience, in light of the parties' pending deadline to file proposed findings of fact and conclusions of law, scheduled for February 12, 2024.

## BASIS FOR RELIEF

11. Local Rule 9006-1(c)(i) requires that motions be filed and served at least fourteen days prior to the hearing. Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion shall seven (7) days before the hearing date. *See* DEL. BANKR. L.R. 9006-1(c)(i), (ii).

12. According to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time…, the court for cause shown may in its discretion with or without motion or notice order the period reduced." FED. R. BANKR. P. 9006(c)(1). Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized by order of the Court, on written motion (served on all interested parties) specifying the compelling circumstances justifying shortened notice. In exercising such discretion, the court should "consider

3

the prejudice to the parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting that such motions are common in light of the "accelerated timeframe of bankruptcy proceedings"). Indeed, as stated in Bankruptcy Code section 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *see also Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice."). Finally, Bankruptcy Code section 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Mr. Ghader believes that the Court's consideration of the parties' proposed findings of fact and conclusions of law will be benefitted by the arguments set forth in the Reconsideration Motion. Additionally, Mr. Ghader respectfully requests that the Court consider the relief sought in the Reconsideration Motion prior to ruling on the Claim Objection to Mr. Ghader's proofs of claim. Therefore, Mr. Ghader respectfully requests that the Reconsideration Motion be heard at the convenience of the Court on or before the February 28, 2024 omnibus hearing date, but that the Court hear and rule on the Reconsideration Motion in advance of issuing a ruling on the Claim Objection to Mr. Ghader's claims.

## LOCAL RULE 9006-1(e) CERTIFICATION

14. Undersigned counsel requested the Plan Administrator's and the Office of the United States Trustee's positions with respect to this Motion to Shorten. The Office of the United

States Trustee takes no position with respect to this Motion to Shorten. Plan Administrator's counsel objects to this Motion to Shorten to the extent any hearing on the Reconsideration Motion takes place prior to the next omnibus hearing in these cases scheduled for February 28, 2024.

## NOTICE

15. Notice of this Motion will be given to: (a) the U.S. Trustee for the District of Delaware; and (b) counsel to the Plan Administrator. In light of the nature of the relief requested herein, Mr. Ghader submits that no other or further notice is required.

WHEREFORE, Mr. Ghader respectfully requests the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such further relief as the Court deems just and proper.

Dated: February 9, 2024　　　　　　　　　**WOMBLE BOND DICKINSON (US) LLP**
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　*/s/ Elazar A. Kosman*
　　　　　　　　　　　　　　　　　　　　Donald J. Detweiler (DE Bar No. 3087)
　　　　　　　　　　　　　　　　　　　　Elazar A. Kosman (DE Bar No. 7077)
　　　　　　　　　　　　　　　　　　　　1313 North Market Street, Suite 1200
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　Telephone: (302) 252-4320
　　　　　　　　　　　　　　　　　　　　Facsimile:  (302) 252-4330
　　　　　　　　　　　　　　　　　　　　Email: don.detweiler@wbd-us.com
　　　　　　　　　　　　　　　　　　　　　　　　elazar.kosman@wbd-us.com

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　M. Rhett DeHart (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Womble Bond Dickinson (US) LLP
　　　　　　　　　　　　　　　　　　　　5 Exchange Street
　　　　　　　　　　　　　　　　　　　　Charleston, South Carolina 29401
　　　　　　　　　　　　　　　　　　　　Telephone: (843) 722-3400
　　　　　　　　　　　　　　　　　　　　Facsimile: (843) 723-7398
　　　　　　　　　　　　　　　　　　　　Email: rhett.dehart@wbd-us.com

　　　　　　　　　　　　　　　　　　　　*Counsel to Azim Ghader*