IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |
| | Hearing Date: February 28, 2024 at 11:00 a.m. (ET)<br>Objection Deadline: February 21, 2024 at 4:00 p.m. (ET) |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF**
**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), by his undersigned counsel, hereby submits this motion (the "Motion") seeking the entry of a final decree order closing the chapter 11 cases of each of the Debtors other than Bittrex, Inc. ("BUS") and seeking related relief. In support of this Motion, the Plan Administrator respectfully states as follows:

**JURISDICTION, VENUE, AND PREDICATES**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

Court for the District of Delaware (the "Local Rules"), and the applicable provisions of the Confirmation Order and Plan, as defined below, authorize the relief sought.

## BACKGROUND

3. On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Sections 1107(a) and 1108 of the Bankruptcy Code authorized the Debtors to continue to operate their businesses and manage their property as debtors in possession. The United States Trustee never appointed an official committee of unsecured creditors in these Chapter 11 Cases.[2]

4. On May 10, 2023, the Court entered an order granting procedural consolidation and joint administration of the Chapter 11 Cases under Case No. 23-10597, *In re Desolation Holdings LLC* [D.I. 34].

5. On October 31, 2023, the Court entered an order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan").[3]

6. The Debtors substantially consummated the Plan, and the Debtors emerged from chapter 11 on November 15, 2023, when the Debtors filed a *Notice of Effective Date* [D.I. 563], setting the effective date to the same day (the "Effective Date"). On the Effective Date, (i) any interests in Bittrex, Inc. survived and continued to exist following the Effective Date as Interests in the Wind Down Entity; (ii) the Wind Down Assets were transferred to and vested in the Wind Down Entity; and (iii) the Plan Administrator manages the Wind Down Entity.

---

[2] Additional factual background relating to the Debtors' business and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

[3] Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration or in the Plan, as applicable.

7.      Paragraph 17(f) of the Confirmation Order provides in relevant part:

On the Effective Date the Wind Down Assets shall, subject to the Article IV.C of the Plan, be transferred to and vest in the Wind Down Entity. The Wind Down Entity shall be managed by the Plan Administrator as described in the Article IV.C of the Plan.

8.      Further, Paragraph 17(g) of the Confirmation Order provides in relevant part:

Article IV.C.1 of the Plan provides that on the Effective Date all Debtors except for Bittrex, Inc. will be dissolved. Article IV.F of the Plan provides that any Interests in Bittrex, Inc. shall survive and continue to exist following the Effective Date as Interests in the Wind Down Entity. Article IV.C.9 provides that the Wind Down Entity will be deemed dissolved upon conclusion of its duties under the Plan following the Effective Date and after the entry of a final decree closing the Wind Down Entity's Chapter 11 Case. David Maria will serve as Plan Administrator. The Wind Down Debtor shall be managed by the Plan Administrator….

9.      In addition, Article XII.M of the Plan provides in relevant part:

Upon the occurrence of the Effective Date, the Plan Administrator shall be permitted, as set forth in section 350 of the Bankruptcy Code, and Local Rule 3022-1, to take the appropriate steps to move to close all of the Chapter 11 Cases except for the Chapter 11 Case of BUS, and all contested matters and adversary proceedings relating to each of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of BUS; provided that for purposes of sections 546 and 550 of the Bankruptcy Code, the Chapter 11 Cases shall be deemed to remain open until the Chapter 11 Case of BUS has been closed.

When all Disputed Claims have become Allowed or Disallowed and all remaining Cash has been distributed in accordance with the Plan, the Plan Administrator shall seek authority from the Bankruptcy Court to close the Chapter 11 Case of BUS in accordance with the Bankruptcy Code, the Bankruptcy Rules and Local Rule 3022-1.

10.     After the Effective Date, the Plan Administrator has been administering the Wind Down Entity in accordance with the Plan. Now, the only material remaining matters anticipated to require resolution in connection with these Chapter 11 Cases are claims objections and related disputes.

## RELIEF REQUESTED

11. By this Motion, and in accordance with Article IV.N of the Plan, the Plan Administrator requests the entry of a final decree, substantially in the form annexed to this Motion as **Exhibit A** (the "Final Decree"), pursuant to Bankruptcy Code section 350(a), Bankruptcy Rule 3022 and Local Rule 3022-1, closing the following chapter 11 cases (collectively, the "Affiliated Cases"):

| Affiliated Cases | Case No. |
|---|---|
| Desolation Holdings LLC | 23-10597 (BLS) |
| Bittrex Malta Holdings Ltd. | 23-10599 (BLS) |
| Bittrex Malta Ltd. | 23-10600 (BLS) |

12. The chapter 11 case of Bittrex, Inc., *In re Bittrex, Inc*. Case No. 23-10598 (the "Lead Case"), will remain open to provide the Plan Administrator the opportunity to, among other things, finalize the wind down of the Wind Down Entity, reconcile any unresolved claims, and make distributions to holders of Allowed Claims, among other things.

13. Upon the filing of a further motion to close the chapter 11 case of Bittrex, Inc., the Plan Administrator intends to file a final report with respect to all of the Debtors' chapter 11 cases (including the Affiliated Cases) pursuant to Local Rule 3022-1(c). Accordingly, the Plan Administrator does not intend to file a final report in connection with this Motion and respectfully requests that the Court waive any requirement to file such a report in connection with the closing of the Affiliated Cases.

## BASIS FOR RELIEF REQUESTED

14. Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

15. Bankruptcy Rule 3022, which implements section 350, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

16. Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

17. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

> a. whether the order confirming the plan has become final;
> b. whether deposits required by the plan have been distributed;
> c. whether the property proposed by the plan to be transferred has been transferred;
> d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
> e. whether payouts under the plan have commenced; and
> f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee Note.

18. Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del.

June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

19.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).  Section 1101(2) of the Bankruptcy Code defines substantial consummation as the:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

20.     On the Effective Date, the Wind Down Assets vested in the Wind Down Entity, which is managed by the Plan Administrator for the purposes of winding down and Distribution of Allowed Claims.  The Distributions under the Plan have commenced and are continuing.

21.     The Plan Administrator believes that as of the Effective Date, the Plan is substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code and the Chapter 11 Cases, other than the Lead Case, are fully administered within the meaning of section 350 of the Bankruptcy Code.

22. The Plan Administrator acknowledges that one of the factors set forth in the Advisory Committee Note is the resolution of all motions, contested matters, and adversary proceedings. No adversary proceedings have been filed to date in the Chapter 11 Cases, and the Plan Administrator does not anticipate any such proceedings given the nature of the Plan. Moreover, under the Plan, "all contested matters and adversary proceedings relating to each of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of BUS …." Plan, Art. XII.M.

23. Courts have found that closing a case, even while resolution of claims remains ongoing, is appropriate. *See, e.g., In re Clover Tech. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (entering final decree closing certain of the debtors' chapter 11 cases notwithstanding pendency of certain claims); *In re Blackhawk Mining LLC*., No. 19-11595 (LSS) (Bankr. D. Del. Jan. 22, 2020) (same); *In re Anna Holdings, Inc*., No. 19-12551 (CSS) (Bankr. D. Del. Jan. 2, 2020) (same); *In re ATD Corporation,* No. 18-12221 (KJC) (Bankr. D. Del. Dec. 26, 2018) (same); *In re* EV *Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del. Aug. 28, 2018) (same).

24. Furthermore, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). The Plan Administrator submits that the Final Decree may provide for all motions, notices, and other pleadings relating to any of the Debtors or the Wind Down Entity to be filed, administered, and adjudicated in the Lead Case without the need to reopen the Affiliate Cases, and for the Court to retain jurisdiction over the remaining matters. Furthermore, the entry of the Final Decree closing the Affiliated Cases is without prejudice to creditors' rights to petition the Court to reopen any of these Affiliated Cases pursuant to section 350(b) of the Bankruptcy Code.

25. Here, these chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree. In particular:

a. the Confirmation Order has become final and is non-appealable;

b. the Wind Down assets vested in the Wind Down Entity;

c. all payments required to be made pursuant to the Plan have been either paid or provided for as of the Effective Date;

d. the Plan Administrator has assumed the management of the Wind Down Entity and its Wind Down Assets; and

e. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

26. The Plan Administrator submits that closing the Affiliated Cases should not be delayed simply on account of any outstanding distributions. To the extent payment of Allowed Claims is still pending in accordance with the Plan, the Plan Administrator submits that such Claims will be paid in the ordinary course in accordance with the Plan and applicable nonbankruptcy law.

27. Leaving the Affiliated Cases open any further past the Effective Date would impose significant costs on the Wind Down Entity. Accordingly, the Plan Administrator requests entry of a final decree closing such Affiliated Cases.

28. The Plan Administrator submits that, given the vesting of the Wind Down Assets in the Wind Down Entity, which occurred on the Effective Date, the Affiliated Cases have been fully administered and should be closed. Indeed, entry of the Proposed Order is consistent with and paragraph 17(g) of the Confirmation Order providing for the dissolution of the Debtors except for Bittrex, Inc. as of the Effective Date, and merely implements Article XII.M of the Plan, which provides for closing of the Chapter 11 Cases except for the Lead Case after the Effective Date.

29. Moreover, closing the Affiliated Cases will relieve the Court, the Office of the United States Trustee, and the Plan Administrator of the administrative burdens relating to the

Affiliated Cases, thus promoting judicial efficiency and preserving the assets of the Wind Down Entity.

30. Accordingly, the Plan Administrator submits that the relief requested in this Motion is in the best interest of all parties in interest and should be granted.

## NOTICE

31. The Plan Administrator will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the Securities and Exchange Commission, FinCEN, and the Office of Foreign Assets Control; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

32. No prior request for the relief sought in this Motion has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Plan Administrator respectfully requests that the Court (a) enter an order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein, and (b) grant such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: February 14, 2024<br>Wilmington, DE | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kenneth J. Enos*<br>Robert S. Brady (Delaware Bar No. 2847)<br>Kenneth Enos (Delaware Bar No. 4544)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-571-6600<br>Facsimile: 302-571-1253<br>Email: kenos@ycst.com<br>Email: rbrady@ycst.com<br><br>-and-<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani *(admitted pro hac vice)*<br>Patricia B. Tomasco *(admitted pro hac vice)*<br>Daniel Holzman *(admitted pro hac vice)*<br>Alain Jaquet *(admitted pro hac vice)*<br>Razmig Izakelian *(admitted pro hac vice)*<br>Joanna D. Caytas *(admitted pro hac vice)*<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br>Email: susheelkirpalani@quinnemanuel.com<br>Email: pattytomasco@quinnemanuel.com<br>Email: danielholzman@quinnemanuel.com<br>Email: alainjaquet@quinnemanuel.com<br>Email: razmigizakelian@quinnemanuel.com<br>Email: joannacaytas@quinnemanuel.com<br><br>**COUNSEL FOR THE PLAN ADMINISTRATOR** |