**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**BRENDAN LINEHAN SHANNON**
**JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2915**

February 22, 2024

Kenneth J. Enos, Esquire
Young, Conaway, Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*(Via Email and U.S. Mail)*

Patricia D. Tomasco, Esquire
Quinn Emanual Urquhart & Sullivan
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, TX  77002
*(Via Email and U.S. Mail)*

Mr. Adel Abbasi
Şan Sk. No:30 D:6
Çağlayan, Kâğıthane/İstanbul 34403
*(Via Email)*

    Re: In re:  Desolation Holdings LLC, *et al*.
       Case No.  23-10597 (BLS)

Dear Counsel:

  This letter follows upon trial in the matter of the Debtors' objection to Mr. Abbasi's claims.  Specifically, at the conclusion of the trial, the Court reserved judgment as to whether a document prepared and submitted by Mr. Abbasi (the "January 31 Submission") should be admitted into evidence or otherwise made part of the record of these proceedings.  For the reasons that follow, the January 31 Submission will not be admitted into evidence, and will be stricken.

  The record reflects that the January 31 Submission was never filed on the docket:  Mr. Abbasi emailed the document to chambers, and apparently never provided a copy to opposing counsel.  Hence, when the Court inquired as to the status of the January 31 Submission at the end of the trial, Debtors' counsel had never seen the document.  After an opportunity to review it, the Debtors have objected.[1]

---

[1] Docket No. 1054.

Kenneth J. Enos, Esquire
Patricia B. Tomasco, Esquire
Mr. Adel Abbasi
February 22, 2024
Page 2

      The January 31 Submission is 31 pages, single-spaced. It contains legal argument and extensive factual allegations that are testimonial in nature.

      The document will be stricken for two reasons. First, to the extent that it contains statements of fact, those statements are hearsay not within any applicable exception. Moreover, Mr. Abbasi testified at trial and was subject to cross-examination. It would be unfair to now permit the admission of extensive testimony unaccompanied by a meaningful opportunity to cross-examine and test those propositions.

      Second, and equally important, the January 31 Submission is an *ex parte* communication with the Court and was made long after any applicable deadlines for filings in this contested matter. Because Mr. Abbasi is proceeding *pro se* in this claim objection, the Court will not impose any penalty or sanction for this *ex parte* communication beyond striking the January 31 Submission.

      For the foregoing reasons, the January 31 Submission will be stricken. The Court will prepare its own order.

                          Very truly yours,

                          Brendan Linehan Shannon
                          United States Bankruptcy Judge

BLS/jmw