**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DESOLATION HOLDINGS LLC, *et al.*, | ) Case No. 23-10597 (BLS) |
| | ) |
| Wind Down Entity. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 824, 1051 and 1063 |
| | ) Hearing: February 28, 2024 at 10:00 a.m. |

---

# REPLY IN SUPPORT OF CROSS-MOTION FOR ABSTENTION BY CLAIMANTS EXCEL TITLE GROUP, LLC, JASON M. FORGEY, AND FORGEY LAW GROUP PLLC

---

Claimants EXCEL TITLE GROUP, LLC ("Excel"), JASON M. FORGEY ("Forgey"), and FORGEY LAW GROUP PLLC ("FLG") (collectively, "Claimants"), by and through their undersigned counsel, hereby submit this reply in support of their Cross-Motion for Abstention ("Cross-Motion"), and respectfully state as follows:

1.  On February 23, 2024, the Plan Administrator filed his response (the "Response") to the Cross-Motion [D.I. 1063]. In it, the Plan Administrator asserts that this Court should exercise its discretion, and not abstain, and instead should take control of, and address, claims asserted in the Interpleader Action[1] filed *in the Texas Court* at the direction of the United States District Court for the Eastern District of Texas. The Plan Administrator's response should be overruled, and the Court should abstain so that the matter may proceed before the Texas Court.

2.  The Plan Administrator argues that the matters to be considered by the Texas Court "necessarily implicate not only bankruptcy issues, but this Court's confirmation order, which vested all property in the Wind Down Entity." Response at ¶3. But this is boot-strapping. Before

---
[1] Capitalized terms used here shall bear the meanings ascribed to such terms in Claimants Abstention Motion [D.I. 1051]

1

the Interpleaded Funds can be deemed property of the estate or not, a court must first determine whom among two parties has the greater right to the funds under Texas law. All the Plan Administrator points to is that Claimants filed a proof of claim out of an abundance of caution, and then state, without any support or authority, that a court should "abstain when the ultimate issue to be decided is whether funds should be recovered for the benefit of the estate's stakeholders." But the Debtors' own statements in their Disclosure Statement and Plan underscore that allowing the Interpleader Action to proceed in the Texas Court will have *no effect* on the administration of this estate and will have *no effect* on the Plan Administrator's ability to pay creditors.

3. For example, in the Disclosure Statement [D.I. 391 at p.27], the Debtors specifically identified the Interpleader Action. The Disclosure Statement noted:

> ***United States of America v. Bittrex, Inc., et al.,*** **Case No. 4:22-cv-00626-ALM (E.D. Tex.)**. The proceeding relates to BUS's funds that were wrongfully seized from a BUS bank account. BUS was initially a claimant in a civil asset forfeiture action in the United States District Court for the Eastern District of Texas (*United States of America v. $448,840.92 in United States Currency*, Case No. 4:21-CV-00202-ALM (E.D. Tex)). In September 2021, the court rejected the government's motion to dismiss in the proceeding. The court also ordered the government to file an interpleader action, pursuant to which the court could determine the rightful owner of the seized funds. <u>The interpleader action is pending, and BUS expects that these funds will be awarded and returned to BUS at the conclusion of the matter.</u>

Disclosure Statement at Art. IV.C.iv. Legal Proceedings (emphasis added).

4. Plainly, the Disclosure Statement did not contemplate anything but that the Interpleader Action would proceed where it was filed, i.e., in the Texas Court, where the funds subject to the Interpleader Action were deposited upon order of the Texas Court. Likewise, there are other references to litigation that were made in the Disclosure Statement. These additional statements note specifically that the Debtors do not believe any litigation – and certainly not the

Interpleader Action – could materially impact their ability to pay creditors. "The Debtors are unaware of any other potential litigation claims that could materially impact their ability to pay the creditors." *See* Disclosure Statement at p.44.

5. For all the Plan Administrator's efforts to discuss "property of the estate" and other bases for this Court not abstaining, the Plan Administrator nowhere suggests that litigating the Interpleader Action in the Texas Court will either affect his ability to administer the estate or affect his ability to pay creditors.

6. The Plan Administrator's pronouncement that only this Court has exclusive jurisdiction to determine issues of property of the estate, and that this weighs in favor of not abstaining, also falls short. This argument is far too simplistic, especially where, as here, there are disputed rights and claims to the property alleged to be an estate asset. This matter does not involve the simple turnover of the proceeds of a debtor's bank account. Indeed, the sine qua non of the Interpleader Action was the determination by an Article III judge in Texas that there were sufficient disputes to the res to require a plenary action to resolve those disputes.

7. The cases cited by the Plan Administrator as support for this court not abstaining weigh decidedly in favor of abstention. For example, the Plan Administrator cites *In re* Taylor, 444 B.R. 534 (Bankr. W.D. Pa. 2011) for the proposition that "the bankruptcy court's jurisdiction to determine what is property of the estate and whether it should be recovered for the benefit of creditors is paramount." But *Taylor* is easily distinguishable both for what it supports, i.e., a bankruptcy court has "considerable latitude in deciding whether to abstain," *Taylor*, 444 B.R. at 536, and for its facts. In *Taylor,* while Judge Fitzgerald of the Western District of Pennsylvania Bankruptcy Court ultimately declined to abstain, she also observed, importantly, that "There is no pending state court action to which the trustee's investigation . . . could be referred so any abstention would have a deleterious effect on the administration of this case." Taylor, 444 B.R. at

537.  Indeed, the Court made this observation twice in considering the 12-factor test for abstention. *Id.* ("Again, there is no pending state court action to which the trustee's investigation into avoidance actions could be referred."). The Court also observed twice that "the Adversary is integral to the proper administration of this estate and to the main bankruptcy case." *Id*. These critical facts are simply not present here.

8. Here, not only is there a pending litigation, the Debtors' acknowledged the existence of that litigation, acknowledged that it would have no impact on the administration of the estate, and suggested nothing but that the Interpleader Action would be handled in the Texas Court that ordered it to be filed after two separate hearings.

9. Likewise, the Plan Administrator's citation to *Affirmative Ins. Holdings, Inc.*, 565 B.R. 566, 584 (Bankr. D. Del. 2017) is also distinguishable. There, in connection with an adversary proceeding *commenced in the bankruptcy court* to determine who had rights in a deposit account, Judge Sontchi determined that he would not abstain. In determining that "abstention is inappropriate, Judge Sontchi noted that, at the time JCF (the claimant arguing against abstention) filed the adversary, "this Court was, undisputably, the only court that could have resolved the claims made by JCF." *Affirmative*, 565 B.R. at 584 n.86. Here, there is undisputably another Court (the Texas Court) with jurisdiction to address the issue of ownership of funds that it ordered deposited there. The Plan Administrator has filed no adversary action to determine whether the funds deposited there are "property of the estate." And given that the funds were deposited upon order of the Texas Court, it would be strange indeed for the Plan Administrator to file another lawsuit to compel the Texas Court to turnover the interpled funds. Rather, this Court should exercise its discretion and allow the matter to be litigated where it was filed.

10. In sum, the Plan Administrator offers no credible argument as to why the Interpleader Action cannot be fully and fairly adjudicated in the forum where it presently pends.

WHEREFORE, Claimants request that the Court abstain and allow the Interpleader Action to proceed in Texas, where the Texas Court ordered the funds to be deposited. If the Court, however, determines not to abstain, then the Claimants request that the Court enter a reasonable discovery schedule to permit the facts at issue to be fully developed.

Dated:  February 26, 2024

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Carl N. Kunz, III*
Carl N. Kunz, III (DE Bar No. 3201)
Jason S. Levin (DE Bar No. 6434)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801
Telephone: (302) 888-6800
E-mail:  ckunz@morrisjames.com
E-mail:  jlevin@morrisjames.com

-and-

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Mark G. Ledwin, Esq.
(Admitted Pro Hac Vice)
1133 Westchester Avenue
White Plains, NY 10604
Telephone:  (914) 872-7148
E-mail:  mark.ledwin@wilsonelser.com

*Counsel for Claimants Excel Title Group, LLC*
*Jason M. Forgey and Forgey Law Group, PLLC*