# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Desolation Holdings LLC<br><br>    Debtor.<br><br>Tax I.D. No. 82-4810439 | Chapter 11<br><br>Case No. 23-10597 (BLS) |
| In re:<br><br>Bittrex, Inc.<br><br>    Debtor.<br><br>Tax I.D. No. 81-3820908 | Chapter 11<br><br>Case No. 23-10598 (BLS) |
| In re:<br><br>Bittrex Malta Holdings Ltd.<br><br>    Debtor.<br><br>Tax I.D. No. 98-1492227 | Chapter 11<br><br>Case No. 23-10599 (BLS) |
| In re:<br><br>Bittrex Malta Ltd.<br><br>    Debtor,<br><br>Tax I.D. No. 98-1561764 | Chapter 11<br><br>Case No 23-10600 (BLS) |

**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the Plan Administrator in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity") for entry of a final decree (this "Final Decree") closing certain of these

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

31329308.3

chapter 11 cases (the "Cases"), other than the case of Bittrex, Inc., *In re Bittrex, Inc.* Case No. 23-10598 (the "Lead Case"), all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Plan Administrator, creditors, and other parties in interest; and it appearing that the Plan Administrator's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth in this Final Decree.

2. The following chapter 11 cases of the Debtors are hereby closed; *provided that* this Court shall retain jurisdiction as provided in the order [D.I. 517] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates* (the "Plan"):

| Affiliated Cases | Case No. |
|---|---|
| Desolation Holdings LLC | 23-10597 (BLS) |
| Bittrex Malta Holdings Ltd. | 23-10599 (BLS) |
| Bittrex Malta Ltd. | 23-10600 (BLS) |

3. The caption in the Lead Case shall be amended as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Bittrex, Inc.,[1]<br><br>    Wind Down Entity. | Chapter 11<br><br>Case No. 23-10598 (BLS) |

---

[1] The last four digits of the Wind Down Entity's federal tax identification number are 0908. The mailing and service address of the Wind Down Entity is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

4. The Lead Case shall remain open pending further order of the Court.

5. The Clerk of this Court shall enter this Final Decree individually on each of the dockets of the above-captioned chapter 11 cases and each of the dockets of the Affiliate Cases shall be marked as "Closed."

6. The entry of this Final Decree and the closing of the Affiliated Cases shall not (i) create a right, claim, or cause of action by a creditor or other party in interest in any regard, or (ii) alter or impact in any way the terms of the Plan and the Confirmation Order, including any rights of the Plan Administrator or the Wind Down Entity pursuant thereto.

7. Entry of this Final Decree shall have no effect whatsoever on any contested or other matters pending before this Court. Further, entry of this Final Decree shall not limit the Plan Administrator's rights to take any action or assert any claim, objection, cause of action or otherwise bring any other matter relating to a Debtor.

8. Entry of this Final Decree is without prejudice to the rights of any Debtor or other party in interest to seek to reopen any of the Affiliated Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

9. Each of the Debtors in the Affiliated Cases shall remain responsible for making payments of U.S. Trustee quarterly fees and for filing corresponding post-confirmation reports in accordance with the terms of the Plan and Confirmation Order, up to and including the date of entry of this Final Decree.

10. The Plan Administrator shall not be required to file a final report in connection with the closing of the Affiliated Cases.

11. The Plan Administrator is authorized and empowered to take all actions necessary to implement the relief granted in this Final Decree.

12. This Court shall retain jurisdiction over all matters arising from and/or related to the interpretation, implementation, and enforcement of this Final Decree.

Dated: February 27th, 2024
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE