

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

BRENDAN LINEHAN SHANNON
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-2915

March 5, 2024

Kenneth J. Enos, Esquire
Young, Conaway, Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801

Patricia D. Tomasco, Esquire
Quinn Emanual Urquhart & Sullivan
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, TX  77002

Carl N. Kunz, Esquire
Morris James
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801

Re:   In re:  Desolation Holdings LLC, *et al*.
      Case No.  23-10597 (BLS)

Dear Counsel:

This letter follows upon a hearing held on February 28, 2024 in the above matter.  The Plan Administrator in this post-confirmation case has filed an objection[1] (the "Objection") to Claim No. C-598-167 (the "Claim") filed by Forgey Law Group, PLLC and Excel Title Group, LLC (collectively, "Forgey").  By the Objection, the Plan Administrator seeks to disallow the Claim in its entirety.  Forgey has timely responded to the Objection on the merits,[2] and has included in its opposition a request that the Court abstain from hearing this dispute in favor of allowing it to be resolved via an interpleader action (the "Texas Action") currently pending in the United States District Court for the Eastern District of Texas (the "Texas Court").  At the hearing, able counsel on both sides agreed that the question of the merits of the Objection would be deferred to a future date, and argument focused therefore on the request to have this matter heard in the Texas Court.  For the reasons stated below, the Court will deny Forgey's request that this Court abstain from hearing the Objection to the Claim.

---

[1] Docket No. 824.
[2] Docket No. 1051.

Kenneth J. Enos, Esquire
Patricia B. Tomasco, Esquire
Carl N. Kunz, Esquire
March 5, 2024
Page 2

      The facts are both complicated and disputed, but the Court can summarize as follows: an unknown party criminally and fraudulently diverted over $1 million in funds relating to a real estate transaction for which Forgey served as fee attorney and escrow agent. The fraudster opened a Bittrex account, purchased $448,480.92 in crypto currency on the exchange and then promptly sold it for fiat currency which was placed in a Bittrex-controlled account at Pacific Mercantile Bank.[3]

      Approximately three weeks later, the United States Secret Service seized $448,480.92 from the account. The record reflects that money has been paid over into registry of the Texas Court, and an interpleader action was commenced to determine whether the funds belong to Forgey or the Debtors.

      Forgey notes that the Debtors have engaged counsel in the Texas Action and that it has been pending for several years. It is also largely uncontested that disposition of the Texas litigation will have little or no material impact on the administration of these post-confirmation proceedings, where unsecured claims are projected to be paid in full. The Texas Court is obviously fully capable and well-positioned to handle this litigation.

      In response, the Debtors stress that this contested matter – a claim objection – is a core proceeding under U.S.C. § 157(b)(2)(A), (B), and (E). In the experience of the undersigned, it would be highly unusual for a bankruptcy court to abstain from hearing a claim objection. The record also reflects that the Texas Action is in its infancy, such that considerations of judicial economy or duplication of effort do not weigh heavily into this analysis. At bottom, the inquiry here is whether certain funds constitute estate property under Bankruptcy Code § 541. The parties' submissions have capably run through the abstention factors to be considered by courts. Having evaluated each of these factors, the Court determines not to exercise its discretion in the context of Forgey's request. This is a core proceeding, and this Court will exercise its jurisdiction to address the issues raised in the Objection to the Claim.

      The Court requests that the parties confer and submit an appropriate scheduling order to govern further proceedings herein within 14 days.

      Very truly yours,

      Brendan Linehan Shannon
      United States Bankruptcy Judge

BLS/jmw

---

[3] The Debtors contend that the money was immediately withdrawn by the fraudster.