IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bittrex, Inc.,[1]<br><br>Wind Down Entity | Chapter 11<br><br>Case No. 23-10598 (BLS)<br><br>Ref. Docket Nos. 813, 814, and 1005 |

### SUPPLEMENTAL ORDER SUSTAINING PLAN ADMINISTRATOR'S SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN NO LIABILITY CLAIMS

Upon the *Plan Administrator's Sixth Omnibus (Substantive) Objection to Certain No Liability Claims* (the "Objection"),[2] of the debtors and debtors in possession (together, the "Debtors" or the "Wind Down Entity") in the above-captioned chapter 11 case, pursuant to Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Rule 3007-1; and the Court having entered that certain *Order Sustaining Plan Administrator's Sixth Omnibus (Substantive) Objection to Certain No Liability Claims* (the "First Order") [D.I. 1005] on February 7, 2024; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Maria Declaration and found and determined that the relief sought in the Objection is in the best interests of the Debtors, the Debtors'

---

[1] The last four digits of the Wind Down Entity's federal tax identification number are 0908. The mailing and service address of the Wind Down Entity is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

estates and creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained as provided herein.

2. Nothing in this Order shall be deemed to amend, modify or otherwise affect the First Order, and the First Order shall remain in full force and effect unless otherwise ordered by the Court.

3. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is overruled on the merits.

4. The Objection is sustained as to the claims filed by Jessica Morgan Meredith [Claim C598-1264] and Eugenia Woodard [Claim C598-140].

5. The objection by the Plan Administrator to the No Liability Claims, as addressed in the Objection and the schedules hereto, constitutes a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each No Liability Claim.

6. Any stay of this Order pending appeal by any holder of a No Liability Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection, this Order, or the First Order.

7. The Plan Administrator, Omni, and the Clerk of this Court are authorized to modify the official Claims Register for this chapter 11 case in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

8. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Plan Administrator may have to enforce rights of setoff against the claimants.

9. Nothing in the Objection or this Order, nor any actions or payments made by the Plan Administrator pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

10. This Order is immediately effective and enforceable.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: March 13th, 2024**
**Wilmington, Delaware**

BRENDAN L. SHANNON
**UNITED STATES BANKRUPTCY JUDGE**