**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Wind Down Entity. | (Jointly Administered) |

## SCHEDULING ORDER

WHEREAS, on August 29, 2023, the Claimants filed Claim C598-1167 (the "Forgey Claim"), asserting a claim of $448,840.92 secured by certain seized funds;

WHEREAS, on December 29, 2023 the Plan Administrator filed the *Plan Administrator's Objection to Claim C598-1167 Filed by Forgey Law Group, PLLC, Jason M. Forgey, and Excel Title Group, LLC Pursuant to Section 502 of the Bankruptcy Code And Bankruptcy Rule 3007* [D.I. 826] (the "Objection")[2] and *Declaration of David Maria in Support of Plan Administrator's Objection Claim C598-1167 Filed by Forgey Law Group, PLLC, Jason M. Forgey, and Excel Title Group, LLC Pursuant to Section 502 of the Bankruptcy Code And Bankruptcy Rule 3007* [D.I. 827] (the "Maria Declaration");

WHEREAS, the response deadline for the Objection was set for January 12, 2024 at 4:00 p.m. (ET);

WHEREAS, the hearing date on the Objection was set for January 31, 2024 at 10:00 a.m. (ET);

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Objection.

1

WHEREAS, on February 19, 2024, the Claimants filed their opposition to the Claim Objection (the "Opposition") and cross-motion for abstention ("Abstention Motion") [D.I. 1051];

WHEREAS, on February 23, 2024, the Plan Administrator filed objections to the Abstention Motion (the "Objection to Abstention Motion") [D.I. 1060];

WHEREAS, on February 28, 2024, the Court held a hearing on the Abstention Motion;

WHEREAS, on March 5, 2024, the Court entered an order denying the Abstention Motion and directing the parties to meet and confer on a scheduling order [D.I. 1076];

WHEREAS, the Parties were unable to agree on a proposed form of scheduling order and the Court held a status conference on March 21, 2024, pursuant to Federal Rule of Civil Procedure 16 ("Civil Rule") and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7016,[3] it is ordered, that:

## ORDER

1. **Hearing on the Objection**. A hearing (the "Hearing") on the Objection is continued to _____, \_\_, 2024 at 10:00 am (ET).

2. **Deadlines**. The following dates and discovery deadline (the "Deadlines") shall govern the matter subject to the Objection which shall be governed by Bankruptcy Rule 9014:

| Event | Date |
| --- | --- |
| Deadline to complete fact discovery | June 28, 2024 |
| Deadline for the Parties to identify:<br>(i) topics on which they intend to submit expert testimony (other than rebuttal expert testimony); and<br>(ii) preliminary fact witness list (other than rebuttal witnesses) | April 8, 2024 at 4:00 p.m. (ET) |

---

[3] For the avoidance of doubt, the parties stipulate and agree that Civil Rule 16 and Bankruptcy Rule 7016 apply to the contested matter that is the Objection.

| Event | Date |
|---|---|
| Deadline to disclose any fact witness not previously disclosed | June 1, 2024 |
| Deadline to complete deposition of fact witnesses | June 28, 2024 |
| Deadline to serve expert reports | July 12, 2024 |
| Deadline to serve rebuttal expert reports | July 26, 2024 |
| Deadline to complete depositions of expert witnesses | August 9, 2024 |
| Deadline to file motion pursuant to Fed. R. Civ. P. 56 made applicable by Bankruptcy Rule 9014 | August 16, 2024 |

3. Nothing herein shall affect other deadlines in the Chapter 11 Cases.

4. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), as made applicable by Federal Rule of Bankruptcy Procedure 9014, the Parties agree that all documents will be exchanged in an electronic format either by e-mail or online delivery.

5. No witness shall be allowed to give expert testimony in connection with the Hearing without timely, according to the Deadlines, submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) or, as appropriate, Fed. R. Civ. P. 26(a)(2)(C), and sitting for a deposition. Any Party challenging such report shall meet and confer to determine the scheduling of depositions.

6. Federal Rules of Civil Procedure 8 and 15 shall apply to this matter.

7. If a Party fails to comply with any of the dates or deadlines set forth in the Deadlines and this Order, such failure shall be a waiver of the applicable event by such Party; provided, however, that nothing in this Order shall preclude any Party from (a) seeking other or further discovery, or to adjourn the deadlines set forth in the Deadlines and/or this Order, or (b) opposing any such request. Parties shall make reasonable efforts to meet and confer regarding any request

16621679/1

for additional discovery or to change the dates set forth in the Deadlines and/ or this Order prior to seeking Court intervention.

8. Other than as provided herein, the Parties may amend or modify the terms of this Scheduling Order, subject to the Court's availability and, in agreement with all Parties affected by such amendment or modification, without further order by the Court upon filing written notice of such amendment or modification with the Court or by the Court for good cause shown.

9. All time periods set forth in this order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

10. This Order shall be immediately effective and enforceable upon its entry.

11. The Parties are authorized to take all action necessary or appropriate to carry out the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: March 26th, 2024**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**